IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| STATE OF MISSOURI ex rel. ERIC S. SCHMITT, Attorney General, and<br><br>STATE OF LOUISIANA ex rel. JEFFREY M. LANDRY, Attorney General,<br><br>        *Plaintiffs*,<br><br>  v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*;<br><br>        *Defendants*. | Case No. 3:22-cv-01213 |

## DECLARATION OF ASHLEY BOSCH

1. My name is Ashely Bosch. I am over 18 years of age and make this declaration based on my personal knowledge and experience.

2. I am a Communications Officer for the Louisiana Department of Justice, where I have been employed part-time and full-time since May 20, 2019.

3. In my position, I monitor and update the Department's social media accounts. I work hard to ensure the information we provide to the public is distributed accurately, quickly, and effectively. For me to communicate with the people we serve, it is very important for me to understand their actual concerns.

4. Part of my job is to gather and synthesize topical subject matters that are important to Louisiana citizens, on behalf of the Department. Understanding what subject matters and issues are important to Louisianans is critical for the Department to formulate policies and messaging that will address the concerns expressed by our constituents. Not only is this information gathered

1

from traditional forms of communication such as mail, email, and phone calls to the Department; but this also includes monitoring activity and mentions on social media platforms, including Facebook, Instagram, Twitter, and YouTube.

5. Issues regarding COVID-19 responses and election security and integrity have been very important to Louisianans in recent months and years. For example, mask and vaccine mandates for students have been a very important source of concern and public discussion by Louisiana citizens over the last year. It is very important for me to have access to free public discourse on social media on these issues so I can understand what our constituents are actually thinking, feeling, and expressing about such issues, and so I can communicate properly with them.

6. Online censorship of Louisiana citizens by social media companies interferes with my ability to follow Louisianans' speech on these issues. For example, public comments questioning the efficacy of mask mandates have been widely censored on social media. This censorship directly interferes with my ability to follow and understand Louisiana citizens' concerns about mask mandates and other issues that are subject to social-media censorship.

7. Such social media censorship has directly affected Louisiana Department of Justice. For example, on August 18, 2021, YouTube censored our Department's video of Louisiana citizens expressing their opinions on the government's responses and proposals to COVID-19. We posted a video of Louisiana constituents who came to the State Capitol to testify and made comments critical of the efficacy of COVID-19 vaccines and masks and of government mandates—resulting in YouTube removing the content from their platform. We received a notice stating that the video we had posted supposedly violated YouTube's "medical misinformation policy." The notice stated that "YouTube does not allow content that spreads medical misinformation that contradicts' local health authorities' or the World Health Organization (WHO) medical information about COVID-

19." The same email stated that any additional strike would result in a one-week suspension. With the threat of YouTube suspending our account, we were forced to not pursue a challenge further and to be careful about future content posted on YouTube.

8. Such censorship has also directly affected many other Louisianans, including elected officials and others whose concerns it is important for me to follow on social media. For example, Health Freedom Louisiana—a consumer and human rights advocacy organization—has experienced numerous cases of censorship as it has challenged the efficacy of COVID-19 vaccines and masks and of government mandates.

9. As another example, a Louisiana state representative had content he posted flagged as misleading and de-boosted by Facebook for violating its medical misinformation policy. The censored post merely restated guidance from the World Health Organization's website about whether children should receive COVID-19 vaccines.

10. Louisanans' speech about the efficacy of COVID-19 restrictions, and speech about issues of election security and election integrity are matters of great interest and importance to me in my work on behalf of the Louisiana Department of Justice. When such speech is censored on social media, it makes it much harder for me to do my job and to understand what Louisianans really are concerned about.

11. Because much content is blocked before I ever see it, I will never know exactly how much speech by Louisianans on social media never reaches my eyes because it is censored in advance, or as soon as it is posted. But based on publicly available examples, it is clear that online censorship has blocked me from receiving and reviewing many important expressions of Louisiana citizens' concerns about issues of public importance. This censorship directly interferes with the ability of the Louisiana Department of Justice to serve our State's citizens.

I swear or affirm under penalty of perjury that the foregoing is true and correct.

Executed on:   June 14, 2022                    Signed: */s/ Ashley Bosch*