IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| STATE OF MISSOURI ex rel. ERIC S. SCHMITT, Attorney General, and<br><br>STATE OF LOUISIANA ex rel. JEFFREY M. LANDRY, Attorney General,<br><br>      *Plaintiffs*,<br><br>  v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*,<br><br>      *Defendants*. | Case No. 3:22-cv-01213 |

**PLAINTIFFS' CONSENT MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, the States of Missouri and Louisiana, by and through their Attorneys General, Eric S. Schmitt and Jeffrey M. Landry (collectively, "Plaintiffs" or "the States"), respectfully request an extension of time of nine days, to August 12, 2022, in which to file their Response to the Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim, ECF No. 35. All Defendants have consented to the relief requested in this Motion. In support, the States state as follows:

On May 5, 2022, Plaintiffs filed their Complaint in this matter. ECF No. 1. Defendants were served on May 10, 2022. ECF No. 9. Sixty days later, on July 12, 2022, Defendants filed their motion to dismiss under Rules 12(b)(1) and 12(b)(6), attacking both the Court's jurisdiction and the merits of the States' claims as pled. ECF No. 35. Defendants have filed a 65-page memorandum in support of their motion to dismiss. ECF No. 35-1. This Court issued a scheduling

1

order on the motion to dismiss, directing that "[a]ny response to said motion is due by August 3, 2022." ECF No. 36, at 1.  The States respectfully request a nine-day extension, to August 12, 2022, in which to file their Response to the motion to dismiss.  If this request is granted, Defendants request an 11-day extension, to August 30, in which to file their Reply brief, to which the States consent.

Such an extension is warranted for two reasons.  *First*, the memorandum in support of the motion is unusually lengthy (65 pages) and raises a large number of issues regarding the Court's jurisdiction, the Plaintiffs' standing, and the merits of the claims as pled by Plaintiffs.  *See* ECF No. 35-1.  The parties agree that the length and complexity of the issues raised in the motion to dismiss warrant a moderate extension to the briefing schedule for both sides.  As noted above, Defendants have consented to Plaintiffs' request for a nine-day extension for their response brief.  Likewise, Defendants have requested consent for a 11-day extension for their reply brief, to August 30, 2022, and Plaintiffs have consented to this extension as well (assuming briefing on the current Motion to Dismiss proceeds, *but see infra*).

*Second*, Plaintiffs anticipate filing their First Amended Complaint as of right under Rule 15(a)(1)(B) on or before August 2, 2022.  *See* Fed. R. Civ. P.  15(a)(1)(B) ("A party may amend its pleading once as a matter of course within … 21 days after service of a motion under Rule 12(b), (e), or (f)….").  Plaintiffs' First Amended Complaint will add parties to the lawsuit and, *inter alia*, allegations regarding facts and events that have occurred and/or come to light since the filing of the initial Complaint on May 5, 2022.  In light of the filing of the First Amended Complaint, the Court may conclude that the previously-filed Motion to Dismiss is moot and instruct Plaintiffs to file a new responsive pleading or Rule 12 motion to address the amended Complaint.  *See, e.g., Beroid v. LaFleur*, No. 21-CV-0516, 2022 WL 396165, at *1 (W.D. La. Jan.

2

24, 2022) (quoting *Louisiana v. Bank of America Corp.*, 2020 WL 3966875, at *5 (M.D. La. 2020)) ("[M]any district courts — including those in this Circuit — routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint."). Indeed, it is possible that, once they have reviewed the First Amended Complaint, Defendants may decide not to file a renewed Motion to Dismiss at all. The nine-day extension will give the Court time to determine whether the pending Motion to Dismiss is moot in light of the First Amended Complaint, and thus potentially avoid burdening the Court with unnecessary briefing and preserve resources for both the Court and the parties.

## CONCLUSION

For the reasons stated, Plaintiffs respectfully that this Court grant an extension of nine days, to August 12, 2022, for them to file their Response to the Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Failure to State a Claim, Doc. 35. In the event that the Court grants this extension, the States have consented to Defendants' request for an extension to August 30, 2022, in which to file their Reply brief in support of the same Motion.

| | |
|---|---|
| Dated: July 29, 2022 | Respectfully submitted, |
| **ERIC S. SCHMITT**<br>**Attorney General of Missouri** | **JEFFREY M. LANDRY**<br>**Attorney General of Louisiana** |
| */s/ D. John Sauer*<br>D. John Sauer, Mo. Bar No. 58721*<br>  *Solicitor General*<br>Justin D. Smith, Mo. Bar No. 63253<br>  *First Assistant Attorney General*<br>Todd Scott, Mo. Bar No. 56614<br>  *Senior Counsel*<br>Michael E. Talent, Mo. Bar No. 73339*<br>  *Deputy Solicitor General*<br>Missouri Attorney General's Office<br>Post Office Box 899<br>Jefferson City, MO 65102<br>Tel: (573) 751-8870<br>John.Sauer@ago.mo.gov<br>*Counsel for State of Missouri* | */s/ Elizabeth B. Murrill*<br>Elizabeth B. Murrill (La #20685)<br>  *Solicitor General*<br>Louisiana Department of Justice<br>1885 N. Third Street<br>Baton Rouge, Louisiana 70804<br>Tel: (225) 326-6766<br>murrille@ag.louisiana.gov<br>*Counsel for State of Louisiana* |

\* admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 29, 2022, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties.

*/s/ D. John Sauer*