UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**STATE OF MISSOURI ET AL**          **CASE NO. 3:22-CV-01213**

**VERSUS**                           **JUDGE TERRY A. DOUGHTY**

**JOSEPH R BIDEN JR ET AL**          **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM ORDER**

Before this Court is a Motion to Intervene [Doc. No. 38] filed by Judson Witham ("Witham"). For the reasons set forth herein, Witham's Motion to Intervene is DENIED.

**I.     BACKGROUND**

In this proceeding, the States of Missouri and Louisiana filed a Complaint [Doc. No. 1] and Motion for Preliminary Injunction [Doc. No. 10] alleging collusion and/or coercion by Government Defendants[1] with social media companies to suppress disfavored speakers, viewpoints, and contents in violation of the First Amendment to the United States Constitution.

On July 25, 2022, Witham filed a Motion to Intervene [Doc. No. 38] in this proceeding. In his motion, Witham alleges that he is an Investigative Journalist, owns a news service, and is a victim of the alleged suppression. Witham asks to intervene in this proceeding by Intervention of Right and/or by Permissive Intervention.

**II.    LAW AND ANALYSIS**

    **A.     Intervention of Right**

---

[1] Government Defendants consist of Joseph R. Biden, Jr., Jennifer Rene Psaki, Vivek H. Murthy, Xavier Becerra, Dept. of Health & Human Services, Anthony Fauci, National Institute of Allergy & Infectious Diseases, Centers for Disease Control & Prevention, Alejandro Mayorkas, Department of Homeland Security, Jen Easterly, Cybersecurity & Infrastructure Security Agency, and Nina Jankowicz.

Federal Rule of Civil Procedure, Rule 24(a) states:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by federal statute: or
> (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

To obtain intervention as of right, an intervenor must satisfy a four prong test: (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit. All four of these requirements must be met to be allowed intervention of right. *Texas v. United States,* 805 F. 3d 653, 657 (5th Cir. 1996).

Addressing the four-prong test, there are no allegations or evidence to show that Witham's interest would be inadequately represented by the existing parties in the suit. There is a presumption of adequate representation when the applicant has the "same ultimate objective" as a party in the lawsuit. Witham's allegations align with the Plaintiff States, and Witham has not overcome the presumption of adequate representation. Therefore, Witham's Motion to Intervene by an Intervention of Right is DENIED.

**B.     Permissive Intervention**

Federal Rule of Civil Procedure, Rule 24(b) states:

> (b) Permissive Intervention
> (1) In General. On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or

> (B) has a claim or defense that shares with the main action a common question of law or fact.

District Courts have broad discretion in allowing intervention. *Trans Chemical Ltd. V. China National Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 824 (5th Cir. 2003). The denial of a request for permissive intervention may be denied when an existing party adequately represents the proposed intervenors. *Hopwood v. State of Texas*, 21 F.3d 603, 606 (5th Cir. 1994). As previously discussed, the Plaintiffs adequately represent Witham's ultimate objective.

Witham is alleged to be a victim of the supposed First Amendment suppression. First, as previously addressed, Witham has not shown he is not adequately represented by Missouri and Louisiana in this proceeding. Additionally, this Court has set expedited preliminary injunction-related discovery [Doc. No. 34]. If this Court were to allow Witham to intervene in this proceeding, it would open the door for other alleged victims to intervene, which would likely slow down the expedited discovery schedule previously set. Therefore, for these reasons, Witham's Motion to Intervene by Permissive Intervention is **DENIED**.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Judson Witham's Motion to Intervene [Doc. No. 38] is **DENIED**.

**MONROE, LOUISIANA,** this 29th day of July 2022.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**