U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG – 8 2022

TONY R. MOORE, CLERK
BY:_____ 
         DEPUTY

### In the United States District Court
### Louisiana Western District Court
(U.S. District Courts)
800 Lafayette, Suite 2100 Lafayette, LA 70501, USA

| | | |
|---|---|---|
| Missouri | ) | |
| Louisiana Et Al | ) | Cause   3:22-CV-01213 |
| VS | ) | Petition to Amend and Cure |
| Joe Biden Et Al | ) | En Banc Review and Amendment |

Comes now Intervenor Judson Witham states as follows,  Upon Personal Experience, Knowledge and Belief, and from Information and Evidence of Two State Attorney Generals. the Social Media Corporations named in collusion with several United States Inc. Agencies and the White House have engaged in a Back Door Secretive Collusion and Conspiracy to Silence Opposition Voices and the Censor facts and news from YouTube, META/ FaceBook,  Alphabet / Google Twitter ETC ETC Social Media Platforms.  The Social Media Corporations NEVER provide details or specifics of Why deplatforming, removal, shadow banning and removal of Intervenor's Postings and Content are Censored, Only The Fact the Censorship is Noticed and Meaningful Appeal Procedures  DO NOT EXIST.

1.   Intervenor has a News and Media Free Press Presence dating back to 1970  and is currently  Investigative Journalist with legacy Trust Media.  The USA Inc., with the named and yet to be named Social Media Corporations  intentionally REMOVE Intervenors Content and Postings,  DEPLATFORMED and CENSOR and REMOVE Content and Postings without any cause or explanation, without any specific reasoning and refuse to account SPECIFICALLY for the Draconian Censorship Practices.

2.  The Intentional STAZI LIKE CENSORSHIP is a Policy and Practice that has been perfected by the likes of the Nazi Stazi and the brutal regimes in most all Totolitarian States and Nations like China, Russia, Saudi Arabia, Britain, Ukraine and the likes of other CORRUPT Governments around the World like here in the United States.

1

3.  FaceBook, Twitter, YouTube, Twitter, AOL ( American Online and other Social Media Corporations have ERASED My Groups,  Placed Me in  Social Media Jail, Deplatformed My Sites and WITHOUT CAUSE, WITHOUT EXPLANATION and without meaningful Appellate Review …. Like Dictators  SILENCED Myself and tons of Colleagues on the so called Social Media Sites.  Many many many Hundreds of Thousands even Millions of Americans have been  SILENCED by the Conspiracy cited by the Attorney Generals of Missouri and Louisiana.  Intervenor Witham has been many many many times, CENSORED and DEPLATFORMED without any cause except Totolitarian Style, STAZI Like Censorship.

The Methods and Tactics of Brainwashing, Propaganda and Censorship are EXTENSIVE and exist far beyond what the State AGs of Missouri and Louisiana have delineated to this Court. See https://www.google.com/search?q=Propaganda%2C+Censorship+Brainwashing+Mentiside

The State AG's Causes fall immensely short of describing the Propaganda, Brainwashing and TOTAL BLACK OUT of expression and speech The Named Social Media Corporations engage in with the Agencies and Black Operations of the Corporate Controlled  USA Inc.

4.  Intervenor Witham is a Material Witness and  has 100s of Journalists, Bloggers and Investigators that complain constantly about the Censorship going back to the year 1999 and even further.
5.  The Social Media Corporations collusion with USA Inc. and the Biden Administration Et Al to Silence the Speech of Social Media Users to accomplish GOVERNMENT APPROVED expression policies VIOLATES the Freedom of Expression Laws and Precedents of a Vast Litany of First Amendment Mandates by the Courts of the United States and the Several States.
6.  Intervenor is a Target of this Censorship and a Member of a Very Large Class of other MATERIAL WITNESSES that herein give NOTICE of being Victimized by Harmed By and Stripped of Their Rights of Free Expression by the USA Inc.,  The Social Media Corporations like META / FaceBook, YouTube, Google, Twitter, Yahoo etc etc.
7.  NOTICE is herein Given of the existence of Millions of Material Witnesses and Victims of the Conduct complained of by the State of Missouri and Louisiana.  The State AG's do not even name any of the Victims, Hardly Mention Them and Treat these Censored

Individuals as if THEY DO NOT EVEN REGISTER.   This Court is now trying to STOP this Reality from being heard.


## I.
### Motion to Reconsider and for En Banc Review and Consideration
### <u>INTERVENTION of Right and Alternatively Permissive Intervention</u>

1. Judson Witham  has Standing to Intervene and also Notices the Courts of the United States of Millions of Victims and Material Witnesses to the Complained Conduct as stated by Louisiana and Missouri States.
2. The Rules of Pro Se Pleading require that Pro Se Pleadings  NOT BE DISMISSED until such opportunity to Cure Defects and File Amended Pleadings is allowed by the Courts

 Five circuits have that a district court must identify the reason for denying a pro se litigant leave to amend in the denial order, itself…….   Absent notice of their pleading deficiencies, very few pro se litigants can parse the record and identify how to successfully amend their complaints.

1.   This Instant Court NEVER NOTICED Intervenor Witham nor Informed Intervenor Witham of His Right to Amend His Intervention and Correct any claimed Deficiencies.  The Denial of the Intervention needs Full EnBanc Review and needs to consider that the State AGs of Missouri and Louisiana treat the Millions of Censored Victims as NOBODIES.  The  State AGs  do not seek even NOMINAL DAMAGES against the US Government and these Corporations for the very serious SUSPENSION of the Free Speech Provisions of the US Constitutions and virtually every State Constitution.  The State AGs are Not properly or fully protecting the Legal Rights or the Interests of Millions of Americans from the PROPAGANDA, MENTISIDE and BRAINWASHING  Censorship of the Collusion and Conspiracy of the Named Defendants and the USA Inc.   The STATE AGs are

3

NOT addressing the Millions of Injuries and do NOT ask for even Nominal Damages for the Actual Victims of the Illegal Conduct.

Intervenor Witham has been STRIPPED of His Social Media Platforms, HUNREDS of Times been Jailled and Censored, Shadow Banned and DEPLATFORMED by the Defendants over a period of Many Years.  The Social Media Corporations have NEVER Provided even a Scintilla of Just Causation but merely offered Silence and No Replies for the Illegal Conduct.

Intervenor Witham MUST BE AFFORDED Notice to Amend and Cure Any Alleged Pleading Defects before being  CENSORED and BLOCKED, Silenced by This Court.  Witham Demands EnBanc review and Reconsideration of the  NAKED Court Stripping and Blocking that this Court has perpetrated in Denying Witham's Intervention of Right as Well as Permissive Intervention.

## Illiberal Construction of Pro Se Pleadings

https://scholarship.law.upenn.edu › cgi › viewcontent

PDF

by RK SCHNEIDER · Cited by 37 — Illiberal Construction of Pro Se Pleadings. 587 depends significantly upon liberal pleading standards.5. The ability to file a "short and plain statement

 Serious due process concerns arise when courts dismiss civil rights claims brought by vulnerable populations and protected classes because, without representation, these litigants cannot interpret the record to identify how to successfully amend their complaints. For most pro se litigants, it will be unreasonably difficult, if not impossible, to review the record and identify the reasons in the record that the 3 court denied leave to amend. The minority rule requires that pro se litigants undertake an investigation and analysis that would be difficult for many fledgling attorneys. Additional due process concerns arise from the circuit split, itself. As a practical matter, the ability to amend a complaint and thus proceed to the merits depends on the geographical location of the pro se litigant. Pro se litigants in the circuits adhering to the minority rule are at a distinct and arbitrary disadvantage. Whether pro se litigants are entitled to an explanation identifying the reason that they have been denied leave to amend their complaints presents an issue of national importance that impacts nearly one third of all federal civil litigants. See infra p. 17. This problem will only worsen as the cost of counsel continues

4

to rise, forcing even more ordinary citizens to seek legal protections without the aid of counsel. See infra pp. 17–18. Neutral stakeholders, including the federal judiciary, have voiced concerns about the serious obstacles pro se litigants face and their inability to successfully plead otherwise meritorious claims on their first attempt. The Honorable Lois Bloom has observed that "the legally untrained face special difficulties in navigating and carrying out the arcane requirements of pleading." Lois Bloom & Helen Hershkoff, Federal Courts, Magistrate Judges, and the Pro Se Plaintiff, 16 Notre Dame J.L. Ethics & Pub. Pol'y 475, 483 (2002). The Second Circuit Task Force on Gender, Racial and Ethnic Fairness similarly acknowledged that "fundamental notions of justice require that the circuit adopt practices to assist such 4 litigants in presenting their claims as clearly as possible and in using the required court procedures properly." John H. Doyle et al., Report of the Working Committees to the Second Circuit Task Force on Gender, Racial and Ethnic Fairness in the Courts, 1997 Ann. Surv. Am. L. 117, 300. The American Bar Association similarly recognizes that pro se litigants may require "reasonable accommodations" from the district courts hearing their cases in order "to ensure pro se litigants the opportunity to have their matters fairly heard." Am. Bar Ass'n, Model Code of Judicial Conduct R. 2.2 cmt. 4 (2014) (explaining that such reasonable accommodations do not violate Rule 2.2's requirement that judges remain impartial). Requiring district courts to identify a reason when denying pro se litigants leave to amend is a logical accommodation that would visit minimal burden upon the district courts while making them more transparent and thus more accessible. This Court should hear this case and resolve whether district courts must include the reason for denial in the order denying a pro se litigant leave to amend. Providing an explanation can make the difference between a pro se litigant having a meritorious case heard and that same litigant—who typically is a vulnerable individual bringing a core constitutional claim—being blocked from the court at the pleading stage. The outcome of a case should not depend on the location of the court in which the claim is brought.

Witham Strongly Objects to being Treated Like A  Discarded Napkin or Paper Cup by this Court.  Witham has as much right as ANY OTHER AMERICAN to Intervene in this matter, His Status as an Injured Party and the Millions of Other Injured Parties  MUST HAVE A RIGHT TO BE HEARD.  DAMAGES MUST BE CONSIDERED  and DAMAGES  Must Be Awarded,  the  State AGs  seek not one penny in Damages for the  Censored Americans Illegally, Unlawfully  Conspired Against as described by these State AGs.

3. **Intervention of right** is here seen to be a kind of counterpart to Rule 19(a)(2)(i) on joinder of persons needed for a just adjudication: where, upon motion of a party in an action, an absentee should be joined so that he may protect his interest which as a practical matter may be substantially impaired by the ...

Rule 24. Intervention | Federal Rules of Civil Procedure

**3. Permissive Intervention  ….   In permissive intervention, the court may permit a third party to intervene if the party's claim shares a common question of law or fact with the existing case and it will not delay the lawsuit or prejudice the original parties' rights.**

intervene | Wex | US Law | LII / Legal Information Institute

**Wherefore Intervenor Witham demands at least 30 Days time to afford Him a right to Amend any Deficiencies Claimed by this Court.  Properly Litigating and Developing Robust Discovery and Identifying Actual Victims will NOT Harm the State AGs Interests nor Delay the Action in any way.  The Victims must be identified, be allowed to be heard and Their Damages COMPENSATED.**

**Witham would add His Pleadings are as Sufficient as the State AGs and goes one step farther,   THE VICTIMS have a Right to be Heard and Considered and to Seek Damages that the State AGs simply IGNORE.  The State AGs are Not serving the Rights or Protecting the Interests of Millions of Real Parties In Interest  WITH STANDING in these matters.   Witham is an  Intervenor of Right** and respectfully additionally and alternatively possesses every right to  Permissive Intervention as requested. He should be allowed to Amend Pleadings and Seek EnBanc Review

## of the IRON CURTAIN which the Denial of His Intervention Has Created.

"[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Crowley v. Bannister, 734 F.3d 967, 977–78 (9th Cir. 2013).

### Case 2:21-cv-01232-JR Document 6 Filed 02/24/22 ... -

Govinfo.gov https://www.govinfo.gov › content › pkg › pdf "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint s ...

### Flores v. United States - Casetext https://casetext.com › ... › D. HI › 2015 › December On

December 11, 2015, Plaintiff pro se Xavier Flores filed a Complaint and ... it is absolutely clear that no amendment can cure the defect . . . a pro se ...

### Mueller v. Ackley, 3:22-cv-00283-MK | Casetext Search + Citator

https://casetext.com › ... › D. OR › 2022 › April

Apr 5, 2022 — "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the ...

Texas-rules-of-civil-procedure.pdf https://www.txcourts.gov › media ›
texas-rules-of-ci...

PDF  The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial
adjudication of the **rights** of **litigants** under ...

334 pages

HAROLD HUNTER v. DANIELLE HEMPLE | FindLaw

https://caselaw.findlaw.com › ... › US 9th Cir.  1995) ("**Unless** it is **absolutely clear** that **no**
amendment can **cure** the **defect** ., a **pro se** litigant is **entitled** to **notice** of the **complaint's**
deficiencies and ...

Chapter 2. Scope of the Civil Rules - California Courts -

CA.govhttps://www.courts.ca.gov › documents › title_3

PDF  appeared **before** the court as an attorney of record and the client has **not** signed a ... When the
**complaint** is **amended** to add a **defendant**, the added **defendant** ...

284 pages

Within fourteen (14) days after a party is served with a copy of the ...

https://www.gpo.gov › USCOURTS-hid-1_12-cv-00398-0

1995) ("**unless** it is **absolutely clear** that **no amendment can cure** the **defect** . . . a **pro se litigant** is **entitled** to **notice** of the **complaint's deficiencies** ...

## in the united states district court - GovInfo

https://www.govinfo.gov › content › pkg › pdf
PDF
Dec 15, 2017 — The Court recognizes that. "[u]nless it is absolutely clear that no amendment can **cure** the **defect** . . . a **pro se** litigant is entitled to **notice** to Amend and Cure...

# The Censorship, Propaganda, Menticide Cartel as described by the State AGs must be fully exposed and made to pay DAMAGES to all the Victims of this  Cartel's  Conspiracy, Their Black Operations ,  STAZI Gang Operations and Unconstitutional, Illegal Actions inflicted upon America  <u>MUST INCLUDE DAMAGES PAID TO IT's Victims</u>

# Missouri et al v. Biden et al
**Case Summary**

On May 5, 2022, the **State of Missouri and the State of Louisiana** (together, "Plaintiffs"), represented by Elizabeth B. Murrill of the Louisiana Attorney General's Office, filed a **civil action** against **Joseph R. Biden, Jr.**; Jennifer Rene Psaki; Vivek H. Murthy; Xavier Becerra; the Department of Health and Human Services (HHS); and Ors (collectively, "Defendants"), seeking declaratory and injunctive relief, among other reliefs, for the Defendants' alleged creation of a "Disinformation Governance Board" within the Department of Homeland Security ***which violates the fundamental right of free speech and free discourse for virtually all citizens in Missouri, Louisiana, and America, both on social media and elsewhere***. This case was filed in **U.S. District Court in the Western District of Louisiana** with Judge Terry A. Doughty and Judge Kayla D. McClusky presiding.

In the complaint, Plaintiffs alleged that, "Defendants' campaign of censorship has culminated in the recent announcement of the creation of a "Disinformation Governance Board " within the Department of Homeland Security. "Our constitutional tradition stands against the idea that we need Oceania's Ministry of Truth." United States v. Alvarez, 567 U.S. 709, 728 (2012) (plurality op.). Likewise, our constitutional tradition stands against the idea that we need a "Disinformation Governance Board" within our federal domestic-security apparatus."

The Plaintiffs further alleged that, "On information and belief, the immunity provided by Section 230 of the CDA directly contributed to the rise of a small number of extremely powerful social-media platforms, who have now turned into a "censorship cartel." The liability provided by the federal government artificially subsidized, fostered, and encouraged the viewpoint and content-based censorship policies that those platforms have adopted at Defendants' urging."

The Plaintiffs also alleged that, "As a direct result of these actions, there has been an unprecedented rise of censorship and suppression of free speech—including core political speech—on social-media platforms. Not just fringe views, but perfectly legitimate, responsible viewpoints and speakers have been unlawfully and unconstitutionally silenced in the modern

public square. These actions gravely threaten the fundamental right of free speech and free discourse for virtually all citizens in Missouri, Louisiana, and America, both on social media and elsewhere."

The Plaintiffs then alleged that, "Thus, Defendants' conduct alleged herein has created, with extraordinary efficacy, a situation where Americans seeking to exercise their core free-speech right to criticize the President of the United States are subject to aggressive prior restraint by private companies acting at the bidding of government officials. This situation is intolerable under the First Amendment."

The Plaintiffs have laid down four claims for relief. The first claim alleged is for violation of the First Amendment, the second claim alleged is for an action in excess of statutory authority, the third claim alleged is against the HHS Defendants for the alleged violation of the Administrative Procedure Act and the last claim alleged is against the DHS Defendants for the alleged violation of the Administrative Procedure Act

In their prayer for relief, the Plaintiffs requested that the Court declare that the Defendants' conduct violates the First Amendment of the U.S. Constitution; declare that the Defendants' conduct is ultra vires and exceeds their statutory authority; and also declare that the Defendants' conduct violates the Administrative Procedure Act and is unlawful, and vacate and set aside such conduct and also grant injunctive relief against the Defendants from continuing to engage in the unlawful conduct alleged herein.

II.

**Notice to United States Inc., President Joe Biden Etc Et Al**

1. There exists Millions of Witnesses to the Conduct alleged by Missouri and Louisiana.

2. Millions of Americans Including Witham and Millions of Others, because of the Unlawful Censorship have been denied Free Access to Important Information and News and therefore DAMAGED by the Censorship.

3. The USA Inc., President Biden need to be Held Accountable and made to PAY Damages to the Injured Parties, the Social Media Corporations MUST PAY DAMAGES including but NOT LIMITED to Nominal and Punitive Damages to ALL Persons and Entities so CENSORED.

**Wherefore Premises Considered Intervenor Witham  Moves His Motion for Reconsideration, EnBanc Review and His Right to Cure or Amend His  Intervention Motions to  be APPROVED and that others may so, as well,  JOIN IN THIS ACTION,  All Victims of this Nazi Style Stazi Operation have a RIGHT to Be Heard and to Seek Damages**

Respectfully Submitted,

Judson Witham

15215 Aiken Rd

Wake Forest, NC

Ph 801-602-9131


## Certificate of Service

A Copy of this Pleadings has been served upon the Attorneys of Record in this Case on August

5th 2022  by Internet and US Mail

**Judson Witham**