UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **The State of Missouri and the State of Louisiana,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**President Joseph R. Biden, Jr., in his official capacity as President of the United States of America,** *et. al.*,<br><br>*Defendants*. | Civil Action No. 22-cv-1213 |

### DEFENDANTS DR. ANTHONY FAUCI'S AND THE NATIONAL INSTITUTE OF ALLERGY AND INFECTION DISEASES' OBJECTIONS TO PLAINTIFFS' REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Dr. Anthony Fauci, in his official capacity as Director of the National Institute of Allergy and Infectious Diseases, and the National Institute of Allergy and Infectious Diseases (collectively, "Defendants"), by and through their undersigned counsel, hereby submit the following objections to Plaintiffs' Requests for the Production of Documents ("RFPs").[1]

### Objections to Definitions and Instructions

1.  Defendants object to the definitions of "Content Modulation," and the related term "Misinformation," including to the extent that Plaintiffs' definition of "Content Modulation" covers actions by Social Media Companies beyond those taken against content containing Misinformation and against users posting content containing Misinformation (such as actions taken as to any post on "efficacy of COVID-19 restrictions" or on "security of voting by mail"). For purposes of these

---

[1] To the extent this request seeks information from Dr. Fauci in his role as Chief Medical Advisor to the President, Defendants aver that they are unaware of any separate White House e-mail account belonging to Dr. Fauci, and further aver that, to their understanding, Dr. Fauci's direct reports and staff are affiliated with the National Institute of Allergy and Infectious Diseases.

1

Responses and Objections, Defendants generally define "Misinformation" in a manner consistent with Plaintiffs' definition of that term: "any form of speech . . . considered to be potentially or actually incorrect, mistaken, false, misleading, lacking proper context, disfavored, having the tendency to deceive or mislead . . . including but not limited to any content or speech considered by any federal official or employee or Social-Media Platform to be 'misinformation,' 'disinformation,' 'malinformation,' 'MDM,' 'misinfo,' 'disinfo,' or 'malinfo.'" *See* RFP, Definition O. A broader definition of "Content Modulation," or "Misinformation," would cover subject-matter that goes beyond the scope of, and would thus not be relevant to, Plaintiffs' claims.

2. Defendants object to the definitions of CDC, CISA, DHS, HHS, NIAID, and White House Communications Team to the extent those definitions include "any . . . agent," "contractors," "divisions, agencies, boards, employees, contractors, and any subordinate agency or entity" of those agencies on the ground that those definitions are overbroad and may include persons and entities that are not under the supervision or control of any Defendant.

3. Defendants object to the definition of "document" to the extent it includes "documents retained on personal devices and/or in personal email accounts or other personal accounts." Documents found on personal devices or within electronic personal accounts would not be in the custody or control of any Defendant.

4. Defendants object to the definition of "Social-Media Platform" as overbroad, because it includes "*any* organization that provides a service for public users to disseminate . . . content . . . to other users or the public," along with any "contractors, or any other person . . . acting on behalf of the Social-Media Platform . . . as well [as] subcontractors or entities used to conduct fact-checking or any other activities relating to Content Modulation." The Complaint contains no nonconclusory allegation that Defendants communicated with each and every organization that allows users to "disseminate . . . content" to other users, along with any persons or entities affiliated with those

2

organizations. Defendants will construe "Social-Media Platform" to encompass Facebook, Instagram, Twitter, LinkedIn, and YouTube.

5. Defendants object to the definition of "You" an "Your" as overbroad as it includes "any officers, officials, employees, agents, staff members, contractors, and other(s)" acting at the direction, or on behalf, of Dr. Fauci or the NIAID. Such a definition is not proportional to the needs of the case, especially given the expedited, abbreviated discovery process where Defendants have only a limited amount of time to conduct a document search and produce responsive documents. Defendants interpret this request as applying solely to the named Defendants.

6. Defendants object to Instruction 1. Plaintiffs cite to no authority requiring a recipient of discovery requests to "describe the efforts [it has] made to locate . . . document[s]" that are not in its custody and control "and identify who has control of the document and its location."

7. Defendants object to Instruction 2 to the extent it exceeds the requirements of F.R.C.P. 26(b)(6).

8. Defendants object to Instruction 3. Plaintiffs cite to no authority indicating that, if Defendants object to a request on burden grounds, Defendants must "stat[e] the approximate number of documents to be produced, the approximate number of person-hours to be incurred in the identification, and the estimated cost of responding to the request." Further, it is unclear how Defendants could provide that type of information without conducting certain burdensome document searches and reviews that Defendants sought to avoid through their objections. As required by the Federal Rules of Civil Procedure, Defendants will "state with specificity the grounds for objecting to the request [at issue], including the reasons" for the objection. F.R.C.P. 34(b)(2)(B).

9. Defendants object to Instruction 5 as unduly burdensome to the extent it requires Defendants to produce electronic documents "with all metadata and delivered in their original format." Plaintiffs may identify the precise categories of metadata they believe they require to

3

adequately litigate their claims, and the parties may then meet-and-confer over the issue.

10. Defendants object to Instruction 6 to the extent that it requires Defendants to produce documents in a format other than the format in which they are "kept in the usual course of business." F.R.C.P. 34 (b)(2)(E). Defendants object to Instruction 6 to the extent that it requests the production of all e-mail "forwards" for e-mails produced to Plaintiffs. That request may call for the production of documents that are not found in the e-mail files of the relevant custodians used by Defendants.

11. Defendants object to the Instruction in the introductory paragraph calling on Defendants to produce documents responsive to Plaintiffs' Requests by August 17, 2022. Defendants will make rolling productions, consisting of the documents Defendants have agreed to produce herein, starting on August 17, 2022 and will endeavor to complete those productions on or before August 25, 2022.

## Objections Applicable to All Requests

1. The general objections set forth below apply to each and every discovery request discussed below. In asserting Defendant's objections to specific discovery requests, Defendants may assert an objection that is the same as, or substantially similar to, one or more of these objections. Defendants may do so because the language of the discovery request itself may signal particular and specific concerns that the discovery request at issue may be objectionable based on the grounds stated. The fact that Defendants may specifically reference some of the objections described immediately below in their objections to Plaintiffs' individual requests, but not others from the same list, does not indicate that Defendants have waived any of these objections as to any of Plaintiffs' requests.

2. Defendants respectfully maintain that discovery is inappropriate in a matter such as this one challenging federal agency action. *See generally Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). Challenges to administrative agency action are ordinarily not subject to

discovery. *See id.*

3. Defendants object to Plaintiffs' discovery requests to the extent that they seek (a) attorney work product; (b) communications protected by the attorney-client privilege; (c) information protected by the deliberative process privilege or law enforcement privilege; (d) material the disclosure of which would violate legitimate privacy interests and expectations of persons not party to this litigation; (e) information protected by any form of executive privilege; or (f) information covered by any other applicable privilege or protection.

4. Defendants object to each Request to the extent it seeks documents that are not in the custody or control of any Defendant.

5. Defendants object to each Request to the extent it seeks all communications and documents from each Defendant relating to the substantive topic identified in the Request. The parties are currently involved in an expedited, abbreviated discovery process where Defendants have only a limited amount of time to conduct a document search and produce responsive documents. Defendants will only produce non-privileged, responsive documents that it expressly agrees to produce herein, so long as those documents are found in the files collected from a reasonable set of custodians and contain one or more reasonable search terms.

6. Defendants specifically reserve the right to make further objections as necessary to the extent additional issues arise regarding the meaning of and/or information sought by Plaintiffs' discovery requests.

## Objections to Specific Requests for the Production of Documents

**Request 1:** Produce all Documents identified, referred to, or relied on in answering Plaintiffs' Interrogatories to You, including but not limited to all Communications identified in response to those Interrogatories.

**Response:** In addition to the foregoing general objections, Defendants object to this Request as

5

vague because it is unclear what it means to "rel[y]" on a document, as compared to "referr[ing]" to a document, in answering an Interrogatory. Defendants also object to this Request to the extent it requests internal, deliberative documents, materials covered by the attorney client or work product privileges, or other privileged materials, as the Request broadly seeks any and all documents relied on in responding.

Subject to this objection, Defendants will produce non-privileged documents expressly identified in Defendants' answers to the Interrogatories.

**Request 2:** Produce all Communications with any Social-Media Platform relating to Misinformation and/or Content Modulation.

**Response:** In addition to the foregoing general objections, Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case. This Request calls for *any and all* communications from any Defendant or any employee or subordinate of any Defendant, to *any and all* Social-Media Platforms, even if those platforms are not at issue in the Complaint. Defendants cannot conduct an exhaustive search to uncover all documents responsive to this Request, and process those documents for production, under the current, abbreviated expedited discovery schedule. Defendants also understand this request to seek only communications between Defendants and third parties outside the government. Further, to the extent this Request seeks any purely internal documents or records, Defendants object to the Request as not proportional to the needs of the case, as it would require an extensive search of internal records that would not be possible to complete in the expedited period provided for current discovery and would be unnecessary in light of the external documents Defendants have agreed to produce. Defendants also object to this Request to the extent it seeks documents protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, a statutory national security privilege, or any other applicable privilege.

Subject to the foregoing objections, Defendants will produce non-privileged e-mail communications between Defendants and employees of Facebook, Twitter, LinkedIn, Instagram, and

YouTube (the "Social-Media Platforms") concerning Misinformation located within a review population consisting of e-mail files that (i) are collected from custodians who, having been identified through Defendants' internal inquiry, are believed to have communicated with employees of the Social-Media Platforms (the "Custodial Social Media E-mails"),[2] and (ii) contain one or more of Plaintiffs' Search Terms.

**Request 3:** Produce all Communications with any Social-Media Platform that contain any of the Search Terms.

**Response:** In addition to the foregoing general objections, Defendants object to this Request as unduly burdensome, overbroad, and not proportional to the needs of this case. This Request calls for *any and all* specified documents from any Defendant or any employee or subordinate of any Defendant. To conduct an exhaustive search to uncover all documents responsive to this Request, and process those documents for production, under the current, abbreviated expedited discovery schedule would be impractical, unduly burdensome, and disproportionate to the needs of the case. Furthermore, this Request covers documents that are not relevant to Plaintiffs' claims and that do not fall within scope of discovery authorized by the Court. The Court authorized the service of discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications." ECF No. 34 at 13. This Request, however, would require the production of any document that contains any of Plaintiffs' Search Terms, regardless of whether that document pertains to Misinformation. Plaintiffs' Search Terms include many broad terms that could be found in e-mails that have nothing to do with misinformation, such as "election," "antitrust," and

---

[2] Defendants collected, from those custodians, e-mail correspondence with Social-Media Platform employees who had e-mail addresses with the domain names of @meta.com, @fb.com, @facebook.com, @twitter.com, @instagram.com, @linkedin.com, @youtube.com, @microsoft.com, and @google.com.

7

"Kennedy." Defendants also understand this Request to seek only communications between Defendants and third parties outside the government. Further, to the extent this Request seeks any purely internal documents or records, Defendants object to the Request as not proportional to the needs of the case, as it would require an extensive search of internal records that would not be possible to complete in the expedited period provided for current discovery and would be unnecessary in light of the external documents Defendants have agreed to produce. Defendants also object to this Request to the extent it seeks documents protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, a statutory national security privilege, or any other applicable privilege.

Subject to the foregoing objection, Defendants will produce non-privileged e-mail communications between Defendants and employees of the Social-Media Platforms concerning Misinformation that can be located within a review population consisting of Custodial Social Media E-mails that contain one or more of Plaintiffs' Search Terms.

**Request 4:** Produce organizational charts of any office or group, including HHS leadership, NIAID leadership, CDC leadership, any communications teams, advisory board, working groups, task forces, "analytic exchange," or other group that has communicated or is communicating with any Social-Media Platform relating to Misinformation and/or Content Modulation.

**Response:** In addition to the foregoing general objections, Defendants object to this Request as vague because it does not define what constitutes a "communications team," an "advisory board," a "working group," "task force," or a "group." Defendants also object to this Request as overbroad because it calls for documents that are not relevant to Plaintiffs' claims and that do not fall within scope of discovery authorized by the Court. The Court authorized the service of discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications." ECF No. 34 at 13. The organizational charts identified in this Request

8

would do far more than identify persons who have been "communicating with social-media platforms" about misinformation; *e.g.*, by identifying other persons who simply fall within the same organizational structure.

**Request 5:** Produce organizational charts of any Social-Media Platform that identify any person(s) You communicate with or have communicated with relating to Misinformation and/or Content Modulation.

**Response:** In addition to the foregoing general objections, Defendants object to this Request because Defendants do not, in their ordinary course of business, maintain any organizational charts for third party Social-Media Platforms. Accordingly, this Request would not be proportional to the needs of the case, particularly in light of the Court's order permitting Plaintiffs to seek such information directly from the third parties themselves. Defendants also object to this Request because it calls for documents that are not relevant to Plaintiffs' claims and that do not fall within scope of discovery authorized by the Court. The Court authorized the service of discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications." ECF No. 34 at 13. The organizational charts identified in this Request would not identify any "federal officials" who have been "communicating with social-media platforms" about misinformation, nor would it describe the contents of those communications.

**Request 6:** Produce all Documents and Communications relating to any coordination between Social-Media Platform and any "member of our senior staff" and/or "member of our COVID-19 team," who are "in regular touch with … social media platforms," as Jennifer Psaki stated at a White House press briefing on or around July 15, 2021.

**Response:** In addition to the foregoing general objections, Defendants object to this Request as vague because it relies on a characterization of a statement made by an individual other than Dr. Fauci or

9

an employee of NIAID, and the statement does not specify the individuals at issue or the specific communications referenced. Defendants further object to this Request as unduly burdensome and not proportional to the needs of the case. This Request calls for *any and all* specified documents from any Defendant or any employee or subordinate of any Defendant. To conduct an exhaustive search to uncover all documents responsive to this Request, and process those documents for production, under the current, abbreviated expedited discovery schedule would be impractical, unduly burdensome, and disproportionate to the needs of the case. Defendants also object to this Request as overbroad because it calls for documents that are not relevant to Plaintiffs' claims and that do not fall within scope of discovery authorized by the Court. The Court authorized the service of discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications." ECF No. 34 at 13. This Request appears to call for communications with Social-Media Platforms regardless of whether they pertain to Misinformation. Further, to the extent this Request seeks any purely internal documents or records, Defendants object to the Request as not proportional to the needs of the case, as it would require an extensive search of internal records that would not be possible to complete in the expedited period provided for current discovery and would be unnecessary in light of the external documents Defendants have agreed to produce. Defendants also object to this Request to the extent it seeks documents protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, a statutory national security privilege, or any other applicable privilege.

Subject to the foregoing objection, Defendants will produce non-privileged e-mail communications between Defendants and employees of the Social-Media Platforms concerning Misinformation that can be located within a review population consisting of Custodial Social Media E-mails that contain one or more of Plaintiffs' Search Terms.

10

**Request 7:** Produce all Communications with any Social-Media Platform that relating to the "12 people who are producing 65 percent of the anti-vaccine misinformation on social-media platforms," as Jennifer Psaki stated at a White House press briefing on or around July 15, 2021.

**Response:** In addition to the foregoing general objections, Defendants object to this Request as vague because it relies on a characterization of a statement made by an individual other than Dr. Fauci or an employee of NIAID, and the statement does not specify the individuals at issue or the specific communications referenced. Defendants further object to this Request as unduly burdensome and not proportional to the needs of the case. This Request calls for *any and all* specified documents from any Defendant or any employee or subordinate of any Defendant. To conduct an exhaustive search to uncover all documents responsive to this Request, and process those documents for production, under the current, abbreviated expedited discovery schedule would be impractical, unduly burdensome, and disproportionate to the needs of the case. Defendants also understand this Request to seek only communications between Defendants and third parties outside the government. Further, to the extent this Request seeks any purely internal documents or records, Defendants object to the Request as not proportional to the needs of the case, as it would require an extensive search of internal records that would not be possible to complete in the expedited period provided for current discovery and would be unnecessary in light of the external documents Defendants have agreed to produce. Defendants also object to this Request to the extent it seeks documents protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, a statutory national security privilege, or any other applicable privilege.

Subject to the foregoing objection, Defendants will produce non-privileged e-mail communications between Defendants and employees of the Social-Media Platforms concerning Misinformation that can be located within a review population consisting of Custodial Social Media E-mails that contain one or more of Plaintiffs' Search Terms.

11

**Request 8:** Produce all Documents and Communications with any Social-Media Platforms that You "engage with … regularly" relating to "what [Y]our asks are" to such Social-Media Platform(s), as Jennifer Psaki stated at the White House press briefing on or around July 15, 2021.

**Response:** In addition to the foregoing general objections, Defendants object to this Request as vague because it relies on a characterization of a statement made by an individual other than Dr. Fauci or an employee of NIAID, and the statement does not specify the individuals at issue or the specific communications referenced. Defendants further object to this Request as unduly burdensome and not proportional to the needs of the case. This Request calls for *any and all* specified documents from any Defendant or any employee or subordinate of any Defendant. To conduct an exhaustive search to uncover all documents responsive to this Request, and process those documents for production, under the current, abbreviated expedited discovery schedule would be impractical, unduly burdensome, and disproportionate to the needs of the case. Defendants also object to this Request as overbroad because it calls for documents that are not relevant to Plaintiffs' claims and that do not fall within scope of discovery authorized by the Court. The Court authorized the service of discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications." ECF No. 34 at 13. This Request appears to call for communications with Social-Media Platforms regardless of whether they pertain to Misinformation. Defendants also understand this Request to seek only communications between Defendants and third parties outside the government. Further, to the extent this Request seeks any purely internal documents or records, Defendants object to the Request as not proportional to the needs of the case, as it would require an extensive search of internal records that would not be possible to complete in the expedited period provided for current discovery and would be unnecessary in light of the external documents Defendants have agreed to produce. Defendants also object to this Request to the extent it seeks documents protected

by the deliberative process privilege, attorney-client privilege, law enforcement privilege, a statutory national security privilege, or any other applicable privilege.

Subject to the foregoing objection, Defendants will produce non-privileged e-mail communications between Defendants and employees of the Social-Media Platforms concerning Misinformation that can be located within a review population consisting of Custodial Social Media E-mails that contain one or more of Plaintiffs' Search Terms.

**Request 9:** Produce all Documents and Communications relating to any "government experts" who have "partnered with" Facebook or any Social-Media Platform to address Misinformation and/or Content Modulation.

**Response:** In addition to the foregoing general objections, Defendants object to this Request as vague because it relies on a characterization of statement made by a third-party outside of government, and the statement does not specify the individuals at issue or the specific communications referenced. Defendants further object to this Request as unduly burdensome and not proportional to the needs of the case. This Request calls for *any and all* specified documents from any Defendant or any employee or subordinate of any Defendant. To conduct an exhaustive search to uncover all documents responsive to this Request, and process those documents for production, under the current, abbreviated expedited discovery schedule would be impractical, unduly burdensome, and disproportionate to the needs of the case. Defendants also object to this Request as overbroad because it calls for documents that are not relevant to Plaintiffs' claims and that do not fall within scope of discovery authorized by the Court. The Court authorized the service of discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications." ECF No. 34 at 13. This Request appears to call for more than direct communications with Social-Media Platforms concerning Misinformation. It appears to also call for purely internal documents that relate to

13

unspecified "government experts." Defendants also object to this Request to the extent it seeks documents protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, a statutory national security privilege, or any other applicable privilege.

Subject to the foregoing objection, Defendants will produce non-privileged e-mail communications between Defendants and employees of the Social-Media Platforms concerning Misinformation that can be located within a review population consisting of Custodial Social Media E-mails that contain one or more of Plaintiffs' Search Terms.

**Request 10:** Produce all Documents and Communications relating to the statement that federal officials "engage[s] regularly with all social media platforms about steps that can be taken" to address Misinformation on social media, which engagement "has continued, and … will continue," as Jennifer Psaki stated at the April 25, 2022 White House press briefing.

**Response:** In addition to the foregoing general objections, Defendants object to this Request as vague because it relies on a characterization of a statement made by an individual other than Dr. Fauci or an employee of NIAID, and the statement does not specify the individuals at issue or the specific communications referenced. Defendants further object to this Request as unduly burdensome and not proportional to the needs of the case. This Request calls for *any and all* specified documents from any Defendant or any employee or subordinate of any Defendant that relate to the specified statement. To conduct an exhaustive search to uncover all documents responsive to this Request, and process those documents for production, under the current, abbreviated expedited discovery schedule would be impractical, unduly burdensome, and disproportionate to the needs of the case. Defendants also object to this Request as overbroad because it calls for documents that are not relevant to Plaintiffs' claims and that do not fall within scope of discovery authorized by the Court. The Court authorized the service of discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on

14

social media, including the nature and content of those communications." ECF No. 34 at 13. This Request appears to call for more than direct communications with Social-Media Platforms concerning Misinformation. It appears to also call for purely internal documents that simply "relate" to the specified statement concerning communications with social media platforms. Defendants also object to this Request to the extent it seeks documents protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, a statutory national security privilege, or any other applicable privilege.

Subject to the foregoing objection, Defendants will produce non-privileged e-mail communications between Defendants and employees of the Social-Media Platforms concerning Misinformation that can be located within a review population consisting of Custodial Social Media E-mails that contain one or more of Plaintiffs' Search Terms.

**Request 11:** Produce all Communications with Mark Zuckerberg from January 1, 2020 to the present, including but not limited to those referenced in Paragraphs 140-144 of the Complaint.

**Response:** In addition to the foregoing general objections, Defendants object to this Request as overbroad because it calls for documents that are not relevant to Plaintiffs' claims and that do not fall within scope of discovery authorized by the Court. The Court authorized the service of discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications." ECF No. 34 at 13. This Request calls for all Communications with Mark Zuckerberg, regardless of whether they concern Misinformation. Defendants also understand this Request to seek only communications between Defendants and third parties outside the government. Further, to the extent this Request seeks any purely internal documents or records, Defendants object to the Request as not proportional to the needs of the case, as it would require an extensive search of internal records that would not be possible to complete in the expedited period

15

provided for current discovery and would be unnecessary in light of the external documents Defendants have agreed to produce. Defendants also object to this Request to the extent it seeks documents protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, a statutory national security privilege, or any other applicable privilege.

Subject to the foregoing objection, Defendants will produce non-privileged e-mail communications between Defendants and employees of the Social-Media Platforms concerning Misinformation that can be located within a review population consisting of Custodial Social Media E-mails that contain one or more of Plaintiffs' Search Terms.

**Request 12:** Produce all Communications with any Social-Media Platform that relate to the Great Barrington Declaration, the authors of the Great Barrington Declaration, the original signers of the Great Barrington Declaration, Dr. Jay Bhattacharya, Dr. Martin Kulldorff, Dr. Aaron Kheriaty, Dr. Sunetra Gupta, Dr. Scott Atlas, Alex Berenson, Dr. Peter Daszak, Dr. Shi Zhengli, the Wuhan Institute of Virology, EcoHealth Alliance, and/or any member of the so-called "Disinformation Dozen."

**Response:** In addition to the foregoing general objections, Defendants object to this Request as vague because it does not define what the "Great Barrington Declaration" is or who the "Disinformation Dozen" are. Defendants further object to this Request as unduly burdensome and not proportional to the needs of the case. This Request calls for *any and all* specified documents from any Defendant or any employee or subordinate of any Defendant. To conduct an exhaustive search to uncover all documents responsive to this Request, and process those documents for production, under the current, abbreviated expedited discovery schedule would be impractical, unduly burdensome, and disproportionate to the needs of the case. Defendants also object to this Request as overbroad because it calls for documents that are not relevant to Plaintiffs' claims and that do not fall within scope of discovery authorized by the Court. The Court authorized the service of discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any

censorship or suppression of speech on social media, including the nature and content of those communications." ECF No. 34 at 13. This Request calls for all Communications with Social-Media Platforms concerning the Great Barrington Declaration, its authors, its original signers, and any member of the "Disinformation Dozen," regardless of whether those Communications concern Misinformation. Defendants also understand this Request to seek only communications between Defendants and third parties outside the government. Further, to the extent this Request seeks any purely internal documents or records, Defendants object to the Request as not proportional to the needs of the case, as it would require an extensive search of internal records that would not be possible to complete in the expedited period provided for current discovery and would be unnecessary in light of the external documents Defendants have agreed to produce. Defendants also object to this Request to the extent it seeks documents protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, a statutory national security privilege, or any other applicable privilege.

Subject to the foregoing objection, Defendants will produce non-privileged e-mail communications between Defendants and employees of the Social-Media Platforms concerning Misinformation that can be located within a review population consisting of Custodial Social Media E-mails that contain one or more of Plaintiffs' Search Terms.

**Request 13:** Produce all Communications with any Social-Media Platform involving any member of the White House Communications Team that relate to Misinformation and/or Content Modulation.

**Response:** In addition to the foregoing general objections, Defendants object to this Request because it seeks documents that are not in the Defendants' custody or control, namely, all Communications with any Social-Media Platform involving any member of the White House Communications Team, which Plaintiffs define to include "any person with an email domain of @who.eop.gov." Defendants further object to this Request as unduly burdensome and not proportional to the needs of the case. This Request calls for *any and all* specified documents from any person with an

17

email domain of @who.eop.gov. Even if all of those documents were in Defendants custody or control, to conduct an exhaustive search to uncover all of those documents, and process those documents for production, under the current, abbreviated expedited discovery schedule would be impractical, unduly burdensome, and disproportionate to the needs of the case. Defendants also understand this Request to seek only communications between Defendants and third parties outside the government. Further, to the extent this Request seeks any purely internal documents or records, Defendants object to the Request as not proportional to the needs of the case, as it would require an extensive search of internal records that would not be possible to complete in the expedited period provided for current discovery and would be unnecessary in light of the external documents Defendants have agreed to produce. Defendants also object to this Request to the extent it seeks documents protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, a statutory national security privilege, or any other applicable privilege.

Subject to the foregoing objection, Defendants will produce non-privileged e-mail communications between Defendants and employees of the Social-Media Platforms concerning Misinformation that can be located within a review population consisting of Custodial Social Media E-mails that contain one or more of Plaintiffs' Search Terms. Defendants will produce e-mail communications that meet the aforementioned criteria even if they involve those with an e-mail domain of @who.eop.gov.

Dated: August 17, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ERIC WOMACK
Assistant Director, Federal Programs Branch

*/s/ Kuntal Cholera*
KYLA SNOW
INDRANEEL SUR
KUNTAL CHOLERA
Trial Attorneys

                    U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
Kyla.Snow@usdoj.gov
Indraneel.Sur@usdoj.gov
Kuntal.Cholera@usdoj.gov

*Attorneys for Defendants*