UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **STATE OF MISSOURI ET AL** | **CASE NO. 3:22-CV-01213** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JOSEPH R BIDEN JR ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING AND ORDER ON DISCOVERY DISPUTES**

This Court granted [Doc. No. 34] Plaintiffs' Motion for Expedited Preliminary Injunction-Related Discovery [Doc. No. 17] and set an expedited discovery schedule. The discovery schedule required the parties to meet and confer in good faith about discovery disputes and to submit a joint statement to the Court detailing the nature of the remaining disputes.[1] The parties have done so and have submitted the pending Joint Statement on Discovery Disputes [Doc. No. 71]. This ruling addresses those discovery disputes.

**I.    BACKGROUND**

On May 5, 2022, Plaintiffs[2] filed a Complaint [Doc. No. 1] against Government Defendants.[3] In the Complaint and Amended Complaint [Doc. No. 45], Plaintiffs allege Government Defendants have colluded with and/or coerced social media companies to suppress disfavored speakers, viewpoints, and content on social media platforms by labeling the content "disinformation," misinformation," and "malinformation." Plaintiffs allege the suppression of

---

[1] [Doc. No. 34, p. 14]
[2] Plaintiffs consist of the State of Missouri, the State of Louisiana, Dr. Aaron Kheriaty, Dr. Martin Kulldorff, Jim Hoft, Dr. Jayanta Bhattacharya, and Jill Hines.
[3] Government Defendants consist of Joseph R. Biden, Jr., Vivek H. Murthy, Xavier Becerra, Department of Health and Human Services, Dr. Anthony Fauci, National Institute of Allergy and Infectious Diseases, Centers for Disease Control & Prevention, Alejandro Mayorkas, Department of Homeland Security, Jen Easterly, Cybersecurity & Infrastructure Security Agency, and Nina Jankowicz, Karine Jean-Pierre, Carol Y. Crawford, Jennifer Shopkorn, U.S. Census Bureau, U. S. Department of Commerce, Robert Silvers, Samantha Vinograd and, Gina McCarthy,

disfavored speakers, viewpoints, and contents constitutes government action and violates Plaintiffs' freedom of speech in violation of the First Amendment to the United States Constitution.

## II. DISCOVERY DISPUTES

The parties have made a great deal of progress regarding discovery; however, the following disputes remain:

1. Whether Plaintiffs should be allowed leave of court to file a Second Amended Complaint adding as defendants newly identified federal officials and agencies, and obtain expedited discovery against them;

2. Whether Government Defendants should be required to identify federal officials and agencies they know of outside of their own agencies who have or are engaged in communications with social-media platforms about misinformation, disinformation, or malinformation, and/or censorship or suppression of speech or social-media, and produce such communications in their possession;

3. Whether Government Defendants should be allowed to seek reciprocal discovery against Plaintiffs;

4. Whether the White House Defendants, White House Press Secretary Karine Jean-Pierre ("Jean-Pierre"), and Chief Medical Advisor Dr. Anthony Fauci ("Dr. Fauci") should be compelled to respond to Plaintiffs' interrogatories and document requests;

5. Whether Dr. Fauci, in his capacity as National Institute of Allergy & Infectious Diseases ("NIAID") Director, should be required to provide additional responses to Plaintiffs' interrogatories and document requests.

### A. Second Amended Complaint

Plaintiffs allege they have, through expedited discovery, obtained information that federal officials and agencies not named in Plaintiffs' Complaint and Amended Complaint, have also engaged in communications with social-media platforms about misinformation, disinformation, and censorship of disfavored speech. These allegedly include the State Department, the Food and Drug Administration ("FDA"), the Census Bureau, the U.S. Election Assistance Commission, the U.S. Treasury Department, and the Federal Bureau of Investigations ("FBI").

Because none of these agencies or pertinent employees have been named as defendants in this proceeding, Plaintiffs ask this Court to expand its provisions order to allow Plaintiffs to add these agencies and employees and to allow expedited preliminary-injunction discovery as to the new parties.

Government Defendants object to Plaintiffs' request arguing that adding additional defendants and allowing additional expedited discovery would be incompatible with the compressed discovery schedule that already exists. Additionally, Government Defendants argue that the additional defendants and discovery would exceed the specific, targeted, narrow discovery that Plaintiffs had asked for when requesting expedited, preliminary-injunction discovery. Government Defendants maintain they have currently provided over 15,000 pages of documents.

Expedited discovery is not the norm. Courts only allow it in limited circumstances. *Wilson v. Samson Contour Energy E&P, LLC*, 2014 WL 2949457 at 2 (W.D. La. 2014). The "good cause" analysis this Court used in allowing expedited discovery takes into consideration such factors as the breadth of discovery requests, the purpose for requesting expedited discovery, the burden on the defendants to comply with the requests, and how far in advance of the typical

discovery process the request was made. *GHX Industrial, LLC v. Servco Hose and Supply, LLC, et al* 2020 WL 1492920 (W.D. La. Feb. 5, 2020).

This is an expedited discovery request for the purpose of gaining the necessary information to address the preliminary injunction. This Court is aware of the burden it has put on all parties in this proceeding with the expedited discovery schedule. To add additional expedited discovery during the current schedule would be too much.

This Court will GRANT IN PART and DENY IN PART Plaintiffs' request. This Court GRANTS Plaintiffs' request to add additional parties to this lawsuit, however, this Court will DENY Plaintiffs' request for additional expedited preliminary-injunction discovery as to the newly added defendants. However, this ruling only addresses expedited preliminary-injunction discovery, not any potential merit-related discovery.

Plaintiffs may file a Second Amended Complaint adding additional agencies and/or parties within thirty (30) days of this order.

### B. Out of Agency Discovery

Plaintiffs ask this Court to require Government Defendants to respond to interrogatories and/or provide information about federal officials "at other federal agencies" of whom they are aware who engage in communications with social-media platforms about misinformation and censorship. Interrogatory No. 1 asks Government Defendants to identify every officer, official, employee, staff member, personnel, contractor, or agent of Defendants "or any other federal official or agency" who has communicated or is communicating with any Social-Media Platform regarding Content Modulation and/or Misinformation.

Government Defendants object to the portion of Interrogatory relating to other federal officials or agencies, arguing that the request is overbroad and not narrowly tailored to expedited

preliminary-injunction related discovery. Government Defendants further argue this request would be unduly burdensome.

This Court agrees with Government Defendants that, in an expedited preliminary-injunction request, under a compressed discovery schedule, this request would be unduly burdensome. Again, this ruling is limited to the pending expedited preliminary-injunction discovery request and is without prejudice to any potential request for merits-based discovery.[4]

Therefore, Plaintiffs' request to require Government Defendants to respond to interrogatories regarding other federal agencies is DENIED.

### C. Reciprocal Discovery

Government Defendants request that, should this Court authorize any additional discovery, Government Defendants should be permitted to take discovery from Plaintiffs. Plaintiffs object to this request.

Government Defendants have not filed a motion to allow expedited preliminary injunction related discovery as to Plaintiffs. Government Defendants have not pointed to any justifiable relevance of such discovery. Neither have Government Defendants set forth any legal defense for this Court to allow such discovery.

Should Government Defendants wish to pursue expedited discovery against the Plaintiffs, Government Defendants, should file a motion, with reasons, for that request.

Government Defendants' request for expedited discovery against Plaintiffs is DENIED.

### D. White House Defendants

In accordance with the previous expedited discovery order, Plaintiffs served interrogatories and document requests upon White House Press Secretary Karine Jean-Pierre[5]

---

[4] In the event merits discovery is ordered.
[5] Substituted for former White House Press Secretary Jen Psaki.

and upon Dr. Anthony Fauci in his capacity as Chief Medical Advisor to the President. Government Defendants have refused to provide any interrogatory responses or responsive documents,[6] maintaining that these would be internal communications that would implicate serious separation of powers concerns, that Plaintiffs are required to exhaust other avenues for the discovery first, and that it would be unduly burdensome and disproportional to the needs of the case.

Plaintiffs maintain they have not served interrogatories, and document requests upon President Biden and do not seek internal communications – only external communications that Dr. Fauci and Jean-Pierre sent to the relevant social media platforms.

First, the requested information is obviously very relevant to Plaintiffs' claims. Dr. Fauci's communications would be relevant to Plaintiffs' allegations in reference to alleged suppression of speech relating to the lab-leak theory of COVID-19's origin, and to alleged suppression of speech about the efficiency of masks and COVID-19 lockdowns. Jean-Pierre's communications as White House Press Secretary could be relevant to all of Plaintiffs' examples.[7]

Government Defendants are making a blanket assertion of all communications to social media platforms by Dr. Fauci, and Jean-Pierre based upon executive privilege and presidential communications privilege. Plaintiffs concede they are not asking for any internal White House communications, but only external communications between Dr. Fauci and/or Jean-Pierre and third-party social media platforms.

This Court believes Plaintiffs are entitled to external communications by Jean-Pierre and Dr. Fauci in their capacities as White House Press Secretary and Chief Medical Advisor to the

---

[6] [Doc. No. 71-1, pp. 14, 20, 23, 25, 36, 45, 47-48, 49, 65, 70-71, and 72-73].
[7] The Hunter Biden laptop story prior to the 2020 Presidential election, speech about the lab-leak theory of COVID-19's origin; speech about the efficiency of masks and COVID-19 lockdowns; and speech about election integrity and security of voting by mail.

President to third-party social media platforms. The White House has waived its claim of privilege in relation to specific documents that it voluntarily revealed to third parties outside the White House. *Center for Effective Government v. U.S. Department of State,* 7 F. Supp. 3d 16, 25, 27 (D.D.C. 2013); *In re Sealed Case*, 121 F.3d 729, 741-42 (D.C. Cir. 1997); and *United Healthcare Ins. Co. v. Azar*, 316 F. Supp 3d 339, 349 (D.C.C. 2018).

Government Defendants' argument that Plaintiffs must seek discovery from other sources also fails. This is expedited preliminary-injunction related discovery. This discovery was opposed by Government Defendants. This is the only chance Plaintiffs will have to get this information prior to addressing the preliminary injunction. This discovery was tailored to the facts alleged in this case. There was no requirement in this Court's order for the Plaintiffs to get this information from other sources first.

Additionally, Plaintiffs have also submitted interrogatories and production requests to the third party social medical platforms. As far as the burden to the White House, it is no more a burden than the other discovery requests Government Defendants have already answered.

Therefore, Government Defendants Jean-Pierre and Dr. Fauci shall provide answers to the Plaintiff's interrogatories and document requests within twenty-one (21) days from the date of this order.

### E. HHS and Dr. Fauci as NIAID Director

In addition to being named in his capacity as White House Chief Medical Advisor, Dr. Fauci is also named in his capacity as Director of the NIAID. Interrogatories and document requests have been served upon Dr. Fauci in this capacity.

Government Defendants argue they have agreed to provide answers on behalf of Dr. Fauci, as NIAID Director to Additional Interrogatory No. 5, Additional Interrogatory No. 6, and to Common Interrogatories 2, 3, & 4 (but not Common Interrogatories 1 and 5). Government Defendants maintain they are amending Additional interrogatory No. 6 in lieu of Common Interrogatory No. 1 and that Common Interrogatory No. 5 seeks the result of searches already produced.

Plaintiffs also served interrogatories and document requests on HHS.[8] Plaintiffs allege that HHS effectively exempted itself from discovery responses by only providing information from its agencies, the Surgeon General's office, NIAID and the CDC. Plaintiffs further alleged that Meta (one of the third-party social media platforms) disclosed several senior officials, outside of the CDC, the Office of Surgeon General, and NIAID, that likely engaged in responsive communications with Meta, including HHS's Deputy Assistant Secretary for Public Engagement, the head of HHS's Digital Engagement Team, the Deputy Director of the Office of Communications in HRSA, and HHS's Deputy Digital Director. Plaintiffs allege none of these officials, or communications, were disclosed to Plaintiffs by HHS in answering the discovery requests.[9]

As to the HHS discovery, Government Defendants assert they identified custodians likely to have relevant information, and that they are not required to conduct a search of all 80,000 HHS employees, which would be overly burdensome.

    **i.    HHS**

This Court agrees that conducting a search of all 80,000 HHS employees would be overly burdensome. However, Plaintiffs have identified several employees of HHS which have been

---

[8] NIAID is an agency under HHS.
[9] [Doc. No. 71-13]; Doc. No. 71-1 p. 40-42]

identified by Meta as likely engaged in responsive communications with Meta. These are HHS's Deputy Assistant Secretary for Public Engagement, the head of HHS's Digital Engagement Team, the Deputy Director of the office of Communications in HRSA, and HHS's Deputy Digital Director. It would not be unduly burdensome for Government Defendants to provide response discovery answers as to these HHS employees.

Therefore, Government Defendants shall provide responses to Plaintiffs' expedited discovery requests as to the above HHS employees within twenty-one (21) days of the date of this order.

### ii. Dr. Fauci

In responding to expedited discovery requests regarding Dr. Fauci, in his capacity as NIAID Director, Government Defendants shall provide responses to Plaintiffs' expedited discovery requests by providing answers and responsive documents as to Additional Interrogatory No. 5, Additional Interrogatory No. 6, and to Common Interrogatories 2, 3, and 4, within twenty-one (21) days from the date of this order.

All other discovery requests not specifically addressed herein are DENIED.

## III. CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that the discovery issues contained in the Joint Statement of Discovery Disputes [Doc. No. 71], are **GRANTED IN PART and DENIED IN PART**, as set forth herein.

**IT IS FURTHER ORDERED** that any additional discovery ordered herein be provided with twenty-one (21) days from the date of this order.

**IT IS FURTHER ORDERED** that in accordance with the Schedule for expedited discovery [Doc. No. 34 p. 13-15], within ten (10) days after the production of any objected-to

responses, Plaintiffs shall notify Government Defendants of any depositions the Plaintiffs wish to take.

**IT IS FURTHER ORDERED** that thereafter, Plaintiffs and Government Defendants continue to adhere to the remaining schedule for expedited discovery.

**MONROE, LOUISIANA** this 6th day of September 2022.

		_____
		**TERRY A. DOUGHTY**
		**UNITED STATES DISTRICT JUDGE**