UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **STATE OF MISSOURI ET AL** | **CASE NO. 3:22-CV-01213** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JOSEPH R BIDEN JR ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**ORDER**

Pending here is Judson Witham's ("Witham") Demand for Equal Treatment, Stop the Discrimination Motion for Recusal [Doc. No. 80], which the Court construes as a motion for reconsideration accompanied by a Motion for Recusal. Witham asks the Court to reconsider its Orders [Doc. Nos. 42, 60, and 78] where the Court denied Witham's Motion to Intervene [Doc. No. 38], Motion for Reconsideration [Doc. No. 57], and Demand for Divulgence of Judicial Conflicts of Interests [Doc. No. 76]. In the instant Motion, Witham raises the same arguments he raised in the aforementioned motions and requests "THE RECUSAL of the Judges CONTROLLING THIS CASE" because of the "Discriminatory BIAS against the Victims of the Stazi and the Favoritism of Certain Bar Card Wielding and Wealthy Lawyers and Firms." [Doc. No. 80, ¶ 6]. For the reasons mentioned herein, the Motion is **DENIED**.

While there is no motion for reconsideration *per se,* there is a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). The Fifth Circuit has explained that a Rule 59(e) motion "calls into question the correctness of a judgment," but "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered," or were offered, "before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5thCir. 2004) (citations and internal quotation marks omitted). Witham disagrees with the Order [Doc. No. 42] denying Witham's Motion to Intervene [Doc. No. 38], the Order [Doc. No. 60]

denying Witham's Motion for Reconsideration [Doc. No. 57], and the Order [Doc. No. 78] denying Witham's Demand for Divulgence of Judicial Conflicts [Doc. No. 76]. Witham raises the same arguments raised previously in the instant Motion. The Court has previously considered and rejected all the aforementioned motions and finds no reason to alter or amend its Orders.

Additionally, Witham does not have standing to move for recusal of the Judge in the instant case because he is not a party to the suit. Witham has also raised no valid grounds for recusal.

Accordingly, it is **ORDERED** that Witham's Demand for Equal Treatment, Stop the Discrimination Motion for Recusal [Doc. No. 80] is **DENIED**.

MONROE, LOUISIANA, this 16th day of September 2022.

```
_____
        TERRY A. DOUGHTY
   UNITED STATES DISTRICT JUDGE
```