# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**STATE OF MISSOURI ET AL**                    **CASE NO.  3:22-CV-01213**

**VERSUS**                                      **JUDGE TERRY A. DOUGHTY**

**JOSEPH R BIDEN JR ET AL**                     **MAG. JUDGE KAYLA D. MCCLUSKY**

## MEMORANDUM ORDER

Pending before the Court is Federal Defendants' Corrected Motion for Partial Stay of October 21, 2022 Order Pending Petition for Writ of Mandamus [Doc. No. 92][1].  An Opposition [Doc. No. 100] was filed by Plaintiffs,[2] and Federal Defendants have filed a Reply [Doc. No. 102] to the opposition.

For the reasons set forth herein, Federal Defendants' Corrected Motion for Partial Stay is **DENIED**.

## I.    BACKGROUND

On May 5, 2022, Plaintiffs filed a Complaint[3] against Defendants.  In the Complaint and Amended Complaint,[4] Plaintiffs allege Defendants have colluded with and/or coerced social media companies to suppress disfavored speakers, viewpoints, and content on social media platforms by labeling the content "dis-information," "mis-information," and "mal-information."  Plaintiffs allege the suppression of disfavored speakers, viewpoints, and content constitutes government

---

[1] Federal Defendants consist of Joseph R. Biden, Jr., Vivek H. Murthy, Xavier Becerra, Department of Health and Human Services, Dr. Anthony Fauci, National Institute of Allergy and Infectious Diseases, Centers for Disease Control & Prevention, Alejandro Mayorkas, Department of Homeland Security, Jen Easterly, Cybersecurity & Infrastructure Security Agency, and Nina Jankowicz, Karine Jean-Pierre, Carol Y. Crawford, Jennifer Shopkorn, U.S. Census Bureau, U. S. Department of Commerce, Robert Silvers, Samantha Vinograd and Gina McCarthy.
[2] Plaintiffs consist of the State of Missouri, the State of Louisiana, Dr. Aaron Kheriaty, Dr. Martin Kulldorff, Jim Hoft, Dr. Jayanta Bhattacharya, and Jill Hines.
[3] [Doc. No. 1]
[4] [Doc. No. 45]

action and violates Plaintiffs' First Amendment right to free speech.[5] In the Complaint and

Amended Complaint, Plaintiffs set forth examples of suppression of free speech, which include:

> 1) the Hunter Biden laptop story prior to the 2020 Presidential election; 2) speech about the lab leak theory of COVID-19's origin; 3) speech about the efficiency of masks and COVID-19 lockdowns; 4) speech about election integrity and the security of voting by mail; 5) censorship and suppression of speech by Plaintiffs Dr. Jayanta Bhattacharya and Dr. Aaron Kheriaty, co-authors of the Great Barrington Declaration; 6) censorship and suppression of Jim Hoft, owner of The Gateway Pundit, on social-media platforms; and 7) censorship and suppression of Jill Hines, co-director of Health Freedom Louisiana and Reopen Louisiana on social-media platforms.

Per this Court's Memorandum Order Regarding Witnesses Depositions [Doc. No. 90], the

Court ordered that Plaintiffs are authorized to take eight depositions as part of the expedited

preliminary injunction-related discovery.

On October 28, 2022, Federal Defendants filed a Petition for Writ of Mandamus in the

United States Court of Appeals for the Fifth Circuit,[6] which moves to vacate the depositions of

Surgeon General Vivek Murthy ("Murthy"), Director of Cybersecurity and Infrastructure Security

Agency ("CISA") Director Jen Easterly ("Easterly"), and Deputy Assistant to the President and

Director of White House Digital Strategy Rob Flaherty ("Flaherty").

Federal Defendants also filed the instant motion[7] on October 27, 2022, seeking to stay the

depositions of Murthy, Easterly and Flaherty until a ruling is made on Federal Defendants' Petition

for Writ of Mandamus. The depositions of Murthy, Easterly, and Flaherty are scheduled for

December 1, December 6, and December 9, 2022.

---

[5] Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances. U.S. Const. Am. 1.
[6] [Doc. No. 22-30697]
[7] [Doc. No. 92]

## II.     APPLICABLE LAW

The Court has broad discretion to stay proceedings.  *Clinton v. Jones,* 520 U.S. 681, 706-07 (1997).  Four factors govern a request for a stay pending appeal:  1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) where the public interest lies.  *Nken v. Holder*, 556 U.S. 418, 434 (2009).

## III.     ANALYSIS

### A.  Whether the Applicant has Made a Strong Showing that it is Likely to Succeed on the Merits

The first factor the Court must consider when there is a request for a stay is whether Federal Defendants are likely to succeed on the merits.  Federal Defendants argue they have a strong likelihood of success on the merits of their mandamus petition because Plaintiffs did not meet their burden of demonstrating extraordinary circumstances to justify depositions of senior government officials.  However, a mandamus petition is judged by a more stringent standard.  A mandamus requires both "a clear abuse of discretion" and a "patently erroneous result." *In re Lloyd's Register N. Am. Inc.*, 780 F.3d 283, 290 (5th Cir. 2015).  If the issue "is one committed to the discretion of the trial court, a clear and indisputable right to the issuance of the writ of mandamus will arise only if the district court has clearly abused its discretion, such that it amounts to a judicial usurpation of power." *In re Gee*, 941 F.3d 153, 158-59 (5th Cir. 2019).

The Court followed the correct legal standard in evaluating the depositions as set forth in *In re Bryant*, 745 F. App'x 215, 218 n. 2 (5th Cir. 2018).  *Bryant* requires the proponent of the deposition to first show the official has first-hand knowledge related to the claims being litigated that is unobtainable from other sources.  After the "first-hand knowledge" threshold is crossed, the

3

court is then to consider (1) the high-ranking status of the deponents; (2) the potential burden that the deposition would impose on them; and (3) the substantive reasons for taking the deposition. *Bryant*, 745 F. App'x at 220.

### 1. Surgeon General Murthy

Details regarding the allegations as to Murthy are set forth in the Memorandum Order Regarding Witness Depositions.[8] Murthy was found to have first-hand knowledge by (1) publicly criticizing tech companies by asserting they were responsible for COVID-19 deaths due to their failure to censor "mis-information"; (2) issuing a Request for Information on March 2, 2022, requesting tech companies to provide him with "mis-information"; and (3) engaging in communication with high-level Facebook executives about greater censorship of COVID-19 "mis-information."

Although Murthy was a high-ranking official,[9] the potential burden imposed on Murthy was outweighed by the need to determine whether First Amendment rights of free speech have been suppressed. The Court found exceptional circumstances were present and that the substantive reasons for taking the deposition were sufficient.

### 2. CISA Director Jen Easterly

Details of the allegations as they relate to Easterly are set forth in the Memorandum Order Regarding Witness Depositions.[10]   Easterly was found to have first-hand knowledge by (1) supervising the "nerve center" of federally directed censorship; (2) directly flagging alleged "mis-information" to social media companies for censorship; (3) stating that social media speech by Americans is a form of infrastructure that allows the CISA to police online speech; (4) being

---

[8] [Doc. No. 90, pp 22-24]
[9] This Court used the *Bryant* standard even though it is questionable whether Murthy, Easterly and Flaherty were high-level witnesses. *Byrd v. D.C.*, 259 F.R.D. 1, 6 (D.D.C. 2009).
[10] [Doc. No. 90, pp 19-21]

involved in extensive oral communications and meetings between CISA officials and social-media platforms; and (5) being personally involved in text messages specifically discussing how greater censorship of social-media platforms would be done by exerting federal pressure on social-media platforms to increase censorship.

The Court also conducted its analysis of Easterly is if she were a high-ranking official and found that her personal knowledge required her deposition. The Court further found that the burden upon her was outweighed by the need to determine whether First Amendment free speech rights are being suppressed.  The Court found exceptional circumstances were present and that the substantive reasons for taking the deposition were sufficient.

### 3.   White House Director of Digital Strategy Rob Flaherty

Details of the allegations as to Flaherty are set forth in the Memorandum Order Regarding Witness Depositions.[11] Flaherty was found to have first-hand knowledge by (1) having extensive oral meetings with social-media platforms including Twitter, Meta and You-Tube on vaccine hesitancy and combatting "mis-information"; (2) directly communicating with Meta's director of U.S. Public Policy through "Covid Insight Reports" (which details trends/posts by social media users on Meta); (3) Meta's reporting to Flaherty about Meta's intentions to censor disfavored opinions about vaccine effectiveness for new groups for which vaccines were authorized; (4) having specific knowledge on Meta's attempts to censor groups referred to by Flaherty as the "Disinformation Dozen"; and (5) being aware of the President-Elect-Joe Biden transition team's efforts to stifle "mis-information" through Meta.

The Court also assumed that Flaherty was a high-ranking official and conducted its analysis as such. It found special circumstances were present to take his deposition.  The Court further

---

[11] [Doc. No. 90, pp. 11-13]

found the burden upon Flaherty was outweighed by the need to determine whether First Amendment free speech rights are being suppressed; therefore, the substantive reasons for taking his deposition were sufficient.

For the reasons set forth herein, the Court also finds Federal Defendants are not likely to succeed on the merits of their mandamus petition.

**B.  Whether the Applicant will be Irreparably Injured Absent a Stay**

The next factor to evaluate for a stay is whether the applicant will be irreparably injured absent a stay.  Federal Defendants argue that the basis for irreparable harm is that Murthy, Easterly, and Flaherty would be burdened in both preparing and sitting for a deposition, which would cause them to be diverted from their significant duties.

Numerous courts have held that ordinary discovery burdens, like those associated with preparing for and participating in depositions and/or the expense of discovery, do not constitute irreparable harm.  *Aliff v. Vervent, Inc.,* 2021 WL 2156183 at 2 (S.D. Cal. May 27, 2021); *In re Anderson*, 560 B.R. 84, 92 (S.D. N.Y. 2016); *American Trucking & Transportation Ins. Co. v. Nelson*, 2018 WL 3609538 at 4 (D. Mont. July 27, 2018); *Sampson v. Murray*, 415 U.S. 61, 90 (1974) *Odeh-Lara v. Synchrony Bank*, 2020 WL 11271943 at 1 (C.D. Cal. July 30, 2020); and *Flanagan v. Wyndham Int'l. Inc.,* 231 F.D.R. 98, 105 (D.D.C. 2005).  This Court agrees.  The preparation for taking and the expense of depositions do not constitute irreparable harm.

Additionally, Plaintiffs have consented,[12] and the Court has granted,[13] an extension to the deposition schedule resulting in the depositions not being taken until December 1, 6, and 9, 2022. Federal Defendants have not met the standard for irreparable harm.  Federal Defendants have not

---

[12] [Doc. No. 94]
[13] [Doc. No. 99]

set forth how the deponents would be harmed other than broadly addressing their "significant duties."

### C. Whether the Issuance of a Stay will Substantial Injure Other Parties in the Proceeding and the Public's Interest

The third and fourth factors require the Court to evaluate whether the issuance of the stay will substantially injure the other parties interested in this proceeding and to evaluate where the public interest lies.  The Plaintiffs are alleging a violation of free speech contained in the First Amendment to the United States Constitution.  "The loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury."  *Elrod v. Burns*, 427 U.S. 347, 373 (1976).  Injunctions protecting First Amendment freedoms are always in the public interest.  *Texans for Free Enter. V. Tex. Ethics Comm'n.*, 732 F.3d 535, 539 (5th Cir. 2013).  The Court finds that both the public interest and the interest of the other parties in preserving free speech significantly outweighs the inconvenience the three deponents will have in preparing for and giving their depositions.  Federal Defendants have not met factors three and four.

## IV.    CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Federal Defendants' Corrected Motion for Partial Stay of October 21, 2022 Order Pending Petition for Writ of Mandamus [Doc. No. 92] is **DENIED.**

MONROE, LOUISIANA, this 2nd day of November 2022.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT COURT**