# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

+1 202 389 5000

www.kirkland.com

Reginald J. Brown, P.C.
To Call Writer Directly:
+1 202 389 5522
reginald.brown@kirkland.com

Facsimile:
+1 202 389 5200

October 25, 2022

D. John Sauer
815 Olive Street, #200
St. Louis, MO 63101
John.Sauer@ago.mo.gov

Re: *Meta's Statements re Elvis Chan*

Dear John:

We write regarding Judge Doughty's statement in his October 21, 2022 order that "Plaintiffs maintain that in response to their third-party subpoena, Meta's counsel identified Chan as the FBI agent who communicated with Facebook to suppress [the Hunter Biden laptop] story." That statement is incorrect, and we respectfully ask that you take appropriate steps to address the error.

We identified Mr. Chan to you during a phone call on September 15, 2022. On that call, we identified Mr. Chan as Meta's primary individual point of contact on the FBI's Foreign Influence Task Force. And we informed you that we had not identified any emails between Mr. Chan and Meta about Hunter Biden's laptop. You confirmed in writing after that call that "as referenced in today's call, we continue to request communications between Meta and FBI's Foreign Influence Task Force, especially as it relates to the Hunder [sic] Biden laptop story. Reg represented today that he did not believe there are written communications involving" Mr. Chan.

After this discussion, you stated in your joint status report that "Meta's counsel identified FBI SSA Elvis Chan as the one who conveyed 'the communications between the FBI and Meta that led to Facebook's suppression of the Hunter Biden laptop story,'" which is different from what we communicated to you. This statement was then interpreted by the Judge as "Meta's counsel identified Chan as the FBI agent who communicated with Facebook *to suppress [the Hunter Biden laptop] story*" (emphasis added). This is also an incorrect statement.

We are not bringing this issue to your attention to suggest that any representations were made in bad faith. To the contrary, our course of dealings have been very constructive and candid and disagreements have been principled. We write to ensure you have an accurate understanding of the information we provided. Mr. Chan at no point in time advised Meta "to

## KIRKLAND & ELLIS LLP

D. John Sauer
October 25, 2022
Page 2

suppress the Hunter Biden laptop story." Nor did any of his colleagues. We hope this information is helpful.

Very truly yours,

*[signature]*

Reginald J. Brown, P.C.
Daniel Kearney

cc: Sur Indraneel, United States Department of Justice