UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**STATE OF MISSOURI ET AL**          **CASE NO. 3:22-CV-01213**

**VERSUS**                           **JUDGE TERRY A. DOUGHTY**

**JOSEPH R BIDEN JR ET AL**          **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM ORDER**

Before the Court is a Motion for Reconsideration Regarding Deposition of FBI Assistant Special Agent in Charge Elvis Chan ("Chan") [Doc. No. 95] filed by Federal Defendants.[1] An Opposition [Doc. No. 106] was filed by Plaintiffs[2] on November 7, 2022. A Reply [Doc. No. 112] was filed by Federal Defendants on November 10, 2022.

For the reasons set forth herein, Federal Defendants' Motion for Reconsideration [Doc. No. 95] is **DENIED.**

**I.    BACKGROUND**

On May 5, 2022, Plaintiffs filed a Complaint[3] against Defendants, and on August 2, 2022, Plaintiffs filed an Amended Complaint.[4] In the Complaint and Amended Complaint, Plaintiffs allege Defendants have colluded with and/or coerced social media companies to suppress disfavored speakers, viewpoints, and content on social media platforms by labeling the content "dis-information," "mis-information," and "mal-information." Plaintiffs allege the suppression

---

[1] Federal Defendants consist of President Joseph R. Biden, Jr., Vivek H. Murthy, Xavier Becerra, Department of Health and Human Services, Dr. Anthony Fauci, National Institute of Allergy and Infectious Diseases, Centers for Disease Control & Prevention, Alejandro Mayorkas, Department of Homeland Security, Jen Easterly, Cybersecurity & Infrastructure Security Agency, and Nina Jankowicz, Karine Jean-Pierre, Carol Y. Crawford, Jennifer Shopkorn, U.S. Census Bureau, U. S. Department of Commerce, Robert Silvers, Samantha Vinograd and Gina McCarthy.
[2] Plaintiffs consist of the State of Missouri, the State of Louisiana, Dr. Aaron Kheriaty, Dr. Martin Kulldorff, Jim Hoft, Dr. Jayanta Bhattacharya, and Jill Hines.
[3] [Doc. No. 1]
[4] [Doc. No. 45]

of disfavored speakers, viewpoints, and content constitutes government action and violates Plaintiffs' First Amendment right to free speech.[5] In the Complaint and Amended Complaint, Plaintiffs set forth examples of suppression of free speech, which include:

> 1) the Hunter Biden laptop story prior to the 2020 Presidential election; 2) speech about the lab leak theory of COVID-19's origin; 3) speech about the efficiency of masks and COVID-19 lockdowns; 4) speech about election integrity and the security of voting by mail; 5) censorship and suppression of speech by Plaintiffs Dr. Jayanta Bhattacharya and Dr. Aaron Kheriaty, co-authors of the Great Barrington Declaration; 6) censorship and suppression of Jim Hoft, owner of The Gateway Pundit, on social-media platforms; and 7) censorship and suppression of Jill Hines, co-director of Health Freedom Louisiana and Reopen Louisiana on social-media platforms.

Per this Court's Memorandum Order Regarding Witnesses Depositions,[6] the Court ordered that Plaintiffs are authorized to take eight depositions as part of the expedited preliminary injunction-related discovery.

On October 28, 2022, Federal Defendants filed the pending Motion for Reconsideration Regarding Deposition of FBI Assistant Special Agent in Charge Elvis Chan,[7] asking this Court to reconsider the previous ruling[8] authorizing the deposition of Chan.

## II. LAW AND ANALYSIS

### A. LAW

While there is no motion for reconsideration *per se,* there is a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). The Fifth Circuit has explained that a Rule 59(e) motion "calls into question the correctness of a judgment," but "is not the proper vehicle for

---

[5] Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of Grievances. U.S. Const. Am. 1.
[6] [Doc. No. 90]
[7] [Doc. No. 95]
[8] [Doc. No. 90]

rehashing evidence, legal theories, or arguments that could have been offered," or were offered, "before the entry of judgment." *Templet v. HydroChem, Inc*., 367 F.3d 473, 478-79 (5th Cir. 2004) (citations and internal quotation marks omitted).

    **B.    ANALYSIS**

In its Motion for Reconsideration, Federal Defendants ask this Court to reconsider its previous ruling[9] authorizing Plaintiffs to take the deposition of Chan. The sole basis for the Motion for Reconsideration is a recent letter[10] from the attorneys representing Meta. The letter stated that Meta did not identify Chan as the person from the FBI that conveyed communications between the FBI and Meta that led to the suppression of the Hunter Biden laptop story.

This statement by Meta is disputed by Plaintiffs, who maintain that in a phone call on September 15, 2022, Meta's counsel orally identified Chan as the FBI official who was directly involved in the Hunter Biden laptop-related communication(s) with Meta.[11]

The Court held in its Ruling that Plaintiffs are allowed to depose Chan because 1) Chan had authority over cybersecurity issues for the FBI in the San Francisco, California region, which includes the headquarters of major social-media platforms; 2) Chan played a critical role for the FBI in coordinating with social-media platforms related to censorship on those platforms; and 3) because Meta's counsel identified Chan as the FBI agent who communicated with Facebook to suppress the Hunter Biden Laptop story.[12]

Chan's alleged involvement in the Hunter Biden laptop communication issue was not the sole reason the Court allowed his deposition. The Court conducted its analysis on whether Chan should be deposed under the assumption that, as an Assistant Special Agent in charge of an FBI

---

[9] Id
[10] [Doc. No. 96 Exh. A pp. 2-3]
[11] [Doc. No. 106, p. 5]
[12] [Doc. No. 90, pp 18-19]

field office, Chan was a high-ranking official, even though there was scant evidence produced in support of such a finding. The Court finds that, even if Chan were not the person identified by Meta to have conveyed the Hunter Biden laptop communication issue, there still exists independent reasons for allowing Chan's deposition.

### C. Hunter Biden Laptop Communication

The issue of Chan's involvement in the Hunter Biden laptop communication is an additional reason to allow Plaintiffs to take his deposition. If Chan played no role in the suppression of the Hunter Biden laptop story, then such information will be made clear in his deposition. Chan had authority over cybersecurity issues for the FBI in the San Francisco, California region, which includes the headquarters of major social-media platforms and played a critical role for the FBI in coordinating with social-media platforms related to censorship. Even if Chan played no role in the Hunter Biden laptop communication issue, he may have knowledge of who did, and his deposition is nonetheless warranted.

Therefore, the Federal Defendants' Motion for Reconsideration is **DENIED**.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Federal Defendants' Motion for Reconsideration Regarding Deposition of FBI Assistant Special Agent in Charge Elvis Chan [Doc. No. 95] is **DENIED.**

MONROE, LOUISIANA, this 14th day of November 2022.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**