## Sauer, John

| | |
|---|---|
| **From:** | Sauer, John |
| **Sent:** | Wednesday, November 9, 2022 2:09 PM |
| **To:** | 'Snow, Kyla (CIV)' |
| **Cc:** | Murrille@ag.Louisiana.Gov; Capps, Kenneth; Talent, Michael; 'Jenin Younes'; John Vecchione; 'Jonathon Burns'; 'Megan Wold'; Brian Barnes; Scott, Todd; Kirschner, Adam (CIV); Sur, Indraneel (CIV); Chuzi, Amanda K. (CIV) |
| **Subject:** | RE: MO v. Biden - Proposed protective order + redaction of documents |

Kyla-

Your email of Monday raises four issues regarding sealing or otherwise preventing public disclosure of discovery materials in this case.  We appreciate the parties' efforts to work collaboratively on such issues, but we respectfully disagree with all your requests for the reasons stated below.

As an initial matter, we are greatly concerned about the timing of these requests.  The parties have known for months that depositions might be ordered, and the Court ordered eight depositions on October 21.  Yet you waited until Nov. 7, three days before the first deposition is to commence – and, coincidentally, the same day that we had to respond to multiple briefs filed by you seeking to block the depositions – to propose a blanket protective order as to the depositions.  Further, you waited until Nov. 4 to request the replacement of Doc. 86-3, which was publicly filed on October 14 and has been cited in news reports since then.  And you waited until Nov. 7 to request previously *unagreed* redactions to other documents filed on October 14 (Docs 86-5 to 86-10) – all of which have been in the public domain for weeks, and have also been the subject of national reporting.  Your requests are not timely, and your long delay before seeking this relief undermines your claim of need.  Moreover, you have not cited any incident of concern of any kind that has resulted from the weeks of public disclosure – and repeated public reporting in national news media – related to these publicly filed documents in the court record.  Finally, we would have preferred to address such issues in an orderly fashion, not literally on the eve of the first deposition, during a week when we are scrambling to respond to several briefs, travel, and prepare for Mr. Kimmage's deposition tomorrow.

As for your four requests:

First, you request a protective order "(1) precluding public dissemination of audiovisual recordings of depositions, and (2) establishing procedures for redaction from deposition transcripts and exhibits of PII of federal employees (except for those the names of deponents or named defendants) and other third parties."  Respectfully, we do not agree to such an order.  Your proposed protective order gives no weight to the overwhelming public interest in this case, an interest that is deeply rooted in the First Amendment values that we are suing to vindicate.  Further, both in our phone call of Nov. 4 and your subsequent emails, you have provided no information to indicate that you have any basis to satisfy the Fifth Circuit's

standards for entry of a protective order.  As for your request for a protective order for "PII of federal employees … and other third parties," we do not anticipate that such will be mentioned in depositions, other than names, which are a matter of great public interest.  Furthermore, we have a long series of retail-level objections to your proposed protective order, such as: (1) You designate the names of any current or former federal employee and other third parties.  Such a designation is inappropriate when a major purpose of the deposition (and therefore subsequent filings) is to identify federal officials involved in challenged conduct. (2) Sealing the entirety of audiovisual recordings of depositions does not meet the governing standard in the Fifth Circuit, which requires line-by-line consideration. (3) The procedure in Paragraph 4 automatically builds in a seven week delay to file transcripts—for the Defendants to identify PII which is already spelled out in the order.  (4) The limitation on the use of Protected Deposition Materials in Paragraph 5 is inconsistent with the use of sealed materials in litigation and is completely one-sided—it does not apply to the Federal Defendants, see Para. 8. The procedure for filing material in paragraph 9 also does not meet the Fifth Circuit's standards. (5) The destruction of protected materials cannot work for deposition transcripts because only parts, indeed only portions of lines, would be protected.  (6) The proposed order contains no provision about documents previously provided to us or documents now in the public domain, which are presumptively not protected.  For these reasons, among others, we do not agree to your proposed protective order.  That said, if there is any particular issue that comes up in the depositions that may raise a specific confidentiality concern, we are willing to meet and confer with you about that on a case-by-case basis.  But we do not agree to this blanket prior restraint on publication of deposition recordings or transcripts, which are freighted with public and First Amendment interests.

Second, you propose a temporary agreement not to disclose any portion of the depositions pending entry of a protective order.  For the same reasons, we do not agree to this proposal.  You have given us no information about particularized need for confidentiality in a case which, in our view, raises questions of enormous public and First Amendment interest.  Based on what you have disclosed to us about your reasons for requesting such a sweeping protective order (which, frankly, is very little), we do not think you have any reasonable prospect of obtaining a protective order.

Third, regarding the redacted Amended Interrogatory Responses, we note that you provided them to us on September 27, and we publicly filed them on October 14.  When you provided them to us, you did not provide a redacted version for public filing – you did not provide the redacted version until November 4, six weeks after the original versions and three weeks after they were publicly filed.  You have not indicated that there has been any specific harm or concern that has arisen from this public disclosure.  With respect to your prior interrogatory responses, we agreed to file redacted versions as a courtesy to you based on the time constraints on the parties at the time – and we did not enter into any formal agreement or commitment to file redacted versions of future interrogatories.  If you wished to have redacted versions of the Amended Interrogatory Responses filed as well, it was incumbent on you to provide those and raise the issue before weeks after they were publicly filed, but you did not do so.  That said, because I have been responding to your many briefs and preparing for Mr. Kimmage's

deposition, I have not yet had the chance to review your proposed redacted amended responses.  I will endeavor to do so and let you know if that changes our position, but for now, we do not agree to your proposal.

Fourth, we do not agree to your proposal to remove and replace our properly filed exhibits to the Joint Statement on Depositions.  Your description of the parties' prior discussions and actions does not accurately reflect our prior communications and agreement.  Prior to the filing of the Joint Statement on Discovery Disputes, you requested – and we agreed – to redact *contact information* such as emails addresses and telephone numbers for federal employees, *not* names.  We agreed to do so with respect to those prior filings, *provided* that you would provide redacted versions of your documents for public filing.  Respectfully, you have never provided any redacted versions.  Subsequently, after the execution of the Mar-a-Lago search warrant, Kuntal contacted me and asked for our agreement to redact the names of "low-level" federal employees.  I did not agree to that at the time, I was reluctant to do so until the Government clarified who is "low-level," and I specifically expressed in one of our meet-and-confers my clear understanding that you do *not* satisfy the criteria for a protective order.  The parties never reached agreement on that issue, and as the time for filing the first Joint Statement on August 31 approached, we decided to redact federal-employee names from our publicly filed documents, purely as a courtesy to you, in order to avoid having another issue (among many) to discuss and dispute as to that filing.  I made very clear at the time that we were only doing that as a courtesy and not entering into an agreement as to future documents.  Since then, you have never stated who is "low-level," you have never provided redacted versions of any document from your document production, and you have not raised the issue again until Nov. 4.  In the meantime, we redacted the documents filed on Oct. 14 in connection with the Joint Statement on Depositions by redacting contact information such as phone numbers and emails, consistent with the parties' original agreement.  Those documents have been in the public domain for weeks now.  We acted fully consistent with our agreements with you, and there is no basis in law to remove them from the Court's docket.

We are happy to discuss these issues further tomorrow at Mr. Kimmage's deposition.  But, based on the information you have provided, we do not agree to any of these requests.

Thank you,

John Sauer

---

**From:** Snow, Kyla (CIV) <Kyla.Snow@usdoj.gov>
**Sent:** Wednesday, November 9, 2022 10:50 AM
**To:** Sauer, John <John.Sauer@ago.mo.gov>
**Cc:** Murrille@ag.Louisiana.Gov; Capps, Kenneth <Kenneth.Capps@ago.mo.gov>; Talent, Michael <Michael.Talent@ago.mo.gov>; 'Jenin Younes' <jenin.younes@ncla.legal>; John Vecchione <john.vecchione@ncla.legal>; 'Jonathon Burns' <john@burns-law-firm.com>; 'Megan Wold' <mwold@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; Scott, Todd <Todd.Scott@ago.mo.gov>; Kirschner, Adam (CIV) <Adam.Kirschner@usdoj.gov>; Sur, Indraneel (CIV) <Indraneel.Sur@usdoj.gov>; Chuzi, Amanda K. (CIV)

<Amanda.K.Chuzi@usdoj.gov>
**Subject:** RE: MO v. Biden - Proposed protective order + redaction of documents

John,

Thanks for your prompt review of the draft protective order and other requests.  Would you please let us know by 5 pm ET/4 pm CT whether you would agree to a protective order that (1) precludes public dissemination of deposition videos; or (2) seals and allows procedures for potential redaction of PII, except for names of named defendants and deponents, from deposition transcripts; or both?  If so, please also let us know if there are any portions of our proposed protective order that you would like to discuss further before proposing it to the Court.

If you will not agree to either of these proposals to protect public dissemination of videos and PII, please let us know if you will agree not to publicly disclose such materials pending resolution of our motion for protective order with the Court.

Because the first deposition in this case is tomorrow, absent some agreement, we plan to file a motion for entry of a protective order by this evening, asking for expedited consideration.  If you are likely to agree to any portion of the proposed PO but would like to discuss further, then we can determine how that would affect a filing tonight.

Best,
Kyla

**From:** Sauer, John <John.Sauer@ago.mo.gov>
**Sent:** Tuesday, November 8, 2022 5:08 PM
**To:** Snow, Kyla (CIV) <Kyla.Snow@usdoj.gov>
**Cc:** Murrille@ag.Louisiana.Gov; Capps, Kenneth <Kenneth.Capps@ago.mo.gov>; Talent, Michael <Michael.Talent@ago.mo.gov>; 'Jenin Younes' <jenin.younes@ncla.legal>; John Vecchione <john.vecchione@ncla.legal>; 'Jonathon Burns' <john@burns-law-firm.com>; 'Megan Wold' <mwold@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; Scott, Todd <Todd.Scott@ago.mo.gov>; Kirschner, Adam (CIV) <Adam.Kirschner@usdoj.gov>; Sur, Indraneel (CIV) <Indraneel.Sur@usdoj.gov>; Chuzi, Amanda K. (CIV) <Amanda.K.Chuzi@usdoj.gov>
**Subject:** [EXTERNAL] RE: MO v. Biden - Proposed protective order + redaction of documents

Kyla-

Our team is reviewing these proposals, including the draft protective order you have attached, and we will get back to you promptly.

Thanks, John

**From:** Snow, Kyla (CIV) <Kyla.Snow@usdoj.gov>
**Sent:** Monday, November 7, 2022 6:38 PM
**To:** Sauer, John <John.Sauer@ago.mo.gov>
**Cc:** Murrille@ag.Louisiana.Gov; Capps, Kenneth <Kenneth.Capps@ago.mo.gov>; Talent, Michael <Michael.Talent@ago.mo.gov>; 'Jenin Younes' <jenin.younes@ncla.legal>; John Vecchione <john.vecchione@ncla.legal>; 'Jonathon Burns' <john@burns-law-firm.com>; 'Megan Wold' <mwold@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; Scott, Todd <Todd.Scott@ago.mo.gov>; Kirschner, Adam (CIV) <Adam.Kirschner@usdoj.gov>; Sur, Indraneel (CIV) <Indraneel.Sur@usdoj.gov>; Chuzi, Amanda K. (CIV) <Amanda.K.Chuzi@usdoj.gov>
**Subject:** MO v. Biden - Proposed protective order + redaction of documents

John,

Thank you for talking with us by phone on Friday.  We're following up on several items discussed during our call:

First, attached is a proposed protective order that, as we discussed on Friday, would serve two purposes: (1) precluding public dissemination of audiovisual recordings of depositions, and (2) establishing procedures for redaction from deposition transcripts and exhibits of PII of federal employees (except for those the names of deponents or named defendants) and other third parties.  We're happy to discuss the language of this further and hope that we can come to an agreement on this.

Second, we ask for your agreement not to publicly disseminate audiovisual recordings of depositions, or PII disclosed in depositions, pending entry of a protective order.  This temporary informal agreement would give us breathing room to have discussions about the details of a protective order, and hopefully reach an agreement, or for the court to resolve any disagreement.  Please let us know if you would agree to this.  Absent an informal agreement by Wednesday, we will need to move forward with filing a motion with the Court.

Third, we sent you a corrected version of the interrogatory responses on Friday, along with a redacted/nonconfidential version of those responses.  We're following up on our request that you withdraw the version marked "confidential," and currently docketed as an exhibit to the joint statement on depositions, and replace it with the nonconfidential version we sent Friday.  This request is consistent with the parties' prior agreement to redact names of career officials from public filings.

Relatedly, after Friday, we noticed that none of the emails or other documents attached as exhibits to the joint statement on depositions have redactions to names of career federal employees, despite the parties' prior understanding that any public filings would have such redactions.  At the same time, the documents do have redactions for names of employees of social media companies and all other third-party organizations.  As the parties discussed previously, we are happy to provide redacted versions of documents produced in discovery that you planned to attach to filings.  But we were of the understanding, per our conversations by phone and email, that you preferred to apply the redactions yourselves, so as to avoid any potential delay.  You applied such redactions to exhibits attached to the joint statement on written discovery and to exhibits attached to the second amended complaint filed one month later.  If your preference has changed, please let us know.  As with the interrogatories, we ask that you withdraw any other exhibits attached to the joint statement on depositions that does not redact career federal employees' names, and refile the exhibits with such redactions applied.

Best,
Kyla


Kyla M. Snow
Trial Attorney | U.S. Department of Justice
Civil Division | Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Kyla.Snow@usdoj.gov
Office: (202) 514-3259
Cell: (202) 598-3561

This email message, including the attachments, is from the Missouri Attorney General's Office. It is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including that covered by § 32.057, RSMo. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you.