IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| STATE OF MISSOURI ex rel. ERIC S. SCHMITT, Attorney General, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*, <br><br> *Defendants*. | No. 3:22-cv-01213-TAD-KDM |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING AUDIOVISUAL RECORDINGS OF DEPOSITIONS AND PERSONALLY IDENTIFIABLE INFORMATION IN DEPOSITION TRANSCRIPTS AND REQUEST FOR EXPEDITED CONSIDERATION**

Defendants do not seek a protective order categorically shielding deposition testimony from public view. Defendants' motion is far more limited: it seeks a protective order preventing the public dissemination of *audiovisual recordings*, which are susceptible to misuse, and the *personally identifiable information (PII)* of certain individuals. The risk of threats and harassment to individual deponents and others identified in depositions taken in this case outweighs any marginal public interest in audiovisual recordings of the depositions (when transcripts are available), or the PII of deponents or other persons whose PII appears in those transcripts.

Plaintiffs' brief in opposition to Defendants' motion for protective order contains numerous legal errors. Critically, throughout their brief, Plaintiffs erroneously apply the more rigorous legal standard for sealing judicial records on the public docket instead of the standard for issuing protective orders of discovery materials. What's more, Plaintiffs mistakenly assert

1

that the public is "entitled" to discovery materials, while failing to address Defendants' specific request that only *audiovisual* materials and certain PII be withheld from public dissemination. Plaintiffs also brush aside the privacy interests that Defendants seek to protect, ignoring the numerous examples of threats and harassment that Defendants and their colleagues have suffered due to publicity of the same nature that will very likely occur if the discovery materials at issue are widely disseminated. And finally, Plaintiffs falsely allege that Defendants needlessly delayed filing the pending motion, while ignoring the fact that Defendants informed Plaintiffs of their intention to seek a protective order on November 4, 2022—just days after Defendants learned that Plaintiffs would be videotaping the depositions at issue, *i.e.*, when Plaintiffs noticed the depositions by identifying the place and manner for the depositions.

For those reasons, the Court should grant Defendants' motion protective order.[1]

## ARGUMENT

**I. Plaintiffs urge the Court to apply the wrong legal standard.**

In this circuit, "different legal standards govern protective orders and sealing orders," and district courts abuse their discretion when they "use[] the wrong legal standard." *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). "Protective orders require a finding of 'good cause' by the district court and apply to documents produced in discovery." *Id.* (citation omitted); *see also Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) ("The first standard[] requir[es] *only* 'good cause.'" (emphasis added)). By contrast, "at the *adjudicative* stage, when materials enter the court record, the standard for shielding records from public view" requires "a stricter balancing test" that is "far more arduous." *June Med. Servs.*, 22

---

[1] For the reasons set forth below, *see infra* p. 4, Defendants attach (as Exhibit A) a revised proposed protective order, which contains a clarifying revision to section 9.

F.4th at 521 (emphasis in original) (quoting *Le*, 990 F.3d at 419).

Plaintiffs' opposition brief relies almost exclusively on the wrong legal standard. To be clear, Defendants' motion seeks protection of *discovery* materials that "are not public components" of this litigation, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984), to which only a "good cause" standard applies, *Le*, 990 F.3d at 419 (citing Fed. R. Civ. P. 26(c)). Plaintiffs ignore that critical fact, instead insisting—erroneously—that "[t]he court 'must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure.'" ECF No. 114 at 11 (quoting *June Med. Servs.*, 22 F.4th at 519). The quoted "document-by-document, line-by-line" balancing test applies only in cases where a party wishes to seal judicial records on the public docket. *June Med. Servs.*, 22 F.4th at 519. And the public has no common law right of access to deposition materials. *See Seattle Times*, 467 U.S. at 33 (explaining that "pretrial depositions . . . were not open to the public at common law" and, therefore, "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information"). For that reason, Plaintiffs' insistence that the public's interest in disclosure is "especially strong" because this case involves "matters of legitimate public concern" is incorrect—and indeed, the case Plaintiffs rely on for that proposition, *Bradley ex rel. AJW v. Ackal*, 954 F.3d 233 (5th Cir. 2020), cautioned that "[n]ot every document . . . is a judicial record subject to the common law right of access," *id.* at 225. Accordingly, much of Plaintiffs' legal analysis is erroneous and inapplicable for present purposes.

Perhaps recognizing that the stricter standard for sealing judicial records does not typically apply to motions for protective order (like this one), Plaintiffs contend that the stricter standard is "triggered" here because Defendants' proposed protective order instructs the parties

3

initially to file protected materials under seal if and when they are submitted to the Court in support of a motion or other filing. ECF No. 114 at 11. Unsurprisingly, Plaintiffs cite no authority for that odd contention. For one thing, the proposed sealing instruction would apply only to materials that a party wishes to submit to the Court in support of a motion or other filing. It would defy all logic to require that the legal standard for sealing "judicial records"—which applies only "[o]nce a document is filed on the public record," *Le*, 990 F.3d at 418—should apply here to *all* materials that Defendants wish to protect, regardless of whether they will be submitted to the Court or not.[2] Moreover, nothing in Defendants' proposed protective order supplants the parties' independent obligations for sealing judicial records submitted to the Court. For clarification and out of an abundance of caution, Defendants submit the attached, updated proposed protective order, which makes that point explicit.

Accordingly, the Court should reject Plaintiffs' suggestion that it is bound to "follow[] . . . Fifth Circuit cases such as *June Medical*, *Le*, [and] *AJW*," that concerned the legal standard for sealing judicial records filed on the public docket. ECF No. 114 at 14. Rather, the pending motion "requir[es] *only* 'good cause.'" *Le*, 990 F.3d at 419 (emphasis added).

## II. The privacy interests set forth in Defendants' motion are compelling and sufficiently articulated.

The motion for protective order asserts two basic premises that Plaintiffs do not dispute: first, current and former federal employees—whether high-profile or little-known—retain significant interests in their personal privacy, *see* ECF No. 110-1 at 13, and second, upcoming deponents in this case have already suffered unacceptable degrees of harassment and invasions

---

[2] It is not even clear how Plaintiffs would file a video "on the public record." Typically, video exhibits are submitted directly to chambers and do not appear on the public docket. Nor do Plaintiffs explain why or for what purpose it would be necessary to submit a video recording to the Court in lieu of a transcript.

4

of privacy in the past on account of their work on COVID-19 policies and election-security issues, *see id.* at 13-15. Nevertheless, Plaintiffs contend that these individuals' privacy interests are somehow dispensable because no federal employees have yet suffered threats of violence "that arose from the seven months' [sic] of publicity already associated with this case." ECF No. 114 at 17. For several reasons, Plaintiffs' arguments are unavailing.

*First*, as an initial matter, there is no basis for Plaintiffs' assertion that "the dominant purpose of the Government's motion is not to protect its witnesses . . . but to protect the Government from criticism based on truthful information that casts the Government in a negative light." ECF No. 114 at 6 (emphasis omitted). With the pending motion, Defendants are seeking a modest protective order to prevent only the disclosure of *recordings* of Defendants' upcoming depositions because, unlike written transcripts, recordings "can be cut and spliced and used as 'sound-bites.'" *Felling v. Knight*, IP-01-00571-C-T/G, 2001 WL 1782360, at *3 (S.D. Ind. Dec. 21, 2001). To state the obvious, permitting the disclosure of the complete deposition transcripts (with minor redactions of certain PII) would afford any interested person the opportunity to criticize the Government "based on truthful information" that may "cast[] [it] in a negative light." ECF No. 114 at 6.[3]

*Second*, Plaintiffs are wrong to insist that the numerous threats described in Defendants' motion are irrelevant because those threats were purportedly "made for reasons completely

---

[3] As further support for their incorrect allegation regarding the government's motive, Plaintiffs argue that the proposed protective order is "overtly one-sided." ECF No. 114 at 20. That argument makes little sense. Plaintiffs have not raised any concerns about potential *government* dissemination of the materials at issue; if Plaintiffs were to raise such concerns, Defendants would work with them to find an appropriate solution. Given that, a proposed protective order that swept more broadly than the interests articulated in Defendants' motion would be disproportionate to the privacy concerns at stake. The proposed order is tailored to Defendants specific concerns, and it is thus precisely "congruent to the need" articulated in the motion.

unrelated to this litigation." *Id.* As Defendants explained at length in their motion, current and former federal officials like Dr. Fauci and Director Easterly's predecessor have faced extreme threats of violence and other harassing verbal attacks because of publicity surrounding their work on COVID-19 and election integrity. *See* ECF No. 10-1 at 15-18. Those are the very issues that Plaintiffs seek to question the deponents about on video, and those videos, if circulated, will be susceptible to manipulation and misrepresentation after the fact; there is, accordingly, a direct connection between the evidence Defendants cited in their motion and the audiovisual recordings that Plaintiffs seek to make public. It makes no difference that no reports have publicly emerged about Defendants suffering threats because of this litigation, and indeed, that is precisely why Defendants seek a narrow protective order *now*—to preclude the public release of audiovisual recordings of depositions that can be made public and manipulated, and thus incite threats against civil servants and others implicated by this litigation.

*Third*, and contrary to Plaintiffs' assertion, *see* ECF No. 114 at 16-17, Defendants are not required to introduce affidavits or specified forms of evidence to support the entry of a protective order. ECF No. 114 at 16-17. For that proposition, Plaintiffs overread the Fifth Circuit's decision in *In re Terra International, Inc.*, 134 F.3d 302 (5th Cir. 1998) (per curiam). There, the Fifth Circuit held that the plaintiff in a defamation action was not entitled to a protective order precluding all prospective fact witnesses from attending or reviewing the depositions of other fact witnesses based on "nothing more than a conclusory allegation that a substantial majority of the fact witnesses . . . are employees of [the defendant] and that they will therefore be subject to [the defendant's] influence." *Id.* at 305-06. The Court noted in addition that the plaintiff "did not support its motion for protective order with any affidavits or other evidence that might provide support for this simple assertion." *Id.*

6

Unlike in *Terra*, Defendants' concerns about threats and harassment of individuals portrayed or identified in the discovery materials at issue are not based on "conclusory allegation[s]" about what might occur. Rather, Defendants have cited specific reports of harassment that forthcoming deponents in this case (and others similarly situated to them) have already suffered because of publicity surrounding their work on the very issues that will be raised in their depositions. Further still, Defendants have cited news stories about the document discovery and depositions in this case, and a Tweet about one of the career civil servant deponents. These examples demonstrate the public attention that this case, in particular, has drawn, and the risk that audiovisual recordings of the depositions in this case, if released, will be "cut and spliced and used as 'sound-bites,'" thereby exposing the deponents to harassment. *Felling,* 2001 WL 1782360, at *3.

Defendants have thus made "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Terra*, 134 F.3d at 306. And nothing in *Terra* prescribes the specific form of evidence that Defendants must adduce to document these facts.

### III. The significant privacy interests at stake outweigh the minimal public interests in disclosure of video recordings and PII.

Plaintiffs' opposition makes numerous erroneous assertions regarding the public's alleged interest in discovery materials in this case. At the same time, Plaintiffs have ignored Defendants' key arguments in support of their narrow proposed protective order, which find substantial support in analogous cases that Plaintiffs only address in passing.

*First*, Plaintiffs insist that "[t]he public is entitled to th[e] information" that Defendants seek to protect from public disclosure. ECF No. 114 at 12. But the public has no entitlement to the videotaped pretrial depositions in this case unless and until they are introduced as evidence at

7

trial or otherwise submitted in connection with some pre-trial proceeding or motion. *See Seattle Times Co.*, 467 U.S. at 33 ("[P]retrial depositions and interrogatories are not public components of a civil trial."); *Le*, 990 F.3d at 419 ("[M]aterial filed with discovery motions is not subject to the common-law right of access." (citation omitted)). Indeed, the Local Rules of this Court prohibit discovery materials from being filed "unless authorized." W.D. La. Local Rule 26.5. Furthermore, even if the public has an interest in the contents of the depositions, that interest "does not stretch beyond the testimony's substantive content" to the audiovisual recordings of the depositions. *Judicial Watch, Inc. v. U.S. Dep't of State*, No. 14-cv-1242, 2019 WL 11890739, at *1 (D.D.C. Apr. 25, 2019). Again, Defendants are not attempting to restrict the disclosure of written transcripts, subject to limited redactions to protect PII.

*Second*, and relatedly, Plaintiffs make no effort whatsoever to explain why the public's interest in the depositions is not completely satisfied by the potential distribution of the deposition transcripts. As Defendants pointed out in their motion, "[t]he practice of sealing videotapes of depositions has been approved in several high-profile cases where the written depositions have been released to the public" because videos are highly susceptible to manipulation. *Felling*, 2001 WL 1782360, at *3 (citing *United States v. McDougal*, 103 F.3d 651, 658 (8th Cir. 1996)). Defendants also cited multiple cases implicating the precise issue raised here—motions for protective orders sealing deposition videos of federal employees in high-profile cases, *see* ECF No. 110-1 at 19-20—that Plaintiffs quickly brush aside on the highly dubious ground that the public's interest in Secretary Clinton's use of a private email server was "simply not comparable" to its interest in this case, ECF No. 114 at 14. At the same time, Plaintiffs do not cite a single comparable case in which a court denied a similar motion.

8

*Third*, Plaintiffs' assertion that the public has an interest in the PII of third parties fails to account for the fact that *Plaintiffs* will have access to that information. According to Plaintiffs, the Court should deny Defendants' motion because "a central purpose of the depositions is to uncover the identities" of third parties who were "involved in discussions about censorship of content on social-media platforms." *Id.* at 9. But while Defendants are not trying to prevent Plaintiffs from obtaining this information for purposes of litigating this case—and the proposed protective order imposes no limitations whatsoever on *Plaintiffs*' access to the information at issue—it cannot be true that the "central purpose" of this discovery is entirely unrelated to this litigation. *See Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009) ("Discovery rules are 'a matter of legislative grace,' and '[l]iberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes.'" (quoting *Seattle Times,* 467 U.S. at 32, 34)). Defendants are merely trying to prevent the potential misuse of PII for non-litigation purposes. The third parties whose PII is at issue here are not parties to this suit, and their privacy interests in this case are particularly significant.[4]

## IV. Defendants timely filed this motion.

In their opposition, Plaintiffs make much of the timing of Defendants' motion, going so far as to accuse Defendants of delaying the motion either "tactical[ly]" or "negligen[tly]." ECF No. 114 at 26. Plaintiffs' accusation is baseless. Plaintiffs did not formally list videotaping as the

---

[4] Plaintiffs also contend that similar PII protection should not apply to written discovery in this case. *See* ECF No. 114 at 18-20. Defendants have not raised that issue in this motion, although the same principles should apply to PII contained in written discovery, such as produced documents and interrogatory responses. Therefore, Plaintiffs' e-mail exhibit disputing the scope of the informal agreement that the parties entered into for the filing of written discovery on the public docket is irrelevant for purposes of deciding the present motion. *See id.* (citing Plaintiffs' own *post hoc* email disputing Defendants' understanding of the parties' informal agreement with respect to written discovery).

9

method of transcribing a deposition until they subpoenaed Ms. Psaki on October 25, 2022. And, moreover, it was not until November 2, 2022, that Plaintiffs served notices of deposition for the remaining witnesses indicating their intent to use video recording. Accordingly, while also accounting for time to confer with Plaintiffs' counsel several days ahead of filing the pending motion, Defendants moved with haste to seek the proposed protective order for dissemination of audiovisual recordings. And, in any event, Plaintiffs have failed to identify any prejudice based on the timing of Defendants' motion. With respect to PII, Defendants raised the issue with Plaintiffs as soon as Defendants identified that there was an issue with previous filings. Defendants have incorporated the issue in this motion and acted with urgency.

\* \* \* \* \*

For the reasons stated above and in the opening memorandum, this Court should grant Defendants' motion for protective order.

Dated: November 15, 2022              Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

JAMES J. GILLIGAN
*Special Litigation Counsel, Federal Programs Branch*

*/s/ Amanda K. Chuzi*
ADAM D. KIRSCHNER (IL Bar No. 6286601)
*Senior Trial Counsel*
KYLA SNOW (OH Bar No. 96662)
INDRANEEL SUR (D.C. Bar No. 978017)
AMANDA K. CHUZI (D.C. Bar No. 1738545)
*Trial Attorneys*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
Tel: (202) 514-4686
Amanda.k.chuzi@usdoj.gov

*Attorneys for Defendants*