# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| STATE OF MISSOURI ex rel. ERIC S. SCHMITT, Attorney General, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*, <br><br> *Defendants*. | No. 3:22-cv-01213-TAD-KDM |

**[REVISED PROPOSED] ORDER ON PROTECTED DEPOSITION MATERIALS**

Upon consideration of Defendants' Motion for Protective Order Regarding Audiovisual Recordings of Depositions and Personally Identifiable Information in Deposition Transcripts, and for good cause shown, IT IS HEREBY ORDERED that the following provisions of this Protective Order on Protected Deposition Materials (hereinafter the "Order") shall govern this case.

1. <u>Scope of Order.</u> This Order shall govern the creation, dissemination, and use of "Protected Deposition Materials," as defined below.

2. <u>Protected Deposition Materials.</u> As used in this Order, the term "Protected Deposition Materials" constitutes the following: (1) all audio and/or visual recordings (hereinafter "audiovisual recordings") of depositions of federal employees (both current and former) conducted in this case; and (2) personally identifiable information ("PII") of (a) current and former federal employees, other than the names of those who are parties to or deponents in this case and (b) other third parties, that is disclosed during a deposition or

1

contained in an exhibit thereto and designated as "Protected PII" pursuant to the procedures outlined in ¶ 4 below (referred to hereinafter as "Protected PII").

3. <u>Sealing of Protected Deposition Materials.</u>

   a. <u>Audiovisual Recordings of Depositions.</u> Audiovisual recordings of depositions of current or former federal employees shall be sealed and shall remain sealed absent further order of the Court.

   b. <u>Protected PII.</u> Protected PII shall be sealed and shall remain sealed unless:

      i. The Court rules, pursuant to the procedures set out in ¶ 4 below, that PII designated by Defendants as Protected PII does not constitute Protected PII; or

      ii. The Court orders, pursuant to the procedures in ¶ 10 below, that PII previously designated as Protected PII shall no longer be sealed.

4. <u>Procedures for Designating and Redacting Protected PII in Deposition Transcripts and Exhibits.</u>

   a. The transcript of a deposition of a current or former federal employee and any exhibits thereto shall be sealed, and subject to the restrictions on use and disclosure in ¶¶ 5 and 6, for a period of seven (7) calendar days after Defendants' receipt thereof. During this seven-day period Defendants may review the transcript and exhibits and notify Plaintiffs of any PII contained therein that Defendants designate as Protected PII. The PII so designated by Defendants shall be considered Protected PII unless and until that designation is withdrawn or overruled pursuant to the procedures of this section, or lifted pursuant to the procedures of ¶ 10. In addition to other applicable requirements of this Order,

    Protected PII must be redacted from the transcript and any exhibits thereto before any use or disclosure thereof not authorized under ¶¶ 5 and 6. Any PII contained in the transcript or exhibits that Defendants do not designate as Protected PII during this seven-day period ceases to be sealed and may be publicly disclosed.

    b. Within seven (7) calendar days following Defendants' notification of a designation of Protected PII under ¶ 4.a, above, Plaintiffs may object to the designation.

    c. Within seven (7) calendar days following Defendants' receipt of an objection by Plaintiffs under ¶ 4.b, above, to a designation of Protected PII, the parties shall meet and confer in an effort to resolve any dispute.

    d. If the parties do not reach an agreement by the end of the seven-day meet-and-confer period, then Defendants shall seek expedited relief from the Court within five (5) calendar days. Plaintiffs shall then have five (5) calendar days to file a response in opposition. Within seven (7) calendar days after the submission of Plaintiffs' response, the Court shall enter an order resolving the dispute over Defendants' designation of Protected PII. Pending the Court's ruling on Defendants' request for relief, the PII designated by Defendants as Protected PII shall continue to be treated as such in accordance with the terms of this Order.

5. <u>Limitations on Use.</u> Except as provided in ¶ 8 below, Protected Deposition Materials shall be used solely for the purpose of litigating the above captioned litigation, shall be and remain sealed, and shall not be disclosed in any fashion not authorized by ¶ 6, below, nor used for any purpose other than litigating in the above captioned litigation.

6. <u>Limited Disclosure of Protected Deposition Materials.</u> Except as provided in ¶ 8 below, Protected Deposition Materials may be disclosed, subject to the specific procedures and provisions contained in this Order, to the following persons and/or entities only:

   a. This Court and the officers, employees, and any stenographic reporters of the Court;

   b. Counsel representing the parties in the above captioned litigation and their supervisory attorneys and support personnel whose functions require access to the Protected Deposition Materials (collectively "Attorney Professionals");

   c. The individual named Plaintiffs and the officials, employees and contractors of Plaintiff States who are participating in some capacity in the litigation of the case, to the extent their participation necessitates access to the Protected Deposition Materials;

   d. Outside vendors who perform clerical functions, retained by the parties or their counsel in the above captioned litigation, but only for the purposes of performing such services and only for so long as necessary to perform those services;

   e. Independent experts, and their supporting personnel, consulted or retained by counsel for assistance in the preparation or prosecution of claims or defenses in the above captioned litigation, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in the above captioned litigation;

   f. A witness who has been noticed or subpoenaed for deposition or a court appearance in the above captioned litigation to the extent reasonably necessary for the preparation or giving of his or her testimony; and

  g. Any other person who is so designated by order of this Court or by written agreement of the parties.

No Protected Deposition Materials may be disclosed to any persons identified in subparagraphs (c), (e), (f), or (g) until they have reviewed this Order and have executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the party making the disclosure to such persons (provided that counsel who makes such disclosures shall retain the written agreement but shall not be required to produce it to opposing counsel until the deposition of the person or without order of the Court).

7. <u>Unauthorized Disclosure of Protected Materials.</u> Except as provided in ¶ 8, below, in the event of disclosure of Protected Deposition Materials to any person not authorized to such access pursuant to the terms of this Order, the party or other individual responsible for having made such disclosure, and each individual with knowledge thereof, shall immediately inform Defendants' counsel of all relevant information concerning the nature and circumstances of the disclosure. The individual responsible for improperly disclosing such Protected Deposition Material shall also promptly take all reasonable measures to attempt to retrieve the improperly disclosed Protected Deposition Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

8. <u>Scope of Use and Disclosure Limitations.</u> The provisions set forth in ¶¶ 5, 6, and 7 above do not apply to the Federal Defendants and Attorney Professionals for the Federal Government.

9. <u>Procedures for Submitting Protected Deposition Materials to the Court.</u>

5

a. <u>Audiovisual recordings of depositions.</u> A party that seeks to submit to the Court any portion of an audiovisual recording of a deposition of a current or former federal employee, in support of a motion or other filing, must submit a physical copy of such audiovisual recording to chambers in a format approved by the Court. Physical submissions should be marked "Sealed." Counsel submitting a physical copy of an entire audiovisual recording of a deposition to chambers in support of a motion or other filing shall notify opposing counsel of the submission at the time of submission. Counsel submitting a physical copy of a partial audiovisual recording of a deposition to chambers in support of a motion or other filing shall send a copy of the audiovisual file to opposing counsel at the time of submission.

b. <u>Protected PII.</u> A party that seeks to submit to the Court any portion of a deposition transcript or exhibit that includes redacted PII, including for purposes of resolving a dispute over Defendants' designation of Protected PII as set forth in ¶ 4.d. of this Order or in support of a motion or other filing, must submit a physical copy of the deposition transcript or exhibit to chambers in a format approved by the Court. Physical submissions should be marked "Sealed." Counsel submitting a physical copy of an entire transcript of a deposition to chambers in support of a motion or other filing shall notify opposing counsel of the submission at the time of submission. Counsel submitting a physical copy of a partial transcript of a deposition to chambers in support of a motion or other filing shall send a copy of the partial transcript to opposing counsel at the time of submission.

    c. Nothing in this section supplants a party's independent obligations under applicable law to move to seal judicial records once filed on the public docket. Sections 9(a)-(b) set forth procedures for the initial submission of protected materials with Court filings so that those materials are not disclosed while a party moves to seal those materials.

    d. Prior to any trial in the above-captioned litigation, the parties will meet and confer over procedures for the presentation and use of Protected Deposition Material at trial.

10. <u>Procedures for Unsealing Protected Deposition Materials.</u> Any party may seek an order from the Court unsealing Protected Deposition Materials. Prior to seeking such an order, the party seeking the order must send written notice to opposing counsel identifying the Protected Deposition Materials it seeks to unseal and the reasons for doing so. The parties shall then have seven (7) calendar days from the date of such notice to meet and confer over whether any portions of the Protected Deposition Materials may be unsealed. If the parties cannot reach agreement, the party seeking to unseal the Protected Deposition Materials must file a motion with the Court outlining the reasons for unsealing the Protected Deposition Materials. The motion shall be filed within five (5) calendar days of the conclusion of the meet-and-confer period. The party opposing the motion shall have five (5) calendar days to file a response. Within seven (7) calendar days after the submission of a response, the Court shall enter an order resolving the dispute over the unsealing of the Protected Deposition Materials.

11. <u>Destruction of Protected Deposition Materials.</u>

    a. All individuals to whom Protected Deposition Materials are disclosed by Plaintiffs or by Plaintiffs' counsel consistent with this Order shall destroy or return any and all Protected Deposition Materials and copies thereof in their possession to Plaintiffs' counsel of record within thirty (30) calendar days after final termination of this litigation (including any appeals), or when they are no longer a party to or assigned or retained to work on this litigation, whichever comes earlier.

    b. Protected Deposition Materials and all copies thereof (other than Protected Deposition Materials and copies presented in open court consistent with the provisions of this Order) must be destroyed or returned to the United States Department of Justice, Civil Division, within sixty (60) calendar days after the termination of this litigation, including any appeals.

12. This Order may be modified by the Court at any time for good cause shown upon motion by a party or following notice by the Court to all parties and an opportunity to be heard.

MONROE, LOUISIANA, this _____ day of November 2022.

                                                          _____
                                                          Terry A. Doughty
                                                          United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| STATE OF MISSOURI ex rel. ERIC S. SCHMITT, Attorney General, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*,<br><br>*Defendants*. | No. 3:22-cv-01213-TAD-KDM |

**EXHIBIT A**

**AGREEMENT AND CONSENT TO PROTECTIVE ORDER**

The undersigned hereby declares and acknowledges as follows:

1. I have read the Order on Protected Deposition Materials (the "Order") entered in the above-captioned case on _____, and fully understand its contents.

2. I am a person described in paragraph 6, subparagraph (c), (e), (f), or (g) of the Order. I understand that by signing this declaration, I will be eligible to receive Protected Deposition Materials under the terms and conditions of the Order.

3. I hereby agree and consent to be bound by the terms of the Order and to comply with it in all respects, and, to that end, I hereby knowingly and voluntarily submit myself to the personal jurisdiction of the United States District Court for the Western District of Louisiana so that the Court shall have the power and authority to enforce the Order and to impose appropriate sanctions upon me for violating the Order, including punishment for contempt of Court.

Dated: _____      _____
                                (Signature)

                               _____
                                (Printed Name)

                               _____
                                (Address)