UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **STATE OF MISSOURI ET AL** | **CASE NO. 3:22-CV-01213** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JOSEPH R BIDEN JR ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

MEMORANDUM ORDER

Before the Court is a Motion for Protective Order Regarding Audiovisual Recordings of Depositions and Personally Identifiable Information in Deposition Transcripts and Request for Expedited Consideration [Doc. No. 110] ("Motion for Protective Order") filed by Federal Defendants.[1] An Opposition [Doc. No. 114] was filed by Plaintiffs[2] on November 14, 2022. A Reply [Doc. No. 116] was filed by Federal Defendants on November 15, 2022.

For the reasons set forth herein, the Motion for Protective Order [Doc. No. 110] is **GRANTED IN PART** and **DENIED IN PART**.

**I.    BACKGROUND**

On May 5, 2022, Plaintiffs filed a Complaint[3] against Defendants, and on August 2, 2022, Plaintiffs filed an Amended Complaint.[4] In the Complaint and Amended Complaint, Plaintiffs allege Defendants have colluded with and/or coerced social media companies to suppress disfavored speakers, viewpoints, and content on social media platforms by labeling the content

---

[1] Federal Defendants consist of President Joseph R. Biden, Jr., Vivek H. Murthy, Xavier Becerra, Department of Health and Human Services, Dr. Anthony Fauci, National Institute of Allergy and Infectious Diseases, Centers for Disease Control & Prevention, Alejandro Mayorkas, Department of Homeland Security, Jen Easterly, Cybersecurity & Infrastructure Security Agency, and Nina Jankowicz, Karine Jean-Pierre, Carol Y. Crawford, Jennifer Shopkorn, U.S. Census Bureau, U. S. Department of Commerce, Robert Silvers, Samantha Vinograd and Gina McCarthy.
[2] Plaintiffs consist of the State of Missouri, the State of Louisiana, Dr. Aaron Kheriaty, Dr. Martin Kulldorff, Jim Hoft, Dr. Jayanta Bhattacharya, and Jill Hines.
[3] [Doc. No. 1]
[4] [Doc. No. 45]

"dis-information," "mis-information," and "mal-information." Plaintiffs allege the suppression of disfavored speakers, viewpoints, and content constitutes government action and violates Plaintiffs' First Amendment right to free speech.[5] In the Complaint and Amended Complaint, Plaintiffs set forth examples of suppression of free speech, which include:

> 1) the Hunter Biden laptop story prior to the 2020 Presidential election; 2) speech about the lab leak theory of COVID-19's origin; 3) speech about the efficiency of masks and COVID-19 lockdowns; 4) speech about election integrity and the security of voting by mail; 5) censorship and suppression of speech by Plaintiffs Dr. Jayanta Bhattacharya and Dr. Aaron Kheriaty, co-authors of the Great Barrington Declaration; 6) censorship and suppression of Jim Hoft, owner of The Gateway Pundit, on social-media platforms; and 7) censorship and suppression of Jill Hines, co-director of Health Freedom Louisiana and Reopen Louisiana on social-media platforms.

Per this Court's Memorandum Order Regarding Witnesses Depositions,[6] the Court ordered that Plaintiffs are authorized to take eight depositions as part of the expedited preliminary injunction-related discovery.

On November 9, 2022, Federal Defendants filed the instant Motion for Protective Order, which moves that the Court issue a limited protective order sealing any audio and/or video recordings of depositions authorized in this case, and for redactions of personal identifiable information ("PII") of deposition transcripts of the deponents and others who are not defendants and/or deponents.

---

[5] Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of Grievances. U.S. Const. Am. 1.
[6] [Doc. No. 90]

## II.  LAW AND ANALYSIS

### A.  Sealing of Audio or Video Recordings of Depositions

District courts have broad discretion in determining whether to grant a motion for protective order. *Harris v. Amoco Prod. Co.,* 768 F.2d 669, 684 (5th Cir. 1985). Upon a showing of "good cause" courts have broad discretion to issue protective orders during discovery to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. FED. R. CIV. P. 26(c)(1).

There are two legal standards at issue here. With regard to discovery documents, only a "good cause" standard applies to the analysis. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). However, when a document is filed into the public record, it becomes a part of the judicial proceeding to which a much stricter standard applies, due to the fact that it involves the public's right of access. *Id*. Federal Defendants argue videotapes of depositions can be used as "sound-bites" on the Internet and in the news.

Federal Defendants assert that the current and past federal employees that are being deposed have significant privacy interests in preventing the dissemination of audiovisual recordings of their testimony. Federal Defendants argue the deponents may be subject to threats and/or harassment.

Once certain documents are filed in the public record and become a part of judicial proceedings, there is a strong presumption in favor of public access to judicial proceedings. *E.E.O.C. v. Nat'l Children's Ctr., Inc.,* 98 F.3d 1406, 1409 (D.C. Cir. 1996). Federal Defendants argue that the public's access to "judicial proceedings" would not be threatened because audiovisual recordings of depositions are not part of a "judicial proceeding" unless they are introduced into evidence at trial or otherwise submitted in connection with some pretrial

proceeding or motion. Federal Defendants do not object to the public release of written redacted deposition transcripts.

Federal Defendants further maintain there are no First Amendment concerns with the proposed protective order because the dissemination of information can be gained from other sources, i.e., the transcript.

### B. Redaction of Transcripts

The second part of the Motion for Protective Order seeks to redact the PII of current or former federal employees, as well as that of other non-parties that may be disclosed during the depositions. Federal Defendants ask for the transcripts of the depositions to remain sealed for a period of time to allow redaction and to resolve the disputes prior to the transcript's release. Examples of the PII requested are names, contact information, and other personal information disclosed.

Federal Defendants maintain that persons referred to in the depositions have strong interests in protecting their identities to avoid being thrust in the spotlight, being threatened, and/or being harassed. Federal Defendants further maintain names and/or identifying information as to law enforcement officers (FBI agents or Department of Homeland Security officers) should be protected. Federal Defendants also seek redaction of deponents' contact and/or other personal information to avoid potential harassment.

### C. Plaintiff Opposition

Plaintiffs oppose the Federal Defendants Motion for Protective Order requesting sealing video and audio portions of the depositions. Plaintiffs argue the dominant purpose of Federal Defendants' motion is to protect the Federal Defendants from criticism based upon true information that casts the Federal Defendants in a negative light. Further, Plaintiffs argue the

alleged threats and/or harassment is nothing but pure speculation. Additionally, Plaintiffs maintain First Amendment interests of the public access and public disclosure outweighs these speculative harms.

Courts should be ungenerous with their discretion to seal judicial records. Sealing information placed in the judicial record is heavily disfavored. *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 519-21 (5th Cir. 2022) (per curium).

When materials enter the court record, the standard from shielding the records from public view is arduous. The court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interest favoring nondisclosure, applying at all times a "presumption in favor of the public's access to judicial records." *Binh Hoa Le*, 990 F.3d 410, 419. The public interest in access is especially strong when at least one of the parties to the action is a public entity or official and is even stronger when the case involves matters of legitimate public concern. A party's privacy interests are diminished when a party is a public person. *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 233 (5th Cir. 2020).

**D.   Analysis**

There is always a presumption in favor of public access. Because Federal Defendants are public officials, their interests are weaker. The public's interest in access of this information is especially strong because this matter involves the Frist Amendment right to freedom of speech. The greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access by the public. *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

The Federal Defendants' allegations that the deponents and/or other persons identified may be subject to threats and/or harassment is sufficient at this stage to show good cause for

pretrial discovery but is insufficient to overcome the public's right of access when the audiovisual recordings are filed into the public record. Federal Defendants ask the Court to deny access by the public to audio and video portions of the depositions because the clips may be misleading, taken out of context, or cause speculative harassment or even threats. Federal Defendants request that the audio or video portions of depositions should be sealed but do not object to redacted transcripts of those depositions.

The Court finds good cause to seal the audiovisual depositions only prior to their entry into the public record/judicial proceeding. Accordingly, Federal Defendants' request to seal audiovisual recordings of depositions only for the purposes of pretrial discovery is **GRANTED**. However, once the audiovisual recordings of the depositions become public record, they will be unsealed as part of the "judicial proceeding," i.e., if they are introduced into evidence at trial or otherwise submitted in connection with some pretrial proceeding or motion. When these depositions do become part of the public record, then only any personal information (address, telephone numbers, or email addresses) shall be redacted from the transcript, as discussed below.

Next, Defendants move to redact certain PII of current or former federal employees or other non-parties that may be disclosed during the deposition. This includes law enforcement officers (FBI agents or Department of Homeland Security officers). The examples of PII Federal Defendants suggest are names, contact information, and other personal information.

To seal documents in the record, courts are required to undertake a document-by-document, line-by-line balancing of the public's right of access against nondisclosure. *Binh Hoa Le* 990 F.3d at 419. Federal Defendants also ask the Court to allow redaction of any personally identifiable information of deponents and third parties, whose names and/or personal information may be exposed. The Court finds that Federal Defendants privacy interests do outweigh the

6

public's access for personal addresses, telephone numbers, or email addresses. Accordingly, the Court **GRANTS IN PART** only Federal Defendants' request to redact certain PII of the deposition transcripts, including those of law enforcement personnel. Insofar as Federal Defendants move to redact personal information such as personal addresses, telephone numbers, or email addresses, the Motion is **GRANTED**. Insofar as Federal Defendants move to redact names of the deponent or names of other non-parties, including those of law enforcement personnel, and other information, the Motion is **DENIED**. The Court has previously ruled on who will be deposed, and the public's interest in access to the information that a particular deponent is sharing outweighs the Federal Defendants' privacy interests.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Federal Defendants' Motion for Protective Order [Doc. No. 110] is **GRANTED IN PART**. The request to seal audiovisual recordings of depositions only for the purposes of pretrial discovery is **GRANTED**. However, once the audiovisual recordings of the depositions become public record, they will be unsealed as part of the "judicial proceeding," i.e., if they are introduced into evidence at trial or otherwise submitted in connection with some pretrial proceeding or motion. Plaintiffs shall redact any personal information (address, telephone numbers, or email addresses) from the transcript and/or audiovisual recordings prior to filing into the public record.

**IT IS FURTHER ORDERED** that Federal Defendants' request to redact certain PII of the deposition transcripts is **GRANTED IN PART**. Insofar as Federal Defendants move to redact personal information such as addresses, phone numbers or email addresses, the Motion is **GRANTED**. Federal Defendants' request for redaction is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that the Court's November 10, 2022, Order [Doc. No. 111] is **VACATED**.

MONROE, LOUISIANA, this 17th day of November 2022.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT COURT**