UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **STATE OF MISSOURI, ET AL.,** | **CIVIL ACTION NO. 3:22-cv-01213** |
| **VERSUS** | **JUDGE: TERRY A. DOUGHTY** |
| **JOSEPH R. BIDEN, ET AL.** | **MAGISTRATE JUDGE: KAYLA D. MCCLUSKY** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DECLARATION OF SHELLY MATURIN**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I, Shelly Maturin, declare as follows:

1. I am a member of the State Bar of Louisiana and of the District Court for the Western District of Louisiana. I am counsel of record for the Applicant-Interveners, and this declaration is made in support of their Notice of Motion and Motion to Intervene for Access to Discovery and for its Filing as Judicial Record, or for In Camera Inspection in Missouri v. Biden, et al., No. 3:22-cv-01213-TAD-KDM. If called as a witness, I could and would testify competently to the facts herein, except as to those matters stated on information and belief.

2. On October 26, 2022, I sent a detailed letter-proffer to Federal Defendants' counsel requesting their consent to the filing and granting of this motion, or to meet and confer by November 2 (7-days later). On October 31, defense counsel emailed in response:"The parties are currently conducting expedited discovery proceedings on a highly compressed and resource intensive schedule, and the Federal Defendants are not available to discuss the question you pose in connection with proposed intervention until, at a minimum, after December 9, 2022." Yet, on

1

November 9, the Defendants moved for a protective order sealing all witness deposition audiovisual recordings (Dkt. #110), which bears directly on Applicants' intervention request. On November 11, 2022, I met and conferred by telephone with James J. (Jim) Gilligan, Special Litigation Counsel Civil Division, Federal Programs Branch, U.S. Department of Justice, and one of Defendants' supervisory attorneys, but we could not resolve or narrow the dispute. Notably, in the parties' November 11 meet-and-confer, Mr. Gilligan, on behalf of the Federal Defendants, did not assert confidentiality concerns as a reason for opposing the Applicants' request, and stated that the Department would not oppose the Plaintiff-States sharing the discovery with the Applicants; instead, the Department cited the burden imposed upon parties to the Action in making a production to the Applicants. The Department indicated that it did not oppose the Plaintiffs sharing with the Applicants documents that have been produced.

3. On November 14, 2022, I received an email from the Department of Justice's Indraneel Sur. That email stated:

> Subject: RE: Missouri et al. v. Biden, et al, Case No. 3:22-CV-01213 (W.D. La.) - Meet and Confer Request re: Rule 24(b) Discovery Intervention - Fed. R. Evid. 408 Offer of Compromise
>
> Good morning, Mr. Maturin: To follow up on what I understand was a helpful exchange of views you had last week with my colleague Jim Gilligan (who is unavailable today because of this case), I am writing to express Defendants' interest in an agreement, to settle any proposed motion as to intervention, to provide you with Personally Identifiable Information ("PII")-redacted transcripts of the currently scheduled expedited discovery depositions once all of those depositions are completed.
>
> Please let us know if you continue to be amenable to such an agreement, which would obviate the need for motions practice as to your clients' intervention.

4. After informal meet and confers, I could not secure the consent of the Plaintiff-States, nor did separate counsel for the individual Plaintiffs respond to their meet and confer request, after which I informed all Parties' counsel that this motion would be filed and noticed

for hearing after December 12, 2022 (after the expedited discovery cut-off), see Dkt. #90, or on a later date set by the Court.

5. On information and belief, CHD's FOIA requests directed to the CDC and HHS have been pending since June 18, 2021 and April 13, 2022, respectively. To date, those requests have garnered fewer than 300 pages of redacted records, from the CDC, which were provided only on November 15, 2022, after the meet-and-confers referenced above. No documents, redacted or otherwise, have been provided by HHS.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in Lafayette, Louisiana, on November 16, 2022.

*G. SHelly Maturin, AA*

_____
SHELLY MATURIN