UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**STATE OF MISSOURI ET AL**            **CASE NO. 3:22-CV-01213**

**VERSUS**                             **JUDGE TERRY A. DOUGHTY**

**JOSEPH R BIDEN JR ET AL**            **MAG. JUDGE KAYLA D. MCCLUSKY**

**MEMORANDUM ORDER**

Before the Court is Jennifer R. Psaki's ("Psaki") Motion to Quash a Subpoena [Doc. No. 119-1] ("Motion to Quash"), which was transferred to this Court on November 18, 2022, by Judge Ivan D. Davis from the Eastern District of Virginia [Doc. No. 119-6]. Also before the Court is a Request for Expedited Ruling on Motion to Quash, and alternatively, is a Request to Stay Deposition [Doc. No. 119].

Attached to the Notice Regarding Rule 45(f) Transfer of Motions to Quash and Request for Expedited Ruling on Motion to Quash [Doc. No. 119] are the following fully briefed documents:

(1) Jennifer R. Psaki's Motion to Quash a Subpoena and Memorandum in Support of Her Motion to Quash a Subpoena [Doc. No. 119-1];

(2) Memorandum in Support of United States' Motion to Quash Third-Party Subpoena Issued to Jennifer Psaki [Doc. No. 119-2];

(3) Respondents' Combined Opposition to Motions to Quash Subpoena of Jennifer R. Psaki [Doc. No. 119-3];

(4) Reply in Support of United States' Motion to Quash Third-Party Subpoena Issued to Jennifer Psaki [Doc. No. 119-4]; and

(5) Jennifer R. Psaki's Reply to Respondents' Opposition to Her Motion to Quash a Subpoena [Doc. No. 119-5].

For the reasons set forth herein, the Request for Expedited Ruling on Motion to Quash is **GRANTED**.

For the reasons further set forth herein, the Motion to Quash is **DENIED**, and the alternative request to stay the deposition of Jennifer R. Psaki is **DENIED**.

## I. BACKGROUND

On May 5, 2022, Plaintiffs[1] filed a Complaint against Federal Defendants,[2] which alleged Federal Defendants have colluded with and/or coerced social media companies to suppress disfavored speakers, viewpoints, and content on social media platforms by labeling the content "dis-information," "mis-information," and "mal-information." On June 14, 2022, Plaintiffs filed a Motion for Preliminary Injunction[3] and on June 17, 2022, Plaintiffs filed a Motion to Expedite Preliminary-Injunction Related Discovery.[4]

On July 12, 2022, this Court granted Plaintiffs' expedited preliminary-injunction related discovery[5] and set an expedited schedule. Pursuant to that schedule, on October 14, 2022,[6] Plaintiffs sought to be allowed to take ten depositions pursuant to the expedited preliminary-

---

[1] Plaintiffs consist of the State of Missouri, the State of Louisiana, Dr. Aaron Kheriaty, Dr. Martin Kulldorff, Jim Hoft, Dr. Jayanta Bhattacharya, and Jill Hines
[2] Federal Defendants consist of Joseph R. Biden, Jr., Vivek H. Murthy, Xavier Becerra, Department of Health and Human Services, Dr. Anthony Fauci, National Institute of Allergy and Infectious Diseases, Centers for Disease Control & Prevention, Alejandro Mayorkas, Department of Homeland Security, Jen Easterly, Cybersecurity & Infrastructure Security Agency, and Nina Jankowicz, Karine Jean-Pierre, Carol Y. Crawford, Jennifer Shopkorn, U.S. Census Bureau, U. S. Department of Commerce, Robert Silvers, Samantha Vinograd and Gina McCarthy.
[3] [Doc. No. 10]
[4] [Doc. No. 17]
[5] [Doc. No. 34]
[6] [Doc. No. 86]

2

injunction related discovery. On October 21, 2022,[7] the Court authorized Plaintiffs to take eight depositions. One of the depositions authorized was that of Psaki.

Psaki, along with Federal Defendants, filed the pending Motion to Quash in the Eastern District of Virginia, Alexandria Division on November 3, 2022. After expedited briefing, on November 18, 2022, a hearing was had before Magistrate Judge Ivan D. Davis. After the hearing, Judge Davis transferred the Motion to Quash to this Court pursuant to FED. R. CIV. P. 45(f). Judge Davis also denied Psaki and Federal Defendants' Oral Motion/Request for Stay.

On the evening of November 18, 2022, Federal Defendants filed a Notice[8] of the transferred Motion to Quash.

## II. LAW AND ANALYSIS

### A. Prior Ruling

This Court previously authorized Plaintiffs to take Psaki's deposition[9]. Much of Psaki and Federal Defendants' argument is moving the Court reconsider its previous ruling that found "extraordinary circumstances" exist to allow Plaintiffs to take Psaki's deposition. However, no motion to reconsider was filed with this Court. In making these arguments to another Court, Federal Defendants and Psaki were making an "end-run" around this Court's prior ruling.

To the extent Psaki and Federal Defendants ask this Court to reconsider the prior ruling authorizing Psaki's deposition, that request is **DENIED**. Compelling the testimony of high-ranking government officials is justified only in "extraordinary circumstances." *Village Of Arlington Heights v. Metro. Housing. Dev. Corp.* 429 U.S. 252, 268 (1977). This rule also

---

[7] [Doc. No. 90]
[8] [Doc. No. 119]
[9] [Doc. No. 90]

applies to former high-ranking officials. *In re United States (Bernanke)*, 542 F. App'x 944, 949 (Fed. Cir. 2013).

As a preliminary requirement for the "exceptional circumstances" analysis, the proponent of the deposition must show "that the official has first-hand knowledge related to the claims being litigated that is unobtainable from other sources." *In re Bryant*, 745 F. App'x 215, 218 n.2 (5th Cir. 2018). After the "first-hand knowledge" threshold is crossed in determining whether exceptional circumstances exist to warrant a deposition, a court may consider: (1) the high-ranking status of the deponent; (2) the potential burden that the deposition would impose on them; and (3) the substantive reasons for taking the deposition. *Id*. This analysis was used in this Court's prior ruling.

Despite Psaki and Federal Defendants' argument that this Court considered Psaki as a current defendant, this Court considered Psaki as the former White House Press Secretary and former defendant.[10]

In the prior ruling, it was noted that Plaintiffs alleged that during her tenure as White House Press Secretary, Psaki made a series of public statements that (1) attested to her personal knowledge of the participation of high-level White House officials pressuring social-media platforms and (2) reinforced the public threats of adverse legal consequences to social-media platforms, if they did not increase censorship of views disfavored by federal officials.

Plaintiffs allege they submitted interrogatories to Psaki's successor, Karine Jean-Pierre ("Jean-Pierre") asking for information regarding Psaki's statements, but Jean-Pierre's response to the interrogatories was that she had no knowledge of the basis of Psaki's statements because Psaki no longer worked at the White House.

---

[10] The Court unintentionally referred to Psaki as "Defendant".

Specifically, this Court found Psaki's statements made at press conferences on May 5, 2021, July 15, 2021, and April 25, 2022, showed Psaki had personal knowledge about censorship of social media, exceptional circumstances were present, and there were substantive reasons for taking her deposition. Despite the fact that Psaki is a former high-ranking official, the potential burden upon Psaki was outweighed by the need to determine whether free speech had been suppressed.

Psaki is a non-party, but she was formerly a party, and she did make the statements in her employment as White House Press Secretary; therefore, any "solicitude" Psaki is entitled to as a third-party is outweighed by the strong public interest in preserving First Amendment free speech.

**B.   Motion to Quash**

Federal Rule of Civil Procedure 45 allows a court to quash or modify a subpoena. The grounds for quashing Psaki's subpoena are found in FED. R. CIV. P. 45(3)(A)(iv), which allows a subpoena to be quashed if the subpoena "subjects a person to 'undue burden'." In the Declaration of Jennifer R. Psaki in Support of Her Motion to Quash a Subpoena[11] Psaki declares:

> Sitting for a deposition in this matter would be extremely burdensome for me. Among other things, I understand that I would need to devote several days to preparing for the deposition, as well as attending the deposition itself, and that would be highly disruptive to both my work and my family.

Federal Rule of Civil Procedure 45(c)(1) requires that the attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena. Plaintiffs have moved the deposition twice and requested Psaki's presence during normal business hours close to her residence and work[12].

---

[11] [Doc. No. 119-1, pp 26-27]
[12] [Doc. No. 119-3, pp 5-6]

Psaki must show an "undue burden," not simply a burden. *Moon Mountain Farms, LLC v. Rural Community Ins. Co.*, 301 F.R.D. 426, 430 (N.D. Cal. 2014). Having to prepare for the deposition and to give the deposition are examples of "burdens," not "undue burdens." Were the Court to find Psaki has an undue burden here, every person subject to a deposition subpoena would have grounds to quash. Preparing for and giving a deposition is part of the normal process for every person subpoenaed for a deposition. It is not an undue burden. Accordingly, Psaki and Federal Defendants' Motion to Quash Subpoena is **DENIED**.

### C. Motion to Stay Deposition

Alternatively, Psaki and Federal Defendants request that if the Motion to Quash is denied, that the Court stay the deposition pending appeal.

A four-factor test governs a court's consideration of a motion for stay pending appeal: (1) whether the stay applicant has made a strong showing that applicant is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties; and (4) where the public interest lies. The first two factors are the most critical. *Nken v. Holder*, 556 U.S. 418, 433 (2009).

First, the Court does not find that Psaki or Federal Defendants have made a strong showing that they will likely succeed on the merits. As discussed, Psaki's reasons for having to prepare for and to give the deposition are not undue burdens. Second, because there is no undue burden, there is no irreparable harm to Psaki. Third, no other parties will be injured. Fourth, the public interest lies in determining whether First Amendment free speech rights have been suppressed. Therefore, Psaki and Federal Defendants' Motion to Stay Deposition is **DENIED**.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Psaki and Federal Defendants' Request for Expedited Ruling on Motion to Quash is **GRANTED.**

**IT IS FURTHER ORDERED** that Psaki and Federal Defendants' Motion to Quash is **DENIED**, and the alternative request by Psaki and Federal Defendants to stay the deposition is **DENIED**.

MONROE, LOUISIANA, this 21st day of November 2022.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**