# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

November 21, 2022

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

   No. 22-30697   In re: Vivek Murthy
                     USDC No. 3:22-CV-1213

Enclosed is an order entered in this case.

                      Sincerely,

                      LYLE W. CAYCE, Clerk

                      By: _____
                      Allison G. Lopez, Deputy Clerk
                      504-310-7702

Mr. Charles F. Capps
Mr. Tony R. Moore
Ms. Elizabeth Baker Murrill
Mr. Dean John Sauer
Mr. Michael Everett Talent
Mr. Daniel Bentele Hahs Tenny
Mr. John Julian Vecchione
Mr. Daniel Winik

# United States Court of Appeals
# for the Fifth Circuit

No. 22-30697

In re Vivek H. Murthy; Jen Easterly; Rob Flaherty,

*Petitioners.*

Petition for a Writ of Mandamus
to the United States District Court
for the Western District of Louisiana
USDC No. 3:22-CV-1213

Before Clement, Southwick, and Higginson, *Circuit Judges*.

Per Curiam:

Two states and some private individuals brought suit against the President and other federal defendants, claiming violations of the First Amendment. During discovery for purposes of a preliminary injunction, the district court ordered the deposition of several executive branch officials. The Government petitions for a writ of mandamus to vacate the district court's order authorizing the depositions of three officials. We do not rule on the petition at this time. Instead, we stay the depositions pending further consideration from the district court.

In May 2022, the States of Missouri and Louisiana, along with five individuals, sued the President and other federal officials, departments, and agencies in the United States District Court for the Western District of Louisiana. The suit alleges defendants are violating the First Amendment by

coercing social-media platforms to censor disfavored speech. In June 2022, the plaintiffs moved for a preliminary injunction and for expedited discovery for the injunctive relief. The district court granted expedited discovery. Subsequently, the defendants produced more than 15,000 pages of discovery about social-media content moderation, including communications between federal officials and social-media platforms about misinformation and disinformation.

In October 2022, the plaintiffs requested the deposition of ten federal officials. The district court granted the plaintiffs' request to depose eight witnesses. The petitioners here challenge the depositions of three of those witnesses: White House Director of Digital Strategy and Deputy Assistant to the President Robert Flaherty, Surgeon General Vivek Murthy, and Cybersecurity and Infrastructure Security Agency Director Jen Easterly.

In order to require the depositions of high agency officials, the party seeking them must show that exceptional circumstances exist. *In re F.D.I.C.*, 58 F.3d 1055, 1060 (5th Cir. 1995). The district court initially determined that each of the three officials at issue is high ranking. In a later order, though, the court determined it to be "questionable" whether each witness is high ranking. We need to make our own categorizations.

Both Murthy and Easterly are Presidentially-nominated, Senate-confirmed officials who manage substantial budgets and staffs. As Surgeon General, Murthy commands more than 6,000 officers in the Commissioned Corps of the U.S. Public Health Service. Easterly reports directly to the Secretary of the Department of Homeland Security, leads 2,600 employees, and oversees a budget exceeding $2.5 billion. Flaherty is a Deputy Assistant to the President, two levels removed from the chief executive. He serves as the Director of the Office of Digital Strategy, the chief manager of the President's digital communications. We find that these officials are at least

as high ranking as others we have recognized as such. *In re F.D.I.C.*, 58 F.3d at 1060 (FDIC Directors); *In re Office of Inspector Gen., R.R. Ret. Bd.*, 933 F.2d 276, 277-78 (5th Cir. 1991) (Inspector General of Railroad Retirement Board).

Because each of the officials is high ranking, "exceptional circumstances" must exist before compelling testimony. *In re F.D.I.C.*, 58 F.3d at 1060. There are three considerations to apply: (1) the deponent's high-ranking status; (2) the substantive reasons for the deposition; and (3) the potential burden the deposition would impose on the deponent. *Id.* A significant factor in this analysis is whether the information sought "can be obtained from other witnesses." *In re Paxton*, 2022 WL 16921697, No. 22-50882, at *4 (5th Cir. Nov. 14, 2022). "It will be the rarest of cases . . . in which exceptional circumstances can be shown where the testimony is available from an alternate witness." *In re F.D.I.C.*, 58 F.3d at 1062.

We do not find the district court's order considered then rejected for each of the three officials whether the information sought could be obtained from alternative sources. Indeed, the district court's order gave the plaintiffs the option, but did not require them, to depose lower-ranking officials in lieu of both Easterly and Flaherty — thus suggesting that alternative sources were available. Further, with respect to Flaherty, it appears that the plaintiffs have not taken any written discovery at all.

It is not enough, as the district court found, that these officials may have "personal knowledge" about certain communications. That knowledge may be shared widely or have only marginal importance in comparison to the

"potential burden" imposed on the deponent.[1] *In re F.D.I.C.*, 58 F.3d at 1060.

Thus, before any of the depositions may go forward, the district court must analyze whether the information sought can be obtained through less intrusive, alternative means, such as further written discovery or depositions of lower-ranking officials. *See In re F.D.I.C.*, 58 F.3d at 1060-62. Written findings as to the availability and sufficiency of alternatives need to be entered.

Another consideration needs to be addressed. The Government has already produced extensive written discovery. It argues that what is alleged in the plaintiffs' complaint and what otherwise has developed in this case so far show there is no First Amendment claim here. The Government has urged a delay in these depositions until a ruling on a motion to dismiss. The Government filed one such motion, withdrew it after an amended complaint was filed, and has committed to filing a new motion before the end of this month.

The district court should evaluate the prudence of first ruling on the Government's forthcoming motion to dismiss before authorizing additional depositions. Should the district court find that consideration of the Government's motion is not warranted before these depositions, it should explain why.

IT IS ORDERED that the district court enter an order that addresses the issues of the availability of suitable alternative sources for the evidence

---

[1] For example, the district court cited public statements Easterly has made regarding her agency's mission to protect our nation's "cognitive infrastructure." It is unlikely that a desire to probe the meaning of such statements warrants the extraordinary measure of deposing a high-ranking official. *In re Paxton*, 2022 WL 16921697, at *4.

sought in the proposed depositions and whether further discovery should be paused until a ruling on a timely-filed motion by the Government to dismiss.

IT IS FURTHER ORDERED that the depositions are stayed pending further order of this court.

The motion for a stay pending disposition of the Government's mandamus petition is DENIED. We make no ruling on the petition for a writ of mandamus at this time.