IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| The State of Missouri, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>President Joseph R. Biden, Jr., in his official capacity as President of the United States of America, *et. al.,*<br><br>*Defendants*. | Civil Action No. 22-cv-1213 |

**DEFENDANTS' MOTION TO ADJOURN DEPOSITION OF JENNIFER R. PSAKI
PENDING THIS COURT'S CONSIDERATION OF
RELATED COURT OF APPEALS ORDER OF NOVEMBER 21, 2022**

Defendants respectfully move this Court for an order adjourning the deposition of former White House Press Secretary Jennifer R. Psaki until this Court is able to consider the grounds for such a deposition in light of the Fifth Circuit's order of November 21, 2022, in *In re Murthy*, No. 22-30697. A proposed order is attached.

Defendants ask that this Court rule on the adjournment requested herein by November 29, 2022, so that if this Court does not grant the adjournment, the Fifth Circuit can have the opportunity to consider any request for relief.

Counsel for Defendants have conferred with counsel for Ms. Psaki, who stated that Ms. Psaki consents to the relief requested herein.

Counsel for Defendants have also conferred with counsel for Plaintiffs, and counsel for Plaintiffs stated they oppose the relief requested herein.

1. This Court on October 21, 2022, in the Depositions Order, ECF 90, authorized Plaintiffs to take the preliminary-injunction focused expedited discovery depositions of eight witnesses,

1

including Ms. Psaki, a nonparty and a former high-ranking Executive Branch official, and also including three current high-ranking Executive Branch officials (White House Director of Digital Strategy and Deputy Assistant to the President Robert Flaherty, Surgeon General Vivek Murthy, and Cybersecurity and Infrastructure Security Agency Director Jen Easterly).

Plaintiffs served a third-party subpoena on Ms. Psaki on November 1, 2022, ordering her to appear for a deposition in the Eastern District of Virginia on December 8, 2022. Ms. Psaki, through private counsel, and the Government moved on November 3, 2022 in the United States District Court for the Eastern District of Virginia to quash the Rule 45 subpoena. Following transfer of the motions to quash to this Court on November 18, 2022, this Court issued an expedited decision denying those motions on November 21, 2022, and also denied a stay of the deposition pending the resolution of a mandamus petition (if filed) as to the deposition of Ms. Psaki. ECF 120. (The transferor court entered an order stating its rationale for transfer in E.D. Va. No. 1:22-mc-28 on November 22, 2022 (ECF 35).)

**2.** Separately, the United States Court of Appeals for the Fifth Circuit on November 21, 2022 issued an Order in *In re Murthy,* No. 22-30697. There, Defendants sought a writ of mandamus to vacate this Court's October 21, 2022 order insofar as it authorized the depositions of Dr. Murthy, Director Easterly, and Mr. Flaherty, and Defendants also sought a stay of those depositions pending disposition of the mandamus petition.

At the outset, the Order concluded that those three current federal officials are categorized as high ranking under the doctrine limiting depositions of high-ranking government officials to cases involving "exceptional circumstances," applied in prior decisions including *In re F.D.I.C.*, 58 F.3d 1055 (5th Cir. 1995) and, most recently, in *In re Paxton*, 2022 WL 16921697, No. 22-50882 (5th Cir. Nov. 14, 2022). Order 2-3. Turning to the required elements of the "exceptional

circumstances" doctrine, the Fifth Circuit did not "find" in this Court's Depositions Order a "consider[ation]" and "then reject[ion]" "for each of the three officials whether the information sought could be obtained from alternative sources." *Id.* at 3. This Court's prior conclusion that the proposed deponents had "'personal knowledge' about certain communications" was not sufficient, the Court of Appeals reasoned, because such "knowledge may be shared widely or have only marginal importance in comparison to the 'potential burden' imposed on the deponent." *Id.* at 3-4. Accordingly, "before any of the depositions may go forward," the Fifth Circuit ruled that this Court "must analyze whether the information sought can be obtained through less intrusive, alternative means, such as further written discovery or depositions of lower-ranking officials." *Id.* at 4. The Fifth Circuit also concluded that the "district court should evaluate the prudence of first ruling on the Government's forthcoming motion to dismiss before authorizing additional depositions." *Id.*

The Order on that basis directed this Court to "enter an order that addresses the issues of the availability of suitable alternative sources for the evidence sought in the proposed depositions and whether further discovery should be paused until a ruling on a timely-filed motion by the Government to dismiss." Order 4-5. The Fifth Circuit further ordered a stay of those depositions pending a further order of that court, while denying the stay motion and refraining from ruling "at this time" on the mandamus petition. *Id.* at 5.

**3.** In the Depositions Order, and in its subsequent order denying the motions to quash, this Court's rationale for the deposition of Ms. Psaki substantially tracked its rationale for authorizing the depositions of the three current high-ranking officials at issue in *In re Murthy*. (Indeed, in urging transfer of the motions to quash to this District under Fed. R. Civ. P. 45(f), Plaintiffs

acknowledged as much: They described the "issues" in the *In re Murthy* petition as ones that would "inform" this Court's "rulings" on the motions to quash. ECF 119-3 at 6.)

Accordingly, the Court should adjourn Ms. Psaki's deposition until, in light of *In re Murthy*, this Court has "enter[ed] an order that addresses the issues of the availability of suitable alternative sources for the evidence sought" in the deposition of Ms. Psaki and" whether further discovery should be paused until a ruling on a timely-filed motion by the Government to dismiss."

At the outset, in assessing the personal knowledge requirement, the Court of Appeals in *In re Murthy* concluded that "[i]t is unlikely that a desire to probe the meaning of" public "statements" "warrants the extraordinary measure of deposing" the "high-ranking official" who makes them. Order 4 n.1 (citing *In re Paxton*, 2022 WL 16921697, at *4). That conclusion would warrant this Court's reassessment of its prior view regarding Ms. Psaki's knowledge, which was similarly predicated on Ms. Psaki's public statements.

Moreover, as *In re Murthy* confirms, even assuming, *arguendo*, the Court were to adhere to its view that Ms. Psaki has "personal knowledge" of communications as Plaintiffs assert, the Court still must "analyze whether the information sought" from Ms. Psaki "can be obtained through less intrusive, alternative means, such as further written discovery or depositions of" other "officials." Order at 4 (quoting *In re F.D.I.C.*, 58 F.3d at 1060-62).

Accordingly, until this Court enters such an order containing written findings as to Ms. Psaki of the kind the Fifth Circuit has directed concerning the three current officials, Defendants respectfully submit that the deposition of Ms. Psaki currently scheduled for December 8, 2022 should not go forward, and that the Court should so order. In the event the Court later re-confirms authorization of Ms. Psaki's deposition, then in consideration of the Fifth Circuit's Order of November 21, 2022, this Court should also order that the deposition will remain adjourned pending

4

the Fifth Circuit's disposition of any mandamus petition seeking relief from the deposition that may be filed within 14 days of the Court's order.

Dated: November 22, 2022  Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

JAMES J. GILLIGAN
*Special Litigation Counsel, Federal Programs Branch*

*/s/ Indraneel Sur*
ADAM D. KIRSCHNER (IL Bar No. 6286601)
*Senior Trial Counsel*
KYLA SNOW (OH Bar No. 96662)
INDRANEEL SUR (D.C. Bar No. 978017)
AMANDA K. CHUZI (D.C. Bar No. 1738545)
*Trial Attorneys*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
Tel: (202) 616-8488
Indraneel.Sur@usdoj.gov

*Attorneys for Defendants*