**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

THE STATE OF MISSOURI, *et al.*,

    *Plaintiffs*,

      v.

PRESIDENT JOSEPH R. BIDEN, JR., IN
HIS OFFICIAL CAPACITY AS
PRESIDENT OF THE UNITED STATES OF
AMERICA, *et. al.*,

    *Defendants*.

Civil Action No. 22-cv-1213

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION TO ADJOURN DEPOSITION OF JENNIFER R.**
**PSAKI PENDING THIS COURT'S CONSIDERATION OF**
**RELATED COURT OF APPEALS ORDER OF NOVEMBER 21, 2022**

Plaintiffs do not oppose a brief extension of time for the deposition of Ms. Psaki—currently

scheduled for December 8—to allow the parties and the Court to address the issues raised in the

Fifth Circuit's recent non-dispositive order as they relate to the deposition of Ms. Psaki.  Indeed,

when the Fifth Circuit's order issued, Plaintiffs proposed to Defendants that the parties submit

supplemental briefs to the Court regarding that order, including the potential impact on the

deposition of Ms. Psaki, and the parties have now stipulated to an expedited briefing schedule to

do so.  Plaintiffs do oppose, however, the open-ended and potentially permanent "adjournment"

of Ms. Psaki's deposition proposed by Defendants.  That deposition remains under a court order

that Defendants have not properly challenged.  Defendants' latest procedural gambit reflects an

ongoing strategy of delay.  In lieu of adjourning the deposition indefinitely, the Court should direct

Defendants to provide available dates for Ms. Psaki's deposition during the weeks of December

12 or December 19 on the current subpoena.  Keeping Ms. Psaki's deposition on the calendar, even

if a bit later than currently scheduled, will ensure that Defendants have the proper incentive to resolve the legal disputes regarding her deposition expeditiously.

## PROCEDURAL BACKGROUND

On October 21, 2022, this Court authorized the deposition of Jennifer Psaki, among several other witnesses. Doc. 90.  Under the Court's expedited discovery schedule, those depositions were to be completed within 30 days, by November 21, 2022.  Doc. 34, at 14.  Plaintiffs immediately requested available dates for that deposition from Defendants' counsel.  After Defendants failed to respond for several days, Plaintiffs issued a subpoena for the deposition on November 17, 2022. Defendants requested that Plaintiffs re-issue the subpoena for November 16, 2022, to accommodate a scheduling conflict for Ms. Psaki, and Plaintiffs did so.  Defendants then filed joint motions to quash the deposition, along with Ms. Psaki's private counsel, in the U.S. District Court for the Eastern District of Virginia.  Defendants then requested that Plaintiffs agree to re-schedule the deposition for December 8, 2022, to which Plaintiffs also consented.

A hearing on the motions to quash was held before U.S. Magistrate Judge Ivan Davis of the Eastern District of Virginia on November 18, 2022.  During the hearing, Judge Davis expressed extreme skepticism of Defendants' and Ms. Psaki's arguments regarding the motion to quash.  He was unconvinced by Ms. Psaki's argument that she faced an undue burden.  Ex. A, Nov. 18 Tr. 8:15–9:1 (noting undue burden arguments require "specific representations about specific burdens. …I didn't see any of that.").  He rejected her argument that mere preparation for the deposition constituted an undue burden because, in part, "[i]t would appear, based on her former employment, she would probably be very good at [answering questions]." *Id.* at 22:21–25.  He also noted that this Court had carefully considered many of the same arguments. *Id.* at 47:7–9 ("So what you're requesting me to do is make an inconsistent ruling with [this Court's] Apex ruling.").  At the

conclusion of the hearing, he stated that he would transfer the motions to this Court under Rule 45(f).

Late that same day, Friday, November 18—before the motions had been transferred or Judge Davis had entered his opinion—Defendants filed a motion (styled as a "notice") in this Court demanding that the Court quash the subpoenas and demanding a ruling by the next business day, Monday, November 21.  Doc. 119.  Notably absent, however, were Ms. Psaki's private counsel, who did not join in this motion or in the Government's subsequent threats to file an immediate mandamus petition in the Fifth Circuit.  Defendants' attorneys notified the undersigned counsel that their threatened Fifth Circuit mandamus petition challenging Ms. Psaki's deposition would be filed only on behalf of Defendants, not Ms. Psaki in her personal capacity.  It thus appears that the Government and Ms. Psaki's private counsel are leaving open the option of continuing to challenge the deposition in the Eastern District of Virginia and the U.S. Court of Appeals for the Fourth Circuit—*i.e.*, pursuing parallel challenges at once.

On Monday morning, November 21, this Court entered an order denying the motion to quash Ms. Psaki's deposition.  Doc. 120.  Later that day, the Fifth Circuit issued a non-dispositive order as to the already-pending mandamus petition challenging the depositions of Rob Flaherty, Vivek Murthy, and Jen Easterly.  Doc. 121.  That order directs the Court to consider alternatives and make written findings about the availability of alternative methods of obtaining the information sought: "before any of the depositions may go forward, the district court must analyze whether the information sought can be obtained through less intrusive, alternative means, such as further written discovery or depositions of lower-ranking officials.  Written findings as to the availability and sufficiency of alternatives need to be entered."  Doc 122, at 4 (citing *In re F.D.I.C.*,

3

58 F.3d at 1060-62) (citation omitted).  The order stayed the depositions of Mr. Flaherty, Dr.

Murthy, and Ms. Easterly pending further proceedings.

Upon receiving the order, Plaintiffs reached out to Defendants and proposed expedited

briefing in this Court to address the Fifth Circuit's order.  On Tuesday, November 22, Defendants

requested that Plaintiffs agree to an "adjournment" of the deposition, proposing that the Plaintiffs

agree to the following language:

> The parties agree to adjourn the ordered deposition of Jennifer Psaki until this Court is able
> to consider the grounds for such a deposition in light of the Fifth Circuit's order of
> November 21, 2022, in In re Murthy, No. 22-30697.  The parties further agree that the
> deposition of Ms. Psaki scheduled for December 8, 2022, will not go forward.  In the event
> the Court later authorizes the deposition of Ms. Psaki after December 8, 2022, upon
> consideration of the Fifth Circuit's Order of November 21, 2022, the deposition will remain
> adjourned pending the Fifth Circuit's disposition of any mandamus petition seeking relief
> from the deposition that may be filed within 14 days of the Court's order.

Needless to say, Plaintiffs remain unwilling to agree to permanent "adjournment" that would

include an unreasonably long delay for Defendants to pursue yet another flurry of motions and

procedural maneuvers in attempt to block the deposition.  Plaintiffs notified Defendants that they

were willing to consider delaying the deposition pending further proceedings, but not to this

proposed "adjournment," stating in reponse:

> Regarding the deposition of Ms. Psaki, we have three concerns about your proposal below.
> (1) It does not appear to include Ms. Psaki's personal counsel.  We think it makes sense
> for any agreement about the scheduling or not of her deposition to include her personal
> counsel as well.  (2) Our research suggests that the district court lacked jurisdiction to rule
> on the motions to quash until those motions are received from the sending court, so your
> request on Friday night for the court to rule on Monday morning constitutes invited error.
> On this basis, we believe that any immediate attempt by you to file a petition for mandamus
> at this time will be dismissed for lack of jurisdiction.  This allows time for the parties to
> brief the impact, if any, of the Fifth Circuit's order on Ms. Psaki's deposition by next
> Monday.  (3) Ms. Psaki's deposition is not until December 8, over two weeks away.  We
> think it is premature to agree to an indefinite stay of that deposition at this time.  We
> propose revisiting your request for a stay next Wednesday, Nov. 30, by which time we may
> have more clarity on these issues.

Plaintiffs specifically noted that their proposed supplemental briefing on the Fifth Circuit's order could address its impact on the deposition of Ms. Psaki as well as those of Mr. Flaherty, Dr. Murthy, and Ms. Easterly.  *See id.*  Defendants then filed the instant motion to "adjourn" the deposition, advising the Court that Plaintiffs "oppose" the requested relief and unilaterally demanding a ruling by November 29.  Doc. 124, at 1, 2.

## ARGUMENT

I.      **Plaintiffs Do Not Oppose a Reasonable Extension to the Deposition of Ms. Psaki To Allow the Parties to Brief, and the Court To Consider, the Implications of the Fifth Circuit's Order for That Deposition.**

Plaintiffs do not oppose rescheduling the deposition of Ms. Psaki in a limited extension of time to allow the parties to brief, and the Court to consider, the implications of the Fifth Circuit's order on that deposition, including any possible alternative sources for the information held by Ms. Psaki, along with those of Mr. Flaherty, Ms. Easterly, and Dr. Murthy.  In fact, Plaintiffs initially proposed filing simultaneous briefs on Monday, November 28, to address the Fifth Circuit's order, but Defendants requested a staggered briefing schedule.  The parties have now stipulated to, and the Court has entered, a staggered expedited briefing schedule regarding the Fifth Circuit's order with briefing to be completed on Monday, December 5, 2022.  Doc. 127.  Based on their email exchange, both parties anticipate addressing the deposition of Ms. Psaki with respect to the Fifth Circuit's order in that motion as well.  Because Ms. Psaki's deposition is currently scheduled for December 8—three days after the expedited briefing on the Fifth Circuit's order concludes— Plaintiffs do not oppose rescheduling the deposition (with agreement from Ms. Psaki's private counsel) to allow time for the Court to consider the briefing and rule on the issues.  Plaintiffs, however, oppose Defendants' indefinite request to "adjourn" the deposition that requires this Court to reauthorize the deposition and gives Defendants weeks to file motions to quash and other

5

challenges to any ruling that this Court might issue.  Plaintiffs instead propose that Defendants and

Ms. Psaki's private counsel provide an alternative date for the deposition during the weeks of

December 12 and 19 and litigate any issues related to the deposition in this Court.

## II.       Defendants' Motion Is Procedurally Improper and Reflects Gamesmanship.

This the second time in less than a week that Defendants have asked this Court to rule on

whether the deposition of Ms. Psaki should proceed—and in both instances the separate action was

not pending before this Court.  Defendants and Ms. Psaki chose to file their motions to quash the

deposition in the U.S. District Court for the Eastern District of Virginia.  *See In re Psaki*, No. 1:22-

mc-28 (E.D. Va.).  After a hearing and a written opinion, that court transferred the action back to

the issuing court, where it is now docketed under a different case number.  Docs. 35 & 36, *In re*

*Psaki*, No. 3:22-mc-72 (W.D. La.) (Psaki action).  That docket reflects that the Western District of

Louisiana received this case on November 23, 2022, and that the action is pending before Judge

McClusky.  *Id.*  Thus, Defendants first requested that the Court rule on the motions to quash five

days before, and this most recent request came a day before, the Virginia court transferred the case

and the case file was opened here.  *Id.*; Docs. 119, 124.

It is well-established that only one court may exercise jurisdiction over the same case, with

exceptions for interlocutory appeals and writs.  The Eastern District of Virginia maintained

jurisdiction until the case file was transferred to this Court.  *See In re Brand-Name Prescription*

*Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1378 (J.P.M.L. 2003*)* ("From the moment that the

files are physically transferred to the receiving court, the sending court loses all jurisdiction over

the case.").  As the case has been docketed, Defendants' complaints should be addressed to Judge

6

McClusky in the Psaki action, or addressed to this Court if (and after) Judge McClusky transfers the case to the district court.[1]

Defendants' most recent motion is, at least, their fourth attempt to persuade a court that Ms. Psaki should not be deposed.  They essentially ask this Court to reconsider its prior rulings in light of the Fifth Circuit's order in *In re Murthy*, No. 22-30697.  That order requires the Court to "analyze whether the information sought [from Surgeon General Murthy, Mr. Flaherty, and Director Flaherty] can be obtained through less intrusive, alternative means, such as further written discovery or depositions of lower-ranking officials." *Id.* at 4.  Of course, that order relies on *In re Paxton*, a case decided after this Court's October 21 order (and the same day Plaintiffs responded to the motions to quash).  But Defendants chose not to challenge, and therefore the Fifth Circuit did not review, this Court's October 21 order as applied to Ms. Psaki who is a former federal official.  Ex. A, Nov. 18 Tr. 44:14–16 (Defendants' counsel stating, "The mandamus petition to the Fifth Circuit involves different officers that are -- all of whom are the current officials."). Defendants' and Ms. Psaki's choice to litigate these issues under Rule 45 means that Judge McClusky currently has the case.

Judge Davis noted that Movants' counsel failed to provide more than general allegations to show an undue burden.  Ex. A, Nov. 18 Tr. 20:16–19. ("So what you're left with is, [this subpoena] subjects Ms. Psaki to undue burden.  Up to this point, I have not heard sufficient enough information that would suggest you satisfied your obligation to prove that particular paragraph."). He also explained that only Ms. Psaki has direct, first-hand knowledge about her statements.  *Id.* at 24:18–19 ("Direct knowledge of what she meant would be from her.").  And the current White

---

[1] Defendants asked the Court to rule on the motions to quash in one business day (violating Local Rule 7.4.1) without the full case file, without Ms. Psaki's counsel appearing, and without a response by Plaintiffs.  Any error was invited at Defendants' request.

House Press Secretary claims that she can only speculate as to what Ms. Psaki meant because those statements were "made by an individual no longer in government, and the statement[s] do[] not specify the individuals at issue or the specific communications referred to."  Doc. 86-3, at 74. Defendants further claim that no documents exist (and therefore none were found or produced) that are relevant to Ms. Psaki.  Doc. 119-2, at 14 ("Defendants underscored that they had conducted a reasonable search of Ms. Psaki's e-mails 'and did not find responsive documents.'").  Taken together, these representations show, what Judge Davis thought was "from a rational standpoint, that the only place to get that [information] from would be Ms. Psaki or [currently unnamed] individuals … who she may then had discussed it with …."  Ex. A, Nov. 18 Tr. 25:16–19.  As such, exceptional circumstances warrant the deposition moving forward.

Finally, Defendants ask the Court to "order that the deposition will remain adjourned pending the Fifth Circuit's disposition of any mandamus petition seeking relief from the deposition that may be filed within 14 days of the Court's order."  Doc. 124.  The Court should deny this request as unduly dilatory and an "attempt at an end-around on a ruling made by" another judge. Ex. A, Nov. 18 Tr. 26:17–20.  Judge Davis rejected a similar request from Defendants finding there was "no legitimate basis to stay based upon the facts of this case."  *Id.* at 50:20–21.  This Court similarly denied the improper motion to stay filed on Friday.  Doc. 120, at 6.  Defendants only offer that a deposition is improper "until this Court enters such an order containing written findings as to Ms. Psaki" as required for the three current officials' depositions to proceed.

In sum, Defendants' motion should thus be denied in full and the Court should consider suspending its prior ruling as to the motions to quash, Doc. 120, at 5–6, until the Psaki action is pending before it.  Defendants should be directed to consult with Ms. Psaki's private counsel and

provide an alternative date for the deposition of Ms. Psaki on the current subpoena during the

weeks of December 12 or 19, 2022.

Dated: November 25, 2022                                        Respectfully submitted,

**ERIC S. SCHMITT**                                            **JEFFREY M. LANDRY**
**Attorney General of Missouri**                               **Attorney General of Louisiana**

*/s/ D. John Sauer*                                            */s/ Elizabeth B. Murrill*
D. John Sauer, Mo. Bar No. 58721*                              Elizabeth B. Murrill (La #20685)
  *Solicitor General*                                            *Solicitor General*
Justin D. Smith, Mo. Bar No. 63253                             Louisiana Department of Justice
  *First Assistant Attorney General*                           1885 N. Third Street
Todd Scott, Mo. Bar No. 56614                                  Baton Rouge, Louisiana 70804
  *Senior Counsel*                                             Tel: (225) 326-6766
Michael E. Talent, Mo. Bar No. 73339*                          murrille@ag.louisiana.gov
  *Deputy Solicitor General*                                   *Counsel for State of Louisiana*
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel: (573) 751-8870
John.Sauer@ago.mo.gov
*Counsel for State of Missouri*


*/s/ Jenin Younes*
Jenin Younes*
John J. Vecchione*
New Civil Liberties Alliance
1225 19th Street N.W., Suite 450
Washington, DC 20036
Direct: (202) 918-6905
Email: jenin.younes@ncla.legal
*Counsel for Dr. Jayanta Bhattacharya,*
*Dr. Martin Kulldorff, Dr. Aaron Kheriaty, and Jill Hines*

*/s/ John C. Burns*
John C. Burns
Burns Law Firm
P.O. Box 191250
St. Louis, Missouri 63119
P: 314-329-5040
F: 314-282-8136
E-mail: john@burns-law-firm.com
*Counsel for Jim Hoft*
* admitted *pro hac vice*

9

## CERTIFICATE OF SERVICE

I hereby certify that, on November 25, 2022, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*/s/ D. John Sauer*