# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| The State of Missouri, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>President Joseph R. Biden, Jr., in his official capacity as President of the United States of America, *et. al.*,<br><br>    *Defendants*. | Civil Action No. 22-cv-1213 |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO ADJOURN DEPOSITION OF JENNIFER R. PSAKI PENDING THIS COURT'S CONSIDERATION OF RELATED COURT OF APPEALS ORDER OF NOVEMBER 21, 2022

The parties agree that, in light of the Fifth Circuit's recent order in *In re Murthy*, No. 22-30697, further proceedings are needed to address whether the deposition of former White House Press Secretary Jennifer Psaki should take place. *See* Pls.' Opp'n to Mot. to Adjourn 1, ECF No. 131. The Fifth Circuit did not address that deposition because Ms. Psaki, as a former employee, had filed a motion to quash the deposition and thus no mandamus petition had yet been filed as to that deposition. But the Fifth Circuit's reasoning applies equally to Ms. Psaki, and Defendants accordingly seek to place her deposition on an equal footing with those expressly addressed in the Fifth Circuit's order. That order contemplates that before any such deposition occurs there will be further proceedings in this Court and then, if this Court again concludes that a deposition is warranted, further proceedings in the Fifth Circuit. Consistent with that order, Defendants have requested that this Court adjourn Ms. Psaki's deposition until it has the opportunity to reconsider the grounds for her deposition in light of *Murthy*, with the adjournment to continue, if this Court

1

reaffirms its authorization of her deposition, until the disposition of any mandamus petition filed by the Government within 14 days of such order.

Plaintiffs do not contest most of the premises of the Government's motion. Other than the procedural posture, they identify no reason the Fifth Circuit's reasoning does not apply to Ms. Psaki. They state that their supplemental brief regarding *In re Murthy*, due tomorrow, will address the "potential impact on the deposition of Ms. Psaki." *Id.* And they even agree that an adjournment of Ms. Psaki's deposition for some period of time is warranted, although they contend that the deposition should be immediately rescheduled now, to occur only four to fifteen days later than its current date. *See id.* at 1 (requesting order that the deposition currently scheduled for December 8 instead take place between December 12 and 23).

Thus, the question presented by Defendants' Motion to Adjourn Ms. Psaki's deposition is narrow: Should the adjournment (as the Government has proposed) place Ms. Psaki's deposition on the same track as the depositions at issue in *Murthy*, or should the Court (as Plaintiffs now suggest) reschedule the deposition in a manner that might require further emergency proceedings in the Fifth Circuit to allow that Court to consider the depositions still at issue together? All relevant factors weigh in favor of the Government's proposal.

1. Plaintiffs do not dispute that adjourning Ms. Psaki's deposition would be consistent with the Fifth Circuit's decision in *Murthy*, which stayed the depositions of three other high-ranking officials: Surgeon General Vivek Murthy, Cybersecurity and Infrastructure Security Agency Director Jen Easterly, and White House Director of Digital Strategy and Deputy Assistant to the President Robert Flaherty. That stay was intended to allow this Court to reconsider whether "exceptional circumstances" supported those depositions, including whether the information sought may be obtained from "suitable alternative sources." *Murthy* Order at 3-4 (quoting *In re*

2

*F.D.I.C.*, 58 F.3d 1995, 1960 (5th Cir. 1995)). In addition, the Fifth Circuit directed this Court to consider whether *all* "further discovery should be paused until a ruling on" the Government's Motion to Dismiss, *id.* at 5, which was subsequently filed on November 22, 2022. Ms. Psaki, as a former high-ranking official, *see* Depositions Order 17-18, ECF No. 90, is subject to the same "exceptional circumstances" analysis addressed by the Fifth Circuit. Plaintiffs do not suggest otherwise, nor do they identify any substantive basis for refusing to apply the Fifth Circuit's reasoning in *Murthy* to Ms. Psaki. Rather, they agree with Defendants that the parties' supplemental briefing on *Murthy* should address Ms. Psaki's deposition along with the other high-ranking officials. *See* Pls.' Opp'n 1. Accordingly, Ms. Psaki's deposition should be stayed on the same terms as the depositions of the three other high-ranking officials while the Court addresses the issues required by *Murthy*.

Judicial economy decisively favors such a stay, because it provides adequate time for this Court and (if necessary) the Fifth Circuit to review the grounds for Ms. Psaki's deposition—and without the need for further emergency briefing by the parties. *See* Fed. R. Civ. P. 1. Because Ms. Psaki was not the subject of the prior mandamus petition, the Government would be required to file in the Fifth Circuit another mandamus petition specific to Ms. Psaki if this Court continues to conclude that her deposition is warranted. Defendants' proposal thus provides that Ms. Psaki's deposition would be stayed (as the other three depositions are already stayed) pending the Fifth Circuit's resolution of any such mandamus petition. The proposal would also allow the Fifth Circuit to address matters related to the depositions of all four high-ranking officials at the same time, following this Court's consideration of the issues directed by *Murthy*. Without a stay of Ms. Psaki's deposition, however, the parties may be forced into another round of expedited briefing before the Fifth Circuit on a motion to stay while it considers any mandamus petition on any

3

reauthorization of Ms. Psaki's deposition.

Defendants' proposal also advances judicial economy by ensuring the parties do not unnecessarily expend resources, while these proceedings are ongoing, to prepare for a deposition that may not occur at all. This interest is especially strong here, where the Fifth Circuit has directed the Court to consider whether any discovery should proceed before disposition of the Government's Motion to Dismiss. To that end, this Court has asked the parties also to address in their supplemental briefing "whether any additional discovery should be paused pending this Court's resolution of Federal Defendants' forthcoming," and now-pending, "motion to dismiss." *See* Order, ECF No. 127. And as Defendants will elaborate in their supplemental briefing directed by that order, unless and until this Court resolves the Motion to Dismiss for lack of subject-matter jurisdiction (and failure to state a claim), no discovery should proceed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (quoting *Ex parte McCardle*, 7 U.S. 506, 514 (1868))); *see also In re Paxton*, No. 22-50882, 2022 WL 16921697 at **2-3 (5th Cir. Nov. 14, 2022).

2. By contrast, Plaintiffs' proposed four- to fifteen-day adjournment would not ensure that the proceedings could be concluded in an orderly fashion before a new deposition date arrives. Without any substantive justification for treating Ms. Psaki differently from the deponents at issue in *Murthy*, Plaintiffs urge the Court to order that Defendants provide alternative dates for Ms. Psaki's deposition to take place during the two weeks following the date on which it is currently scheduled. *See* Pls.' Opp'n at 1 (asking the Court to order that the deposition currently scheduled for December 8 instead take place between December 12 and 23). That proposal only undermines the interests of judicial economy and imposes potentially unnecessary burdens on all involved. It sets the parties up for further emergency motions if the deposition is not set aside pending the

proceedings that the Fifth Circuit has made clear should be a prerequisite for a deposition of this kind. The proper course is instead, as the Government proposed, to adjourn the deposition on the same terms as the other high-ranking officials to allow those proceedings to occur.

3. As noted, Plaintiffs identify no substantive basis for their refusal to place Ms. Psaki's deposition on the same footing as those that were addressed by the Fifth Circuit. They instead oppose Defendants' Motion for reasons that either misunderstand the nature of Defendants' requested adjournment or are irrelevant to the issue at hand.

*First*, Plaintiffs assert that adjourning Ms. Psaki's deposition would unduly delay the proceedings because, should the Court determine that her deposition should go forward, the Court would need to "reauthorize the deposition," which would then give Defendants another opportunity to file motions to quash or other challenges. Pls.' Opp'n at 5-6. But there would be no basis for Defendants (or Ms. Psaki through private counsel) to *refile* motions to quash in a separate court that have already been transferred to this Court under Federal Rule of Civil Procedure 45; Defendants will not pursue such a course of action and have been informed by Ms. Psaki's counsel that they will not do so either.[1] Rather, should this Court determine that *Murthy* does not require it to reconsider the initial authorization of Ms. Psaki's deposition, the Government may instead pursue mandamus relief from the Fifth Circuit. *See* Defs.' Mot. to Adjourn 4-5. For that reason, Defendants' Motion to Adjourn requests that if this Court reconfirms Ms. Psaki's deposition, then

---

[1] Plaintiffs suggest that it is somehow significant that Ms. Psaki, through private counsel, did not join Defendants in their Notice of the transfer of the motions to quash, *see* Pls.' Opp'n at 3, but there is nothing notable about that. *Defendants* are the party of record in this case, and the Notice simply informed the Court of the transferred motions while asking for an expedited ruling on the motions. The Notice expressly indicated Ms. Psaki's consent to the relief sought. The Motion for Adjournment likewise noted Ms. Psaki's consent to the relief sought herein.

5

it continue the adjournment pending the potential filing of a mandamus petition within 14 days of any such order. *Id.*

*Second*, Plaintiffs contend that Defendants' Motion to Adjourn is "procedurally improper" and "reflects gamesmanship" because this Court purportedly lacked jurisdiction to rule on the motions to quash transferred from the Eastern District of Virginia to the Western District of Louisiana under Rule 45(f). *See* Pls.' Opp'n 5-6. Plaintiffs contend, in particular, that Defendants sought a ruling from this Court too quickly after the Eastern District of Virginia acted—a peculiar ground on which to contend that Defendants are causing undue delay through procedural maneuvers. Plaintiffs' jurisdictional arguments are not only incorrect, but they are also irrelevant to whether and for how long Ms. Psaki's deposition should be adjourned (the subject addressed here) or to whether, in light of *Murthy*, it was appropriate to authorize Ms. Psaki's deposition in the first place (the subject of the parties' upcoming supplemental briefing). In any event, earlier today this Court reissued its order denying the motions to quash, thus resolving any purported doubts as to whether the motions have been resolved by a Court having jurisdiction over them. *See* Order, ECF No. 37, *In re Psaki*, No. 3:22-mc-72 (W.D. La.).[2]

*Third*, Plaintiffs raise several procedural arguments relating to whether this Court should reconsider its authorization of Ms. Psaki's deposition, but those arguments are likewise irrelevant to whether Ms. Psaki's deposition should be stayed while the Court reconsiders that authorization in light of *Murthy* (and, if necessary, while the Fifth Circuit considers any mandamus petition). For example, Plaintiffs assert that *Murthy* has no bearing on Ms. Psaki's deposition because the

---

[2] Regardless of whether this Court had jurisdiction to rule on the motions to quash when it did so on November 21, 2022, the Court formally acquired jurisdiction by November 23 at the latest, as Plaintiffs themselves acknowledge. *See* Pls.' Opp'n at 6 (citing ECF No. 36, *In re Psaki*, which notes that the "[o]riginal file copy of transfer order and docket sheet" were "received" on November 23).

Government did not include her in its initial mandamus petition but instead Ms. Psaki invoked Rule 45 procedures (in which the Government participated). Pls.' Opp'n at 7. To be sure, the Fifth Circuit's order does not address Ms. Psaki by its terms. But its reasoning applies equally to her, and that is why this Court should issue a stay parallel to the one issued by the Fifth Circuit as to the other high-level officials. And there is no basis for finding fault with the procedural approach taken by Ms. Psaki and the Government. As explained in the Government's mandamus petition, because Plaintiffs served Ms. Psaki, a former government employee, with a Rule 45 subpoena issued out of the Eastern District of Virginia, Ms. Psaki and the Government appropriately followed the procedures in Rule 45 to challenge that subpoena. *See* Petition for Writ of Mandamus at 12 n.2, *In re Murthy*, No. 22-30697 ("[B]ecause Jennifer Psaki is not a current government employee, her deposition will be the subject of motion-to-quash proceedings in the Eastern District of Virginia[.]"); *see also* United States' Br. ISO Mot. to Quash at 10, ECF No. 8, *Psaki v. Missouri, et al.*, 1:22-mc-28 (E.D.V.A.) (explaining that Ms. Psaki's deposition was subject to the procedures set by Rule 45, which applies to former government officials, and thus the Government had not sought relief as to Ms. Psaki in its mandamus petition).

Pursuing those procedures also satisfied the Government's obligation to exhaust all other "adequate means to attain the relief [] desire[d]," prior to seeking mandamus. *In re Gee*, 941 F.3d 153, 158 (5th Cir. 2019) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004)). Now that the issue of Ms. Psaki's deposition is before this Court, this Court—rather than the Fifth Circuit on mandamus—should make the initial determination whether her deposition continues to be warranted in light of *Murthy* (which was decided the same day on which this Court ruled on the transferred motions to quash, before the Government was able to file any mandamus petition before the Fifth Circuit). Indeed, this Court's consideration of *Murthy* as applied to Ms. Psaki may,

depending on the outcome, obviate entirely the need for further mandamus proceedings as to her deposition.

Next, Plaintiffs reference various statements made by Magistrate Judge Davis during the hearing on the motions to quash purportedly related to the merits of the motions. *See* Pls.' Opp'n at 8-9. But Judge Davis plainly refused to rule on the merits and instead transferred the motions to this Court. Acting without the benefit of the Fifth Circuit's ruling in *Murthy*, Judge Davis's primary concern was with issuing a ruling that might be perceived to deviate from this Court's ruling regarding the appropriateness of the deposition. *See* Ex. A to Pls.' Opp'n, Nov. 18 Tr. 40:17-23 ECF No. 131-1 (finding that the risk of "inconsistent rulings" between the Depositions Order by this Court and a ruling on the motions to quash by the Eastern District of Virginia warranted transfer of those motions to this Court). His concerns about uniformity undercut Plaintiffs' proposal to treat Ms. Psaki's deposition differently from the other depositions that the Fifth Circuit has already analyzed. That is especially so because Judge Davis transferred the motions to quash to this Court precisely to ensure that they could be addressed in the context of other proceedings in this case—including the proceedings related to the depositions of the current high-ranking officials at issue in *Murthy. See, e.g., id.* 45:2-7 (reasoning that "if the Fifth Circuit says, under the circumstances we don't find that the Apex [d]octrine should apply [to] current officials, [] that would impact a judge's ruling on" the Apex doctrine as applied to "a former member of the White House"). For present purposes, however, the only relevant point is that if Plaintiffs believe that Judge Davis's views bear on whether Ms. Psaki's deposition should proceed, they may address those views in their supplemental briefing. The merits of the motions to quash, however, are irrelevant to the narrower question presented now: whether Ms. Psaki's deposition should be

8

adjourned on the same terms as the depositions of the three other high-ranking officials whose depositions have been stayed by the Fifth Circuit. As explained, it should.

*   *   *   *   *

For the reasons given above, and those in Defendants' Motion for Adjournment, the Court should stay the deposition of Ms. Psaki pending further order of this Court and, if the Court reconfirms its authorization of Ms. Psaki's deposition, pending the Fifth Circuit's disposition of any mandamus petition seeking relief from the deposition that may be filed within 14 days of the Court's order.

Dated: November 28, 2022                Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel, Federal Programs Branch

<u>/s/ Kyla Snow</u>
ADAM D. KIRSCHNER (IL Bar No. 6286601)
Senior Trial Counsel
KYLA SNOW (OH Bar No. 96662)
INDRANEEL SUR (D.C. Bar No. 978017)
AMANDA K. CHUZI (D.C. Bar No. 1738545)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Tel: (202) 514-3259
kyla.snow@usdoj.gov

*Attorneys for Defendants*