IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| The State of Missouri, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>President Joseph R. Biden, Jr., in his official capacity as President of the United States of America, *et. al.*,<br><br>*Defendants*. | Civil Action No. 22-cv-1213 |

**MOTION FOR CLARIFICATION OF MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants respectfully seek clarification of the Court's Memorandum Order of November 17, 2022, *see* ECF No. 117, granting in part and denying in part Defendants' Motion for Protective Order Regarding Audiovisual Recordings of Depositions and Personally Identifiable Information in Deposition Transcripts, ECF No. 110 ("Defs.' Mot. for PO"). Counsel for Defendants has conferred with counsel for Plaintiffs who states that Plaintiffs oppose this motion. Specifically, Defendants seek clarification as to what procedures govern any motion to seal audiovisual recordings of depositions for current or former federal employees, or portions of such recordings, that are submitted to the Court. As outlined below, Defendants ask the Court to specify that if Plaintiffs submit an audiovisual recording of a deposition to the Court "in connection with some pretrial proceeding or motion," *id.* at 7, then the recording must initially be submitted under seal, pending resolution of any motion to keep the recording under seal that is filed within 5 days of the submission of the recording to the Court. The reasons for this motion are the following.

1

1. On November 9, 2022, Defendants moved for entry of a two-part protective order sealing the following categories of deposition materials: (1) the audiovisual recordings of depositions of current or former federal employees in this action; and (2) any personally identifiable information (PII), including the names of non-parties who are not deponents, disclosed during depositions and redacted by Defendants from deposition transcripts and exhibits within a specified period of time prior to public dissemination of transcripts. *See* Defs.' Mot. for PO. In support, Defendants cited reports of harassment and other invasions of privacy suffered by various deponents, or others similarly situated to them, as a result of their work on issues implicated by this case. *Id.* at 6-10, 16-17. Defendants explained that, given those incidents, these individuals (and their families) had significant privacy interests that outweighed the public's interest in inspecting all pretrial discovery materials created for the narrow purpose of trying this case. *Id.* at 1 (citing *Seattle Times v. Rhinehart*, 467 U.S. 20, 32 (1984)).

Defendants' motion and proposed protective order noted that the order would not "supplant[] the parties' independent obligations for sealing judicial records submitted to the Court." Defs.' Reply in Supp. of Mot. for PO at 4, ECF No. 116. Instead, the proposed protective order provided a process for a party seeking to submit any protected materials (as defined therein) to the Court and instructed that the party do so, initially, under seal. *See* Proposed Protective Order ¶ 2, ECF No. 116-1 (attached as Exhibit A to Defs.' Reply) ("Proposed PO") ¶ 9.c. That provision was intended to keep the materials from being publicly "disclosed while a party moves to seal" them, under applicable law. *Id.* In other words, it functioned to preserve the protected status of the discovery materials for as long as necessary to resolve, through motions practice, whether they should remain under seal after filed with the Court.

2. The Court granted in part and denied in part Defendants' Motion for Protective Order. *See* Memo. Order. As to the audiovisual recordings of depositions, the Court held that they should be sealed "for the purposes of pretrial discovery" but that, "once the audiovisual recordings of the depositions become public record, they will be unsealed as part of the 'judicial proceedings.'" *Id.* at 7. In reaching that conclusion, the Court noted that different standards govern requests for a protective order concerning discovery materials and motions to seal public records in the judicial proceedings. *Id.* The Court explained that it need only find "good cause" to enter a protective order that precludes discovery materials from public dissemination. *Id.* at 3. On the other hand, the Court elaborated that a party seeking to seal materials already in the judicial proceedings must overcome the presumption in favor of public access to such records. *Id.*

With those standards in mind, the Court found that Defendants' "allegations that the deponents and/or other persons identified may be subject to threats and/or harassment" should the audiovisual recordings of the depositions s be publicly disseminated provided "good cause" to seal them for discovery purposes. *Id.* at 5-6. The Court also noted that, "at this stage," the materials submitted in connection with Defendants' motion for protective order appeared "insufficient to overcome the public's right of access" under the standards for sealing materials that are part of the "judicial proceedings." *Id.* Further, the Court stated that audiovisual recordings of the depositions may become part of the judicial proceedings "if they are submitted in connection with some pretrial proceeding or motion." *Id.* at 7.

Accordingly, the Court granted Defendants' motion to keep audiovisual recordings under seal, but, for now, "only for the purposes of pretrial discovery." *Id.* at 6. The Court also granted Defendants' request that PII "such as addresses, phone numbers or email addresses" be redacted from deposition transcripts and exhibits (and ordered that any such PII be redacted from the

audiovisual recordings should such recordings be entered into the judicial record). *Id.* at 7. It ordered Plaintiffs to redact such PII from transcripts and audiovisual recordings "prior to filing into the public record." *Id.* But the Court denied Defendants' request to redact names of non-defendants and non-deponents in the case. *Id.*

In issuing its order, the Court did not appear to adopt any particular provisions outlined in Defendants' proposed protective order.

3. Although the Court has sealed audiovisual recordings "for the purposes of pretrial discovery," it has not determined whether any particular audiovisual recording of a deposition (or portion thereof), submitted with any particular filing or proceeding, should *remain* sealed after submission to the Court. That determination would require balancing the public's interest in the discovery material with the privacy interests of the deponent. *See, e.g.*, *Seattle Times*, 467 U.S. at 33. But the weight afforded each consideration in the balancing test turns on the type of filing to which the discovery material is appended.

As the Fifth Circuit has explained in *Binh Hoa Le*, "different sealing standards" apply to (1) discovery "material filed with discovery motions" and (2) "discovery material filed in connection with pretrial motions that require judicial resolution of the merits." 990 F.3d at 419 n.31. Because no "common-law right of access" attaches to discovery materials submitted with discovery motions, the "good cause" standard applies, *id.*—that is, the very standard this Court concluded warranted the sealing of the audiovisual recordings of the depositions now. But because the "common-law right" of access does attach to discovery materials "filed in connection with" motions requiring "resolution of the merits," a "stricter balancing test" applies to sealing such materials. *Id.*; *see also Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 (11th Cir. 2001) ("[M]aterial filed with discovery motions is not subject to the common-law right

4

of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right[.]"). And that stricter standard requires *particularized* application of the balancing test—on a "document-by-document" basis—given the "presumption in favor of the public's access to judicial records." *Id.* at 419.

Of course, without any particular audiovisual recording before it, as part of any particular filing, the Court could not evaluate the propriety of sealing any such recording under the appropriate balancing test. The Court did say that audiovisual recordings of the depositions may "become public record," and "be unsealed as part of the 'judicial proceedings'" "if they are introduced into evidence at trial or otherwise submitted in connection with some pretrial proceedings or motion." Order at 7. However, as explained, *Binh Hoa Le* indicates that not every filing automatically becomes part of the "judicial proceedings" to which the common-law right of access attaches. *See* 990 F.3d at 419 n.31. Elsewhere, the Fifth Circuit has said it has "not generally defined 'judicial record.'" *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 227 (5th Cir. 2020). And at least some courts take the view that "to be designated a judicial [record], the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 115 (2d Cir. 2006). But the parties did not brief when discovery material becomes part of the judicial proceedings or a judicial record because that issue was not presented by Defendants' motion for a protective order to seal discovery materials, and no party was seeking at that time to submit any such materials to the Court.

Thus, Defendants do not read the Court's order to require that any protected audiovisual recording submitted to the Court must automatically be unsealed, and remain unsealed, as part of the "judicial proceedings," when they are submitted with *any and every* type of "pretrial

5

proceeding or motion." Order at 7. That would contradict the Court's conclusion that "good cause" supports sealing those recordings, *id.* at 5-6, given that the "good cause" standard for sealing discovery materials applies even when such materials are submitted to the Court in connection with "discovery motions," *Bin Hoah Le*, 990 F.3d at 419. Moreover, such a finding would effectively strip the protection afforded by the Court's sealing order, by permitting any of the subject audiovisual recordings to be placed on the public record in connection with any motion that might be filed concerning discovery or any other pre-trial dispute, regardless of whether the recording is actually pertinent to the vehicle with which it is submitted. Rather, Defendants understand the Court's order to allow for further consideration—upon a motion to seal applying the appropriate legal standard—whether a currently sealed audiovisual recording should *remain* sealed upon its submission (in full or in part) to the Court.

However, the Court's order does not specify what procedures would apply to adjudicate any such motion to seal. It does not expressly require a party that seeks to submit a currently sealed audiovisual recording to the Court to notify opposing counsel of its intent to do so. Nor does it provide a mechanism for a party to move for such materials to be placed under seal *prior* to their submission to the Court and, potentially, being made public. As a result, the only opportunity Defendants may have to move to keep a protected audiovisual recording under seal—while submitting materials to satisfy the applicable legal standard for sealing—is *after* it is submitted to the Court as part of "some pretrial proceeding or motion" and (potentially simultaneously) publicly disseminated. Any motion by Defendants to seal the audiovisual recordings at that point would serve little to no purpose, as "unsealing a document cannot be undone[.]" *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 449 (5th Cir. 2019); *see also In re Ohio Execution*

*Protocol Litig.*, No. 221-3330, 2022 WL 2317856, *2 (6th Cir. 2022) ("[A] decision to unseal a document is not easily undone once information is made public.").

4.  Accordingly, Defendants respectfully request the Court's clarification of the procedures governing the submission of the sealed audiovisual recordings to the Court, including potential motions practice concerning whether those specific recordings must remain under seal. Specifically, Defendants request that the Court order the following:

> A party that seeks to submit to the Court any portion of an audiovisual recording of a deposition of a current or former federal employee, in support of a motion or other filing, must notify opposing counsel of their intent to do so at least two (2) business days in advance of submitting the recording. The audiovisual recording must be submitted to chambers in a format approved by the Court and should be marked "Sealed." The submission shall remain under seal for five (5) business days. A party that seeks to keep the audiovisual recording under seal beyond five (5) business days must move for a Court order to that effect within that time. Any opposition to such motion must be submitted within five (5) business days of the motion, and a reply in support of the motion to seal must be submitted within to (2) business days of the response. If a motion to seal is filed, the audiovisual recording will remain under seal until the Court's resolution of the motion.

The above procedures would give full effect to the Court's order sealing audiovisual recordings of depositions of current or former federal employees for the purpose of pretrial discovery by ensuring that such recordings remain under seal pending any litigation over their continued protected status after submission to the Court.

Dated: December 2, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel, Federal Programs Branch

*/s/ Kyla M. Snow*
ADAM D. KIRSCHNER (IL Bar No. 6286601)
Senior Trial Counsel
KYLA SNOW (OH Bar No. 96662)
INDRANEEL SUR (D.C. Bar No. 978017)
AMANDA K. CHUZI (D.C. Bar No. 1738545)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Tel: (202) 514-3259
kyla.snow@usdoj.gov

*Attorneys for Defendants*