**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

STATE OF MISSOURI ET AL                    CASE NO.  3:22-CV-01213

VERSUS                                                      JUDGE TERRY A. DOUGHTY

JOSEPH R BIDEN JR ET AL                    MAG. JUDGE KAYLA D. MCCLUSKY

**MEMORANDUM ORDER**

On November 21, 2022, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") entered a nondispositive order [Doc. No. 121] requiring that this Court address two issues regarding the depositions of Vivek H. Murthy ("Murthy"), Jen Easterly ("Easterly"), and Rob Flaherty ("Flaherty").[1]  This Court ordered supplemental briefing on these issues [Doc. No. 127].

A Supplemental Brief [Doc. No. 137] was filed by Plaintiffs[2] on December 1, 2022.  A Response [Doc. No. 139] was filed by Federal Defendants[3] on December 2, 2022.  A Reply [Doc. No. 146] was filed by Plaintiffs on December 5, 2022.

**I.      BACKGROUND**

On May 5, 2022, Plaintiffs filed a Complaint against Defendants.  On August 2, 2022, Plaintiffs filed an Amended Complaint.  In the Complaint and Amended Complaint, Plaintiffs allege Defendants have colluded with and/or coerced social media companies to suppress disfavored speakers, viewpoints, and content on social media platforms by labeling the content

---

[1] This Court will also address these issues with regard to the deposition of Jennifer Psaki ("Psaki").

[2] Plaintiffs consist of the State of Missouri, the State of Louisiana, Dr. Aaron Kheriaty, Dr. Martin Kulldorff, Jim Hoft, Dr. Jayanta Bhattacharya, and Jill Hines.

[3] Federal Defendants consist of Joseph R. Biden, Jr., Vivek H. Murthy, Xavier Becerra, Department of Health and Human Services, Dr. Anthony Fauci, National Institute of Allergy and Infectious Diseases, Centers for Disease Control & Prevention, Alejandro Mayorkas, Department of Homeland Security, Jen Easterly, Cybersecurity & Infrastructure Security Agency, and Nina Jankowicz, Karine Jean-Pierre, Carol Y. Crawford, Jennifer Shopkorn, U.S. Census Bureau, U. S. Department of Commerce, Robert Silvers, Samantha Vinograd and Gina McCarthy.

"dis-information," "mis-information," and "mal-information." Plaintiffs allege the suppression of disfavored speakers, viewpoints, and content constitutes government action and violates Plaintiffs' First Amendment right to free speech.

Per this Court's Memorandum Order Regarding Witnesses Depositions[4], the Court ordered that Plaintiffs are authorized to take eight depositions as part of the expedited preliminary injunction-related discovery. Four of the eight authorized depositions have been taken. Four remaining depositions[5] have not been taken and are the subject of this ruling.  Pursuant to a Petition for Writ of Mandamus filed by Federal Defendants, the Fifth Circuit stayed the depositions of Murthy, Easterly, and Flaherty and required this Court to (1) analyze whether the information sought can be addressed through less intrusive, alternative means, and (2) to evaluate the prudence of ruling on the Federal Defendants' Motion to Dismiss prior to authorizing additional depositions.

Although Psaki was not a party in the Petition for Writ of Mandamus, Psaki is also objecting to the taking of her deposition; therefore, this Court will also address the same two issues with regard to Psaki's deposition.

## II.   ANALYSIS

This Court previously addressed [Doc. No. 90] the necessity of ten depositions requested by Plaintiffs as part of the expedited preliminary injunction-related discovery.  However, this Court did not address whether the depositions of Murthy, Easterly, Flaherty, and Psaki could be addressed through less intrusive, alternate means because the deponents are high-ranking government officials. *In re Paxton*, 2022 WL16921697, at *4 (5th Cir. Nov. 14, 2022).

---

[4] [Doc. No. 90].
[5] Murthy, Easterly, Flaherty and Psaki.

Additionally, Federal Defendants argued to the Fifth Circuit that they were going to file a motion to dismiss in this proceeding, which should be ruled on prior to the taking of any additional depositions.  That promised Motion to Dismiss [Doc. No. 128] was filed on November 22, 2022.[6]

### A.     Less Intrusive Alternate Means

This issue addresses whether the information sought in the depositions of Murthy, Easterly, Flaherty and Psaki can be obtained by less intrusive, alternate means.  The reasons for authorizing depositions of Flaherty, Murthy, Easterly and Psaki were previously set out in an October 21, 2022, Ruling.[7]

#### 1.     Rob Flaherty

Flaherty is the Director of Digital Strategy for the White House. Plaintiffs requested written discovery from Flaherty, but written discovery has not yet been submitted to him because he is a newly added defendant. Plaintiffs argue that they need discovery requests from Flaherty because he allegedly holds ongoing meetings about censorship and content modulation with representatives of social media companies.  Supposedly, Flaherty is the only individual who participated in each of the meetings with social media companies.  Plaintiffs argue that Andrew Slavitt ("Slavitt") is not an adequate substitute for Flaherty as it appears he only participated in one meeting. Additionally, Plaintiffs assert Slavitt left the Government in June 2021, and was gone before many of the critical meetings.  Because of this, Plaintiffs do not find that Slavitt is an adequate alternative deponent for Flaherty.

Federal Defendants oppose written discovery, maintaining "exceptional circumstances" do not exist.  However, this Court has already found exceptional circumstances exist to depose

---

[6] The briefing schedule for the Motion to Dismiss requires an opposition to be filed by December 29, 2022, and a reply by January 18, 2023 [Doc. No. 129].
[7] [Doc. No. 90].

Flaherty.  Federal Defendants also argue that Plaintiffs have forfeited their right to serve Flaherty

with written discovery and that Plaintiffs have sufficient information to resolve their preliminary

injunction motion.  Federal Defendants also concede Slavitt would not be an alternate substitute

for Flaherty and argue there is no need for discovery or a deposition of Flaherty.  Alternatively,

Federal Defendants argue that if written discovery is authorized to Flaherty, then that discovery be

limited to document requests, rather than interrogatories.

After considering the arguments of Plaintiffs and Federal Defendants, this Court finds that

there is no suitable alternative for Flaherty.  However, because written discovery would be less

intrusive than a deposition, it is authorized that written discovery be served on Flaherty, such as

interrogatories and requests for production of documents, rather than a deposition.  Within five

days from date of this Order, Plaintiffs shall serve upon Flaherty interrogatories and requests for

production of documents.  Flaherty shall provide his answers by January 5, 2023. At the request

of Federal Defendants, the deadline for expedited preliminary injunction-related discovery is

extended from December 31, 2022, to January 13, 2023.

Should the written discovery answers be vague, evasive, or non-responsive, Plaintiffs will

be allowed to resubmit a request for Flaherty's oral deposition.

### 2.      Jen Easterly

Easterly is the CISA Director within the Department of Homeland Security and is alleged

by Plaintiffs to supervise the "nerve center" of federally directed censorship.  Plaintiffs also assert

that Easterly maintains that social media speech is a "form of infrastructure" that is required to be

policed by the federal government.  This Court previously found that Easterly has personal

knowledge to be deposed in the matter and exceptional circumstances do exist for her to give a

4

deposition.  The Court authorized Plaintiffs to take the deposition of Easterly or of Lauren Protentis

("Protentis"), who both work for CISA.  Plaintiffs chose to take the deposition of Easterly.

Plaintiffs first request to take the deposition of Easterly, and, alternatively, if they are not

able to depose Easterly, they request to depose Defendant Brian Scully ("Scully"), the Chief of

CISA's "Mis-Dis-Mal-information team" and Protentis, who attended many (but not all) of the

meetings with social-media companies.

Federal Defendants oppose Plaintiffs' request to take the depositions of both Scully and

Protentis and instead assert that the appropriate alternative deponent would be Geoffrey Hale

("Hale"), CISA's Associate Director of Election Security.  Federal Defendants further assert that

Plaintiffs have sufficient information or the pending preliminary injunction.  Federal Defendants

further maintain that Protentis is on maternity leave and does not return until late January 2023.

The Court finds that in her stead, Plaintiffs shall take the deposition of Scully and not

Easterly.  Scully is the most suitable alternative for Easterly based on both Federal Defendants'

and Plaintiffs' arguments. The expedited preliminary injunction-related discovery deadline is

extended from December 31, 2022, until January 13, 2023.

### 3.      Vivek Murthy

Murthy is the United States Surgeon General.  Plaintiffs moved to depose Murthy because

he allegedly had a public campaign to censor individuals who spread "misinformation" about

COVID-19. Further, Plaintiffs assert that Murthy's deposition should be taken because he publicly

criticized tech companies by asserting that they are responsible for COVID-19 directly by failing

to censor "misinformation."  Plaintiffs also state that Murthy requested tech platforms provide him

with "misinformation" and identities of persons spreading misinformation.  Plaintiffs further

maintain that Murthy engaged in direct communications with tech executives involving alleged

"misinformation."   This Court previously found that Murthy had personal knowledge of the suppression of free speech and that exceptional circumstances existed for him to be deposed. The question now is whether there are suitable alternatives for Murthy's deposition.

Plaintiffs argue that reasonable alternatives are not available because Murthy only participated in these discussions with social media companies.  Alternatively, Plaintiffs maintain they should be allowed to take the deposition of Eric Waldo ("Waldo"), Murthy's Chief of Staff, in order to determine whether the deposition of Murthy is still needed.  Plaintiffs further aver Murthy's answer to discovery requests did not shed light on Murthy's involvement in censoring social media companies.

Federal Defendants argue there is no need to depose Murthy because the written materials provided in response to discovery requests are an adequate alternative.  Federal Defendants concede that taking the deposition of Waldo would be an appropriate alternative means to deposing Murthy.

After considering the arguments of Plaintiffs and Federal Defendants, the Court authorizes Plaintiffs to take the deposition of Waldo as an alternative to Murthy.  The expedited preliminary discovery schedule is extended from December 31, 2022, until January 13, 2023.

### 4.      Jennifer Psaki

Psaki is the former White House Press Secretary to President Biden.  She was originally a Defendant until her resignation when current White House Press Secretary Karine Jean-Pierre was substituted as a Defendant.  The Court found that Psaki had personal knowledge and extraordinary circumstances existed to take her deposition.  Psaki made a series of public statements that indicated she had personal knowledge of high-level White House Officials pressuring social media

companies and statements that reinforced threats of adverse legal consequences to social-media platforms if they did not increase censorship of views disfavored by federal officials.

Federal Defendants move the Court to vacate Psaki's deposition and to allow her another chance to respond to additional written discovery. Federal Defendants state Psaki's deposition has been tentatively scheduled for December 22, 2022. Plaintiffs allege it is necessary to depose Psaki because the written discovery requests sent to the White House Press Secretary's office revealed that information regarding Psaki could not be obtained by those means because she no longer worked at the White House. At the same time, Psaki moved to quash her deposition. Plaintiffs move to depose Psaki unless Federal Defendants identify another official that shares Psaki's knowledge

Although they had an opportunity to do so, Federal Defendants have provided no reasonable alternative to Psaki and in previously written discovery responses, they have disavowed any knowledge of Psaki's information because Psaki no longer works for the White House. Due to Federal Defendants' failure to provide suitable alternatives to the Court, the Court concludes there are no alternatives to deposing anyone but Psaki.

Psaki's testimony is crucial for Plaintiffs to identify federal officials who did what Psaki publicly stated they did. Therefore, Plaintiffs are authorized to depose Psaki within the extended expedited preliminary injunction-related discovery period, which has been extended to January 13, 2023.

## B.     Prudence on Ruling on Motion to Dismiss

The last issue for this Court to evaluate is the prudence of ruling on the Federal Defendants' Motion to Dismiss[8] prior to authorizing additional depositions. The original Complaint in this

---

[8] [Doc. No. 128].

matter was filed on May 5, 2022.  The Complaint was amended on August 2, 2022.  Federal

Defendants previously filed a Motion to Dismiss[9] on July 12, 2022, but withdrew that motion.[10]

This Court set an expedited preliminary-injunction related discovery schedule[11] on July 12, 2022.

Federal Defendants waited until November 22, 2022, to file the pending Motion to Dismiss.

Notably, the Federal Defendants argued to the Fifth Circuit that this Court should rule on a Motion

to Dismiss that had not yet been filed.  On the day after the Fifth Circuit ruled on this matter,

Federal Defendants filed their promised Motion to Dismiss.

    This Court finds that it should not stay additional discovery pending a ruling on the Motion

to Dismiss.  The expedited preliminary injunction-related discovery schedule was set long before

the Motion to Dismiss was filed.  In this Court's previous Order allowing expedited preliminary

injunction-related discovery, the Court found Plaintiffs had standing, the primary argument in

Federal Defendant's pending Motion to Dismiss.  Normally, it would be prudent to rule on a

Motion to Dismiss prior to addressing other issues. However, because Federal Defendants waited

until nearly the end of the expedited discovery schedule to file the motion, the Court finds it most

prudent to allow expedited discovery to be completed and then rule on the Motion to Dismiss in

accordance with the schedule previously set.

    The parties should keep in mind that at present these depositions only relate to issues

concerning the expedited preliminary injunction-related discovery. Should this case survive the

Motion to Dismiss, it is possible that additional depositions may be necessary in order to address

the merits of the case.

---

[9] [Doc. No. 35].
[10] [Doc. No. 53].
[11] [Doc. No.34].

### III.    CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the schedule for expedited preliminary injunction-related discovery is extended from December 31, 2022, until January 13, 2023.

**IT IS FURTHER ORDERED** that in lieu of the deposition of Rob Flaherty, within five days from the date of this Order, Plaintiffs shall serve upon Flaherty written discovery.  Flaherty shall provide answers by January 5, 2023.

**IT IS FURTHER ORDERED** that in lieu of the deposition of Jen Easterly, Plaintiffs shall take the deposition of Brian Scully within the expedited discovery schedule.

**IT IS FURTHER ORDERED** that in lieu of the deposition of Vivek Murthy, Plaintiffs shall be allowed to take the deposition of Brian Waldo within the expedited discovery schedule.

**IT IS FURTHER ORDERED** that Plaintiffs shall be allowed to take the deposition of Jennifer Psaki within the expedited discovery schedule.

**IT IS FURTHER ORDERED** that upon the expiration of the expedited discovery schedule on January 13, 2023, Plaintiffs shall have thirty days to file a supplemental brief in support of their request for preliminary injunction.

**IT IS FURTHER ORDERED** that within thirty days of Plaintiffs filing their brief in support of their request for preliminary injunction, Federal Defendants shall file their response.

**IT IS FURTHER ORDERED** that within fifteen days of Federal Defendants filing their response, Plaintiffs shall file their reply.

**IT IS FURTHER ORDERED** that this Court will set oral arguments in Monroe, Louisiana, at a time after this matter is fully briefed.

MONROE, LOUISIANA this 7th day of December 2022.

 

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**