IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| STATE OF MISSOURI ex rel. ERIC S. SCHMITT, Attorney General, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*,<br><br>    Defendants. | No. 3:22-cv-01213-TAD-KDM |

**PLAINTIFFS' OPPOSITION TO THE MOTION TO INTERVENE
FILED BY ROBERT F. KENNEDY, JR., DR. JOSEPH MERCOLA,
<u>AND TY AND CHARLENE BOLLINGER</u>**

The motion for permissive intervention filed by Robert F. Kennedy, Jr., Dr. Joseph Mercola, and Ty and Charlene Bollinger ("Movants") should be denied. Movants admit that they do not meet the ordinary criteria for intervention, because they are adequately represented by Plaintiffs. And intervention is unnecessary to achieve their sole purpose in seeking intervention—*i.e.*, to obtain access to discovery materials that might be relevant to their separate litigation alleging wrongful censorship on social media. Plaintiffs have no objection to sharing discovery materials that are not subject to any protective order with Movants, and Movants state that Defendants likewise have no objection to such sharing. Accordingly, Movants' request for intervention is both meritless and unnecessary.

**FACTUAL BACKGROUND**

Movants identify themselves as three of the so-called "Disinformation Dozen" who were de-platformed and censored on social media after White House Press Secretary Jen Psaki publicly

1

demanded their de-platforming and President Biden stated of social-media platforms, "They're killing people." Discovery received from the Government so far shows Facebook, in response to pressure from the White House, reporting back privately to White House officials about the aggressive censorship actions it took against the so-called "Disinformation Dozen."

Movants seek intervention solely for the purpose of obtaining access to discovery materials from this case that relate directly to them and thus may be relevant to their own pending litigation alleging social-media censorship. Indeed, they concede that Plaintiffs adequately represent their interests in this litigation, stating that their "Motion does not challenge the adequacy of the Plaintiff-States' representation in pursuit of their ultimate objective." Doc. 118, at 10. Evidently, they do not actually wish to participate as parties in the case other than viewing discovery, and thus their motion might be re-characterized as an unopposed third-party motion for access to discovery materials, rather than an opposed motion to intervene.

Notably, it appears that no party opposes Movants' request for access to discovery materials that are not under the Court's protective order—which applies narrowly to (1) personal addresses and personal contact information in deposition transcripts, and (2) the audiovisual recordings of depositions before they are filed publicly as court records. *See* Doc. 117, at 7. Plaintiffs have no objection to providing Movants with access to discovery materials that are not under the Court's protective order—in fact, Plaintiffs have repeatedly contended that the discovery materials in this case include matters of enormous public interest and that there is a strong interest in public disclosure of discovery materials. Doc. 114, at 5-22. Moreover, Movants report that Defendants also have no objection to doing so; according to Movants, "the Department of Justice … stated that the Department would not object to the Plaintiff-States sharing the discovery with the Applicants." Doc. 118, at 16.

**ARGUMENT**

Movants are not, and do not argue that they are, entitled to intervene as of right under Federal Rule of Civil Procedure 24(a). Instead, they request only permissive intervention under Rule 24(b). The Court should not grant them permission to intervene. That said, there is no reason why Movants should not be given access to discovery materials that are not under the Court's protective order, which comprises the vast majority of materials received.

The Fifth Circuit has described the decision whether to grant permissive intervention as "wholly" within the discretion of the district court. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470–71 (5th Cir. 1984). As this Court noted when denying a previous motion to intervene in this case, "a request for permissive intervention may be denied when an existing party adequately represents the proposed intervenors," especially if intervention would likely delay the progress of the litigation. Doc. 42, at 3 (citing *Hopwood v. Texas*, 21 F.3d 603, 606 (5th Cir. 1994) (per curiam)).

As Movants concede, Plaintiffs adequately represent the interests of Movants. Movants "do[] not challenge the adequacy of the Plaintiff-States' representation in pursuit of their ultimate objective"; all they seek is "timely access to discovery." Doc. 118, at 10–11. Plaintiffs have no objection to disclosing the information obtained discovery, subject to this Court's limited protective order, and indeed have announced and followed through on their intention to do so in the service of "the broader public interest in federal government transparency." *Id.* at 11; *see, e.g.*, Doc. 114 (arguing for public access to discovery in opposing Defendants' motion for a protective order); *Missouri, Louisiana Release Full Fauci Deposition Transcript*, MISSOURI ATTORNEY GENERAL (Dec. 5, 2022), https://ago.mo.gov/home/news/2022/12/05/missouri-louisiana-release-full-fauci-deposition-transcript (announcing the release of the full transcript of Dr. Fauci's

deposition, subject to the redactions required by the Court's protective order). Movants have not demonstrated a need for the very limited information that Plaintiffs have redacted and will continue to redact from deposition transcripts pursuant to the Court's protective order. Therefore, intervention is unnecessary to protect Movants' interests.

In addition, granting the motion to intervene would risk "needlessly increas[ing] costs and delay[ing] disposition of the litigation." *Hopwood*, 21 F.3d at 606. Movants claim that the delay caused by granting them leave to intervene would be "*de minimis*" because all they ask is that the parties "shar[e] the electronic discovery in toto, or . . . conduct[] discrete word-searches on documents already produced or forthcoming, and shar[e] those results along with copies of witness depositions and confidentiality agreements." Doc. 118, at 11. But Movants overlook that "[i]f th[e] Court were to allow [Movants] to intervene in this proceeding, it would open the door for other alleged victims to intervene" with similar requests. Doc. 42, at 3. If multiplied, the burdens that Movants describe would be far from *de minimis* and would "needlessly increase costs and delay disposition of the litigation." *Hopwood*, 21 F.3d at 606.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the motion to intervene. For similar reasons, the Court should deny Movants' extraordinary request in the alternative that the Court issue an extraordinary writ ordering Defendants "to lodge under seal an unredacted copy of the responsive records" for Movants' *in camera* review. Doc. 118, at 6, 21. No such *in camera* review is necessary, as no party objects to giving Movants access to discovery materials.

| | |
|---|---|
| Dated: December 8, 2022 | Respectfully submitted, |
| **ERIC S. SCHMITT**<br>**Attorney General of Missouri** | **JEFFREY M. LANDRY**<br>**Attorney General of Louisiana** |
| <u>*/s/ D. John Sauer*</u><br>D. John Sauer, Mo. Bar No. 58721*<br>  *Solicitor General*<br>Justin D. Smith, Mo. Bar No. 63253<br>  *First Assistant Attorney General*<br>Kenneth C. Capps, Mo. Bar No. 70908*<br>  *Assistant Attorney General*<br>Missouri Attorney General's Office<br>Post Office Box 899<br>Jefferson City, MO 65102<br>Tel: (573) 751-8870<br>John.Sauer@ago.mo.gov<br>*Counsel for State of Missouri* | <u>*/s/ Elizabeth B. Murrill*</u><br>Elizabeth B. Murrill (La #20685)<br>  *Solicitor General*<br>Louisiana Department of Justice<br>1885 N. Third Street<br>Baton Rouge, Louisiana<br>Tel: (225) 326-6766<br>murrille@ag.louisiana.gov<br>*Counsel for State of Louisiana* |

\*   admitted *pro hac vice*

<u>*/s/ Jenin Younes*</u>
Jenin Younes *
John J. Vecchione *
New Civil Liberties Alliance
1225 19th Street N.W., Suite 450
Washington, DC 20036
Direct: (202) 918-6905
E-mail: jenin.younes@ncla.legal
*Counsel for Plaintiffs Dr. Jayanta Bhattacharya,*
*Dr. Martin Kulldorff, Dr. Aaron Kheriaty, and Jill Hines*

<u>*/s/ John C. Burns*</u>
John C. Burns
Burns Law Firm
P.O. Box 191250
St. Louis, Missouri 63119
P: 314-329-5040
F: 314-282-8136
E-mail: john@burns-law-firm.com
*Counsel for Plaintiff Jim Hoft*

5

**CERTIFICATE OF SERVICE**

     I hereby certify that, on December 8, 2022, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on all counsel of record who have entered in the case.

<em>/s/ D. John Sauer</em>