**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

STATE OF MISSOURI *ex rel.* ERIC S.
SCHMITT, Attorney General, *et al.*,

      Plaintiffs,

v.

JOSEPH R. BIDEN, JR.,
in his official capacity as President of the
United States, *et al.*,

      Defendants.

No. 3:22-cv-1213-TAD-KDM

**DEFENDANTS' RESPONSE IN OPPOSITION TO
MOTION TO INTERVENE FOR ACCESS TO DISCOVERY OF
ROBERT F. KENNEDY, JR., ET AL.**

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................... 1

BACKGROUND ..................................................................................................................... 2

ARGUMENT .......................................................................................................................... 4

I.  Applicants are not entitled to intervene or to compel access to the materials they seek ............................................................................................................................... 5

    A.  The Court should deny permissive intervention .................................................... 6

    B.  Applicants do not meet the threshold requirements for permissive intervention ........................................................................................................... 8

        1.  There is no basis for intervention to challenge a confidentiality order .......................................................................................................... 8

        2.  Applicants otherwise fail to present any claim or defense ........................ 9

    C.  There is no public right to access civil pretrial discovery materials, and Applicants have no such right of access here ....................................................... 11

    D.  Applicants submit no basis for challenging the limited protective order here .................................................................................................................... 18

II.  Applicants are not entitled to relief under the All Writs Act ........................................... 19

CONCLUSION ..................................................................................................................... 22

# TABLE OF AUTHORITIES

**Cases**

*Banco Popular de P.R. v. Greenblatt,*
    964 F.2d 1227 (1st Cir. 1992) ................................................. 14

*Carlisle v. United States,*
    517 U.S. 416 (1996) .............................................................. 21

*Cheney v. U.S. Dist. Ct. for D.C.,*
    542 U.S. 367 (2004) ....................................................... 19, 20

*Cipollone v. Liggett Grp., Inc.,*
    785 F.2d 1108 (3d Cir. 1986) ................................................. 14

*Clinton v. Goldsmith,*
    526 U.S. 529 (1999) .............................................................. 19

*Consolidated Edison Co. v. Pub. Serv. Comm'n,*
    447 U.S. 530 (1979) .............................................................. 13

*Courier J. v. Marshall,*
    828 F.2d 361 (6th Cir. 1987) ................................................. 14

*Deus v. Allstate Ins. Co.,*
    15 F.3d 506 (5th Cir. 1994) ................................................. 5, 6

*EEOC v. Nat'l Children's Ctr., Inc.,*
    146 F.3d 1042 (D.C. Cir. 1998) ............................................... 9

*Ex parte Fahey,*
    332 U.S. 258 (1947) .............................................................. 19

*Flynt v. Lombardi,*
    782 F.3d 963 (8th Cir. 2015) ................................................... 9

*Hosp. Ass'n v. Okla. Publ'g Co.,*
    748 F.2d 1421 (10th Cir. 1984) ..................................... *passim*

*Howse v. S/V Canada Goose I,*
    641 F.2d 317 (5th Cir. 1981) ................................................. 11

*In re Alexander Grant & Co. Litig.,*
    820 F.2d 352 (11th Cir. 1987) ............................................... 14

*In re Beef Indus. Antitrust Litig.*,
  589 F.2d 786 (5th Cir. 1979) .................................................................. 5, 8

*In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Orders*,
  562 F. Supp. 2d 876 (S.D. Tex. 2008) ........................................................ 17

*In re USA*,
  No. 19-wr-10, 2019 WL 4619698 (D.D.C. Aug. 6, 2019)................................... 21

*Jepson, Inc. v. Makita Elec. Works, Ltd.*,
  30 F.3d 854 (7th Cir. 1994) ..................................................................... 14

*Jessup v. Luther*,
  227 F.3d 993 (7th Cir. 2000) ................................................................. 9, 10

*Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*,
  426 U.S. 394 (1976)............................................................................... 20

*Kneeland v. Nat'l Collegiate Athletic Ass'n*,
  806 F.2d 1285 (5th Cir. 1987) .................................................................. 5, 7

*Moore v. Tangipahoa Par. Sch. Bd.*,
  507 F. App'x 389 (5th Cir. 2013) ............................................................... 21

*New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*,
  732 F.2d 452 (5th Cir. 1984) .................................................................. 5, 7

*New York v. Microsoft Corp.*,
  206 F.R.D. 19 (D.D.C. 2002).................................................................. 15, 18

*Newby v. Enron Corp.*,
  443 F.3d 416 (5th Cir. 2006) ...................................................................... 5

*Penn. Bureau of Corr. v. U.S. Marshals Serv.*,
  474 U.S. 34 (1985)................................................................................. 21

*Pub. Citizen v. Liggett Grp., Inc.*,
  858 F.2d 775 (1st Cir. 1988).................................................................... 14

*Seattle Times Co. v. Rhinehart*,
  467 U.S. 20 (1984)............................................................................ *passim*

*SEC v. TheStreet.com*,
  273 F.3d 222 (2d Cir. 2001)..................................................................... 17

*Syngenta Crop Prot., Inc. v. Henson*,
  537 U.S. 28 (2002)................................................................................. 21

*United States v. Aldawsari,*
    683 F.3d 660 (5th Cir. 2012) ................................................................................... 12

*United States v. Kravetz,*
    706 F.3d 47 (1st Cir. 2013) ..................................................................................... 13

*United States v. Metro. St. Louis Sewer Dist.,*
    569 F.3d 829 (8th Cir. 2009) ..................................................................................... 6

*Weiss v. Allstate Ins. Co.,*
    No. 06-cv-3774, 2007 WL 2377116 (E.D. La. Aug. 16, 2007) ................................ 9

*Wis. Right to Life, Inc. v. Fed. Election Comm'n,*
    542 U.S. 1305 (2004) .............................................................................................. 19

*Wooley v. Maynard,*
    430 U.S. 705 (1977) ................................................................................................ 13

*Zemel v. Rusk,*
    381 U.S. 1 (1965) .................................................................................................... 12

**Statutes**

28 U.S.C. § 1651 .............................................................................................................. 2, 19

**Rules**

Fed. R. Civ. P. 5 .............................................................................................................. 16, 17

Fed. R. Civ. P. 24 .......................................................................................................... 1, 5, 7

# INTRODUCTION

Four individuals ("Applicants") move to intervene in this case for the purpose of asking the Court to "order the parties to make the case-discovery available to [Applicants] without limitation" and "on an accrual basis." Motion to Intervene for Access to Discovery and for Its Filing as Judicial Record, or for *In Camera* Inspection ("Motion") at 7, 9, ECF No. 118. Applicants seek permissive intervention under Federal Rule of Civil Procedure 24(b), but they fail to establish any basis for intervention under that rule.

As an initial matter, intervention for the purpose of accessing discovery materials serves no purpose to the extent that Plaintiffs are willing to share the information that Applicants seek.[1] *See* Pls.' Opp'n to Mot. to Intervene at 2, ECF No. 149. Even if Plaintiffs were not so willing, allowing third parties such as Applicants—who are strangers to the litigation—to seek private discovery materials for purposes unrelated to the underlying case would set an ill-advised precedent that could drive up costs and impose delays in federal litigation, contrary to the principles and objectives of the Federal Rules of Civil Procedure.

Moreover, even if Plaintiffs now or later became unwilling to furnish case discovery to Applicants, they still would fail to satisfy even the threshold requirement that they present a "claim or defense" with a question in common with the underlying case. Fed. R. Civ. P. 24(b)(1)(B). Applicants rely on cases permitting third parties to intervene to challenge a sealing order—but those cases are inapplicable here, where no discovery documents filed on the record to date have been sealed, and Applicants have no right of access to the materials that they seek, including the audiovisual recordings of depositions. Granting Applicants' extraordinary request

---

[1] Defendants expect that any documents Plaintiffs choose to share with third parties, including Applicants, will contain the same redactions (of personally identifiable information) that Plaintiffs have made in public filings they have submitted in this case, and which the Court ordered must be made to deposition transcripts and exhibits.

to intervene in this unprecedented fashion and to force the parties to disseminate unfiled pretrial discovery materials would be contrary to established caselaw. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984); *Okla. Hosp. Ass'n v. Okla. Publ'g Co.*, 748 F.2d 1421 (10th Cir. 1984).

To the extent that Applicants would seek to challenge the Court's protective order preventing dissemination of audiovisual recordings of federal-employee depositions, Applicants fail to articulate a specific interest any of the depositions. In any event, any substantive information they seek would be accessible in the deposition transcripts, which are not subject to the same protection (with the limited exception of certain personally identifiable information). Even if they had an interest in the protected information, Applicants have no right of access to the protected materials unless and until they become part of the judicial record. Applicants' motion to intervene should therefore be denied.

In the absence of any basis for intervention, Applicants alternatively ask the Court to order the parties to give them access to the pretrial discovery materials under the All Writs Act, 28 U.S.C. § 1651. Applicants' invocation of the All Writs Act is inappropriate here for numerous reasons. In particular, a writ may not issue where (as here) a federal rule of procedure already addresses the relevant issue. And Applicants cite no cases suggesting that a nonparty may ask a federal court to issue a writ granting relief to that nonparty, much less for purposes wholly unrelated to aiding the court's jurisdiction or to the underlying litigation. Applicants' alternative request under the All Writs Act should also be denied.

## BACKGROUND

Plaintiffs—two states and five individuals—have sued 67 federal agencies and officials, alleging that they have engaged in a "massive, sprawling federal 'Censorship Enterprise'" by "coerc[ing] . . . social-media platforms" and "collud[ing] with social-media companies to

suppress disfavored speakers, viewpoints, and content on social-media platforms." Second Am. Compl. ¶¶ 3, 9, 495 (Oct. 6, 2022), ECF No. 84. Plaintiffs assert seven claims under the First Amendment and the Administrative Procedure Act, for which they seek broad declaratory and injunctive relief. *Id.* ¶¶ 488–570, Prayer for Relief ¶¶ A–F.

On June 17, 2022, Plaintiffs moved for a preliminary injunction and for expedited preliminary injunction–related discovery. ECF No. 17. The Court granted the requested discovery, allowing Plaintiffs to seek written and documentary discovery on an expedited basis and to depose several federal officials. Mem. Ruling and Order (July 12, 2022), ECF No. 34; Mem. Order Re. Witness Depositions (Oct. 21, 2022), ECF No. 90. As part of that discovery, Defendants have produced more than 15,000 pages of documents from throughout the Federal Government; third-party social media companies including Facebook, Twitter, and LinkedIn have produced additional written discovery; and Plaintiffs have completed four of the authorized depositions. In the meantime, Defendants moved to dismiss the case under both Rule 12(b)(1) for lack of subject-matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Defs.' Mot. to Dismiss (Nov. 22, 2022), ECF No. 128. That dispositive motion remains pending.

On November 17, the Court issued a narrow protective order, which prohibits dissemination of (1) "audiovisual recordings of depositions" of federal employees and officials "only for the purposes of pretrial discovery" and (2) certain personal identifying information contained in the deposition transcripts. Mem. Order at 7, ECF No. 117. On the same day, Applicants filed the present motion to intervene or for relief under the All Writs Act. That motion should be denied for the reasons that follow.[2]

---

[2] Plaintiffs likewise oppose Applicants' motion to intervene, principally based on Plaintiffs' stated willingness to provide Applicants with copies of any discovery materials not covered by the Court's protective order. *See* Pls.' Opp'n to Mot. to Intervene.

## ARGUMENT

First, the Court should deny Applicants' request for permissive intervention for numerous reasons. Intervention is unnecessary to the extent that Plaintiffs have stated their willingness to provide Applicants with the written materials they ask for. Even if the Plaintiffs were not willing to do so, permitting Applicants to intervene would unduly prejudice the parties and delay the proceedings, particularly because Applicants have other methods of attempting to obtain the information they seek. In any event, there exists no basis for allowing Applicants to intervene for their requested purpose: they have no legal entitlement to the materials that they seek unless and until they become part of the judicial record. The Supreme Court has made clear that there exists no public right of access to pretrial civil discovery materials before they are filed with the court, *see Seattle Times*, 467 U.S. 20, and courts of appeals have uniformly held that courts may not compel parties to disseminate discovery materials that are not part of the record, *see, e.g.*, *Okla. Hosp. Ass'n*, 748 F.2d 1421. To the extent that Applicants wish to challenge the Court's narrow protective order concerning deposition videos (and personally identifiable information), they have asserted no specific interest in the protected materials and submit no basis for lifting that protection.

Second, the Court should deny Applicants' extraordinary request under the All Writs Act. A writ under the Act is an exceedingly unusual remedy, for which there is no justification here, where Applicants' objectives have nothing to do with aiding the Court's jurisdiction or, for that matter, with the case at all. Even if extraordinary circumstances were present, Applicants, as nonparties to this case, are not entitled to invoke the Court's jurisdiction and authority under the Act for their stated purpose.

## I.      Applicants are not entitled to intervene or to compel access to the materials they seek

To qualify for permissive intervention under Rule 24(b), a proposed intervenor must, on "timely motion," present "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).[3] A nonparty to a civil case may move for permissive intervention under this rule to seek to "access documents and records under a protective order or under seal." *Newby v. Enron Corp.*, 443 F.3d 416, 424 (5th Cir. 2006); *see In re Beef Indus. Antitrust Litig.*, 589 F.2d 786, 789 (5th Cir. 1979). Although the commonality requirement is generally "construed liberally," it is not discretionary but a question of law. *Newby*, 443 F.3d at 421–22. In addition, Rule 24(c) requires the proposed intervenor to serve on the parties both a motion to intervene and "a pleading that sets out the claim or defense for which intervention is sought."

Even where the threshold requirements are satisfied, courts have substantial discretion to deny a motion under Rule 24(b). *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) ("Permissive intervention 'is wholly discretionary with the [district] court.'" (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.* ("*NOPSI*"), 732 F.2d 452, 470–71 (5th Cir. 1984) (en banc))). "Intervention generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means," *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 526 (5th Cir. 1994), or where the intervention "will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3).

---

[3] Rule 24(b)(1)(A) allows permissive intervention also where the proposed intervenor has a conditional right to intervene under federal law. Applicants do not assert any such right. Nor do they attempt to argue that they may intervene as of right under Rule 24(a).

### A.  The Court should deny permissive intervention

Even if Applicants satisfied the requirements for intervention under Rule 24(b)—which they do not, *see infra* section I.B—the Court should exercise its discretion to deny the motion to intervene because intervention is wholly unnecessary to the extent that Plaintiffs are willing to share the information Applicants seek. Plaintiffs state that they "have no objection to providing Movants with access to discovery materials that are not under the Court's protective order." Pls.' Opp'n to Mot. to Intervene at 2. This renders Applicants' motion to intervene entirely unnecessary with respect to the vast majority of the materials that they seek—including *all* written discovery and deposition transcripts.[4]

Even if intervention were not superfluous, allowing third parties such as Applicants to intervene here—in search of information to which they have no legal entitlement—would create a troublesome precedent. If merely being interested or mentioned in discovery materials conferred a basis to intervene as a party, and to compel access to those materials, federal courts could be inundated with third-party requests to intervene in pending cases for that purpose. Such intervention by third parties would do nothing to advance or aid the resolution of individual cases, nor to promote judicial economy more generally, and could only be expected to do just the opposite. *See, e.g.*, *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 840–41 (8th Cir.

---

[4] Even if Plaintiffs were not willing to produce discovery materials, Applicants admit that they have multiple other ways of attempting to obtain the information they seek. There is pending litigation in federal court in which at least some Applicants are parties, and through which they might seek discovery. *See* Motion at 17. *Cf. Deus*, 15 F.3d at 526 (affirming denial of intervention where proposed intervenor was "already participating in a [related] lawsuit" in another federal court, so "he [could] protect any interest he ha[d] in [the relevant] materials by filing a discovery request in that case"). And at least one Applicant has, through his organization, submitted Freedom of Information Act ("FOIA") requests to multiple agencies, presumably for materials of the kind he seeks here. *Id.* All of the Applicants are free to submit FOIA requests to the agency Defendants for the same documents and information they seek to obtain through intervention.

2009) (affirming denial of intervention where "[n]ot only would allowing [the third party] to intervene produce no gains in judicial efficiency, it would most likely complicate and delay the proceedings").

It would unquestionably place an undue burden on the existing parties to divert their time, energy, and resources away from litigating this case and put them instead to the effort and expense of producing the extensive discovery materials already generated here, as well as future discovery materials, to third parties who are strangers to the litigation. *See* Fed. R. Civ. P. 24(b)(3) ("[T]he court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."); *accord Kneeland*, 806 F.2d at 1289. This is especially true where Applicants wish to require the parties to search those materials, determine which documents and depositions reference Applicants or their organizations, and produce a tailored set of documents to Applicants. *See, e.g.*, Motion at 7–8.

The potential burden on the parties and proceedings is all the greater given the current posture of the case. The preliminary injunction–related discovery is proceeding on an expedited basis, even while Defendants' motion to dismiss the complaint on multiple grounds remains pending and the parties are litigating certain discovery-related disputes both before this Court and the Fifth Circuit. The time and effort required to produce discovery materials to third parties in the midst of these other pressing demands on Defendants' attention and resources would be unduly burdensome and potentially prejudicial, and could delay the proceedings. *See Kneeland*, 806 F.2d at 1289; *see also NOPSI*, 732 F.2d at 473 (recognizing that when an intervenor obtains "full party rights . . . the control of the original parties over their own lawsuit is significantly diminished"). This Court has already recognized the risk of delay posed by allowing intervention by third parties. *See* Mem. Order at 3 (July 29, 2022), ECF No. 42 ("[T]his Court has set expedited preliminary injunction-related discovery. If this Court were to allow [another

nonparty] to intervene in this proceeding, it would open the door for other alleged victims to intervene, which would likely slow down the expedited discovery schedule previously set.").

Accordingly, the Court should exercise its considerable discretion and deny Applicants' motion to intervene.

### B.   Applicants do not meet the threshold requirements for permissive intervention

In any event, Applicants fall far short of meeting their burden of demonstrating that they satisfy the threshold Rule 24(b) requirement that they present a common claim or defense. Their motion relies principally on cases permitting intervention by third parties who seek only to challenge a protective order or to unseal particular judicial records—but Applicants do not seek judicial records, and the vast majority of the discovery materials are not subject to any protective order. Applicants otherwise fail to allege any particular claim or defense at all, much less one with a common question of law or fact to this case.

### 1.   There is no basis for intervention to challenge a confidentiality order

Applicants submit that they are entitled to intervention under Rule 24(b) because that is "'the procedurally correct course' for non-parties seeking to challenge or modify protective orders." Motion at 9 (quoting *In re Beef Indus.*, 589 F.2d at 789). But they acknowledge that when they filed their motion "there [was] no protective order in place here for the Court to lift, or any sealed records to unseal." *Id.* at 21. As explained above, that remains true regarding all of the written discovery materials and the deposition transcripts (with the narrow exception of certain personally identifiable information in those transcripts). And although the Court has entered a protective order that precludes, for the purposes of pretrial discovery, dissemination of certain deposition videos, it has not ordered at this juncture that those materials must be sealed once they are part of the judicial record. Thus, the cases that Applicants cite in support of intervention—all

of which involved parties who challenged the *sealing* of portions of *the judicial record*—are inapplicable to Applicants' request to intervene.

For example, Applicants cite *Jessup v. Luther*, in which the Seventh Circuit reversed a district court's denial of permissive intervention where a newspaper sought to intervene "for the limited purpose of challenging the district court's order" that "sealed a portion of its proceedings and records." 227 F.3d 993, 999 (7th Cir. 2000); *see* Motion at 9. Similarly, in *Flynt v. Lombardi*, the Eighth Circuit reversed a district court's denial of a reporter's motion to intervene "in two cases brought by Missouri death row prisoners challenging Missouri's protocol for carrying out executions, for the limited purpose of seeking to unseal court records and docket entries." 782 F.3d 963, 965 (8th Cir. 2015) (per curiam); *see* Motion at 9. Both *Jessup* and *Flynt* are inapposite: there is no order sealing a judicial record in this case, and Applicants do not seek any portion of the judicial record here.

Applicants also attempt to rely on a district court opinion that is inapposite for the same reason. In *Weiss v. Allstate Insurance Co.*, the court granted a nonprofit's motion to intervene "for the purpose of opposing [a] motion to seal trial exhibits" that were already part of the judicial record. No. 06-cv-3774, 2007 WL 2377116, at *1 (E.D. La. Aug. 16, 2007); *see* Motion at 11. Again, there is no order sealing, or pending motion to seal, judicial records in this case, so *Weiss* likewise offers no support for Applicants' position.

### 2.   Applicants otherwise fail to present any claim or defense

Where the goal of intervention is not to challenge a protective order or unseal judicial records, the proposed intervenor seeking to become a party to the case must more fully satisfy the requirement that they present a "claim or defense" that has "a question of law or fact in common" with the underlying action. *See EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (distinguishing the more "generous interpretations of Rule 24(b)" that

courts have adopted regarding "permissive[] interven[tion] for the purpose of challenging confidentiality orders" from the general understanding that proposed intervenors under Rule 24(b) must present "claims or defenses that can be raised in courts of law as part of an actual or impending law suit" (internal quotation marks omitted)); *see also Jessup*, 227 F.3d at 997 ("[T]here is ample justification for the common fact or law requirement when the proposed intervenors seek to become a party to the action."). Applicants fall far short of their burden of demonstrating the required commonality because their motion fails to present any claim at all.

In lieu of presenting any specific claim, Applicants allege in conclusory fashion that "Defendants have worked in conjunction with major social media platforms to censor" Applicants and their organizations. Motion at 7. They allege that Robert F. Kennedy, Jr., was "de-platformed from Instagram," Facebook, and YouTube between February and September 2021; that Joseph Mercola has had his posts "hidden from public view" on Facebook and Twitter and was "de-platformed" from YouTube in September 2021; and that Ty and Charlene Bollinger were "de-platformed" from YouTube, Instagram, and Vimeo between March and November 2021 and have been "shadow-banned on Facebook." Motion at 12–15. They do not, however, make a single factual allegation against any federal agency or official, much less assert legal claims against them. All Defendants in this case are federal agencies and officials, and none of the private companies against which Applicants make allegations is party to this case. Applicants thus fail to submit even the semblance of a "claim or defense" that may be presented in the underlying suit.

Applicants also refer generally to the existence of separate litigation in which some of the Applicants have raised claims against certain social media companies. Motion at 17. Applicants do not describe the claims in those cases, much less provide any basis for concluding that those claims against private companies have any commonality with the claims Plaintiffs assert against

the Government here.[5] But whether or not there are common issues of law or fact between

Applicants' claims against third parties in those cases and Plaintiffs' claims against the

Government in this action is irrelevant. So too is Applicants' unsupported assertion that they

"should have access" to discovery materials in this case because they allegedly have suffered

injuries similar to those alleged by the individual Plaintiffs here. Motion at 16. To become

parties to this case under Rule 24(b), Applicants must seek to present legal claims or defenses to

be decided in *this* action, and they do not do so. *See Howse v. S/V Canada Goose I*, 641 F.2d

317, 322 (5th Cir. 1981).

Having relied on inapposite caselaw addressing challenges to confidentiality orders, and

having failed to present any "claim or defense" against Defendants, much less any with the

required commonality, Applicants do not satisfy the threshold requirements for permissive

intervention here.

### C. There is no public right to access civil pretrial discovery materials, and Applicants have no such right of access here

In the event that Plaintiffs decline to provide Applicants with any of the nonprotected

discovery materials that they seek, Applicants would still have no basis for intervention because

they have no legal entitlement to the discovery materials produced in this case unless and until

---

[5] Moreover, it is difficult to ascertain what purpose the discovery materials in this case might
serve in either of those cases. One is currently on appeal after the district court dismissed the
complaint with prejudice for failure to state a claim. *See Children's Health Def. v. Meta
Platforms, Inc.*, No. 21-16210 (9th Cir. oral arg. May 17, 2022). Any discovery materials would
therefore be unhelpful to the relevant plaintiff at this stage, where the appellate court is
reviewing a ruling on the sufficiency of the pleadings. Even if the Ninth Circuit were to reverse
and remand to allow the case to proceed, the plaintiff could presumably then seek discovery in
that case. Applicants' other cited litigation is still in its earliest stages; the defendants have not
yet responded to the complaint. *See Mercola.com, LLC v. Google LLC.*, No. 22-cv-5567 (N.D.
Cal. filed Sept. 28, 2022). Applicants provide no reason why they would not be able to seek
discovery materials that they may need in that case at the appropriate time (assuming those
plaintiffs survive any potential future motion to dismiss).

they become part of the judicial record. *See Seattle Times*, 467 U.S. at 32–34; *see also Zemel v. Rusk*, 381 U.S. 1, 16–17 (1965) ("The right to speak and publish does not carry with it the unrestrained right to *gather* information." (emphasis added)). *Cf. United States v. Aldawsari*, 683 F.3d 660, 666 (5th Cir. 2012) (affirming denial of motion to intervene where intervention "would have been futile"). If and when discovery materials become part of the judicial record, absent any future sealing order, Applicants will have the same access to those materials as any other members of the public, including other third parties who may be "reference[d]" in those materials.[6] Motion at 19. This is equally true with respect to all written discovery and deposition transcripts, as well as the audiovisual recordings of depositions currently subject to the Court's limited protective order.

In *Seattle Times Co. v. Rhinehart*, the Supreme Court considered a litigant's First Amendment challenge to a protective order that prevented dissemination of certain civil discovery materials in that case. 467 U.S. at 22. In rejecting that challenge, the Court explained that "[a] litigant has no First Amendment right of access to information made available only for purposes of trying his suit." *Id.* at 32. The rules of procedure allow for "[l]iberal discovery," which "is provided for the *sole purpose* of assisting in the preparation and trial, or the settlement, of litigated disputes." *Id.* at 34 (emphasis added). In the litigation context, this means that "pretrial depositions and interrogatories are not public components of a civil trial," and "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Id.* at 33.

---

[6] Indeed, many discovery materials have already been filed on the docket. *See, e.g.*, Ex. P, ECF No. 84-1; Ex. Q, ECF No. 84-2. To the extent that Applicants seek access to those materials, intervention is unnecessary: they may obtain them from the public docket, like anyone else.

If a party to a case has "no First Amendment right of access" to discovery materials that are not part of the case record, *id.* at 32, it follows that third parties, and the broader public, certainly have no such right of access. Indeed, "[f]ollowing *Seattle Times*, the courts of appeals have uniformly held that the public has no common law or constitutional right of access to materials that are gained through civil discovery but neither introduced as evidence at trial nor submitted to the court as documentation in support of motions or trial papers." *United States v. Kravetz*, 706 F.3d 47, 55 (1st Cir. 2013) (collecting cases).

The court's opinion in *Oklahoma Hospital Association v. Oklahoma Publishing Co.* is instructive here. *See* 748 F.2d 1421. There, a publishing company appealed from a district court's refusal to vacate protective orders and to issue an order "directing the parties to allow the public (including [the publishing company]) access to all documents produced pursuant to discovery in [the underlying] litigation." *Id.* at 1424. The Tenth Circuit rejected the publishing company's appeal, concluding that even if the court "were to lift the protective orders, still the parties to the underlying suit cannot be compelled, ipso facto, to disseminate documents in their possession." *Id.* at 1425.

The court explained that "[w]hile it may be conceded that parties to litigation have a constitutionally protected right to disseminate information obtained by them through the discovery process absent a valid protective order, it does not follow that they can be compelled to disseminate such information." *Id.* at 1424 (citation omitted) (citing *Seattle Times*, 467 U.S. 20). This conclusion, grounded in the established principle that the First Amendment protects "both the right to speak freely and the right to refrain from speaking at all," applied "with equal force notwithstanding that the parties to the underlying suit [were] an association and a [government] agency." *Id.* (citing *Wooley v. Maynard*, 430 U.S. 705, 714 (1977), and *Consol. Edison Co. v. Pub. Serv. Comm'n*, 447 U.S. 530, 533 (1979)).

13

Other courts of appeals to consider the issue have without exception agreed that, under *Seattle Times*, "the public has no right to demand access to discovery materials which are solely in the hands of private party litigants." *Pub. Citizen*, 858 F.2d at 780; *see also Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) ("Absent a protective order, parties to a law suit may disseminate materials obtained during discovery as they see fit."); *Banco Popular de P.R. v. Greenblatt*, 964 F.2d 1227, 1233 (1st Cir. 1992) ("[T]here is no right of public access to documents dredged up in the course of civil discovery if those documents have not become part of the court record."); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) ("[W]hile [nonparties] may enjoy the right of access to pleadings, docket entries, orders, affidavits or depositions *duly filed*, [nonparties'] common-law right of access does not extend to information collected through discovery which is not a matter of public record." (internal quotation marks and citation omitted)); *The Courier J. v. Marshall*, 828 F.2d 361, 366 (6th Cir. 1987) (finding "unsound" a "publisher's claim of a first amendment right of access to the fruits of discovery"); *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1119 (3d Cir. 1986) (explaining that the *Seattle Times* Court "emphasized that the discovery process was not a forum traditionally open to the public and that the process was 'a matter of legislative grace,' to which no first amendment rights attached" (citations omitted) (quoting *Seattle Times*, 467 U.S. at 32)).

Applicants' motion makes no mention of *Seattle Times* or the unanimous appellate caselaw finding no right of access to pretrial civil discovery. Instead, Applicants rely almost exclusively on *New York v. Microsoft Corp.*, an out-of-circuit district court opinion, which offers no support for Applicants' broad request for all discovery materials on an accrual basis. *See* 206 F.R.D. 19 (D.D.C. 2002). In *Microsoft*, the court granted intervenors' requested access to four particular deposition transcripts but denied the intervenors' motion as to a broader swath of

14

discovery documents.[7] *See id.* at 20. The court explained that "[b]eyond an assertion of general public interest in the litigation, the [intervenors] have not provided any argument to explain why access to the transcripts of dozens of depositions is appropriate." *Id.* at 24. In particular, the court expressed "great[] concern" that the intervenors did "not attempt to differentiate among the deponents, nor to identify the particular need for the transcripts of each and every deposition taken in this case." *Id.* In rejecting an argument based on a version of Rule 5(d) that had been superseded (regarding when discovery materials must be filed), the court added that the intervenors' "request for access to transcripts of all depositions taken in the above-captioned case is unprecedented and without basis in law." *Id.* Similarly here, Applicants' objective to seek access to *all* discovery materials—or at least broad categories of those materials—is "unprecedented and without basis in law." *Id.* This is particularly true with respect to these unusual preliminary injunction–related discovery proceedings, which are ongoing while

---

[7] To the extent that the *Microsoft* court appears to have compelled the parties to share limited discovery materials with the intervenors, that decision is contrary to the principles discussed in *Seattle Times* and the holdings of every court of appeals to consider the issue, as discussed *supra*. *See, e.g.*, *Okla. Pub. Co.*, 748 F.2d at 1425 ("[T]he parties to the underlying suit cannot be compelled, ipso facto, to disseminate documents in their possession."). The court failed to acknowledge that there is no common law right to access discovery materials *before* they become part of the judicial record, and it improperly placed the burden on the parties opposing the intervenors' motion. *See Microsoft*, 206 F.R.D. at 23. In doing so, the court mistakenly relied on Rule 26(c), *see id.* at 22–23, which governs the procedure for seeking a protective order and describes the types of protective orders that a court may issue. That rule does not suggest any public right of access to pretrial discovery materials; on the contrary, it addresses when a court may *restrict* the right of the parties to disseminate the discovery information in their possession. *Cf. Seattle Times*, 467 U.S. at 31–33. Moreover, the court relied on Microsoft's failure to present any "argument to indicate that the release of [just four] redacted transcripts and video tapes would in any way burden, oppress, or embarrass the parties to the litigation or the third-parties who were deposed." *Microsoft*, 206 F.R.D. at 23. That is far from the case here, where Defendants maintain that the requested relief would be unduly burdensome and have already demonstrated good cause for preventing dissemination of the audiovisual recordings of the depositions in particular.

Defendants' motion to dismiss the complaint under both Rule 12(b)(1) and Rule 12(b)(6) remains pending.

Applicants argue that the fact that the discovery materials are shared among all Plaintiffs (including the individual Plaintiffs) and allegedly have been shared with other third parties "undermines any legitimate need for confidentiality from the general public." Motion at 16; *see id.* at 8. But, in the face of a request such as this one, it is not a party's burden to show a need for confidentiality of discovery materials, unless and until they are entered into the judicial (and therefore presumptively public) record. *Seattle Times* makes clear that (absent any protective order) the parties have control over private discovery materials until that time, even where discovery may implicate interests of third parties. *See* 467 U.S. at 34–35. It is thus irrelevant whether any party to this case has chosen to share discovery materials with another third party.

Applicants also appear to suggest that because they have been "reference[d]" in some discovery materials they have a "private entitlement" to access those materials. Motion at 18–20. But they cite no cases suggesting that the mere mention of a third party in discovery materials somehow entitles that third party to receive such materials before they are placed into the record. Any such rule would be contrary to the established principle that civil discovery is private until it is made part of the judicial record. *See Seattle Times*, 467 U.S. at 33.

Finally, Applicants appear to argue that Rule 5(d)(1)(A) permits the Court to do what courts of appeals have uniformly found it may not do. *See Okla. Hosp. Ass'n*, 748 F.2d at 1425; Motion at 20. That rule provides that "disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses *must not be filed* until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." Fed. R. Civ. P. 5(d)(1)(A) (emphasis added).

The rule therefore creates a presumption that discovery materials will not be made part of the judicial record unless and until they become germane to the proceeding.

In suggesting that Rule 5(d) gives district courts the authority to order dissemination of pretrial discovery materials, Applicants rely on *SEC v. TheStreet.com*, but that case undermines their own argument. *See* 273 F.3d 222 (2d Cir. 2001); Motion at 20. The *SEC* court emphasized that Rule 5(d) "provides no presumption of filing all discovery materials, let alone public access to them. Indeed, the rule now *prohibits* the filing of certain discovery materials unless they are used in the proceeding or the court orders filing." 273 F.3d at 233 n.11. The rule does not, as Applicants suggest, provide the Court with independent and unlimited authority to order parties to file all discovery materials produced—*contra* the reasoning and holding in *Seattle Times*— simply because a third party wants them.

The only other case that Applicants cite as part of their argument regarding Rule 5(d), *In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Orders.*, does not refer to Rule 5(d) at all and directly contradicts Applicants' position. *See* 562 F. Supp. 2d 876 (S.D. Tex. 2008); Motion at 20. The district court in that case explained that "the common law right of access to judicial records" is "not absolute." 562 F. Supp. 2d at 890. The court emphasized that "documents not yet admitted or filed with the court," such as "documents and information generated by the discovery process . . . do not become available to the public simply because they have been produced in the judicially-managed discovery process." *Id.* (citing *Seattle Times*, 467 U.S. at 33).

The same is true here. Even if for any reason Plaintiffs did not give them all of the discovery materials that they seek, Applicants still would not be able obtain the relief they seek through a court order, as long as the produced discovery remains in the hands of the parties and not part of the judicial record.

**D.  Applicants submit no basis for challenging the limited protective order here**

To the extent that Applicants may now base their request for intervention on an intention to challenge the limited protective order now in place, they have no right of access to the protected material for the reasons just discussed, *supra* section I.C. Even if they had a right to the audiovisual recordings of depositions and limited personally identifiable information subject to the protective order, they assert no basis for lifting the protection. Indeed, Applicants' motion fails to differentiate between deponents at all, much less specify their interest in the content of the relevant depositions. *Cf. Microsoft*, 206 F.R.D. at 24 (denying intervenors' request for broad swath of discovery documents because that "[b]eyond an assertion of general public interest in the litigation, [intervenors] have not provided any argument to explain why access to the transcripts of dozens of depositions is appropriate" and did "not attempt to differentiate among the deponents, nor to identify the particular need for the transcripts of each and every deposition taken in this case").

Applicants articulate no interest in the limited materials that are subject to the protective order. The Court found "good cause" (1) for preventing dissemination of audiovisual recordings of depositions (that are not part of the judicial record) in light of the substantial risk that "deponents and/or other persons identified may be subject to threats and/or harassment," and (2) for redacting "personal addresses, telephone numbers, or email addresses" from the deposition transcriptions. Mem. Order at 5–6, ECF No. 117. The motion focuses on the "references" to Applicants and their organizations within some of the materials, Motion at 19, but the deposition *transcripts* would reveal any such references just as well as any audiovisual recording. And the limited personally identifiable information that is redacted from those transcripts has no relation at all to Applicants' asserted interests. Applicants thus have no basis

for seeking unredacted discovery materials or otherwise challenging the limited protective order here.

For all these reasons, the Court should deny Applicants' request for permissive intervention.

## II.     Applicants are not entitled to relief under the All Writs Act

As an alternative to intervention, Applicants make an extraordinary request for relief under the All Writs Act, 28 U.S.C. § 1651. The Court should deny this request for numerous reasons. There are no circumstances that might justify issuing the writ that Applicants ask for, such a writ is precluded by the applicable Federal Rules of Civil Procedure, and as nonparties to the case Applicants are not entitled to any writ under section 1651.

The Act states that courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Id.* § 1651(a). A court's authority to issue a writ "is to be used sparingly and only in the most critical and exigent circumstances." *Wis. Right to Life, Inc. v. Fed. Election Comm'n*, 542 U.S. 1305, 1306 (2004) (internal quotation marks omitted); *see also Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) ("[A writ] is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" (quoting *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947))). Applicants do not ask for relief that falls under this provision. First, the writ that they seek—to compel the parties to disseminate pretrial discovery materials to Applicants personally, for their own purposes—is not in any way "in aid of [the Court's] jurisdiction[]." 28 U.S.C. § 1651. *Cf., e.g.*, *Clinton v. Goldsmith*, 526 U.S. 529, 540 (1999) (reversing injunction issued under All Writs Act because it "was neither 'in aid of [the court's] jurisdictio[n]' nor 'necessary or appropriate'"). On the contrary, such a writ would serve no purpose in the underlying litigation and indeed could delay its resolution.

19

Moreover, Applicants assert no "extraordinary cause[]" at all, and they offer the Court no justification for the issuance of a writ here. They state merely that they "seek access to discovery that is plainly material (if not dispositive)" in their other pending cases "that is not available to them by any other means." Motion at 21. Applicants do not, however, explain why any discovery materials here—much less *particular* discovery materials—would be "material" for their purposes, nor do they describe with any specificity the subject matter of the cases (one of which has already been dismissed) for which the requested information might be "dispositive." And, as just discussed, the materials they seek are available to them through a number of other means.

To the extent that the factors listed in *Cheney v. U.S. District Court for the District of Columbia* are relevant here,[8] Applicants fall far short of meeting their burden of justifying their extraordinary request. There, the Supreme Court explained that the party seeking a writ must satisfy three conditions: (1) the petitioner "must have no other adequate means to attain the relief he desires"; (2) "the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable"; and (3) "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." 542 U.S. at 380–80 (internal quotation marks and alteration omitted) (quoting *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)).

Applicants satisfy none of these factors. First, Applicants have multiple other ways of obtaining the information they seek—for example, by seeking discovery in their separate litigation. Second, Applicants have no right at all to private discovery documents that have not been placed into the record, much less a "clear and indisputable" right. *See supra* section I.B. This is equally true whether the access is obtained through production or *in camera* review. *See*

---

[8] The *Cheney* Court specifically addressed a writ of mandamus, which Applicants do not seek here. *But see* Motion at 22 (citing the *Cheney* factors).

Motion at 21 (alternatively seeking *in camera* review). Third, issuance of a writ would be wholly inappropriate where Applicants are not entitled to the relief they seek, and where it would require the Court to compel speech by the parties, in contravention of the First Amendment. *See Okla. Hosp. Ass'n*, 748 F.2d at 1424.

Moreover, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Penn. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985)); *see also id.* (explaining that Federal Rule of Criminal Procedure 29 "provide[d] the applicable law" and therefore the requested writ should not issue); *accord In re USA*, No. 19-wr-10, 2019 WL 4619698, at *2 (D.D.C. Aug. 6, 2019) (Howell, C.J.) ("[T]he All Writs Act operates where statutes or federal rules have left a vacuum."). Here, Applicants' request for intervention and for access to information is plainly covered by Rule 24, as discussed *supra*. The All Writs Act may not be used as a workaround simply because Applicants fail to meet the requirements of the established rule. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32–33 (2002) ("Petitioners may not, by resorting to the All Writs Act, avoid complying with the statutory requirements for [the relief they sought].").

Even if Applicants could show extraordinary circumstances, and even if their request were not already addressed by the Federal Rules of Civil Procedure, Applicants are not entitled to invoke this Court's authority to issue a writ because they are not parties to the case. It is true that a court's authority to issue commands under the All Writs Act "may be *applied* to individuals or entities that were not parties in the underlying litigation when their conduct frustrates the court's order." *Moore v. Tangipahoa Par. Sch. Bd.*, 507 F. App'x 389, 396 (5th Cir. 2013) (emphasis added). But the fact that courts may issue writs compelling nonparties to

comply with their commands does not mean, as Applicants summarily contend, that nonparties may *request* any such writs. *See* Motion at 22. Applicants cite no cases finding that nonparties may invoke the Court's jurisdiction and its authority under the Act, and indeed Defendants are aware of none.

Accordingly, there exists no basis for issuing a writ here, and Applicants are not entitled to a writ in any event. Applicants' request under the All Writs Act is nothing more than an attempt to circumvent the usual requirements for intervention. The Court should deny that request.

## CONCLUSION

Applicants' motion seeks permissive intervention in this case, for which Applicants do not qualify, so that Applicants may access pretrial discovery materials to which they have no right of access. The Court should reject Applicants' invitation to sidestep the Federal Rules and to ignore the principles underlying civil discovery to suit the personal interests of third parties, unrelated to any litigation purpose. Applicants' motion should be denied.

Dated: December 9, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel
Federal Programs Branch

*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER (IL Bar No. 6286601)
Senior Trial Counsel
KYLA SNOW (OH Bar No. 96662)
INDRANEEL SUR (D.C. Bar No. 978017)
AMANDA K. CHUZI (D.C. Bar No. 1738545)
CHRISTINE L. COOGLE (D.C. Bar No. 1738913)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street NW
Washington, D.C. 20005

Tel.: (202) 598-3846
Fax: (202) 616-8460
Email: adam.kirschner@usdoj.gov

*Attorneys for Defendants*