**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

The State of Missouri, *et al.*,

    *Plaintiffs*,

        v.

President Joseph R. Biden, Jr., in his official capacity as President of the United States of America, *et. al.,*

    *Defendants*.

Civil Action No. 22-cv-1213

## CONSENT MOTION TO EXTEND PROTECTIVE ORDER OF NOVEMBER 11, 2022, TO REQUIRE REDACITON OF PERSONALLY IDENTIFIABLE INFORMATION FROM WRITTEN DISCOVERY MATERIALS

Defendants respectfully request a limited extension of the Court's protective order entered on November 11, 2022, which requires that any personally identifying information (PII), including contact information but excluding names, disclosed in depositions be redacted by Plaintiffs from deposition audiovisual recordings, transcripts, and accompanying exhibits that are made public. Mem. Order, ECF No. 117.  Defendants move for a limited extension of that order, to require that Plaintiffs redact the same PII appearing in any written discovery documents produced by Defendants or third parties in this case prior to any public disclosure of such documents, whether through a filing on the public docket or any other dissemination to third parties.  Counsel for Defendants have conferred with counsel for Plaintiffs, who state that Plaintiffs consent to this motion.  Good cause supports this motion, as explained below.

1.      On November 9, 2022, Defendants moved for a two-part protective order to preclude public disclosure and dissemination of certain deposition materials: audiovisual

recordings and PII[1] disclosed in the depositions.  Mot. for Protective Order, ECF No. 110-1.  With respect to PII, Defendants noted in their motion for protective order that "various current and former federal employees have reportedly already been subjected to threats or other harassment because of their work on current issues implicated in this case," and "disclosure of their PII []could leave them even more vulnerable to" such "threats and harassment."  *Id.* at 17.

2.        On November 17, 2022, the Court entered an order granting in part and denying in part Defendants' motion.  *See* Mem. Order.  The Court issued a protective order that precludes public dissemination of (1) audiovisual recordings of depositions of federal officials, at least as long as they are not a part of the judicial proceedings, and (2) contact information, but not names, disclosed in the depositions appearing in the transcripts and exhibits.  *See id.*  As to the latter provision, the Court ordered Plaintiffs to "redact any personal information (address, telephone numbers, or email addresses) from the transcript and/or audiovisual recordings prior to filing into the public record."  *Id.* at 7.

3.        The Court ordered that PII be redacted from deposition audiovisual recordings, transcripts, and exhibits because individuals' privacy interests in maintaining confidentiality of their PII outweigh any interest the broader public may have in accessing their PII.  *Id.* at 6-7.  The Court concluded that redactions of PII were appropriate under a "good cause" standard and also under the more stringent standard applicable to materials that are part of the "judicial proceedings." *Id.* at 3, 6-7.  Either way, the balancing of factors required redaction of PII.

4.        Defendants now request that the Court extend the portion of its order requiring redactions of PII appearing in deposition transcripts and exhibits to apply to all written discovery

---

[1] Defendants had asked that the PII to be protected include the names of non-deponents and non-defendants as well as any contact information disclosed in a deposition.

materials (i.e., documents and interrogatory responses) produced in this case.  In light of the impending depositions at the time Defendants moved for a protective order, Defendants' motion had focused only on deposition materials.  *See* Mot. for Protective Order at 2 (noting that the first deposition was scheduled to take place one day from the filing of Defendants' motion and asking for an expedited decision on the motion).  But the same rationale that supports redacting PII from deposition transcripts and exhibits supports its redaction from all written discovery materials produced in this case.  Indeed, the Court's conclusion that officials have a privacy interest in their PII, which outweighs any public interest in accessing it, was not particular to any unique aspect of depositions.  And there is no distinction between PII disclosed in deposition materials as opposed to written discovery materials—in either circumstance, the disclosure of PII would likely lead to "threats and harassment."[2]  *Id.* at 17; *see also* Fed. R. Civ. P. 26(c) (stating that a protective order may be appropriate "to protect a party or person from annoyance, embarrassment, [or] oppression").  *Cf.* LR 5.7.12 (requiring parties to redact "personal data identifiers from all pleadings filed with the court, including exhibits thereto," including social security numbers, dates of birth, and home addresses, among other data, based on the "personal privacy and other legitimate interests" in protecting such information).  Thus, regardless of the medium in which the PII appears, individuals maintain a strong privacy interest in preventing its public dissemination, which outweighs any public interest in obtaining such PII.

---

[2] That some of the covered PII may be publicly available through other channels—such as FOIA productions or public directories—does nothing to diminish this concern. The risk of threats and harassment arises by virtue of individuals' PII being exposed in the specific context of *this case*, whether or not the public could theoretically access such PII by other means. Indeed, Local Rule 5.7.12, which requires the redaction of certain PII in public filings, contains no exception for such PII that may be publicly available from other sources.

5.     The requested modest extension of the Court's protective order would provide clarity to the parties about their obligations with respect to the protection of PII in publicly disclosed documents.  Plaintiffs have previously agreed to redact PII from written discovery filed on the docket or publicly disclosed via other means.[3]  But with additional written discovery responses forthcoming, *see* Mem. Order at 3-4, ECF No. 148 (authorizing interrogatories and requests for production served on Robert Flaherty), upcoming briefing on the motions to dismiss and for a preliminary injunction, and requests from third parties for access to discovery materials, *see* Mot. to Intervene, ECF No. 118, the parties would benefit from a Court order clarifying the parties' obligations with respect to the protection of PII disclosed in discovery materials throughout the course of the litigation. *See United States v. Carriles*, 654 F. Supp. 2d 557, 573 (W.D. Tex. 2009) (courts retain broad discretion to limit the use or dissemination of "information obtained through the use of the discovery process" on a showing of "good cause" (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33-34 (1984))).

6.     Accordingly, Defendants respectfully request a modest extension of the Court's protective order requiring Plaintiffs to redact PII, including contact information but not names, in deposition audiovisual recordings, transcripts, and exhibits prior those materials being publicly disclosed.  Specifically, Defendants seek an order requiring that Plaintiffs also redact PII (including contact information but not names) from any written discovery materials (i.e., documents and interrogatory responses) prior to those materials being publicly disclosed, whether through a filing on the public docket or dissemination to third parties in any other way.

---

[3] *See, e.g.*, @AGEricSchmitt, Twitter (Sept. 1, 2022, 10:30 AM), https://twitter.com/AGEricSchmitt/status/1565346263310118913?ref_src=twsrc%5Etfw.

Dated: December 16, 2022        Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel, Federal Programs Branch

*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER (IL Bar No. 6286601)
Senior Trial Counsel
KYLA M. SNOW (OH Bar No. 96662)
INDRANEEL SUR (D.C. Bar No. 978017)
AMANDA K. CHUZI (D.C. Bar No. 1738545)
CHRISTINE L. COOGLE (D.C. Bar No. 1738913)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Tel: (202) 598-3846
Adam.Kirschner@usdoj.gov

*Attorneys for Defendants*