UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

STATE OF MISSOURI, ET AL.          CIVIL ACTION NO. 3:22-cv-01213

VERSUS                             JUDGE:  TERRY A. DOUGHTY

                                   MAGISTRATE JUDGE: KAYLA D.
JOSEPH R. BIDEN, ET AL.            MCCLUSKY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY IN SUPPORT OF MOTION TO INTERVENE FOR ACCESS TO DISCOVERY,
OR IN THE ALTERNATIVE, WITHDRAWAL OF MOTION
IN FAVOR OF AGREED-UPON ACCESS TO DISCOVERY**

F.R.C.P. 5(D)(1)(A), 24(B); 28 U.S.C. § 1651

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Applicants Robert F. Kennedy, Jr., Dr. Joseph Mercola, and Ty and Charlene Bollinger are pleased to inform the Court that they and the Parties agree on Applicants' access to the discovery materials, and accordingly Applicants request the Court's approval as set forth herein to effectuate that agreement. Given the Parties' willingness to assent to the sharing of the requested discovery, and State Plaintiffs' willingness to make available the discovery materials subject to the Applicants' being bound by this Court's operative protective order, ECF No. 117 (Nov. 17, 2022), Applicants agree to withdraw the Motion to Intervene as moot upon the Court's issuance of guidance regarding the release of discovery materials.

Applicants' Motion to Intervene ("Mot.") seeks access to three forms of discovery: (1) written discovery responses identified by search terms; (2) depositions taken by State Plaintiffs[1]; and (3) certain confidentiality agreements between or among the Parties or with third parties. (Mot. 7-8; *see also* Plaintiffs' Opposition to the Motion to Intervene, ECF No. 149 (Dec. 8, 2022) ("Pltfs.' Opp.") 2 ("Movants seek intervention solely for the purpose of obtaining access to discovery materials from this case that relate directly to them and thus may be relevant to their own pending litigation alleging social-media censorship.").) ***The Plaintiff States and Federal Defendants do not object to Applicants' access to those materials.***

As set forth herein, a non-burdensome method exists for Plaintiff States to provide Applicants' counsel with the written discovery already in State Plaintiffs' custody; the transfer can be effectuated once the Court issues an order extending the operative protective order, ECF No. 117 (Nov. 17, 2022), to non-Party Applicants.

## I.     No Party Objects to Applicants' Accessing the Discovery Materials.

Although the Parties have opposed Applicants' motion, their opposition is to the ***form*** of the request—a Rule 24(b) Motion to Intervene—***not*** to the Applicants' accessing the discovery materials enumerated in the Motion. The State Plaintiffs indicate that they have no objection to sharing the requested materials. (Pltfs.' Opp. 2 ("Notably, it appears that no party opposes Movants' request for access to discovery materials that are not under the Court's protective order . . . .").) Federal Defendants, also without opposition, propose that the Applicants' Motion is mooted if State Plaintiffs are willing to share the requested materials. (Defendants' Brief in

---

[1]     The State Plaintiffs have already filed, and/or posted to their websites, copies of the redacted transcripts of the four Executive Branch witness depositions taken to date, mooting Applicants' request for such transcripts.

Opposition to the Motion to Intervene, ECF No. 150 (Dec. 9, 2022) ("Dfnts.' Br.") 1 ("[I]ntervention for the purpose of accessing discovery materials serves no purpose to the extent that Plaintiffs are willing to share the information that Applicants seek."); 3 (referencing "Plaintiffs' stated willingness to provide Applicants with copies of any discovery materials not covered by the Court's protective order").)

In keeping with this lack of opposition, State Plaintiffs have suggested the recharacterization of the Motion to Intervene as an unopposed third-party motion for access to discovery materials. (Pltfs.' Opp. 2 ("Evidently, they do not actually wish to participate as parties in the case other than viewing discovery, and thus their motion might be re-characterized as an unopposed third-party motion for access to discovery materials, rather than an opposed motion to intervene.").)

Applicants do not object to this characterization, and will withdraw the Motion to Intervene, should the Court agree with the Parties that Applicants may have access to the requested materials subject to the operative protective order, as further described *infra*.

## II.     The Concerns of Burden Upon the Parties Can Be Met.

As the Motion indicates, at a prior meet-and-confer, the Department of Justice, on behalf of Federal Defendants, stated that it did not object to Applicants accessing the requested materials, only to the burden of making the materials available. (Mot. 8 n.1.) Federal Defendants reiterate the concern of burden in their Brief in Opposition. (Dfnts.' Br. 7.) This concern, however, can be alleviated: insofar as the discovery materials are already uploaded to a platform maintained by counsel in Louisiana, Applicants will modify their request for access to seek solely a box file, or other file sync, of the already uploaded discovery, which can be generated in

a matter of minutes. Applicants will run the requested search terms (Mot. 7) themselves, and will enter an agreement to maintain complete confidentiality of the materials until Applicants, at their own expense, complete any redactions necessary to comply with the Court's orders (*see infra*, Part III). Applicants are also willing to engage a technology professional at their own expense to create the sync file. Thus, the burden of production will be non-existent as to Federal Defendants and minimal, at most, as to State Plaintiffs, and Applicants can seek updates from the Parties as necessary.

## III.     Applicants Stipulate to Abide by the Court's Redaction Orders.

Federal Defendants have also expressed concern about redaction of the discovery materials in accordance with the Court's orders. (*E.g.*, Dfnts.' Br. 1 n.1 ("Defendants expect that any documents Plaintiffs choose to share with third parties, including Applicants, will contain the same redactions (of personally identifiable information) that Plaintiffs have made in public filings they have submitted in this case, and which the Court ordered must be made to deposition transcripts and exhibits.").[2] Applicants are willing to enter into an agreement with the Parties, to be filed with the Court, that if they receive unredacted discovery materials, they will maintain all such materials as "attorneys' eyes only" unless and until they have, at their own expense, redacted those materials in conformance with the Court's order. Applicants therefore request the extension of the Court's redaction order to themselves as non-Party Applicants.

---

[2]     Federal Defendants also express concern that Applicants may challenge the Court's order regarding deposition videotapes. (Dfnts.' Br. 2 ("To the extent that Applicants would seek to challenge the Court's protective order preventing dissemination of audiovisual recordings of federal-employee depositions, Applicants fail to articulate a specific interest any of the depositions.").) To allay any concern on this point, Applicants withdraw their request for video recordings of depositions at this time, and reserve the right to reevaluate the request after January 24, 2022, when currently scheduled depositions will be complete.

## CONCLUSION

The State Plaintiffs recognize the relevance of these discovery materials to Applicants' ongoing cases against social media platforms for suppression of speech and breach of contract. (*E.g.*, Pltfs.' Opp 2 ("Discovery received from the Government so far shows Facebook, in response to pressure from the White House, reporting back privately to White House officials about the aggressive censorship actions it took against the so-called 'Disinformation Dozen.'").) The Federal Defendants do not oppose the voluntary provision of discovery by the State Plaintiffs. Thus, Applicants propose withdrawing their Motion to Intervene upon the Court's approval of their receiving access to the requested materials, subject to Applicants' agreement to abide by the Court's redaction orders and any other pertinent orders on confidentiality of discovery materials.

Dated: December 16, 2022               Respectfully submitted,

_____
G. SHELLY MATURIN, II
(La. Bar#26994)
Maturin Law
322 Heymann Blvd., Suite 1
Lafayette, LA 70503
Telephone: (337) 362-3514
E-mail: shelly@maturinlaw.com

Attorney for Applicant-Intervenors
ROBERT F. KENNEDY, JR.
DR. JOSEPH MERCOLA
TY and CHARLENE BOLLINGER

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the above and foregoing has been served on all known counsel of record via facsimile transmission, e-mail and/or by placing same in the U.S. Mail, properly addressed and postage pre-paid on this 16th day of December, 2022.


/s/ G. Shelly Maturin, II

_____

G. SHELLY MATURIN, II