IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| The State of Missouri *et al.*,<br><br>    *Plaintiffs*,<br><br>        v.<br><br>President Joseph R. Biden, Jr., in his official capacity as President of the United States of America, *et al.*,<br><br>    *Defendants*. | Civil Action No. 22-cv-1213 |

### REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF MEMORANDUM ORDER

In ruling on Defendants' motion for a protective order, the Court did not categorically *preclude* Defendants from moving to seal deposition recordings if and when any of them are submitted for filing. To the contrary, as the Court and Plaintiffs acknowledge, whether those materials should be sealed requires a particularized inquiry ("document-by-document, line-by-line" in the case of written records) and "balancing of the public's right of access against nondisclosure against the interests favoring nondisclosure." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (internal quotation marks omitted); *accord* Order at 6 (Nov. 17, 2022), ECF No. 117; Pls.' Mem. in Opp'n to Mot. for Clarification ("Opp'n") at 5, ECF No. 154. How that balancing test would apply to the deposition videos in this case, or specific portions of them, has not been briefed by the parties or considered by the Court, because none of the protected recordings has yet been filed with the Court. As things currently stand, it is not clear whether or how Defendants would even be able to present their arguments for sealing the recordings before they become public. But the "decision to unseal a document cannot be undone; once confidential

1

information is released, there is no going back." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 448 (5th Cir. 2019). Accordingly, Defendants ask the Court to clarify its November 17 Order by setting forth specific procedures for how Defendants can move expeditiously to seal the audiovisual recordings of depositions filed with the Court, before those recordings become irreversibly public. *Cf. United States v. Carriles*, 654 F. Supp. 2d 557, 572 (W.D. Tex. 2009) (setting forth procedure requiring "filings relating to the protected materials be filed under seal but with a motion" to seal or unseal, to give the parties an "opportunity to present their arguments about whether a common-law and/or First Amendment right of access applies to *each sealed filing in the particular context of that filing*" (emphasis added)).

Defendants' requested clarification does not ask the Court to reconsider its finding of "good cause to seal the audiovisual depositions only prior to their entry into the public record/judicial proceeding." Order at 6; *see* Opp'n at 3. As all parties recognize, a "stricter balancing test" for sealing applies to "document[s] filed on the public record" than to "documents produced in discovery." *Binh Hoa Le*, 990 F.3d at 419 (quoting *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019)); *see* Opp'n at 5. Courts therefore undertake that balancing test on a "document-by-document" basis—and the parties have not briefed how that standard would apply here to particular recordings or portions thereof in the context of their becoming part of the judicial record. With respect to the deposition recordings, the Court's November 17 Order substantively addressed *only* the "good cause" standard for protecting discovery materials "at this stage" of the proceeding. Order at 5–6.

Plaintiffs' opposition to the requested clarification presents no reason why the delay of a few days to raise arguments not previously presented to the Court would infringe any public right to access portions of audiovisual recordings that may become part of the judicial record—which,

2

again, are currently protected from public dissemination pursuant to the Court's "good cause" finding that dissemination would risk subjecting deponents and others "to threats and/or harassment."[1] Order at 5. Indeed, when granting motions for protective orders, courts routinely set "procedure[s] allow[ing] the [parties] an opportunity to present their arguments about whether a common-law and/or First Amendment right of access applies to each sealed filing in the particular context of that filing." *United States v. Carriles*, 654 F. Supp. 2d 557, 572 (W.D. Tex. 2009) (requiring that "filings relating to the protected [discovery] materials be filed under seal but with a motion" to seal or unseal); *see also, e.g.*, *Harrington v. Primerica Life Ins. Co.*, No. 19-cv-309, 2020 WL 13499907, at *3 (S.D. Miss. Nov. 19, 2020) (adopting model protective order requiring parties to file motion to seal *before* filing information subject to the court's protective order). Defendants seek clarification of those procedures here, regarding how they might present their arguments if and when Plaintiffs seek to file deposition recordings.[2]

---

[1] Plaintiffs describe the sealing procedures proposed in Defendants' motion for clarification as lengthy and cumbersome, and similar to the procedures initially set forth in Defendants' proposed protective order. Opp'n at 3, 5. Plaintiffs err on both counts. Defendants' proposed protective order would have required that deposition recordings be filed under seal, and would have placed the burden on a party seeking to *unseal* a recording to file a motion explaining why it should be placed on the public record. Moreover, that motion to unseal could not be filed until after a seven-day meet-and-confer period. *See* Proposed Protective Order ¶ 10, ECF No. 110-2. In contrast, Defendants' motion for clarification proposes that the burden be placed on the party seeking to place a deposition video under seal to file a motion within five business days, with expedited briefing thereafter. Motion for Clarification at 7, ECF No. 140.

[2] One of the issues that would require briefing—as the motion explained but which Plaintiffs' opposition misconstrued, *see* Opp'n at 5—is the required "gateway determination that the relevant documents [are] 'judicial records.'" *Vantage Health Plan*, 913 F.3d at 451; *see also United States v. Sealed Search Warrants*, 868 F.3d 385, 396 n.4 (5th Cir. 2017) ("A gateway question [is] whether the [relevant] materials are judicial records[.]"). Although the Fifth Circuit "has not generally defined 'judicial record,'" it has emphasized that "[n]ot every document . . . is a judicial record subject to the common law right of access." *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 225, 227 (5th Cir. 2020). Circuits to have addressed this question directly have explained that "[p]ublic access depends on whether a document influenced or underpinned the judicial decision. The fact of filing *may* support an inference of influence. . . . But not always, or *Seattle Times*' protection of discovery materials would be toothless." *City of Greenville v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014) (referring to *Seattle Times Co. v. Rhinehart,* 467 U.S. 20 (1984)) (internal quotation marks, citation, and alterations otherwise omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 115 (2d Cir. 2006) (explaining that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document" and that "the item filed must be relevant

Plaintiffs fault Defendants for "bring[ing] forward no concrete evidence to demonstrate the alleged 'harassment' and 'other invasions of privacy'" that public dissemination of the deposition recordings would risk causing. But Defendants' motion for clarification does not brief that issue as a substantive matter at this stage; Defendants merely seek the *opportunity to argue* that the risk overcomes any presumptive public right of access to those recordings before they become irreversibly public. In any event, at least one of the deponents has already been subject to harassment as a direct result of his deposition transcript being publicly released. *See* attached.[3] That harassment is precisely why Defendants seek clarification of the Court's order now—so that when the appropriate time comes they have the opportunity to present arguments and evidence to the Court with respect to specific deposition recordings or portions thereof.

The Court's November 17 Order did not adopt any particular procedure that Defendants advocated in the proposed order supporting their motion for a protective order, much less address the procedure that Defendants sought regarding sealing protected materials if and when they are filed. Defendants seek clarification regarding that procedure here, to preserve their opportunity to brief the applicable sealing standard as to particular portions of audiovisual recordings that the parties wish to enter into the record. Defendants respectfully ask the Court to adopt the procedures proposed in its motion for clarification, to require any deposition recording to be initially submitted under seal, pending resolution of any motion to keep the recording under seal that is filed within 5 days of the submission of the recording to the Court.

---

to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document" (internal quotation marks omitted)).

[3] Defendants have redacted the deponent's personal email address as well as the name and email address of the sender who otherwise has no connection to this litigation. In addition, Defendants redacted a portion of one word from the message, while still making clear the nature of the message; there were no redactions in the original message.

Dated: December 23, 2022          Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel, Federal Programs Branch

*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER (IL Bar No. 6286601)
Senior Trial Counsel
KYLA SNOW (OH Bar No. 96662)
INDRANEEL SUR (D.C. Bar No. 978017)
AMANDA K. CHUZI (D.C. Bar No. 1738545)
CHRISTINE L. COOGLE (D.C. Bar No. 1738913)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-3259
kyla.snow@usdoj.gov

*Attorneys for Defendants*