UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **STATE OF MISSOURI ET AL.** | **CASE NO. 3:22-CV-01213** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JOSEPH R. BIDEN JR. ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Pending before the Court is a motion to intervene [doc. #118], filed by Applicants Robert F. Kennedy, Jr., Joseph Mercola, and Ty and Charlene Bollinger.

For reasons assigned below, the motion to intervene is DENIED.[1] Their alternative motion, contained in their reply memorandum, is GRANTED IN PART and DENIED IN PART.

## Background

On May 5, 2022, Plaintiffs the States of Missouri and Louisiana and others[2] filed the instant action, alleging that the federal Defendants[3] colluded and/or coerced social media companies to suppress disfavored speakers, viewpoints, and content on social media platforms by labeling the

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1.

[2] Plaintiffs are the State of Missouri, the State of Louisiana, Dr. Aaron Kheriaty, Dr. Martin Kulldorff, Jim Hoft, Dr. Jayanta Bhattacharya, and Jill Hines.

[3] Defendants are President Joseph R. Biden, Jr.; Vivek H. Murthy; Xavier Becerra; Department of Health and Human Services; Dr. Anthony Fauci; National Institute of Allergy and Infectious Diseases; Centers for Disease Control & Prevention; Alejandro Mayorkas; Department of Homeland Security; Jen Easterly; Cybersecurity & Infrastructure Security Agency; Nina Jankowicz; Karine Jean-Pierre; Carol Y. Crawford; Jennifer Shopkorn; U.S. Census Bureau; U.S. Department of Commerce; Robert Silvers; Samantha Vinograd; and Gina McCarthy.

content "dis-information," "mis-information," and "mal-information." [doc. #45]. Plaintiffs allege the suppression of disfavored speakers, viewpoints, and content constitutes government action and violates Plaintiffs' First Amendment right to free speech. *Id.*

On November 17, 2022, Applicants Robert F. Kennedy, Jr.; Joseph Mercola; and Ty and Charlene Bollinger (collectively, "Applicants") filed the instant motion to intervene. [doc. #118]. The applicants seek to intervene under Federal Rule of Civil Procedure 24(b) to gain access to discovery in the above-referenced matter. *Id.* at 6. Alternatively, Applicants ask the Court to order the parties to file any pre-trial case discovery into the record under Federal Rule of Civil Procedure 5(d)(1)(A). Alternatively still, Applicants seek an order under the All Writs Act, 28 United States Code, Section 1651, requiring the parties to submit to the Court for *in camera* inspection any case discovery that "references federal actors/social media platform censorship" of Applicants or their affiliated organizations. *Id.* at 1.

On December 8, 2022, Plaintiffs filed their opposition. [doc. #149]. Therein, Plaintiffs argue that intervention is unnecessary to obtain access to the discovery materials that Applicants seek. *Id.* at 1. Plaintiffs stated their willingness to share with Applicants discovery materials that are not subject to the Court's protective order. *Id.* Thus, Plaintiffs argue that the motion to intervene is "meritless and unnecessary." *Id.*

On December 9, 2022, Defendants filed their opposition. [doc. #150]. Therein, Defendants argue that intervention for the purpose of accessing discovery materials serves no purpose to the extent that Plaintiffs are willing to share the information that Applicants seek. *Id.* at 1. Defendants expect that "any documents Plaintiffs choose to share with third parties, including Applicants, will contain the same redactions (of personally identifiable information) that Plaintiffs have made in public filings they have submitted in this case, and which the Court ordered must be made to

deposition transcripts and exhibits." *Id.* at 1. Defendants also oppose the motion on the grounds that intervention would unduly prejudice the parties and delay the proceedings. *Id.* at 4. Finally, Defendants argue that Applicants have no legal entitlement to the materials they seek unless and until they become part of the judicial record. *Id.*

On December 16, 2022, Applicants filed their reply. [doc. #152]. Therein, Applicants contend that the Parties agree on Applicants' access to the discovery materials and request the Court's approval to effectuate that agreement. Applicants ask the Court to issue an order extending the operative protective order to non-party applicants. *Id.* at 2. In return, Applicants "agree to withdraw the Motion to Intervene as moot upon the Court's issuance of guidance regarding the release of discovery materials." *Id.* at 1. To address the concern about the documents containing personally identifiable information, Applicants state that they "are willing to enter into an agreement with the Parties, to be filed with the Court, that if they receive unredacted discovery materials, they will maintain all such materials as 'attorneys' eyes only' unless and until they have, at their own expense, redacted those materials in conformance with the Court's order. Applicants therefore request the extension of the Court's redaction order to themselves as non-Party Applicants." *Id.* at 4.

## Analysis

### I.  Permissive Intervention[4]

Applicants seek permissive intervention under Federal Rule of Civil Procedure 24(b). Rule 24(b) provides:

> On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact . . . . In exercising its

---

[4] While the Applicants agree to withdraw their motion if the Court takes the action they propose, they have not withdrawn the motion at this point.

discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b).

Applicants have not cited any statute of the United States purporting to give them a conditional right to intervene, so the Court has examined the grounds under Rule 24(b)(2). Certainly, Applicants' concerns share a question of fact in common with the Plaintiff-States. Therefore, the Court must determine whether to exercise its discretion to allow Applicants' intervention.

Under the circumstances of this case, the Court finds that the interests of justice would not be served by allowing intervention. Applicants concede that their motion "does not challenge the adequacy of the Plaintiff-States' representation in pursuit of their ultimate objective." [doc. #118, p. 110]. Indeed, in their motion to intervene, Applicants assert that their objective is to obtain timely access to discovery, which the Plaintiff-States have agreed to provide. [doc. #118, p. 110; doc. #149, p. 1]. Although "[n]onparties to a case routinely access documents and records under a protective order or under seal in a civil case through motions for permissive intervention under Rule 24(b)(2)," *Newby v. Enron Corp.*, 443 F.3d 416, 424 (5th Cir. 2006), it is within the discretion of the trial court whether to allow the intervention.

Even if the Plaintiff-States were not willing to share discovery with the Applicants, the Applicants admit that they have multiple other ways of attempting to obtain the information they seek. Two of the Applicants are involved in pending litigation through which they might seek discovery. [doc. #118, p. 17]. Another Applicant has submitted Freedom of Information Act requests for the documents and information the Applicants seek, and, presumably, the others are free to do the same. *Id.*

4

Further, granting the motion to intervene would risk needlessly increasing the costs and delaying disposition of the litigation. *See Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994) (adding proposed intervenors to lawsuit would needlessly increase costs and delay disposition where their interests were adequately represented by existing defendants). It would place an undue burden on the Parties to divert resources from litigating this case and instead produce extensive discovery materials to Applicants.

Accordingly, permissive intervention is DENIED.

## II.     Federal Rule of Civil Procedure 5(d)(1)(A)

Alternatively, Applicants ask the Court to order the Parties to file any pre-trial case discovery into the record under Federal Rule of Civil Procedure 5(d)(1)(A). Rule 5(d)(1)(A) provides:

> Any paper after the complaint that is required to be served—must be filed no later than a reasonable time after service. But disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission.

Fed. R. Civ. P. 5(d)(1)(A).

Applicants do not cite any apposite case law. Indeed, as Defendants point out, the two cases that Applicants cite undermine their position. In *SEC v. TheStreet.com*, 273 F.3d 222, 233 (2d Cir. 2001), the court rejected the argument that Rule 5(d) provides a statutory right of access to discovery material. "[W]e observe that the recent amendment to [Rule 5(d)] provides no presumption of filing all discovery materials, let alone public access to them." *Id.*

The other case that Applicants cite in support of their argument, *In re Sealing & Non-Disclosure of Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876, 890 (S.D. Tex. May 30, 2008), is similarly unhelpful. There, the Court makes no mention of Rule 5(d), and explains that

5

"documents not yet admitted or filed with the court do not become available to the public simply because they have been produced in the judicially-managed discovery process." *Id.*

Indeed, the Fifth Circuit has noted that "material filed with discovery motions is not subject to the common-law right of access. . . ." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). Similarly, the First Circuit has held that "the public has no right to demand access to discovery materials which are solely in the hands of private party litigants." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 780 (1st Cir. 1988).

Accordingly, the Court declines Applicants' invitation to order the Parties to file any pre-trial discovery into the record.

### III. All Writs Act

Applicants also seek relief under the All Writs Act. The All Writs Act provides "power [to] a federal court to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in exercise of its jurisdiction otherwise obtained." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977); *see also* 28 U.S.C. § 1651(a). For a district court to act, three elements must be satisfied. First, "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004). "When an alternative means of relief are available, the court should not issue a writ." *Id.* "Second, the party seeking the writ must meet its burden of showing that [its] right to issuance of the writ is clear and indisputable." *U.S. v. Lincoln Parish School Bd.*, 922 F. Supp. 2d 582, 586 (W.D. La. Feb. 7, 2013) (quoting *Cheney*, 542 U.S. at 380). "Third, assuming the petition meets the first two requirements, a court should exercise discretion before issuing a writ to ensure it is appropriate under the circumstances." *Id.* (quoting *Cheney*, 542 U.S. at 380).

As discussed *infra*, the Applicants have alternative means to obtain the information and documents that they seek; Plaintiff-States have agreed to share with Applicants discovery that is not subject to the Court's protective order, and, alternatively, Applicants may seek the information via discovery in related lawsuits or Freedom of Information Act requests.

Having found that alternative means of relief are available to Applicants, the Court need not reach the second and third elements. *See Cheney*, 542 U.S. 367, 380 ("When an alternative means of relief are available, the court should not issue a writ."). Therefore, Applicants' request for relief under the All Writs Act is denied.

### IV.  Extending the Protective Order

Generally, the Applicants have no legal entitlement to the discovery materials in this case unless they become part of the judicial record, absent any sealing order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) ("Discovery rarely takes place in public . . . . Thus, to the extent that courthouse records could serve as a source of public information, access to that source customarily is subject to the control of the trial court."); *In re Sealing*, 562 F. Supp. 2d at 890 ("As a general rule, documents not yet admitted or filed with the court do not become available to the public simply because they have been produced in the judicially-managed discovery process.").[5]

---

[5] Of course, this Court is well aware of "the judiciary's solemn duty to promote judicial transparency" once the parties move from the discovery stage to the adjudicative stage. *Binh Hoa Le*, 990 F.3d at 420. As the Fifth Circuit has explained:

> At the discovery stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper. Party-agreed secrecy has its place—for example, honoring legitimate privacy [or other appropriate] interests and facilitating the efficient exchange of information. . . . But at the adjudicative stage, when materials enter the court record, the standard for shielding records from public view is far more arduous.

*Id.* Thus, once the parties in this matter move to the adjudicative stage, judges must serve as "the public interest's principal champion" and "zealously guard the public's right of access to judicial records—their judicial records—so 'that justice may not be done in a corner.'" *Id.* at 421 (quoting

However, if the Plaintiff-States wish to provide non-parties with discovery not subject to this Court's protective order, it is within their right to do so without court permission.

In their reply memorandum, the Applicants move, in the alternative, for extension of the Court's protective order to them, so that they may receive protected and redacted materials—specifically, they seek written discovery responses identified by search terms and certain confidentiality agreements between or among the parties with third parties. [doc. #152, p. 2]. To this extent, their alternative motion is GRANTED. If the Plaintiff-States provide discovery materials to the Applicants with are subject to the Court's protective order, those materials continue to be protected.

However, the Applicants also suggest that they might obtain unredacted and protected materials from the Plaintiff-States. To this extent, their alternative motion is DENIED. Any documents provided in discovery, whether from Plaintiffs to Defendants or from Defendants to Plaintiffs, should already be redacted. Further, the Applicants admit that their request for deposition transcripts is moot, and they have withdrawn their request for deposition video recordings at this time. The undersigned will not issue a blanket prospective order allowing the Applicants to access unidentified, protected materials.

## Conclusion

For the foregoing reasons,

Applicants Robert F. Kennedy, Jr., Joseph Mercola, and Ty and Charlene Bollinger's motion to intervene [doc. #118], is **DENIED.** Their alternative motion, contained in their reply

---

NEW JERSEY PROVINCIAL CHARTER CH. 23, July 29, 1674, *reprinted in* 5 FRANCIS NEWTON THORPE, THE FEDERAL AND STATE CONSTITUTIONS, COLONIAL CHARTERS, AND OTHER ORGANIC LAWS 2551 (1909)).

memorandum, is **GRANTED IN PART** and **DENIED IN PART.**

In Chambers, at Monroe, Louisiana, on this 10th day of January, 2023.

_Kayla Dye McClusky_
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE
