UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| THE STATE OF MISSOURI, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) Case No. 3:22-cv-01213-TAD-KDM |
| JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM
ON DISCOVERY RELATING TO PUBLIC STATEMENTS BY JENNIFER R. PSAKI**

i

## TABLES OF CONTENTS

INTRODUCTION ..................................................................................................................1

ARGUMENT........................................................................................................................2

I.   No Further Discovery Is Necessary As an Alternative to Ms. Psaki's Deposition. .............2

II.  If any Additional Discovery is Ordered, it Should be Limited to Amended Interrogatory Responses Reflecting Information Obtained from Ms. Psaki.......................5

CONCLUSION....................................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

*BKGTH Prods., LLC v. Does 1-20*,
  CIV.A. No. 13-5310, 2013 WL 5507297 (E.D. La. Sept. 30, 2013) ..........................................2

*Cheney v. U.S. Dist. Ct. for D.C.*,
  542 U.S. 367 (2004) ...................................................................................................4, 8

*In re Paxton*,
  53 F.4th 303 (5th Cir. 2022) ...............................................................................................3, 4

**INTRODUCTION**

The Fifth Circuit stayed the deposition of Jennifer R. Psaki, the former White House Press Secretary "pending the pursuit of less intrusive alternatives to a deposition and further order of the district court." *See* Order at 8, *In re Murthy*, No. 22-30697 (5th Cir. Jan. 5, 2023) ("*In re Murthy II*"). This Court accordingly ordered the parties to file simultaneous briefs addressing alternatives to Ms. Psaki's deposition and stated that it would "consider an extension of the expedited preliminary injunction-related discovery only for [such] purposes." *See* Minute Entry (Jan. 6, 2023), ECF No. 163. Absent extension, the expedited discovery period ends on January 13, 2023. *See* Mem. Order, ECF No. 148.

Any additional expedited discovery in lieu of Ms. Psaki's deposition must therefore be designed to serve as a substitute for the information that Plaintiffs would have sought in a deposition of Ms. Psaki. But as the Fifth Circuit also explained, there is unlikely to be much, if any, information that Plaintiffs still need in this area. That court rejected the notion that Ms. Psaki had unique information on the ground that she had made public statements on relevant topics, and further identified numerous alternative sources of information already in the record relevant to the matters that Plaintiffs asserted they would explore in her deposition. *See In re Murthy II* at 7 (emphasizing that "[t]he federal government has produced thousands of pages of written discovery, and four depositions have already taken place"—all during an "early station in litigation" before resolution of the pending motion to dismiss).[1]

This Court should therefore decline to extend the expedited discovery period for further discovery into Ms. Psaki's statements; such discovery is unnecessary to resolve Plaintiffs'

---

[1] Since briefing at the Fifth Circuit, a fifth witness sat for deposition and a sixth is scheduled for tomorrow, January 12, 2023. Defendants have also since responded to extensive discovery served on Robert Flaherty, White House Director of Digital Strategy.

1

preliminary injunction motion. The parties should instead proceed to completing briefing on Plaintiffs' motion for preliminary injunction. If this Court concludes that more discovery is needed in lieu of Ms. Psaki's deposition, it should, at most, order Defendants to amend their previous responses to the interrogatories Plaintiffs served on the White House Office of the Press Secretary by providing supplemental answers based on consultation with Ms. Psaki. Anything more would be unrelated to the information Plaintiffs purportedly need from Ms. Psaki, and therefore unauthorized by this Court's January 6 order, and would only further delay the close of expedited discovery and resolution of Plaintiffs' aging preliminary-injunction motion.

## ARGUMENT

**I.     No Further Discovery Is Necessary As an Alternative to Ms. Psaki's Deposition.**

The Fifth Circuit stayed Ms. Psaki's deposition on the ground that Plaintiffs had not satisfied the "exceptional circumstances" standard to depose Ms. Psaki. In the course of the court's discussion, the court also made clear that the range of information, if any, that would have been gleaned in that deposition is narrow and that extensive alternative sources of information concerning White House contacts with social-media companies are already in the record. Thus, there is no justification for any additional expedited discovery to substitute for Ms. Psaki's deposition to litigate Plaintiffs' preliminary injunction motion. *See BKGTH Prods., LLC v. Does 1-20*, CIV.A. No. 13-5310, 2013 WL 5507297, at *5 (E.D. La. Sept. 30, 2013) ("A party seeking expedited discovery must narrowly tailor their requests in scope to the *necessary* information they seek." (emphasis added)).

In particular, the Fifth Circuit rejected Plaintiffs' argument that a deposition is required in order to, among other things, "illuminate the meaning of [Ms. Psaki's public] statements," pointing out that "[m]uch of this desired illumination" already "is apparent from the record." *In re Murthy II* at 5. For example, the "content of th[e] 'asks'" "the federal government made to social media

2

platforms" is "available from Psaki's public statements." *Id.* And "[t]he record is already replete with" information about "the identities of government officials and social media platforms mentioned in Psaki's statements." *Id.* (noting that the "record identifies" the names of several White House officials and social media platforms). Indeed, at the time of briefing to the Fifth Circuit, "[t]he federal government ha[d] produced thousands of pages of written discovery, and four depositions ha[d] already taken place." *Id.* at 7. The record has only grown since then. The federal government has produced nearly 2,000 pages of additional documents from the White House. *See* Mem. Order at 9, ECF No. 148 (ordering Robert Flaherty, White House Director of Digital Strategy, to respond to written discovery by January 5, 2023). And Plaintiffs have now deposed a fifth individual, Eric Waldo, an official from U.S. Department of Health and Human Services. At that deposition, Plaintiffs asked Mr. Waldo about e-mails between White House officials and social media companies—produced to Plaintiffs in August 2022—that he was copied on. *See, e.g.*, Deposition of Eric Waldo at 297-302 (discussing an e-mail from Rob Flaherty to Eric Waldo, a Facebook employee, and others) (attached); *see also* The Parties' Joint Statement on Discovery Disputes at 6, ECF No. 71 ("Joint Statement") (acknowledging in August that Defendants' "document production" identified "several senior White House officials in communications with social-media platforms," and noting that subpoena responses from several social media platforms "disclosed" names of White House officials).

Further, the Fifth Circuit underscored that a press secretary's "generalized" public statements do not warrant discovery probing into what the press secretary meant or knows. *In re Murthy II* at 5 (observing that the Fifth Circuit "recently rejected subjecting certain high-ranking state-government officials to depositions because of generalized 'public statements about a matter that later became the subject [of] litigation.'" (quoting *In re Paxton*, 53 F.4th 303, 309 (5th Cir.

3

2022)). In *Paxton,* the Fifth Circuit rejected the argument that the Texas Attorney General should have been made to testify about public statements he made about his enforcement authority. *In re Paxton*, 53 F.4th at 309 (finding it "is entirely unexceptional for a public official to comment publicly about a matter of public concern."). The Fifth Circuit here adopted the same logic in staying Ms. Psaki's deposition, noting that, "[a]s Press Secretary, Psaki's role was to inform the media of the administration's priorities, not to develop or execute policy." *In re Murthy II* at 5-6. That is, a press secretary often makes countless public statements on behalf of an administration based on second-hand information received from other government officials. Probing what the press secretary meant by those statements should not be the subject of discovery. Otherwise, that would be true for any matter of public interest that is in litigation.

In light of the Fifth Circuit's analysis and the current state of the record, Plaintiffs cannot justify taking further expedited discovery relating to Ms. Psaki's statements even by means other than a deposition of Ms. Psaki. As the Fifth Circuit noted, "much of [Plaintiffs'] desired illumination" of the "meaning of [Ms. Psaki's public] statements" is "apparent from the record." *Id.* at 5. Accordingly, Plaintiffs cannot demonstrate that further discovery related to Ms. Psaki's statements, by any means, is "necessary" to litigate their preliminary-injunction motion. Moreover, even apart from the burden imposed when discovery of the White House raises concerns about executive privilege—which this Court has previously addressed—the Supreme Court has admonished courts to consider "the burden imposed [on the White House] by . . . discovery orders," emphasizing that "the Executive's 'constitutional responsibilities and status [are] factors counseling judicial deference and restraint' in the conduct of litigation against [the White House]." *See Cheney v. U.S. Dist. Ct. for D.C.,* 542 U.S. 367, 385 (2004) (citation omitted) (holding the

4

D.C. Circuit erred in not entering mandamus against a discovery order against the White House). That burden is yet another factor that militates against Plaintiffs' discovery request.

Plaintiffs thus do not need and cannot justify more discovery at the preliminary-injunction stage (including written discovery purportedly in lieu of a deposition) related to Ms. Psaki's public statements. Discovery has already proceeded for six months, and, as the Fifth Circuit noted, that discovery has been "extensive" even though "'expedited discovery' should be 'narrowly tailored.'" *See In re Murthy II* at 7. In the meantime, "[a]n initial motion to dismiss was filed, and another revised to reflect the amended complaint is pending," *id*. It is time for Plaintiffs to supplement the preliminary injunction motion they filed last spring, rather than to continue to exploit the expedited discovery period to obtain more open-ended discovery.

**II.    If any Additional Discovery is Ordered, it Should be Limited to Amended Interrogatory Responses Reflecting Information Obtained from Ms. Psaki.**

Even if further discovery were warranted at this stage, the Fifth Circuit recognized that there is a "clear alternative [to Ms. Psaki's deposition that] both parties actually had accepted": that Defendants "amend [their] interrogatory responses after consulting with Psaki." *See Id*. at 4. Thus, if this Court concludes that further discovery concerning Ms. Psaki's public statements is necessary, then, in lieu of her deposition, this Court should simply direct Defendants to amend their written responses to the interrogatories Plaintiffs previously served on the White House Office of the Press Secretary, to include information obtained directly from Ms. Psaki.

This Court should reject any request by Plaintiffs to go further, and to have Defendants also designate "lower-level officials with relevant knowledge" to provide further written discovery responses and potentially sit for depositions. *See id*. at 4. Rather, to the extent Plaintiffs insist on (and can justify) discovery to learn what Ms. Psaki meant in her public statements, then amending interrogatory responses with information provided by Ms. Psaki would be the only appropriate,

5

and least burdensome, means of doing so. And it is an alternative that Plaintiffs have already accepted. Plaintiffs' request for additional discovery on "lower-level" officials thus boils down instead to an effort to further expand discovery in a manner untethered to their previous purported need for Ms. Psaki's deposition. As Plaintiffs have acknowledged, the objective of such discovery is to obtain information within the possession of *those* individuals, not Ms. Psaki. Pls.' Reply Br. Addressing the Fifth Circuit's Nondispositive Order Regarding Deps. at 15, ECF No. 146 ("Pls.' Reply Br.") (seeking authorization "to serve written interrogatories and document requests on that official or officials" and to potentially later seek deposition(s)). But the discovery Plaintiffs would seek from those officials has nothing to do with obtaining knowledge Ms. Psaki possesses.

To the extent Plaintiffs want Defendants to identify lower-level officials in the White House Press Office, Defendants' prior discovery responses make clear that no other officials are likely to furnish information that is not already to be found in the record. Defendants have already conducted a reasonable search for email communications concerning misinformation between Press Office personnel and social media platforms—including of Ms. Psaki's emails—and did not identify any responsive documents. *See* Ex. B to Defendants' Motion to Quash Psaki's Deposition (ECF No. 119-2) (Defendant Karine Jean-Pierre's Amended Objections and Responses to Plaintiffs' Requests for the Production of Documents). Likewise, the White House Office of the Press Secretary has already responded to Plaintiffs' interrogatories about what Ms. Psaki meant in her public statements. *See* Ex. C to Defendants' Motion to Quash Psaki's Deposition (ECF No. 119-2) (Defendants' Amended Combined Corrected Interrogatory Responses).

And to the extent Plaintiffs request that Defendants identify additional officials outside of the White House Press Office who have communicated with social media platforms about misinformation, that is simply an attempt to expand discovery in a way that has already been

6

foreclosed by this Court's prior orders. After Defendants produced thousands of documents in August, Plaintiffs added several White House officials as Defendants in this action and sought to take discovery on them and other newly added Defendants. *See* Joint Statement, ECF No. 71, at 6 (listing several White House officials identified in Defendants' discovery production and in subpoena responses from social media platforms); *id.* at 26 (seeking to amend their complaint and to take new discovery on the new defendants); *see also* Second Am. Compl., ECF No. 84 (naming more than ten White House officials as defendants). But this Court denied "Plaintiffs' request for additional expedited preliminary-injunction discovery as to the newly added defendants." Mem. Ruling and Order on Discovery Disputes at 4, ECF No. 72. In denying that request, this Court observed that Plaintiffs' "expedited discovery request [is] for the purpose of gaining the necessary information to address the preliminary injunction," and that the Court was "aware of the burden it has put on all parties" such that "[t]o add additional expedited discovery during the current schedule would be too much." *Id*. Any request for more discovery on the White House would be duplicative of what this Court previously rejected. *See id.*[2]

Further, any such discovery would be cumulative and burdensome at this stage. Defendants have now just responded to discovery served on Mr. Flaherty by producing more than 500 documents totaling nearly 2,000 pages, while also providing extensive interrogatory responses verified by Mr. Flaherty. *See* Mem. Order at 9, ECF No. 148 (setting January 5 for deadline to respond to discovery served on Mr. Flaherty). And, to the extent that Plaintiffs try to rely on the

---

[2] If Plaintiffs' request is to depose low-ranking officials, then that would impose even more unwarranted burdens on the White House, a point Plaintiffs have tacitly recognized. In their reply brief following the first Fifth Circuit order, Plaintiffs proposed that the Court allow them "to serve written interrogatories and document requests on that official or officials," and then to "report back to the Court . . . about whether" Ms. Psaki *or* those other officials should be deposed. *See* Pls.' Reply Br. at 15, ECF No. 146. Implicit in Plaintiffs' proposal is the recognition that depositions would be even more burdensome than written discovery.

discovery obtained from Mr. Flaherty to assert a need for more discovery of the White House, that would have nothing to do with obtaining, through less burdensome means, the information they seek from Ms. Psaki. Further, as noted, the Supreme Court has counseled "judicial deference and restraint" before imposing discovery burdens on the White House at any stage of litigation. *See Cheney,* 542 U.S. at 385 ("counseling judicial deference and restraint' in the conduct of litigation against [the White House]" in finding the D.C. Circuit erred in not granting mandamus). Such caution is especially warranted at the expedited discovery phase when "[e]xpedited discovery is not the norm" and must be "reasonable[] . . . in light of all the surrounding circumstances." *See* Mem. Ruling and Order at 9, ECF No. 34. The Fifth Circuit's direction that "less intrusive alternatives to a deposition" of Ms. Psaki be considered, *see In re Murthy II* at 8, was not an invitation to further efforts by Plaintiffs to expand the "extensive discovery" that they have already been authorized to pursue in an "expedited discovery" process intended to be "narrowly tailored." *See id*. at 7 (also noting the pendency of Defendants' motion to dismiss).

Accordingly, if this Court is to extend the expedited discovery period as it relates to Ms. Psaki, any such discovery should be limited to Defendants amending their previous interrogatory responses for the White House Office of the Press Secretary after consulting with Ms. Psaki. Defendants request that the Court provide three weeks from any such Court order to amend those responses to provide adequate time for proper coordination with a former governmental official now represented by private counsel.

## **CONCLUSION**

For the reasons stated herein, this Court should close the expedited discovery period and decline to authorize any further expedited discovery related to Ms. Psaki. If it orders any discovery as an alternative to Ms. Psaki's deposition, the discovery should be limited to ordering Defendants to provide, in three weeks, amended responses, after consultation with Ms. Psaki, to Plaintiffs' interrogatories previously served on the White House Press Secretary's Office.

Dated: January 11, 2023  Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

JAMES J. GILLIGAN
*Special Litigation Counsel, Federal Programs Branch*

*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER (IL Bar No. 6286601)
*Senior Trial Counsel*
KYLA SNOW (OH Bar No. 96662)
INDRANEEL SUR (D.C. Bar No. 978017)
AMANDA K. CHUZI (D.C. Bar No. 1738545)
*Trial Attorneys*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Tel: (202) 598-3846
Adam.Kirschner@usdoj.gov

 *Attorneys for Defendants*