**Sauer, John**

| | |
|---|---|
| **From:** | Snow, Kyla (CIV) <Kyla.Snow@usdoj.gov> |
| **Sent:** | Thursday, January 19, 2023 9:26 AM |
| **To:** | Sauer, John |
| **Cc:** | Kirschner, Adam (CIV); Sur, Indraneel (CIV); Chuzi, Amanda K. (CIV); Gardner, Joshua E (CIV); Scott, Todd; Capps, Kenneth; Jenin Younes; John Vecchione; Jonathon Burns; Capps, Charles; murrille@ag.louisiana.gov; Short, Tracy; mwold@cooperkirk.com; Brian Barnes; Divine, Josh |
| **Subject:** | RE: [EXTERNAL] RE: MO/LA v. Biden - Demand for Immediate Remediation of CISA Discovery Violation |

John,

We received your January 17 e-mail where you raise untimely and improper demands for supplemental document productions and discovery responses from numerous agencies.

As a starting point, the Court's recent orders clearly indicate that, apart from supplementation of Defendants' interrogatory responses based on consultation with Ms. Psaki, discovery related to Plaintiffs' preliminary-injunction motion is now closed, and the parties are to move forward with briefing that motion. The parties have engaged in six months of expedited discovery and Defendants have produced thousands of documents, responded to dozens of interrogatories, and have provided six witnesses to sit for full-day depositions. If there are any outstanding matters for discovery, they should be addressed in the context of any Rule 26 conference should this case proceed to merits discovery after resolution of Plaintiffs' preliminary injunction motion and Defendants' motion to dismiss.

Nevertheless, we respond to each of your items in turn.

1) Your accusation that CISA "effectively concealed" key custodians is baseless. As we made clear in our initial discovery responses last August, CISA chose custodians based on its understanding of their involvement in the relevant communications, balanced against the reality of the extreme burdens associated with a *one-month* compressed discovery schedule—during which Defendants produced approximately 15,000 pages of documents (including nearly 5,000 from CISA alone) and responded to numerous interrogatories. Moreover, CISA's document productions revealed that individuals other than Mr. Scully were included on emails involving switchboarding efforts with social media companies. Indeed, you used some of those emails during your questioning of Mr. Scully. Any questions about how CISA identified custodians for purposes of expedited discovery should have been raised in the parties' meet and confer over Defendants' written discovery responses in August. Therefore, your current contention that some other employees or interns who took "shifts" on responding to "switchboarding" emails makes them key custodians for purposes of expedited discovery is not only baseless, it is untimely. Furthermore, you do not explain why any additional discovery is necessary to litigate your preliminary injunction motion. Whether additional documents should be produced during any merits discovery may be addressed at that time.

2) Your demand for an immediate search and production of documents from additional custodians is also untimely and without justification. Again, we underscore the voluminous documents that Defendants searched for, reviewed, and produced in an expedited timeframe; Defendants' transparency in identifying whose email was searched; and the reasonableness of the searches in light of the burdens involved in a highly compressed timeframe. Any questions about those considerations should have been addressed in the parties' meet and confer statement last August. Separately, you base your demand for documents from these new custodians on a list of names you received from Twitter, and you describe the named individuals as federal officials who have communicated with Twitter about content modulation and misinformation. But you have not provided us with

1

all of the inquiries you have sent to Twitter or Twitter's complete responses; we therefore could not properly assess your demand for discovery from these individuals even if there were any merit to that demand made at the closing of the expedited discovery period.

3) As to Mr. Flaherty, Defendants produced more than 500 emails and documents, totaling nearly 2,000 pages, and responded to extensive interrogatories during an abbreviated timeframe over the year-end holidays. That said, we believe we can address several of your concerns.

   a. First, we note that the response to Interrogatory Number 18 states: "Mr. Flaherty further avers that, aside from telephone, email, and videoconference, he does not recall personally using alternative channels of communications to discuss misinformation with social media platforms while in government service." We can confirm that Mr. Flaherty also does not recall using personal email or text messages to discuss misinformation with social media platforms while in government service. Given this understanding, and the expedited timeframe in which Defendants were required to produce discovery from Mr. Flaherty, it was reasonable for Defendants to conduct an exhaustive search only of Mr. Flaherty's governmental email account to respond to Plaintiffs' numerous discovery requests.

   b. Second, in response to Interrogatory Number 9, Mr. Flaherty stated that "he recalls *primarily* discussing misinformation with Meta, Google, and Twitter" (emphasis added). Again, due to the highly expedited timeframe it was reasonable for Defendants to focus their search on the social media platforms with which Mr. Flaherty primarily communicated. At the same time, as you acknowledge, Defendants' interrogatory responses explicitly noted that Mr. Flaherty communicated with others as well. Additionally, Defendants' definition of "Social-Media Platform" for purposes of responding to Plaintiffs' discovery requests on Mr. Flaherty is consistent with the definition used for responding to all other requests during the expedited discovery period, and any objection to that definition should have been raised in the parties' meet and confer statement last August. Again, if a different definition is warranted during any merits discovery, it may be discussed at that time.

   c. Third, other than the slip sheets designating the withholding of the Covid Insight Reports as proprietary (consistent with practice in previous productions), Defendants did not withhold identified responsive privileged information in their production of documents in response to the requests served on Mr. Flaherty. Defendants included the privilege objection to the extent certain requests could be read more broadly to encompass privileged information. The same privilege objections were made in response to Plaintiffs' other discovery requests that could have been read in the same way.

   d. Finally, we disagree with your characterization that Defendants' responses to certain interrogatories are vague and unsatisfactory. As explained in Defendants' objections to interrogatories one through five, in addition to being otherwise objectionable, those requests were unduly burdensome to the extent they asked for information beyond what Defendants produced in response to Plaintiffs' broad discovery requests. As for interrogatory number 14, besides also being otherwise objectionable, Defendants provided a response that "Mr. Flaherty avers that he is unaware of whom Ms. Psaki was specifically referring to at the time of the press briefing."

In summary, Defendants fully complied with their obligations during this expedited discovery period and accurately described to you how they were approaching the discovery. It is well past the time to object to that approach, and well past the time to proceed to briefing on the preliminary injunction motion. If the case proceeds to merits discovery, we will of course confer with you about the proper and reasonable scope of any additional discovery sought at that time.

Regards,
Kyla

Kyla M. Snow
Trial Attorney | U.S. Department of Justice
Civil Division | Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Kyla.Snow@usdoj.gov
Office: (202) 514-3259
Cell: (202) 598-3561


**From:** Snow, Kyla (CIV)
**Sent:** Wednesday, January 18, 2023 2:53 PM
**To:** Sauer, John <John.Sauer@ago.mo.gov>
**Cc:** Kirschner, Adam (CIV) <Adam.Kirschner@usdoj.gov>; Sur, Indraneel (CIV) <Indraneel.Sur@usdoj.gov>; Chuzi, Amanda K. (CIV) <Amanda.K.Chuzi@usdoj.gov>; Gardner, Joshua E (CIV) <Joshua.E.Gardner@usdoj.gov>; Scott, Todd <Todd.Scott@ago.mo.gov>; Capps, Kenneth <Kenneth.Capps@ago.mo.gov>; Jenin Younes <jenin.younes@ncla.legal>; John Vecchione <john.vecchione@ncla.legal>; Jonathon Burns <john@burns-law-firm.com>; Capps, Charles <Charles.Capps@ago.mo.gov>; murrille@ag.louisiana.gov; Short, Tracy <ShortT@ag.louisiana.gov>; mwold@cooperkirk.com; Brian Barnes <BBarnes@cooperkirk.com>; Divine, Josh <Josh.Divine@ago.mo.gov>
**Subject:** RE: [EXTERNAL] RE: MO/LA v. Biden - Demand for Immediate Remediation of CISA Discovery Violation

John,

We will do our best to respond to your latest email by noon Central tomorrow. But yesterday you raised two new matters for the first time and we need to properly assess those new requests and confer with our clients. From your email it seems that you have been aware of this information for roughly a week or longer before raising these items with Defendants. For example, you refer to a letter from Twitter from the morning of January 12, but you waited nearly six days before bringing it to our attention, undermining the time sensitivity of the issues relating to the letter. And, for the Flaherty discovery, you waited 12 days before raising related questions. Requesting a response in less than two days under these circumstances is unreasonable.

We will try to respond by noon Central tomorrow but, if not, we will respond as soon as we can after we properly confer with our clients.

Best,
Kyla


**From:** Sauer, John <John.Sauer@ago.mo.gov>
**Sent:** Wednesday, January 18, 2023 1:31 PM
**To:** Snow, Kyla (CIV) <Kyla.Snow@usdoj.gov>
**Cc:** Kirschner, Adam (CIV) <Adam.Kirschner@usdoj.gov>; Sur, Indraneel (CIV) <Indraneel.Sur@usdoj.gov>; Chuzi, Amanda K. (CIV) <Amanda.K.Chuzi@usdoj.gov>; Gardner, Joshua E (CIV) <Joshua.E.Gardner@usdoj.gov>; Scott, Todd <Todd.Scott@ago.mo.gov>; Capps, Kenneth <Kenneth.Capps@ago.mo.gov>; Jenin Younes <jenin.younes@ncla.legal>; John Vecchione <john.vecchione@ncla.legal>; Jonathon Burns <john@burns-law-firm.com>; Capps, Charles <Charles.Capps@ago.mo.gov>; murrille@ag.louisiana.gov; Short, Tracy <ShortT@ag.louisiana.gov>; mwold@cooperkirk.com; Brian Barnes <BBarnes@cooperkirk.com>; Divine, Josh <Josh.Divine@ago.mo.gov>
**Subject:** RE: [EXTERNAL] RE: MO/LA v. Biden - Demand for Immediate Remediation of CISA Discovery Violation

Kyla-

3

Thanks for your response. Given the time-sensitivity of these issues, and the deadline to complete discovery by Jan. 27, we request that you notify us of your position by noon Central tomorrow.

Thank you,

John Sauer

**From:** Snow, Kyla (CIV) <Kyla.Snow@usdoj.gov>
**Sent:** Wednesday, January 18, 2023 12:11 PM
**To:** Sauer, John <John.Sauer@ago.mo.gov>
**Cc:** Kirschner, Adam (CIV) <Adam.Kirschner@usdoj.gov>; Sur, Indraneel (CIV) <Indraneel.Sur@usdoj.gov>; Chuzi, Amanda K. (CIV) <Amanda.K.Chuzi@usdoj.gov>; Gardner, Joshua E (CIV) <Joshua.E.Gardner@usdoj.gov>; Scott, Todd <Todd.Scott@ago.mo.gov>; Capps, Kenneth <Kenneth.Capps@ago.mo.gov>; Jenin Younes <jenin.younes@ncla.legal>; John Vecchione <john.vecchione@ncla.legal>; Jonathon Burns <john@burns-law-firm.com>; Capps, Charles <Charles.Capps@ago.mo.gov>; murrille@ag.louisiana.gov; Short, Tracy <ShortT@ag.louisiana.gov>; mwold@cooperkirk.com; Brian Barnes <BBarnes@cooperkirk.com>; Divine, Josh <Josh.Divine@ago.mo.gov>
**Subject:** Re: [EXTERNAL] RE: MO/LA v. Biden - Demand for Immediate Remediation of CISA Discovery Violation

John,

We are unavailable for a meet and confer today. We will follow up on your requests as soon as we can, over the next day or so.

Best,

Kyla

On Jan 18, 2023, at 11:18 AM, Sauer, John <John.Sauer@ago.mo.gov> wrote:

Dear Counsel-

Just following up with our request to meet and confer today about these issues in my email of yesterday, below. I will be tied up for the next two hours but available at any time this afternoon. Please let us know if/when you are available.

Thanks, John

**From:** Sauer, John
**Sent:** Tuesday, January 17, 2023 4:27 PM
**To:** 'Snow, Kyla (CIV)' <Kyla.Snow@usdoj.gov>; Kirschner, Adam (CIV) <Adam.Kirschner@usdoj.gov>; Sur, Indraneel (CIV) <Indraneel.Sur@usdoj.gov>; Chuzi, Amanda K. (CIV) <Amanda.K.Chuzi@usdoj.gov>; Gardner, Joshua E (CIV) <Joshua.E.Gardner@usdoj.gov>

**Cc:** Scott, Todd <Todd.Scott@ago.mo.gov>; Capps, Kenneth <Kenneth.Capps@ago.mo.gov>; 'Jenin Younes' <jenin.younes@ncla.legal>; 'John Vecchione' <john.vecchione@ncla.legal>; 'Jonathon Burns' <john@burns-law-firm.com>; Capps, Charles <Charles.Capps@ago.mo.gov>; 'murrillE@ag.louisiana.gov' <murrillE@ag.louisiana.gov>; 'Short, Tracy' <ShortT@ag.louisiana.gov>; 'mwold@cooperkirk.com' <mwold@cooperkirk.com>; 'Brian Barnes' <BBarnes@cooperkirk.com>; Divine, Josh <Josh.Divine@ago.mo.gov>
**Subject:** RE: MO/LA v. Biden - Demand for Immediate Remediation of CISA Discovery Violation

Kyla-

***First,*** thank you for responding to our request for supplemental document production to CISA based on the admissions made by Mr. Scully in last Thursday's deposition. Respectfully, your response effectively confirms that CISA had every reason to know that these five individuals are key custodians, and that CISA deliberately chose not to produce any ESI from them. Your email states, "Your suggestion that [we] only learned on Thursday, January 12 that CISA did not search the custodial files of Messrs. Josiah, Schaul, Zaheer and Stafford therefore is incorrect." To be clear, we do not contend that we "only learned on Thursday, January 12 that CISA did not search the custodial files" of those four custodians. On the contrary, we were well aware of it, but were led to believe that they were not searched because CISA had made a good-faith determination that they were not key custodians. As I pointed out in my email of Friday morning, it appears that CISA's interrogatory responses were artfully crafted to imply that those individuals were *not* key custodians. The interrogatory responses identified Brian Scully and Lauren Protentis, among others, as custodians whose ESI was searched, and then identified Josiah, Schaul, Zaheer, and Stafford as individuals who happened to be copied on communications but whose ESI was *not* searched—implying that CISA had determined that these were *not* custodians whose ESI warranted searching. Then, last Thursday, Mr. Scully disclosed for the first time that all of them (along with Mr. Lowary, whose name Mr. Scully went to extraordinary lengths to avoid disclosing) took "shifts" to send "switchboarding" emails to social-media platforms throughout the 2020 election cycle—indicating that they are highly relevant custodians. Your other objections to rectifying this calculated omission are meritless. Your object that our request for their emails is "untimely," but we had no reason to demand them until Mr. Scully's testimony revealed the discovery violation last Thursday, before which CISA had effectively concealed their importance—and, once that was disclosed, we immediately demanded them. And your argument that you produced a tiny number of emails from these custodians—all of which were produced because they included Mr. Scully or other key custodians—reinforces my point, *i.e.*, that CISA's production appears deliberately crafted to make it look as if these individuals were *not* key custodians. We respectfully insist that you remediate this discovery violation immediately.

5

***Second***, information that we received in the early-morning hours of January 12—the same day as Mr. Scully's deposition, by coincidence—indicates that this exclusion of critical custodians from the Government's ESI disclosures last August was not limited to CISA. On January 12, Twitter provided us with the attached list of ***57 federal officials*** who are or have communicated with Twitter about content modulation and misinformation. This newly updated list includes custodians who evidently should have been included, but were not included, as key custodians in the Government's document production from last August. For example, Twitter's updated list includes the following officials whom your interrogatory responses do not identify as custodians "having relevant communications" (in your words), which Twitter's recent disclosure contradicts:
1. Dina Perry, Public Affairs Strategist for NIAID
2. Alexandria Phillips, Communications Director, Office of the Surgeon General
3. Teri Hatch, Director of Digital Media, Office of the Surgeon General
4. Several CISA officials who were not treated as key custodians, such as Kristen Heidelberg, Allison Snell, Megan Tsuyi, and Kim Wyman
5. Several members of DHS's I&A subdivision (Office of Intelligence & Analysis), none of whom were included as key custodians from DHS, including Kevin Saupp, Melissa Smislova, and Catalina McCarthy

We request that you remediate these deficiencies and produce responsive ESI from these custodians, who were omitted without explanation from your August production, without delay. In addition, we request that you supplement your disclosures to include responsive communications from the other federal officials on Twitter's updated list.

***Third***, we have several issues to raise regarding Mr. Flaherty's discovery responses received on January 5. First, in his interrogatory responses, you indicate that you searched only his official email account, did not search for text messages, and did not search private email accounts and devices. We request that you search for responsive text messages and search private email accounts and devices for responsive ESI, and supplement your production accordingly. Second, you indicated that you limited the definition of "Social-Media Platform" to include only Facebook, Instagram, YouTube, LinkedIn, and Twitter. This is astonishing, given that Mr. Flaherty's interrogatory responses admit that he also communicates with Pinterest and Snapchat, and your document production indicates that he communicates with Microsoft, Reddit, and Pinterest. We request that you immediately produce responsive documents reflecting Mr. Flaherty's communications with *all* social-media platforms, not just those within your artificially narrow definition. Third, your discovery responses both (a) make blanket assertions of privilege, including as to presidential communications privilege and other obviously inapplicable privileges (including those that the Court has already are inapplicable); and yet (b) refuse to produce a privilege log. Thus, it is unclear to us whether you withheld any responsive documents on

claim of privilege, and if so, what was the basis for those claims of privilege. This concern is heightened because your description of the documents that you are producing repeatedly states that you are producing "*non-privileged* emails," which implies that you may be withholding supposedly "privileged" emails without identifying them. We request that you immediately clarify whether any document(s) are withheld on the basis for privilege from Mr. Flaherty's production, and if so, provide a clear description of the document and articulation of the basis for the privilege. Fourth, Mr. Flaherty's response to Interrogatory 2 is utterly vague and unsatisfactory. We have identified at least specific 45 meetings between Mr. Flaherty and social-media platforms from your document production, and his one-paragraph response to an interrogatory asking him to identify and describe in detail those meetings is woefully inadequate; it does not reflect any good-faith basis to comply with the interrogatory. The same vagueness, to the point of non-responsiveness, afflicts Mr. Flaherty's responses to interrogatories 1, 3, 4, 5, and 14. We request that you address and remediate these deficiencies immediately.

We are available to meet and confer with you to discuss these issues at any time tomorrow. Please let us know your availability.

Thanks, John Sauer


**From:** Snow, Kyla (CIV) <Kyla.Snow@usdoj.gov>
**Sent:** Tuesday, January 17, 2023 12:49 PM
**To:** Sauer, John <John.Sauer@ago.mo.gov>; Kirschner, Adam (CIV) <Adam.Kirschner@usdoj.gov>; Sur, Indraneel (CIV) <Indraneel.Sur@usdoj.gov>; Chuzi, Amanda K. (CIV) <Amanda.K.Chuzi@usdoj.gov>; Gardner, Joshua E (CIV) <Joshua.E.Gardner@usdoj.gov>
**Cc:** Scott, Todd <Todd.Scott@ago.mo.gov>; Capps, Kenneth <Kenneth.Capps@ago.mo.gov>; 'Jenin Younes' <jenin.younes@ncla.legal>; 'John Vecchione' <john.vecchione@ncla.legal>; 'Jonathon Burns' <john@burns-law-firm.com>; Capps, Charles <Charles.Capps@ago.mo.gov>; 'murrillE@ag.louisiana.gov' <murrillE@ag.louisiana.gov>; 'Short, Tracy' <ShortT@ag.louisiana.gov>; 'mwold@cooperkirk.com' <mwold@cooperkirk.com>; 'Brian Barnes' <BBarnes@cooperkirk.com>
**Subject:** RE: MO/LA v. Biden - Demand for Immediate Remediation of CISA Discovery Violation

John:

We disagree with your characterization of Mr. Scully's testimony, as well as your contention that Defendants have committed a discovery violation in this case. In particular, the suggestion that Defendants have not acted in good faith is meritless.

As you acknowledge in your email, CISA explicitly identified the custodians from whom it collected emails for its searches. As early as **mid-August**, in response to Common Interrogatory Number 1, CISA clearly identified the custodians from whom emails were collected and searched, and CISA also explicitly identified additional individuals who appeared in communications with social media companies. CISA identified Jen Easterly, Christopher Krebs, Matthew Masterson, Geoff Hale, Brian Scully, and Lauren Protentis as custodians. CISA chose those custodians based on its understanding of their involvement in

7

relevant communications, balanced against the reality of the extreme burdens associated with a one-month compressed discovery schedule set by the Court in allowing preliminary injunction-focused expedited discovery.

Indeed, before the parties August 31, 2022, joint statement on written discovery disputes, CISA produced approximately 1,400 unique documents. CISA also clearly identified in their discovery responses before this joint statement the following "current and former agency personnel as appearing in the communications produced in response to Plaintiffs' Request for Production": Chad Josiah; Robert Schaul; Alex Zaheer; and John Stafford. Your suggestion that you only learned on Thursday, January 12 that CISA did not search the custodial files of Messrs. Josiah, Schaul, Zaheer and Stafford therefore is incorrect. And while CISA did not identify Cable, Camargo and Lowary in its interrogatory responses, that is because they were summer interns, which CISA did not regard as key custodians (and, in any event, as explained below, certain communications to which they were parties were produced in August 2022 ahead of the parties' joint statement on written discovery).

In addition, Plaintiffs' effort to dispute CISA's selection of custodians for purposes of the current expedited discovery period is untimely. The Court ordered the parties to submit all challenges to written discovery within ten days of the responding party's objections. Dkt. No. 34 at 14. After receipt of Defendants' objections and responses to Plaintiffs' interrogatories the parties conferred. In an August 24, 2022, email, you acknowledged that "Kuntal identified that [Defendants'] search methodology was to identify key custodians within the relevant agencies and use our 'Search Terms' on their inboxes, and then engage in a responsiveness and privilege review. Based on this representation, I agreed to take of [sic] the table our dispute with your objection to the definitions of Misinformation and Content Modulation, and our concern about what search terms you used." The parties filed a lengthy joint statement on discovery disputes on August 31, 2022, and Plaintiffs did not raise at that time CISA's identification of appropriate custodians—even though Plaintiffs were aware of the custodians CISA identified. Indeed, Plaintiffs' portion of the joint statement recognized that Defendants' search for documents "include 45 key custodians" identified in Defendants' interrogatory responses, Dkt. No. 71 at 9, yet Plaintiffs did not raise any concerns at that time about the custodians Defendants identified. Rather, Plaintiffs raised the purported dispute as to CISA for the first time five months after Defendants served their interrogatory responses and on the eve of the close of the current expedited discovery period. The Court's extension of the discovery period was solely for the purpose of Defendants' providing amended interrogatory responses with respect to Ms. Psaki and not for Plaintiffs to pursue additional sources of discovery from CISA or any other Defendant.

More fundamentally, Plaintiffs' purported concern that they have not received documents necessary to litigate the preliminary injunction motion is misplaced, because CISA's production does include switchboarding documents from individuals other than Mr. Scully. *See, e.g.,* MOLA_DEFSPROD_00009595 (switchboarding email from Chad Josiah); MOLA_DEFSPROD_00008580 (switchboarding email from Rob Schaul); MOLA_DEFSPROD_00008742 (switchboarding email from John Stafford); MOLA_DEFSPROD_00009638 (switchboarding email from Jack Cable). Indeed, CISA produced numerous emails that include Messrs. Stafford, Schaul, Josiah, Zaheer, Lowary, Cable, and Ms. Garcia-Camargo. Accordingly, any "prejudice" to Plaintiffs in not using these produced documents with Mr. Scully at his deposition cannot be attributed to the Defendants. And your claimed surprise at the fact that individuals other than Mr. Scully participated in switchboarding is particularly perplexing given that you used exhibits with Mr. Scully at his deposition reflecting such participation by others. *See, e.g.,* Ex. 9 at MOLA_DEFSPROD_000013661 (switchboarding email from Mr. Stafford); MOLA_DEFSPROD_00008769 (email from Mr. Zaheer passing along information to Scully for switchboard).

For all of these reasons, as well as the significant burden of conducting additional searches and review of documents at this late date, including of documents beyond those authorized by the Court as part of

the expedited preliminary injunction discovery, we cannot agree to conduct any additional searches or make additional productions in connection with Plaintiffs' preliminary injunction motion.

Regards,
Kyla

Kyla M. Snow
Trial Attorney | U.S. Department of Justice
Civil Division | Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Kyla.Snow@usdoj.gov
Office: (202) 514-3259
Cell: (202) 598-3561


**From:** Sauer, John <John.Sauer@ago.mo.gov>
**Sent:** Friday, January 13, 2023 7:54 AM
**To:** Kirschner, Adam (CIV) <Adam.Kirschner@usdoj.gov>; Snow, Kyla (CIV) <Kyla.Snow@usdoj.gov>; Sur, Indraneel (CIV) <Indraneel.Sur@usdoj.gov>; Chuzi, Amanda K. (CIV) <Amanda.K.Chuzi@usdoj.gov>; Gardner, Joshua E (CIV) <Joshua.E.Gardner@usdoj.gov>
**Cc:** Scott, Todd <Todd.Scott@ago.mo.gov>; Capps, Kenneth <Kenneth.Capps@ago.mo.gov>; 'Jenin Younes' <jenin.younes@ncla.legal>; 'John Vecchione' <john.vecchione@ncla.legal>; 'Jonathon Burns' <john@burns-law-firm.com>; Capps, Charles <Charles.Capps@ago.mo.gov>; 'murrillE@ag.louisiana.gov' <murrillE@ag.louisiana.gov>; 'Short, Tracy' <ShortT@ag.louisiana.gov>; 'mwold@cooperkirk.com' <mwold@cooperkirk.com>; 'Brian Barnes' <BBarnes@cooperkirk.com>
**Subject:** [EXTERNAL] MO/LA v. Biden - Demand for Immediate Remediation of CISA Discovery Violation

Dear Counsel-

I am writing to reassert Plaintiffs' demand that you *immediately* remedy what appears to be a grave and potentially deliberate discovery violation by CISA. As emerged in yesterday's deposition, Brian Scully was only one of at least *six* CISA employees who engaged in what Mr. Scully calls "switchboarding," and CISA bulletins describe as "routing disinformation concerns to social-media platforms," i.e., sending reports to social-media platforms of specific posts, speakers, and content that government officials believe is "misinformation" so that it can be censored under their policies. The other five CISA officials identified by Mr. Scully on the record are **Chad Josiah, Rob Schaul, Alex Zaheer, John Stafford,** and **Pierce Lowary**. Mr. Scully testified that he and these five individuals took "shifts" to engage in such "switchboarding" activities of flagging content for censorship to social-media platforms. Yet it appears that, in response to our document requests, CISA only searched Mr. Scully's ESI for responsive documents, and not the other five custodians – indeed, this is made explicit in your interrogatory responses. Mr. Scully also identified **Jack Cable** and **Isabella García-Camargo** as simultaneously employed by CISA and the Stanford Internet Observatory, so it is overwhelmingly likely that they possess highly relevant,

9

responsive documents as well. Furthermore, Mr. Scully testified that CISA maintains a comprehensive "spreadsheet" providing a record of all such "switchboarding" reports from CISA to social-media platforms, and we demand that you produce that spreadsheet as well, so that we can cross-check and ensure the completeness of CISA's production on this critical point.

The circumstances raise grave concerns that CISA's omissions were not done in good faith. Your Interrogatory responses (see pages 18-19 of the First Amended Version, attached) identify the key custodians searched, and then they specifically identify Chad Josiah, Rob Schaul, Alex Zaheer, and John Stafford as custodians who were copied on other emails but whose ESI was **\*not\*** searched. In other words, it seems perfectly clear that CISA was fully aware that these were highly relevant custodians – Mr. Scully certainly knew they were, and he admitted to being directly involved in preparing CISA's discovery responses – and yet CISA deliberately excluded them from its search for responsive ESI. Moreover, Mr. Scully's repeated refusal to answer questions about the identity of some of these custodians in yesterday's deposition – he withheld Mr. Lowary's name multiple times without any lawful basis, and only disclosed it after consulting with counsel over the lunch break -- raises the concern that the failure to produce ESI from these custodians was done in an attempt to conceal evidence and protect their identities.

For all these reasons, we request that you remedy the situation immediately and provide documents that we should have received last August. We have already been prejudiced by the late production of these documents – among other ways, we were unable to use them in yesterday's deposition of Mr. Scully. The Court has extended the expedited discovery period to Jan. 27, so we request that you make a full production from all these custodians – including their emails and other communications with the Election Integrity Partnership and the Center for Internet Security, as well as with social-media platforms – by no later than next **Wednesday, Jan. 18**.

Thank you,
John Sauer

This email message, including the attachments, is from the Missouri Attorney General's Office. It is for the sole use of the intended recipient(s) and may contain confidential and privileged information, including that covered by § 32.057, RSMo. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. Thank you.