**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

| | |
|---|---|
| STATE OF MISSOURI ex rel. ERIC S. SCHMITT, Attorney General, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | No. 3:22-cv-01213-TAD-KDM |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION
FOR CLARIFICATION OF ORDER GRANTING IN PART AND
<u>DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER</u>**

## INTRODUCTION

Before the Court is Defendants' "Motion for Clarification" of this Court's Order, Doc. 117, which granted in part and denied in part Defendants' initial motion for a protective order as to audiovisual depositions, Doc. 110. This Court should deny what is, in reality, a motion to reconsider an Order that has already denied the same relief that Defendants now seek again.

As with their initial motion, this new "Motion for Clarification" seeks to require audiovisual recordings of depositions to be filed under seal, with the imposition of time-consuming procedures to govern the unsealing process, complete with "potential motions practice" to inevitably delay the process. Doc. 140, at 7. Defendants request language to build in a motions process to keep materials under seal for weeks upon filing of a motion to seal. *Id.* As this Court has rightfully observed, there is "always a presumption in favor of public access," and the public's interest in access here "is especially strong because this matter involves the First Amendment right to freedom of speech." Doc. 117, at 5.

Defendants, as before, bring forward no concrete evidence to demonstrate the alleged "harassment" and "other invasions of privacy" other than to remind the Court that they "cited reports" of these harms in support of their initial motion. *See* Doc. 140, at 2. In fact, complete transcripts of three depositions—Dr. Fauci, Elvis Chan, and Daniel Kimmage—have been publicly filed, yet Defendants identify no subsequent acts of "harassment." Regardless, this Court has already considered these alleged fears in conjunction with Plaintiffs' assertion of egregious, widespread violations of one of the most fundamental civil rights, the freedom of speech, and the public interest created thereby. Defendants' motion seeks not to protect its witnesses from supposed harassment, but to protect the Government from criticism based on truthful information that casts the Government in a negative light. The Court should deny Defendants' motion.

1

## FACTUAL AND PROCEDURAL BACKGROUND

This case was first filed on May 5, 2022. Doc. 1. It has attracted significant public interest and public reporting, which has exploded in recent weeks. On July 12, 2022, this Court entered its Order authorizing expedited preliminary-injunction-related discovery, Doc. 34, which contemplated that depositions might be ordered in this case. *Id.* at 14, ¶¶ (5)-(8). On October 7, 2022, pursuant to this Order, Plaintiffs notified Defendants that they were seeking depositions of several witnesses. On October 14, 2022, the parties filed their Joint Statement on Depositions. Doc. 86. On October 21, 2022, the Court ordered the depositions of eight witnesses. Doc. 90.

On November 7, 2022, Defendants emailed a proposed protective order to Plaintiffs. Doc. 114-1. On November 9, 2022, mere hours before the first deposition was scheduled to begin, Defendants filed their motion for protective order. Doc. 110. The eight-page proposed order filed by Defendants contained provisions that audiovisual recordings of depositions must be filed under seal and remain sealed "absent further order of the Court," with an additional motion process dictating procedures for unsealing. Doc. 110-2, at 2-3, 7. These procedures for unsealing recordings requested in their original proposal are similar to the motion-practice provisions for unsealing sought in Defendants' current motion for "clarification." Doc. 110-2, at 2-3, 7.

Following briefing, this Court issued its Order granting in part and denying in part Defendants' motion for protective order. Doc. 117. This Court found the "public's interest" in accessing the information "is especially strong because this matter involves the First Amendment right to freedom of speech," but it found good cause existed to seal the audiovisual depositions "only prior to their entry into the public record/judicial proceeding." *Id.* at 5-6. Once the audiovisual recordings become public record by being "introduced into evidence at trial or otherwise submitted in connection with some pretrial proceeding or motion," they are to be

unsealed. *Id.* at 6. At that point, only personal addresses, telephone numbers, and email addresses are to be redacted. *Id.* Names, however, are not subject to redaction. *Id.* at 7. This Court also noted that Defendants, while they seek the sealing of audiovisual content, "do not object to redacted transcripts of those depositions." *Id.* at 6. Notably, the Court's Order does not require audiovisual recordings to remain under seal, subject to motions practice, once they are filed in connection with judicial proceedings, even though Defendants requested just such procedures in their prior motion. Doc. 110-2, at 7.

Defendants now move for "clarification," which actually involves a request for reconsideration: Defendants "ask the Court to specify" that Plaintiffs should be required to file audiovisual recordings of depositions under seal "pending resolution of any motion to keep the recording under seal" by Defendants. Doc. 140, at 1. As noted above, the proposed order that Defendants submitted with their original motion for protective order included similar procedural requirements for unsealing, but this Court did not adopt it. Doc. 110-2, at 7. For the following reasons, Defendants' attempt to persuade this Court to reconsider its previous ruling should be denied.

**ARGUMENT**

I. **Defendants' Request for "Clarification" Contradicts the Plain Language of the Court's Order and Seeks Relief the Court Has Already Rejected.**

Defendants assert the following incorrect premise: "Although the Court has sealed audiovisual recordings 'for the purposes of pretrial discovery,' it has not determined whether any particular audiovisual recording of a deposition (or portion thereof), submitted with any particular filing or proceeding, should *remain* sealed after submission to the Court." Doc. 140, at 4. They then use this incorrect premise to argue that this Court should engage in a "balancing test" between

3

the public's interest and the deponent's privacy interests, which in turn would depend upon the "type of filing" to which the deposition material is appended. *Id.*

On the contrary, the Court's Order leaves no doubt as to status of deposition materials once they are filed with the Court. The Order states that "once the audiovisual recordings of the depositions become public record, they will be unsealed as part of the 'judicial proceeding,' i.e., if they are introduced into evidence at trial or otherwise submitted in connection with some pretrial proceeding or motion." Doc. 117, at 6. On its face, the Order made clear that audiovisual content filed "in connection with" a "pretrial proceeding or motion" would become unsealed. Moreover, this Court made clear they would become unsealed by virtue of entering the "public record," even if "Defendants do not read" it that way. Doc. 117, at 6; Doc. 140, at 5. As this Court stated, "good cause to seal the audiovisual depositions" exists "only prior to their entry into the public record/judicial proceeding." *Id.* The Order is clear and unambiguous. Defendants' unsupported assertion this Court somehow failed to "determine[] whether any particular audiovisual recording … submitted with any particular filing or proceeding, should *remain* sealed after submission to the Court," Doc. 140, at 4, simply mischaracterizes the Court's Order and seeks relief the Court has already declined to grant. Defendants ought not be permitted to manufacture a need for "clarification" as an excuse to petition this Court to reconsider its prior ruling.

**II.     This Court Has Already Carefully Considered the Applicable Legal Standards in Its Order, and Defendants Provide No Proper Basis for Reconsideration.**

This Court performed a thorough legal analysis of the standards for sealing. *See* Doc. 117, at 3-5. Defendants, however, urge this Court to reconsider its analysis. Their arguments are meritless, and they offer no proper basis for reconsidering the Court's well-reasoned Order.

In performing its detailed analysis, this Court observed it enjoys "broad discretion" in determining whether to grant a motion for protective order. *Id.* at 3 (citing *Harris v. Amoco Prod.*

4

*Co.*, 768 F.2d 669, 684 (5th Cir. 1985) and Fed. R. Civ. P. 26(c)(1)). This Court noted two legal standards at play, the "good cause" standard for discovery documents, and the "stricter standard" applicable to the public's right of access to the public record. *Id.* (citing *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021)). Further, this Court observed that "[o]nce certain documents are filed in the public record and become a part of judicial proceedings, there is a strong presumption in favor of public access" and that "[s]ealing information placed in the judicial record is heavily disfavored." *Id.* at 3, 5 (citing *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) and *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 519-21 (5th Cir. 2022) (per curiam)). Further still, this Court noted that, once materials enter the record, the Court must undertake a "document-by-document, line-by-line balancing of the public's common law right of access against the interest favoring nondisclosure, applying at all times a 'presumption in favor of the public's access to judicial records.'" *Id.* at 5 (citing *Binh Hoa Le*, 990 F.3d at 419).

This Court need not set aside its "broad discretion" over this matter to accommodate Defendants' cumbersome procedural requests, which are designed to inject delay and interfere with the public's right of access to information. Defendants cite a footnote in *Binh Hoa Le*, which in turn cites an out-of-circuit opinion, to propose that a common-law right of access attaches to discovery materials filed with motions requiring resolution of the merits, whereas no common-law right of access attaches to discovery materials submitted with discovery motions. Doc. 140, at 4; 990 F.3d at 419 n.31. However, Defendants ignore that this footnote was offered by the *Binh Hoa Le* Court as "[o]ne explanation" for the Court's specific discussion of the distinctions between the "good cause" standard for discovery productions versus the "stricter balancing test" for documents filed into the judicial record. 990 F.3d at 419 n.31. Moreover, the Court in *Binh Hoa Le* made clear that "[u]nder both standards, the working presumption is that judicial records should not be

5

sealed." *Id.* at 419. More fundamentally, this Court has "broad discretion" in determining whether to grant a motion for protective order, *see Harris*, 768 F.2d at 684, and has already exercised its discretion and balanced the competing interests, both in the instance of unfiled audiovisual recordings and the instance of judicially filed audiovisual recordings. *See* Doc. 117, at 5-6. Defendants have not demonstrated any abuse of discretion or shown how this Court inadequately weighed the competing interests in its Order.

Undeterred, Defendants insist that the "good cause" standard applied by this Court to seal audiovisual content prior to filing into the judicial record must prevent such materials from becoming unsealed upon filing into the record, ignoring the clear analysis laid out in the Order. *See* Doc. 140, at 5-6. This Court balanced the competing interests and found "good cause to seal the audiovisual depositions only prior to their entry into the public record/judicial proceeding." Doc. 117, at 6. In other words, the Court exercised its broad discretion and found the weight of the competing interests changed once the audiovisual recordings "are introduced into evidence at trial or otherwise submitted in connection with some pretrial proceeding or motion." *Id.* Defendants complain this would "effectively strip the protection afforded by the Court's sealing order," but in reality, they are ignoring this Court's "broad discretion" and the Fifth Circuit's "presumption" against sealing while protesting an Order they do not favor.

Defendants then offer cumbersome "procedures" to govern a proposed unsealing process, featuring "potential motions practice." Doc. 140, at 7. They do this to "give full effect to the Court's order." *Id.* However, for the foregoing reasons, this Court has already grappled with the appropriate legal standards and declined to adopt such procedures, and Defendants have failed to demonstrate this Court must reconsider its analysis.

Therefore, Plaintiffs respectfully request this Court deny Defendants' Motion.

6

## CONCLUSION

For all the foregoing reasons, this Court should deny Defendants' Motion for Clarification.

Dated: December 20, 2022                                                                 Respectfully submitted,

**ERIC S. SCHMITT**                                                              **JEFFREY M. LANDRY**
**Attorney General of Missouri**                                             **Attorney General of Louisiana**

*/s/ D. John Sauer*                                                                       */s/ Elizabeth B. Murrill*
D. John Sauer, Mo. Bar No. 58721*                                         Elizabeth B. Murrill (La #20685)
  *Solicitor General*                                                                *Solicitor General*
Justin D. Smith, Mo. Bar No. 63253                                        Louisiana Department of Justice
  *First Assistant Attorney General*                                    1885 N. Third Street
Kenneth C. Capps, Mo. Bar No. 70908*                                Baton Rouge, Louisiana
  *Assistant Attorney General*                                            Tel: (225) 326-6766
Missouri Attorney General's Office                                        murrille@ag.louisiana.gov
Post Office Box 899                                                                  *Counsel for State of Louisiana*
Jefferson City, MO 65102
Tel: (573) 751-8870
John.Sauer@ago.mo.gov
*Counsel for State of Missouri*


\*  admitted *pro hac vice*

*/s/ Jenin Younes*
Jenin Younes *
John J. Vecchione *
New Civil Liberties Alliance
1225 19th Street N.W., Suite 450
Washington, DC 20036
Direct: (202) 918-6905
E-mail: jenin.younes@ncla.legal
*Counsel for Plaintiffs Dr. Jayanta Bhattacharya,*
*Dr. Martin Kulldorff, Dr. Aaron Kheriaty, and Jill Hines*

*/s/ John C. Burns*
John C. Burns
Burns Law Firm
P.O. Box 191250
St. Louis, Missouri 63119
P: 314-329-5040
F: 314-282-8136
E-mail: john@burns-law-firm.com
*Counsel for Plaintiff Jim Hoft*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 20, 2022, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

<em>/s/ D. John Sauer</em>