UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| STATE OF MISSOURI ET AL | CASE NO. 3:22-CV-01213 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JOSEPH R BIDEN JR ET AL | MAG. JUDGE KAYLA D. MCCLUSKY |

MEMORANDUM ORDER

Pending before the Court is a Motion to Compel Supplemental Disclosures from Defendant Cybersecurity and Infrastructure Security Agency [Doc. No. 178] filed by Plaintiffs.[1] An Opposition [Doc. No. 182] was filed by Federal Defendants,[2] and a Reply [Doc. No. 184] was filed by Plaintiffs.

For the following reasons, Plaintiffs' Motion to Compel Supplemental Disclosures from Defendant Cybersecurity and Infrastructure Security Agency is **GRANTED** to the extent set forth herein.

I.  BACKGROUND

On May 5, 2022, Plaintiffs filed a Complaint alleging Federal Defendants colluded and/or coerced social media companies to suppress disfavored speakers, viewpoints, and content on social media platforms by labeling the content "dis-information," "mis-information," and "mal-

---

[1] Plaintiffs consist of the State of Missouri, the State of Louisiana, Dr. Aaron Kheriaty, Dr. Martin Kulldorff, Jim Hoft, Dr. Jayanta Bhattacharya, and Jill Hines
[2] Federal Defendants consist of Joseph R. Biden, Jr., Vivek H. Murthy, Xavier Becerra, Department of Health and Human Services, Dr. Anthony Fauci, National Institute of Allergy and Infectious Diseases, Centers for Disease Control & Prevention, Alejandro Mayorkas, Department of Homeland Security, Jen Easterly, Cybersecurity & Infrastructure Security Agency, and Nina Jankowicz, Karine Jean-Pierre, Carol Y. Crawford, Jennifer Shopkorn, U.S. Census Bureau, U. S. Department of Commerce, Robert Silvers, Samantha Vinograd and Gina McCarthy

information." Plaintiffs allege the suppression of disfavored speakers, viewpoints, and content constitutes government action and violates Plaintiffs' First Amendment right to free speech.

On June 14, 2022, Plaintiffs filed a Motion for Preliminary Injunction[3]. On June 17, 2021, Plaintiffs filed a Motion for Expedited Preliminary Injunction Related Discovery.[4] On July 12, 2022, the Court granted the Motion for Expedited Preliminary Injunction Related Discovery.[5] The preliminary injunction related discovery deadline has been extended to January 27, 2023.[6]

As part of expedited preliminary injunction-related discovery, Plaintiffs served upon the Defendants Cybersecurity and Infrastructure Security Agency ("CISA"), and CISA Director Jen Easterly ("Easterly") interrogatories[7] and request for production[8] of the identity of, and emails and communications of, all CISA employees that served as a switchboard for routing disinformation concerns to social media platforms, as stated in CISA's April 12, 2022, bulletin.

On August 17, 2022, CISA and Easterly served responses to Plaintiffs,[9] which identified custodians of social information and attached communications. On January 12, 2023, the deposition of Brian Skully ("Skully") was taken by Plaintiffs.[10] In the deposition, Skully listed the following five additional CISA employees that were involved in "switchboarding" disinformation reports to social media platforms: 1) Chad Josiah ("Josiah"); 2) Rob Schaul ("Schaul"); 3) Alex Zaheer ("Zaheer"); 4) John Stafford (Stafford"); and 5) Pierce Lowary ("Lowary").

---

[3] [Doc. No. 10]
[4] [Doc. No. 17]
[5] [Doc. No. 34]
[6] [Doc. No. 175]
[7] [Doc. No. 179-1]
[8] [Doc. No. 179-3]
[9] [Doc. No. 179-4,5]
[10] [Doc. No. 179-6]

2

At the deposition of Skully on January 12, 2023, counsel for Plaintiffs made a request on the record that CISA and Easterly supplement their previous answers to include information from Josiah, Schaul, Zaheer, Stafford, and Lowary. The request was followed up by a January 13, 2023, email to counsel for Federal Defendants. CISA and Easterly deny that Plaintiffs are entitled to this information because it is untimely, because it is not relevant to Plaintiffs' Motion for Preliminary Injunction, and because Plaintiffs already received the information requested.

As a result of the failure of Federal Defendants to supplement the discovery, Plaintiffs filed the pending Motion to Compel, moving the Court to order Federal Defendants to supplement their discovery responses with respect to Josiah, Schaul, Zaheer, Stafford, and Lowary.

## II.  LAW AND ANALYSIS

Federal Rule of Civil Procedure 26(e)(1)(A) requires a litigant to "supplement or correct its disclosure or response" to an interrogatory, request for production, or request for admission if the party learns that in some material respect the disclosure or response is incomplete or incorrect. There is a duty to supplement once the party learns that the disclosure or response is incomplete. *DR Distrib., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp 3d 839 (N.D. Ill. 2021). The duty to supplement continues beyond the close of discovery. *Rodriguez v. IBP, Inc.,* 243 F.3d 1221, 1230 (10th Cir. 2001).

Once Federal Defendants became aware at the deposition of Skully that its previous answers were incomplete or incorrect, Federal Defendants had a duty to supplement their previous answers.

### A.  Timeliness

Federal Defendants argue the request is untimely because it was filed after the expedited preliminary injunction-related discovery deadline. At the time of Skully's deposition on January

12, 2023, the discovery deadline had not expired. The request was made prior to the expiration of the discovery deadline. The deadline was extended on January 12, 2023, to January 27, 2023.[11]

Although the minute entry filed on January 6, 2023, referenced by Federal Defendants,[12] maintains the extension would be limited to Jen Psaki's (Psaki") disclosures, the actual order[13] did not limit the extension.

Even if the discovery deadline had expired, Federal Defendants would still have a duty to supplement their responses. However, the discovery deadline had not expired at the time of the request and has still not expired. A party has the right to request supplemental responses. If not, that party would be unable to get additional information if discovery responses were inadequate.

### B. Relevance

Federal Defendants argue that the information requested is not relevant to the preliminary injunction because the "switchboarding" was done prior to the 2020 election, and the practice has been disbanded. That issue remains to be seen. Plaintiffs should not have to rely on Federal Defendants' representations. Plaintiffs have the right to obtain the information to make that determination for themselves.

Federal Defendants' argument that the information is not relevant relies on their representation that the switchboarding has been disbanded, and, therefore, there is no "imminent" injury. However, for "injury in fact" the information must be "actual or imminent," not just imminent. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). The Plaintiffs have the right to this information because it may be relevant to the request for preliminary injunction. In any event,

---

[11] [Doc. No. 175]
[12] [Doc. No. 163]
[13] [Doc. No. 175]

Plaintiffs have set forth sufficient allegations and evidence to at least explore whether the switchboarding was disbanded, paused, or neither after the 2020 election.

### C. The Information Has Already Been Received

Federal Defendants further argue that this information has already been received by Plaintiffs but admit they did not conduct a search of the names of the five relevant CISA employees. Again, the Plaintiffs are not required to rely on Federal Defendants' representation that this information has already been received. Until a search has been completed of the five employees of CISA at issue, it is impossible for either party to determine whether this information has already been provided.

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that CISA and Easterly shall supplement their answers to and requests for production to include responsive answers and production of documents related to CISA employees Chad Josiah, Rob Schaul, Alex Zaheer, John Stafford, and Pierce Lowary, within fourteen (14) days from the date of this Order.

**IT IS FURTHER ORDERED** that in accordance with the previous briefing schedule [Doc. No. 175] Plaintiffs shall have thirty days from the expiration of preliminary-injunction related discovery on January 27, 2023, to file a supplemental brief in support of Plaintiffs' request for a preliminary injunction.

**IT IS FURTHER ORDERED** that within thirty days of the Plaintiffs filing their supplemental brief in support of their request for preliminary injunction, Federal Defendants shall file their response.

**IT IS FURTHER ORDERED** that within fifteen days of the filing of Federal Defendants' response, Plaintiffs shall file their reply.

MONROE, LOUISIANA, this 25th day of January 2023.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT COURT**