BY HAND

Judge Jesse M Furman
U.S. District Judge SDNY
40 Foley Square
New York, NY 10007

RECEIVED
SDNY PRO SE OFFICE
2022 NOV -9 AM 9:03

Oct. 17, 2022

RE: U.S. v. Schulte, S3 17 CR 548 (JMF)

Dear Judge Furman!

I write the Court for reconsideration of its decision to unlawfully punish me by forcing me to use a typewriter — technology so ancient that I have never even used one in my entire life. The Court's decision violates my 5th Amendment right to Due Process because the only difference between the time I was permitted use of the laptop and now is unproven, and indeed false, allegations by the government — which has not even made the allegations official through indictment. Judge Furman, I have NEVER removed any drives from the SCIF nor misused my discovery laptop in any way whatsoever — as I have said from the beginning, the only possible way contraband can exist on the laptop is if the government provided it. Do you really intend to punish me for the government's mistakes? Is it just and proper to punish me when I have done nothing wrong, and indeed, BEFORE the FACTS are properly established and provided to the defense?

I simply ask the Court to consider three options consistent with Due Process:

(1) Honor my presumption of innocence and provide me a laptop to complete my motions. The fact that I am no longer taken to the SCIF clearly allays any concerns of misconduct, though I did not commit any transgression when I was taken to the SCIF; regardless, there is no possible way of misuse when I am not even taken to the SCIF and no reason not to provide a laptop consistent with due process and the presumption of innocence

(2): Allow the investigation to proceed so that I can PROVE MY INNOCENCE which seems to be required in the American "justice" system. I simply have NOT commit any crimes so why should I be punished before the investigation is complete? It is extremely EASY to prove that I did not remove any drives from the SCIF. So, order the government to provide the initial, illegal search warrant affidavit that it is hiding so it can be lawfully challenged—consistent with Due Process; and order the government to notify the defense of which file(s) it claims to be child pornography, so the defense can challenge that characterization or the origin of the files; finally, force the government to finish a preliminary review of all drives connected to the laptop.

(3): Finally, if the Court forces me to use a typewriter, then due process compels the Court to force the government to use a typewriter as well — to include all drafts, and notes, proposals, etc.

I commit no crimes, I did not take any drives from the SCIF. I did not connect the discovery laptop to the internet, and I certainly did not copy any child pornography to the laptop. Accordingly, consistent with the Due Process Clause of the Fifth Amendment, this Court cannot and should not punish me by compelling the use of antiquated technology — the Court should either permit a new laptop as was the scenario before the government's false allegations, wait for the facts to prove my innocence, or compel the government to use that same antiquated technology.

Respectfully Submitted,
Josh Schulte

10/17/22

Josh Schulte #74971054
MDC
P.O. Box 329002
Brooklyn, NY 11232

ATTN: U.S. v. Schulte, S3 17 CR 548 (JMF)
Pro Se Intake Office
U.S. District Court SDNY
500 Pearl Street
New York, NY 10007

RECEIVED
SDNY PRO SE OFFICE
2022 NOV -9  AM 8:17

