IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **The State of Missouri,**  *et al.,*  *Plaintiffs*,  v.  **President Joseph R. Biden, Jr., in his official capacity as President of the United States of America,**  *et al.,*  *Defendants*. | Civil Action No. 22-cv-1213 |

**REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS'
PROPOSED FINDING OF FACTS OR IN THE ALTERNATIVE,
FOR OTHER APPROPRIATE RELIEF**

Plaintiffs filed a 350-page supplemental fact memorandum (the "Fact Memo") that, by their own admission, seeks to "refute" Defendants' arguments and set forth Plaintiffs' factual "reasoning," *see* Pls.' Resp. at 1-3—argumentation that parties typically include in legal briefs. Plaintiffs never dispute that, under Local Rule 7.4, "[m]emoranda" in support of a motion "may not be supplemented except with leave of court first obtained," and that their Fact Memo constitutes a "supplement" to their preliminary injunction "memoranda." Tellingly, their response brief cites only *one* case from this District, and it is a case where the Court *expressly* authorized proposed findings of fact.[1] Plaintiffs do not dispute that they did not seek, and the Court did not provide, authorization to file the Fact Memo here. Plaintiffs do not dispute that they never notified

---

[1] *Hudson v. Chesapeake Operating, LLC*, 19-cv-0862, ECF No. 38 (W.D. La. May 19, 2020) ("The parties' proposed findings of fact and conclusions of law as to the Motion for Declaratory Judgment and Preliminary Injunction shall be filed no later than July 13, 2020.").

Defendants in advance of their intention to file proposed findings of fact with their supplemental brief. Plaintiffs do not dispute that addressing their 350-page Fact Memo in 30 days would be extremely burdensome. They instead posit that the Department of Justice can absorb this burden because it has thousands of attorneys, as if other Department attorneys who have no knowledge or involvement in this case can freely abandon their pre-existing matters before other judges, become familiar with this case, and help complete a fact-intensive assignment within 30 days. In short, Plaintiffs say little about multiple arguments in the Motion to Strike.

Plaintiffs instead principally rely on two non sequiturs. First, Plaintiffs argue that the Fact Memo (and its unusual length) are justified because all of the factual assertions therein, in Plaintiffs' view, are accurate and establish a First Amendment claim. But Plaintiffs cannot justify their unauthorized Fact Memo by presuming that all of their factual and legal assertions are true. Indeed, the whole point of the Motion to Strike is to ensure a fair and efficient process by which the parties can litigate, and the Court can resolve, whether Plaintiffs' factual assertions are justified and support a First Amendment claim. Plaintiffs' decision to unilaterally spring on Defendants over 400 pages of briefing, which Defendants must currently address in 30 days, has significantly prejudiced Defendants' ability to demonstrate why Plaintiffs' factual assertions are largely hyperbolic and unsupported and do not support a valid claim.

Plaintiffs relatedly argue that the Fact Memo is justified because there is a lot of evidence that Plaintiffs wish to discuss. Plaintiffs, in effect, argue that they could not fit their factual arguments into their supplemental brief considering the page limit, and so they disregarded that page limit altogether. But Plaintiffs, like all parties, must be efficient with the space they are allotted, and if necessary, they must make strategic decisions about which factual and legal arguments they will focus on, and which ones they will omit. Alternatively, Plaintiffs could have

asked for a larger page extension, and if it were granted, the Court could have set an appropriate schedule commensurate with the length of the briefs. Plaintiffs cannot, however, flout this Court's authority by determining for themselves the rules by which they will litigate their motion.

The Fact Memo is not authorized under the Local Rules or the Court's Orders, and imposes an improper burden on Defendants. The Court should accordingly strike the Fact Memo in full, or at a minimum, impose some other measure to address the improper burdens imposed on Defendants.

**A. The Court should strike the Fact Memo in full.**

1. The Fact Memo was not authorized by the Local Rules or the Court's Orders. Local Rule 7.1 explicitly states that a memorandum in support of a motion "may not" be "supplemented except with leave of court first obtained." The Rule further states that "[i]f the motion requires the consideration of facts not appearing of record, the movant shall also file . . . all documentary evidence" it "intends to submit in support of the motion." The Rule does not exempt proposed findings of fact from the requirement that supplements to a motion may only be filed with leave of court. By contrast, Local Rule 56.1, which governs summary judgment motions, does pre-authorize a "separate, short and concise statement of the material facts," demonstrating that when the Local Rules intend for parties to file factual statements, they will say so expressly.[2]

Thus, under this Rule, Plaintiffs were free to file any exhibits they want to rely on, but they could not file any other "supplement" to their PI Motion memoranda without "leave of court." Plaintiffs do not dispute that the Fact Memo is a "supplement" to their PI Motion "memoranda,"

---

[2] Plaintiffs argue that Local Rule 56.1 does not forbid parties from filing proposed findings of fact with emergency motions. Plaintiffs misunderstand the argument. Local Rule 7.1 forbids Plaintiffs from filing any supplement to their authorized PI memoranda absent "leave of court." Defendants cited Local Rule 56.1 only to demonstrate that, if the Court had intended to carve out an exception for factual statements in Local Rule 7.1, it would have done so expressly.

nor do they dispute that the Court never authorized the Fact Memo. The Court stated only that Plaintiffs could file a "Supplemental Brief in support of their Motion for Preliminary Injunction," ECF No. 202, and Plaintiffs only sought leave to extend the page limit of that Supplemental Brief to 68 pages, see ECF No. 212. Plaintiffs neither sought authorization to file their Fact Memo nor even gave notice of their intention to file a supplement of such bulk. The Court should strike it in full.

Plaintiffs' attempts to salvage their unauthorized Fact Memo lack merit. Plaintiffs first argue that Local Rule 7.1 allows for proposed findings of fact because it allows a party to "file . . . all documentary evidence" it "intends to submit in support of the motion." But the Fact Memo is not "documentary evidence"; by Plaintiffs' own admission, it purports to "'*summarize*' the [documentary] evidence" Plaintiffs rely on. Pls.' Resp. at 12. A summary of relevant evidence is not itself "documentary evidence." Legal briefs, for example, also summarize evidence, but surely they are not "documentary evidence."

Plaintiffs then assert that parties routinely file proposed findings of fact with emergency motions. But they cite only one case from this District, and that was a case in which the Court expressly authorized proposed findings of fact by both parties before those proposed findings were filed. *See Hudson*, 19-cv-0862, ECF No. 38 ("The parties' proposed findings of fact and conclusions of law as to the Motion for Declaratory Judgment and Preliminary Injunction shall be filed no later than July 13, 2020."). Unsurprisingly, Plaintiffs do not point to a case in this District in which a party unilaterally decided to file proposed findings of fact. Plaintiffs then try to distinguish the cases cited by Defendants, arguing that each contained facts distinct from those here. *See* Pls.' Resp. at 9-10. Defendants, however, cited those cases only as confirmation that courts strike proposed findings of fact, in whole or in part, when they are not authorized. *See* Defs.'

Mot., at 5-6. Courts do not necessarily, as Plaintiffs assert, "simply disregard them," Pls.' Resp. at 2, since doing so would still leave opposing parties saddled with the burden of responding to them. Accordingly, the Fact Memo was filed in violation of Local Rule 7.1, and thus it should be stricken in full for that reason alone.

2. Additionally, the Fact Memo imposes a significant burden on Defendants of which they had no prior notice and to which they did not consent. Under the current schedule, Defendants have only 30 days to address Plaintiffs' original 58-page preliminary injunction brief, their 68-page Supplemental Brief, and their roughly-350-page Fact Memo, a schedule Defendants agreed to without warning that Plaintiffs intended to file nearly 1,500 proposed findings of fact spanning hundreds of pages. It is unreasonable to expect Defendants to go through each of the Fact Memo's 1,442 paragraphs, review the assertion and cited evidence therein, and explain how the assertion is irrelevant, is not supported by the evidence, or omits critical context in that short timeframe.

Defendants are also at a unique disadvantage. Plaintiffs do not dispute that they have been reviewing the evidence produced in discovery since the first productions were made in August 2022. Thus, even if, as they assert, they only began drafting the Fact Memo in January 2023, *see* Pls.' Resp. at 16, they do not deny that they have had an idea of the evidence they wanted to include for several months now. By contrast, Defendants can only now start addressing the Fact Memo; Defendants could not have known the full universe of evidence Plaintiffs would rely on among the "tens of thousands of pages of discovery, testimony, and evidentiary materials in the record," Pls.' Resp. at 3, and available public materials.

In response, Plaintiffs first dispute that the Fact Memo paragraphs cited in the Motion to Strike contain unjustified inferences. But this motion is not the appropriate vehicle for the parties to litigate these factual disputes. The point is that Defendants intend to show that Plaintiffs' factual

5

assertions are largely irrelevant or unjustified, and it will take a significant amount of time to do that given the Fact Memo's length, and the volume of related evidence.

Plaintiffs also argue that the Fact Memo does not impose an improper burden because the Department of Justice has thousands of lawyers. The Department, of course, cannot just divert its attorneys—who are spread out across multiple divisions and are assigned to many different matters—away from their pre-existing matters to focus only on this one. And even if there were additional attorneys that could be assigned to this matter, it would be difficult for them to become familiar with this case and assist with a fact-intensive project that must be completed in 30 days.

Plaintiffs then argue that any prejudice associated with the Fact Memo's length is justified because Plaintiffs' evidence and factual inferences, in their view, demonstrate a First Amendment violation. *See* Pls.' Resp. at 1-2, 11. But this argument improperly presumes that Plaintiffs' factual and legal assertions are all accurate. The parties are litigating those very questions, and Plaintiffs' decision to file an additional 350-page factual brief has prejudiced Defendants' ability to demonstrate that Plaintiffs' factual assertions are unjustified or do not support a legal claim.

Plaintiffs relatedly argue that the Fact Memo is justified because Plaintiffs needed additional space to discuss all of their evidence and factual arguments. *See id.* But a party cannot disregard page limits simply because it unilaterally decides it needs to, especially when the parties are proceeding on a compressed schedule and have limited time to address the opposing side's filings. Plaintiffs should have been more efficient with the space they were allotted, or like any other party, they needed to make strategic decisions and focus on the arguments they believe are most important. If Plaintiffs believed they absolutely needed additional pages to better explain their evidence, they should have sought a larger page extension, and if it had been granted, the Court could have adjusted the schedule to account for the length of the briefs.

Plaintiffs then argue that the Fact Memo would be helpful to the Court. *See* Pls.' Resp. 13, 17. Plaintiffs could have helped the Court by efficiently setting forth their arguments in a single, appropriately sized brief. Plaintiffs did not help the Court by filing an unsolicited 350-page factual addendum, especially when Plaintiffs are calling on the Court to reach a prompt decision on what Plaintiffs have styled as an emergency motion. In addition, Plaintiffs have made the Court's job harder by bifurcating their factual arguments across two briefs, using their Supplemental Brief to make factual assertions and then punting the supporting citations to the separate Fact Memo. Thus, rather than review a single brief to glean Plaintiffs' arguments and supporting evidence, the Court must now review Plaintiffs' Supplemental Brief, then review the cited Fact Memo paragraphs, and then review the evidence cited in those paragraphs—all to vet each factual assertion in the Supplemental Brief.[3] This does not streamline the Court's review; it impedes it.

Finally, Plaintiffs argue that unsolicited and unauthorized proposed findings of fact are commonplace in connection with emergency motions. Plaintiffs have mischaracterized each case cited in support of this assertion. In those cases, the courts expressly allowed the parties to file proposed findings of fact. *See Hudson*, 19-cv-0862, ECF No. 38 ("The parties' proposed findings of fact . . . as to the Motion for . . . Preliminary Injunction shall be filed no later than July 13, 2020."); *Heimkes v. Fairhope Motorcoach Resort Condo. Owners Ass'n*, No. 1:22-cv-448-TFM-M, ECF No. 25 (S.D. Ala. Jan. 1, 2023) ("the parties are DIRECTED to file proposed findings of fact and conclusions of law with the Court on or before January 23, 2023."); *Cain v. Bass*, No.

---

[3] To illustrate, page 11 of Plaintiffs' Supplemental Brief Plaintiffs contends that "[t]he Surgeon General pressures platforms to share data about misinformation and censorship on their platforms," ECF No. 212-2 at 11, and cites Fact Memo paragraphs "236-240, 353" in support. Those six paragraphs of the Fact Memo, in turn, contain eleven distinct citations to Eric Waldo's deposition. Accordingly, to assess the accuracy of this one assertion in the Supplemental Brief, the Court would have to first look up the six cited paragraphs in the Fact Memo, and then consult and review the eleven cited portions of Eric Waldo's deposition.

2:22-CV-00360-CFK, ECF No. 24 (E.D. Pa. June 6, 2022) ("After the hearing, the parties shall file a proposed briefing schedule for findings of fact"); *Collar Jobs, LLC v. Stocum*, No. 1:22-CV-1892, ECF No. 15 (N.D. Ohio Nov. 2, 2022) ("Plaintiff to file written argument and proposed findings of fact and conclusions of law on or before 11/7/2022."); *Ultra Premium Servs., LLC v. Kompaniya*, No. 21-cv-305, ECF No. 126 (S.D. Tex. July 15 ,2021) ("On June 7, 2021, at the conclusion of a three-day hearing to address Plaintiffs' pending application for preliminary injunction, the Court ordered the parties to submit final proposed findings of fact"); *Ass'n of Cmty. Orgs. for Reform Now v. Cox*, No. 1:06-CV-1891-JTC, ECF No. 16 (N.D. Ga. Aug. 28, 2006); ("[P]arties to file . . . proposed findings of fact . . . by 9/11/06."); *Contour Energy Mgmt. LLC v. Gridforce Energy Mgmt. LLC*, No. CV 20-3241, ECF No. 135 (E.D. Pa. June 21, 2021) ("[P]arties shall file a proposed findings of fact"); *Toshiba Int'l Corp. v. D'Agostino*, No. CV H-19-4274, No. 215 (S.D. Tex. May 21, 2020) ("Within 14 days after the preliminary injunction hearing, the parties shall exchange proposed findings of fact and conclusions of law and confer as to their respective objections."); *Computer Assocs. Int'l, Inc. v. Bryan*, 91-cv-195, No. 70 (E.D.N.Y. July 18, 1991) ("[P]arties to submit findings of fact & conclusions of law by 9/5/91").[4]

Accordingly, the Fact Memo is prejudicial to Defendants, and it serves no unique and proper function that may justify that prejudice.[5] The Court should strike the Fact Memo in full.

---

[4] In *Cherry v. Frank*, No. 03-C-129-C (W.D. Wis. Dec. 4, 2003), a *pro se* prisoner submitted proposed findings of fact with his complaint, petition to proceed *in forma pauperis*, motion to appoint counsel, and motion for preliminary injunction. The court granted the plaintiff leave to proceed on his claims and ordered the putative defendants to file proposed findings of fact in opposition to the petitioner's.

[5] This addresses Plaintiffs' request for the Court to retroactively authorize the Fact Memo. *See* Pls.' Resp. at 1-2, 8 n.2. At this juncture, authorizing the Fact Memo would impose a significant burden on Defendants. Had Plaintiffs moved for leave in advance of filing the Fact Memo, the parties could have conferred over, and the Court could have instituted, appropriate limits on the Fact Memo and a more appropriate schedule for litigating it.

### B. Alternatively, the Court should award other, appropriate relief.

If the Court is not inclined to strike the Fact Memo, it should adopt some other remedial measure. First, the Court could extend Defendants' deadline to respond to Plaintiffs' supplemental PI papers by 65 days, making the response due on June 9, 2023. This extension is justified given the Fact Memo's length. *See supra* at 5. In response, Plaintiffs do not dispute that an extension of time may be warranted, but they argue that a 65-day extension would unjustifiably delay the proceedings. *See* Pls.' Resp. at 16-17. But Defendants request this extension due solely to a number of decisions made by Plaintiffs. *Plaintiffs* filed the Fact Memo while providing Defendants with no advanced notice. And *Plaintiffs* decided to make the Fact Memo roughly 350 pages long because they were unable to more efficiently set forth their evidence, or focus on the evidence they believed was most important. If Plaintiffs are going to insist on retaining their 350-page supplemental fact memo, Defendants will need a 65-day extension to address it.

Alternatively, the Court could require Plaintiffs to submit an abbreviated version of their Fact Memo that is roughly 40 pages in length. The Court could require Plaintiffs to submit this abbreviated Fact Memo within two weeks of its Order resolving the Motion to Strike, and give Defendants 30 days thereafter to file their PI response brief and a separate 40-page response to the Fact Memo. This would not only help address any improper burden imposed on Defendants, but it would also be more consistent with the nature of the proceedings. Plaintiffs are seeking emergency relief, and a more succinct Fact Memo could be comprehensively addressed by the Defendants and properly evaluated by the Court under the current compressed schedule.

In response, Plaintiffs first protest that this proposal would "artificially reduce the universe of evidence on which Plaintiffs could rely by forcing them to truncate their factual case by omitting citations of evidence." Pls.' Resp. at 17. But again, this concern applies in any litigation. Page

9

limits invariably require parties to make strategic decisions to omit certain arguments, factual assertions, or citations. Courts nonetheless retain page limits because they ensure that disputes can be resolved in a prompt and streamlined fashion. Plaintiffs also argue that this proposal would "force the Court to sift through the universe of evidence in the record on its own." *Id.* Not at all. Plaintiffs must do what any party must do—devote their limited pages to the arguments and evidence that they find most important—and the Court can review the evidence Plaintiffs chose to discuss. Finally, Plaintiffs inadvertently concede that this proposal would be feasible, noting that it would simply require the Fact Memo to include "compressed sentences" with "string cites of record citations." *Id.* That is precisely what proposed findings of fact should include. They should identify the bare factual conclusions that a party wants a court to reach, and the party is supposed to use briefs and hearings to explain why those factual conclusions are justified. *See Ruppert v. Alliant Energy Cash Balance Pension Plan*, 716 F. Supp. 2d 801, 808 (W.D. Wis. 2010) (noting that the parties "missed the point of . . . proposed findings of fact," which "should be purely factual," because they used those proposed findings as "an opportunity to make legal arguments and characterize the evidence," which "should be saved for the briefs").

\* \* \*

Plaintiffs filed an unauthorized and unsolicited 350-page supplemental factual memorandum, which (absent relief) Defendants must now address within 30 days. The Court should not condone Plaintiffs' brazen attempt to circumvent the Court's authority and gain an unfair advantage over Defendants. The Court should strike the Fact Memo in full, or grant other, appropriate relief.

Dated: March 14, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JOSHUA GARDNER
Special Counsel, Federal Programs Branch

<u>*/s/ Kyla M. Snow*</u>
KYLA M. SNOW (OH Bar No. 96662)
INDRANEEL SUR
AMANDA CHUZI
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
Kyla.Snow@usdoj.gov
202-514-3259

*Attorneys for Defendants*