# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| The State of Missouri, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> President Joseph R. Biden, Jr., in his official capacity as President of the United States of America, *et al.*, <br><br> *Defendants*. | Civil Action No. 22-cv-1213 |

### DEFENDANTS' MOTION TO STAY APRIL 3, 2023, ANSWER DEADLINE PENDING RESOLUTION OF MOTIONS FOR PRELIMINARY INJUNCTION, TO AMEND COMPLAINT, AND FOR CLASS CERTIFICATION

Defendants respectfully move the Court to stay their upcoming deadline (Monday, April 3, 2023) to answer Plaintiffs' Second Amended Complaint, ECF No. 84, pending resolution of Plaintiffs' motions (1) for preliminary injunction, ECF No. 10, and (2) to amend the complaint and for class certification, ECF No. 227. Defendants are currently devoting significant time and resources to responding to those pending motions—which comprise well over 400 pages of briefing—with their responses due only weeks from today. Requiring Defendants to simultaneously prepare an answer to Plaintiffs' 162-page, 570-paragraph Second Amended Complaint (which is subject to Plaintiffs' recently filed motion to amend) would prejudice their ability to adequately respond to the pending motions (and to also answer the Complaint). Plaintiffs, on the other hand, will suffer no prejudice from a postponement of the answer deadline until after the Court's resolution of their pending motions. The answer will have no bearing on the Court's resolution of those motions.

1

Accordingly, instead of requiring an answer by April 3, the Court should order that, within fourteen (14) days of the Court's resolution of Plaintiffs' pending motions, the parties meet and confer and file a joint status report that proposes a deadline for answering the operative Complaint. Good cause supports this request for a stay, which will promote judicial efficiency and not prejudice the parties. Indeed, the Court granted a similar request after it gave Plaintiffs leave to file a Second Amended Complaint. ECF No. 74. There is ample reason to do so again.

Defendants conferred with Plaintiffs, who oppose the instant motion.

## BACKGROUND

On May 5, 2022, Plaintiff States filed this action. ECF No. 1. Forty days later, they moved for a preliminary injunction, ECF No. 10, submitting a 58-page brief in support, ECF No. 11-1. Shortly thereafter, they moved for expedited discovery relating to the preliminary injunction, ECF No. 17. On July 12, 2022, Defendants moved to dismiss the initial complaint. ECF No. 35. Plaintiffs then amended the complaint, ECF No. 45, which mooted Defendants' motion to dismiss. The Court subsequently granted Plaintiffs leave to amend a second time. ECF No. 72, at 4.

After the Court granted Plaintiffs leave to file a Second Amended Complaint, Defendants filed an unopposed motion to (i) stay Defendants' deadline to respond to Plaintiffs' First Amended Complaint, and (ii) stay Defendants' deadline to respond to Plaintiffs' then-forthcoming Second Amended Complaint. ECF No. 73. Defendants proposed that the parties submit a joint status report, within fourteen days of the filing of the Second Amended Complaint, proposing a schedule for any motion to dismiss briefing over that Complaint. *Id.* The Court granted that motion. ECF No. 74. Plaintiffs filed their Second Amended Complaint (hereinafter referred to as "the Complaint"), which spans 162 pages and names 67 Federal Defendants, on October 6, 2022. ECF No. 84. Defendants moved to dismiss on November 22, 2022, ECF No. 128.

On March 6, 2023, Plaintiffs filed a supplemental brief in support of their pending motion for preliminary injunction. ECF No. 214. The 68-page supplemental brief incorporates by reference Plaintiffs' earlier briefing on their preliminary-injunction motion (for a total of 126 pages of briefing) and a simultaneously filed, 360-page, 1,442-paragraph memorandum setting forth proposed findings of fact ("Fact Memo"). ECF No. 214-1 at 2. And it incorporates all "the documentary discovery, evidence, and deposition transcripts and exhibits filed in the case[.]" ECF No. 214, at 2. Although the Court declined to strike the Fact Memo, it has given Defendants a modest extension of time, until May 2, 2023, to prepare and file their responses to Plaintiffs' combined preliminary-injunction-related filings. ECF Nos. 223, 232. The Court set a hearing for May 26. ECF No. 228. Plaintiffs have also moved for leave to file a third amended complaint and for class certification under Rule 23(b)(2). ECF No. 227. Defendants' response to that motion is due April 11. ECF No. 229.

In the meantime, and as Defendants have been working on responses to the pending motions, the Court denied Defendants' motion to dismiss the Second Amended Complaint in all but one respect on March 20, 2023. ECF No. 224. The Court's ruling on the motion to dismiss triggered Defendants' deadline to answer the Complaint. Under Federal Rule of Civil Procedure 12(a)(4)(A), Defendants' deadline to answer the Complaint is April 3, 2023.

## ARGUMENT

Courts possess "inherent power" to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases," *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962), which includes the power to extend deadlines "for good cause," Fed. R. Civ. P. 6(b)(1)(B). Here, good cause supports a temporary stay of the answer deadline pending the Court's resolution of Plaintiffs' pending motions. As explained below, requiring the parties to meet and confer over an appropriate

3

answer deadline after the Court resolves both motions, instead of compelling Defendants to answer the Complaint on or before April 3, would promote judicial efficiency and prevent prejudice to the parties.

1. First, staying the answer deadline would allow for more orderly and efficient resolution of more time-sensitive matters: Plaintiffs' currently pending motions for preliminary injunction, to amend the Complaint, and for class certification. Allowing Defendants to respond to Plaintiffs' motions without the additional burden of answering the 162-page, 570-paragraph Complaint would ensure that the various legal and evidentiary issues raised by Plaintiffs' voluminous preliminary-injunction briefing, in addition to the motion for class certification, are adequately presented to the Court. And an answer to the Complaint would not aid the Court's resolution of these pending motions, as the issues raised by the motions do not turn on what Defendants will provide in their answer but instead on the arguments and evidence presented in support and in opposition to the motions.

Indeed, compelling an answer now is inconsistent with the very purpose of Rule 12. That rule "provid[es] a streamlined system for the presentation of defenses and objections," through answers, motions to dismiss, and other responsive pleadings, in order to "expedite and simplify the pretrial phase of federal litigation[.]" Wright & Miller, § 1342 Purpose of Rule 12, 5B Fed. Prac. & Proc. Civ. § 1342 (3d ed.). Here, answering now, before resolution of the pending motions, would not "expedite and simplify" the proceedings. Defendants' responses to the more than 400 pages of briefing on the preliminary-injunction motion (including 1,442 paragraphs in the Fact Memo) will provide Plaintiffs and the Court with the full presentation of Defendants defenses and objections relating to that motion. Thus, first resolving that motion (and the motion to amend and

4

for class certification), with the answer to follow, is the most "streamlined" and efficient manner to litigate this case.

Moreover, there is nothing unusual about answering a complaint after resolution of a preliminary injunction motion, which not infrequently is the first filing made in a case following a complaint. After all, a preliminary injunction is designed to prevent imminent irreparable harm, and a delay in seeking such an injunction typically "demonstrat[es] that there is no apparent urgency to the request[.]" *H.D. Vest, Inc. v. H.D. Vest Mgmt. & Servs., LLC*, No. CIV.A.3:09CV00390-L, 2009 WL 1766095, at *4 (N.D. Tex. June 23, 2009) (citation omitted). It would therefore be odd to insist that a defendant file an answer before the resolution of such a time-sensitive motion. The Court should not take that approach here simply because Plaintiffs' motion has been pending for a long period of time while Plaintiffs sought discovery.

Additionally, given the pending motion to amend and for class certification, answering the Complaint now makes even less sense. Should the Court grant that motion, Defendants would be required to resubmit an answer that adds additional responses to the class allegations. The better, more efficient course is to await the Court's resolution of that motion and require only one submission of an answer to the operative Complaint.

2. A temporary stay of the answer deadline would also prevent prejudice to Defendants, who are devoting substantial time and resources to responding to the pending motions in roughly one month. On its own, responding to the supplemental brief in support of the preliminary-injunction motion, and providing individualized responses to the incorporated 1,442 paragraphs in Plaintiffs' Fact Memo, is an arduous undertaking. At the same time that they are preparing responses to those filings, Defendants are also preparing a response to Plaintiffs' additional motions to amend their Complaint for a third time and for certification of two Rule 23(b)

classes. All of these responses, which must be completed in a matter of weeks, place significant time and resource burdens on Defendants. Simultaneously preparing an answer to so lengthy a pleading as Plaintiffs' Complaint would interfere with Defendants' efforts to respond to the pending motions and present their defenses and objections efficiently and thoroughly for the Court's consideration. Particularly where the answer would not aid the Court's resolution of the pending motions, imposing on Defendants the additional burden of preparing that pleading now would serve no litigation purpose.

The Court recognized the burdens of responding to Plaintiffs' "lengthy" preliminary-injunction briefing, which concerns a "substantial amount of discovery," a large "number of Defendants," and a large "number of allegations," when it granted Defendants an initial modest extension of time to respond. ECF No. 223, at 2. That extension was granted, however, before the Court denied the motion to dismiss, which triggered the answer deadline, and before Plaintiffs moved to amend and for class certification. The Court's prior recognition that the preliminary-injunction briefing by both parties would be voluminous, and the events following the Court's initial, modest extension of time to respond to Plaintiffs' preliminary-injunction motion, further illustrate the need for a temporary stay of the answer deadline while Plaintiffs' motions are pending.[1]

3.   On the other hand, staying Defendants' answer until after resolution of the pending motions will not prejudice Plaintiffs, as Plaintiffs gain no practical benefit from receiving an answer now—especially considering the evidence and other materials already available to

---

[1] The Court's additional, one-week extension to Defendants' deadline to respond to the preliminary-injunction motion, ECF No. 232, while helpful, does not relieve the burdens caused by answering the lengthy Complaint while also responding to Plaintiffs' pending motions and preparing for the May 26 preliminary-injunction hearing.

Plaintiffs. Through expedited discovery, Plaintiffs have obtained thousands of pages of documents and dozens of answers to interrogatories, and they have deposed multiple federal officials. They have incorporated this evidence into their supplemental brief and Fact Memo to which Defendants are preparing responses. Defendants' answer to the Complaint would not contribute in any way to the resolution of the factual and legal issues raised by Plaintiffs' preliminary-injunction motion. Nor would the answer advance the resolution of the motion to amend and for class certification.

*   *   *

In short, there is good cause for staying the answer deadline pending resolution of Plaintiffs' pending motions. Defendants respectfully request that the Court (i) stay Defendants' answer deadline pending resolution of the motion for preliminary-injunction and motion to amend the complaint and for class certification; and (ii) order the parties to meet and confer thereafter over an appropriate answer deadline, and submit a joint status report proposing an answer deadline, within 14 days of the last of these two motions to be resolved. A proposed order is attached.

Dated:  March 29, 2023   Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel, Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel Federal Programs Branch

*/s/ Kyla M. Snow*
KYLA M. SNOW (OH Bar No. 96662)
INDRANEEL SUR (D.C. Bar No. 978017)
AMANDA K. CHUZI (D.C. Bar No. 1738545)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Tel: (202) 514-3259
kyla.snow@usdoj.gov

*Attorneys for Defendants*