**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **STATE OF MISSOURI, ET AL.** | **CIVIL ACTION NO. 3:22-cv-01213** |
| **VERSUS** | **JUDGE:  TERRY A. DOUGHTY** |
| **JOSEPH R. BIDEN, ET AL.** | **MAG. JUDGE: KAYLA D. MCCLUSKY** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MAY IT PLEASE THE COURT:**

The newly-filed case, *Kennedy et al. v. Biden et al.* (hereafter *Kennedy v. Biden*), is a First Amendment challenge to the massive, systematic efforts by the federal government to induce social media companies to censor constitutionally protected speech.  As the Court is well aware, *Missouri et al. v. Biden et al.* (hereafter *Missouri v. Biden*) is a case currently pending in this Court raising the very same challenge.  The Defendants are virtually identical.  The facts are substantially identical.  The only difference is the identity of the Plaintiffs and the fact that *Kennedy v. Biden* is a class action (seeking only declaratory and injunctive relief, not damages). However, plaintiffs in *Missouri v. Biden* have recently moved to amend their complaint to add class claims as well, creating yet a further commonality between the two cases.  In these circumstances, consolidation of the two cases is manifestly appropriate.

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  Fed. R. Civ. P. 42(a).

Consolidation does not "merge the two cases" into one, *Miller v. United States Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984), but a district court has the "undisputed ability" to consolidate cases for any or "all purposes," including "hearings," "motions," "discovery," and/or "trial." *Hall v. Hall*, 138 S. Ct. 1118, 1129 (2018).

"While consolidation is up to the trial court's discretion, the Fifth Circuit has directed district judges 'to make good use of Rule 42(a) in order to . . . eliminate unnecessary repetition and confusion.'" *Doyle v. Reata Pharms., Inc.*, No. 4:21-CV-00987, 2022 U.S. Dist. LEXIS 74088, at *12 (E.D. Tex. Apr. 22, 2022) (quoting *In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir. 1977)). Consolidation may "be ordered despite opposition of the parties." *Flessner v. Progressive Southeastern Ins. Co.*, No. 20-CV-874, 2021 U.S. Dist. LEXIS 195288, at *4 (W.D. La. Oct. 7, 2021).

Under Rule 42(a), the primary factor in deciding on consolidation is the existence of "common question[s] of law or fact," but a court may also consider whether: "the actions are pending before the same court; the actions involve a common party; any risk of prejudice or confusion will result from consolidation; any risk of inconsistent adjudications of common factual or legal questions will result if the matters are tried separately; consolidation will reduce the time and cost of trying the cases separately; and the cases are at the same stage of preparation for trial." *Flessner*, U.S. Dist. LEXIS 195288, at *4 (citations omitted); *Shively v. Ethicon, Inc.*, No. 17-0716, 2018 U.S. Dist. LEXIS 94075, at **3-4 (W.D. La. June 1, 2018) (same). Ultimately, as the Fifth Circuit has stated, the "purpose of consolidation" is to promote "convenience and economy" while avoiding "waste and inefficiency." *In re Air Crash Disaster*, 549 F.2d at 1014 (citation omitted).

Consolidation is plainly called for here to avoid the monumental waste of resources—both the Court's and the parties'—that would be required if discovery, motions practice, hearings, and trial must be duplicated in the two cases. Such duplication is wholly unnecessary and is the very problem Rule 42 is meant to solve. Indeed, all the factors listed above favor consolidation here:

- Common questions of fact exist. The two cases involve substantially identical facts.

- Common questions of law exist. The sole legal claim asserted in *Kennedy v. Biden*—a First Amendment challenge to governmental efforts to induce social media censorship of protected speech—is also asserted in *Missouri v. Biden* and raises all the same questions of law.

- The two actions are pending in the same Court, before the same Judge.

- Common parties exist. The Plaintiffs in the two cases differ, but every one of the dozens of Defendants named in *Kennedy v. Biden* is also a Defendant in *Missouri v. Biden*. And while *Kennedy v. Biden* is a class action, plaintiffs in *Missouri v. Biden* have just moved (as noted above) to amend their complaint to add class allegations (Doc. No. 227), creating additional commonality.

- There is no risk of prejudice or confusion from consolidation.

- By contrast, if the cases were tried separately, there would be a significant risk of inconsistent adjudications of both law and fact.

- Consolidation will save the time and cost of separate trials.

- The two cases are at a similar stage of preparation for trial. Although limited preliminary-injunction discovery has taken place in *Missouri v. Biden*, trial discovery has not yet begun in that case. Such discovery can be expected to be extremely time-consuming and extremely resource-intensive; in the absence of

consolidation, the same pre-trial discovery would have to take place duplicatively (and wastefully) in *Kennedy v. Biden* as well.  Moreover, it is Plaintiffs' intention in *Kennedy v. Biden* to move expeditiously for a preliminary injunction, based on the same facts as those submitted in *Missouri v. Biden*, bringing the two cases into an almost identical procedural posture.

Thus, every single Rule 42 factor weighs heavily in favor of consolidation here.

Moreover, because a motion to dismiss has already been rejected in *Missouri v. Biden*, this Court is deeply familiar with the facts and legal issues, which also counsels in favor of consolidation.  *See, e.g.*, *Knox v. Samsung Elecs. America, Inc.*, No. 08-4308, 2009 U.S. Dist. LEXIS 53685, at **30-31 (D.N.J. June 24, 2009) (granting consolidation of two cases where a motion to dismiss had already been decided and rejected in one of them) ("Given that the factual issues are nearly identical, and that this Court has already familiarized itself with the legal issues framed . . . Defendant's motion to consolidate is granted.").

In addition, because *Kennedy v. Biden* is a ***class action***, and plaintiffs in *Missouri v. Biden* have now moved to add class claims as well, special factors come into play virtually demanding consolidation.  The entire point of a class action is to consolidate common claims into a single lawsuit; when more than one class action challenges the same conduct by the same defendants on the same grounds, it makes no sense not to consolidate them.  This is particularly true given that class actions concern the rights of out-of-court parties (here, potentially millions of individuals).  As a result—especially if the proposed class definitions vary to some degree—consolidation of substantially similar class actions is necessary not simply to avoid waste, but to avoid utterly confusing, potentially conflicting proceedings, orders, and judgments, all adjudicating the rights of the same or overlapping out-of-court parties. "Accordingly, courts routinely consolidate

multiple class actions that allege essentially similar, but not identical" facts and claims. *Edwards v. McDermott Int'l, Inc.*, No. 4:18-CV-4330, 2021 U.S. Dist. LEXIS 71755, at *6 (S.D. Tex. Apr. 12, 2021) (citation omitted); *cf., e.g.*, *Patel v. Coinbase Glob., Inc.*, No. 22-4915, 2022 U.S. Dist. LEXIS 223170, at **5-6 (D.N.J. Dec. 12, 2022) ("Consolidation is routinely granted where securities class actions 'involve common questions of law and fact, and consolidation will promote efficiency and avoid unnecessary costs or delay.").

As one District Court recently put it, where "the only important difference between" two class actions is that one "sweeps more broadly because it encompasses additional subclasses and a nationwide class," "***any motion practice on the cases will likely make the same arguments, and the discovery will overlap. The purpose of consolidation is to avoid such duplication***." *Kavon v. BMW of N. Am., LLC*, No. 20-cv-15475, 2021 U.S. Dist. LEXIS 135233, at *6 (D.N.J. July 20, 2021) (emphasis added). *See also, e.g.*, *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) ("[C]lass action derivative suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved."); *Knox*, 2009 U.S. Dist. LEXIS 53685, at *30.

Finally, it bears emphasis that one of the named Plaintiffs in *Kennedy v. Biden* is a nonprofit membership organization (Children's Health Defense) with over seventy thousand members nationwide—by far the best kind of representative plaintiff for a nationwide First Amendment class action, with assured, well-established standing to make the rights-of-the-viewers claims on which the First Amendment class claims in both cases will ultimately depend. *See Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 756 (1976)

(upholding standing of consumers' organization to make First Amendment claims on behalf of members' "right to 'receive information and ideas'").  By contrast, the named plaintiffs in *Missouri v. Biden* are individual persons (who do not have organizational standing to make claims on behalf of their members) and state attorneys general (who do not have *parens patriae* standing to represent individuals outside their states).  Hence, *Kennedy v. Biden* includes a named Plaintiff best positioned to represent a nationwide class of social media consumers, and the two cases should be consolidated for that reason too.

Counsel for all parties in *Missouri v. Biden* (which include all the defendants in *Kennedy v. Biden*) have been consulted, and unfortunately they do *not* consent to consolidation, perhaps out of concern that consolidation will disrupt the pending preliminary injunction motion, currently set for hearing on May 26, 2023.  But there is no reason why consolidation should have any disruptive effect on that motion.  Plaintiffs in *Kennedy v. Biden* do not intend to ask for any pre-motion discovery and, as stated earlier, expect promptly to file a preliminary injunction motion based on the very same factual materials already before the Court in *Missouri v. Biden*.  Far from causing disruption, consolidating those two motions will avoid duplication and promote judicial economy.  Indeed, if unconsolidated, the result will simply be a needless waste of resources.

For all the reasons stated above, Plaintiffs in *Kennedy v. Biden* respectfully ask this Court to consolidate their case with *Missouri v. Biden*.

Respectfully submitted,

Dated: April 1, 2023

*/s/ G. Shelly Maturin, II*

_____

G. SHELLY MATURIN, II
(La. Bar # 26994)
Maturin Law
322 Heymann Blvd., Suite 1
Lafayette, LA 70503
Telephone: (337) 362-3514
E-mail: shelly@maturinlaw.com

Attorney for
ROBERT F. KENNEDY, JR.
CHILDREN'S HEALTH DEFENSE
CONNIE SOMPAGNARO
Plaintiffs in *Kennedy v. Biden*,
No. 3:23-cv-00381

JED RUBENFELD
(NY Bar # 2214104)
(pro hac vice forthcoming)
1031 Forest Rd.
New Haven CT 06515
Tel.:203-432-7631
E-mail: jed.rubenfeld@yale.edu