# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **STATE OF MISSOURI, ET AL.** | **CIVIL ACTION NO. 3:22-cv-01213** |
| **VERSUS** | **JUDGE: TERRY A. DOUGHTY** |
| **JOSEPH R. BIDEN, ET AL.** | **MAG. JUDGE: KAYLA D. MCCLUSKY** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# PROPOSED ORDER

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is a motion submitted pursuant to Fed. R. Civ. P. 42 by the Plaintiffs in *Kennedy et al. v. Biden et al.*, No. 3:23-cv-00381 (W.D. La.) (Doughty, J.), to consolidate that case with the above-captioned case, *Missouri et al. v. Biden et al.*, No. 3:22-cv-01213 (W.D. La.) (Doughty, J.). The two cases, although brought by different plaintiffs, involve common—indeed substantially identical—facts, questions of law, and defendants.

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). "While consolidation is up to the trial court's discretion, the Fifth Circuit has directed district judges 'to make good use of Rule 42(a) in order to . . . eliminate unnecessary repetition and confusion.'" *Doyle v. Reata Pharms., Inc.*, No. 4:21-CV-00987, 2022 U.S. Dist. LEXIS 74088, at \*12 (E.D. Tex. Apr. 22, 2022) (quoting *In re Air Crash Disaster*, 549 F.2d 1006, 1013 (5th Cir. 1977)). Ultimately, the "purpose of consolidation" is to promote "convenience and economy"

while avoiding "waste and inefficiency." *In re Air Crash Disaster*, 549 F.2d 1006, 1014 (5th Cir. 1977) (citation omitted).

Having considered the facts and the law, and considering further that duplicative motions, practice, discovery, and trial in these two cases would be entirely wasteful and unnecessary, the Court **ORDERS** that *Kennedy et al. v. Biden et al.*, No. 3:23-cv-00381 (W.D. La.) is **HEREBY CONSOLIDATED** for all purposes with *Missouri et al. v. Biden et al.*, No. 3:22-cv-01213 (W.D. La.). The consolidated cases shall bear docket number 3:22-cv-01213, with the latter being designated the lead case. All papers filed hereafter in either case shall be filed under that docket number and captioned as provided for in Local Rule 10.2.[1]

MONROE, LOUISIANA, this _____ the day of _____, 2023.

_____
Honorable Terry A. Doughty
United States District Judge
Western District of Louisiana/Monroe Division

---

[1] Western District of Louisiana Local Rule 10.2 states:
"Unless otherwise ordered by the court, where cases are consolidated, whether for trial only or otherwise, the caption of all papers filed after consolidation shall list first the name and docket number of the lowest numbered case in the group, with words indicative of the consolidation. This shall be followed by a listing of the names and docket numbers of only those cases to which the filing applies.
"The caption of the lowest numbered case will serve as the identifying caption during the pendency of the consolidation and will continue to be used even if that particular case is closed."
W.D. La. L.R. 10.2.