**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

The State of Louisiana, *et al.*,

       *Plaintiffs*,

         v.

President Joseph R. Biden, Jr., in his official
capacity as President of the United States of
America, *et al.,*

       *Defendants*.

Civil Action No. 22-cv-1213

## DEFENDANTS' RESPONSE TO THE *KENNEDY* PLAINTIFFS' MOTION FOR CONSOLIDATION

Defendants provide this brief response to the Motion to Consolidate filed by the Plaintiffs in *Kennedy v. Biden*, No. 3:23-cv-00381 (*Kennedy* Plaintiffs), Doc. 236, to make two points. First, Defendants wish to correct the record regarding their position on the *Kennedy* Plaintiffs' request for consolidation, which Defendants do *not* oppose. Second, Defendants do object, however, to the *Kennedy* Plaintiffs' stated intention to file a preliminary injunction motion of their own and to consolidate it with the pending motion filed by the Plaintiffs in *Missouri v. Biden*, No. 3:22-cv-01213 (*Missouri* Plaintiffs). Doc. 236-1 at 6. The *Kennedy* Plaintiffs should not be permitted to file such a motion, a motion for class certification, or to make any submissions in connection with the *Missouri* Plaintiffs' preliminary injunction motion until after that motion is heard on May 26, 2023.

First, the *Kennedy* Plaintiffs misrepresent Defendants' position concerning consolidation. Although the *Kennedy* Plaintiffs contend that Defendants "do not consent to consolidation," Doc. 236-1 at 6, Defendants expressly informed the *Kennedy* Plaintiffs that "Defendants do not oppose the Kennedy Plaintiffs' request for consolidation." Ex. 1 (Mar. 28, 2023, email from Kyla Snow

to Jed Rubenfeld). Defendants further informed the *Kennedy* Plaintiffs, however, that "in light of the already scheduled proceedings on the *Missouri* Plaintiffs' preliminary-injunction and class-certification motions, and the voluminous filings to which Defendants already must respond, Defendants oppose the submission or consideration of any additional filings by the *Kennedy* Plaintiffs relating to the *Missouri* Plaintiffs' motions (including a separate motion for class certification or preliminary injunction) until after the May 26, 2023, preliminary-injunction hearing." *Id.*[1]

Second, as noted above, Defendants do oppose the *Kennedy* Plaintiffs' intended submission of a separate motion for preliminary injunction, consolidation of that motion with the *Missouri* Plaintiffs' motion, and submission by the *Kennedy* Plaintiffs of a motion for certification of their putative class, before the Court hears the *Missouri* Plaintiffs' outstanding motions. Even aside from the substantial burden on Defendants in simultaneously responding to four separate motions brought by two sets of plaintiffs, it is not apparent that such motions by the *Kennedy* Plaintiffs are even necessary. For example, the *Kennedy* Plaintiffs do not dispute that if the *Missouri* Plaintiffs were to prevail on their broad request for preliminary injunctive relief, that injunction would redress the harms alleged by the *Kennedy* Plaintiffs. Nor do the *Kennedy* Plaintiffs dispute that the *Missouri* Plaintiffs' proposed classes, if certified under Federal Rule of Civil Procedure 23, would encompass the *Kennedy* Plaintiffs. Accordingly, judicial economy warrants deferring any additional briefing on any motions by the *Kennedy* Plaintiffs for preliminary relief or for class

---

[1] Defendants expressly asked that their position be reflected in the *Kennedy* Plaintiffs' consolidation motion, *id.*, which the *Kennedy* Plaintiffs declined to do. When Defendants asked the *Kennedy* Plaintiffs to correct their consolidation motion because it misrepresented the Defendants' position, they similarly declined to do so.

certification until after the Court resolves the *Missouri* plaintiffs' outstanding motions. *See* Fed.

R. Civ. P. 1.

Finally, if the Court permits the *Kennedy* Plaintiffs to file motions for a preliminary injunction and class certification now, Defendants respectfully request that their responses be due no earlier than 45 days after the hearing on *Missouri* Plaintiffs' motion currently scheduled for May 26, 2023.

Dated:  April 4, 2023                       Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Principal Deputy Assistant Attorney General

                                            JAMES J. GILLIGAN
                                            Special Litigation Counsel, Federal Programs Branch

                                            JOSHUA E. GARDNER
                                            Special Counsel Federal Programs Branch

                                            */s/ Kyla M. Snow*
                                            KYLA M. SNOW (OH Bar No. 96662)
                                            INDRANEEL SUR (D.C. Bar No. 978017)
                                            AMANDA K. CHUZI (D.C. Bar No. 1738545)
                                            Trial Attorneys
                                            U.S. Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, NW
                                            Washington D.C. 20005
                                            Tel: (202) 514-3259
                                            kyla.snow@usdoj.gov

                                            *Attorneys for Defendants*