**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

| | |
|---|---|
| **STATE OF LOUISIANA, STATE OF MISSOURI**, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**JOSEPH R. BIDEN, JR.**, in his official capacity as the President of the United States, *et al.*,<br><br>*Defendants.* | Case No: 3:22-cv-01213-TAD<br><br>**THE HONORABLE<br>TERRY A. DOUGHTY** |

**UNOPPOSED MOTION FOR LEAVE TO FILE
BRIEF OF AMICUS CURIAE ALLIANCE DEFENDING FREEDOM
IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Alliance Defending Freedom seeks leave to file the accompanying Brief of *Amicus Curiae* (attached as Exhibit 1) in support of Plaintiffs' motion for preliminary injunction. A proposed order is attached as Exhibit 2. All parties have either consented to or do not oppose the filing of this brief.

While this Court has no local rules about filing *amicus* briefs, the Fifth Circuit has ruled that courts "enjoy broad discretion to grant or deny leave to amici." *Lefebure v. D'Aquilla*, 15 F.4th 670, 673 (5th Cir. 2021); *Richardson v. Flores*, 979 F.3d 1102, 1106 (5th Cir. 2020) ("[G]ranting leave to file an amici brief is within [the court's] discretion."). The Fifth Circuit only requires parties to state their interest in the case, coupled with "the reason why an amicus brief is desirable and why the maters asserted are relevant to the disposition of the case." *Lefebure*, 15 F.4th at 673 (quoting FED. R. APP. P. 29(a)(3). Given this minimal threshold, this Court has granted motions for leave to file *amicus* briefs for many parties in the past. *See, e.g.*, *Pegasus Equine Guardian Ass'n v. U.S. Army*, 2018 WL 2745985, *1 (W.D. La. Jun. 7, 2018); *McKinney ex rel. N.L.R.B. v. Carey Salt Co.*, 2011 WL 1898923, *1 (May 18, 2011); *Parm v. Shumate*, 2006 WL 1228846, *1 (W.D. La. May 1, 2006); *Pel-Star Energy, Inc. v. U.S. Dep't of Energy*, 890 F. Supp. 532, 535–36 (W.D. La. 1995).

1

Here, *amicus curiae* Alliance Defending Freedom has sufficient interest in this case to justify its request. Alliance Defending Freedom is the world's largest non-profit, public-interest legal organization committed to protecting religious freedom, free speech, and the sanctity of life. It frequently represents clients who face punishment, censorship, or both for seeking to exercise their constitutional right of free speech by expressing their views on the issues of the day. These clients range from students, student groups, and faculty from kindergarten through the university level, to citizens seeking to secure legal protections for unborn life, to many others. In addition, Alliance Defending Freedom has witnessed how private businesses are facing increased pressure to censor speech by cancelling, deplatforming, or denying service to people or organizations based on their religious or ideological view. Thus, Alliance Defending Freedom has an interest in one of the key issues in this case: whether government officials should be held accountable when they violate the constitutional rights of Americans using the conduit of private businesses.

What's more, Alliance Defending Freedom's proposed brief will assist this Court by presenting ideas, arguments, and facts beyond those the parties will present. The proposed brief highlights different types of partnerships between government officials and private parties that all have the same objective: silencing disfavored speech. It showcases instances in which high-ranking government officials have boasted publicly about using the prestige of their office to induce social media companies to alter search results, all because those officials disagree with the views of certain Americans. It details how some officials have even condoned violence and vandalism, as long as it was targeted at disfavored organizations. Next, it explains how social media companies frequently adopt policies that restrict speech in ways that would be unconstitutional if conducted by government officials. Nor are these policies an idle threat because, as the brief details, these companies have often taken affirmative steps to silence one side of the debate on various cultural issues. This

information underscores the grave threat to liberty if government officials can team up with large social media companies to do what the government cannot do on its own: declare which views are true or false, which are right or wrong, and which should be voiced or silenced. Thus, Alliance Defending Freedom's proposed brief will provide the Court with a "unique" array of evidence and support to "help the [C]ourt beyond the help that the lawyers for the parties are able to provide." *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012).

Alliance Defending Freedom has the unique vantage point of trying to combat threats to free speech from both government officials and large social media companies. None of the parties are opposing its participation as *amicus*. Thus, Alliance Defending Freedom respectfully asks that this Court grant its motion for leave to file its *amicus* brief in support of Plaintiffs' motion for preliminary injunction.

Respectfully submitted this 18th day of April, 2023.

*/s/ Brian W. Arabie*
BRIAN W. ARABIE
Louisiana Bar No. 27359
**SIGLER ARABIE & CANNON, LLC**
630 Kirby Street (70601)
P.O. Box 1550 (70602)
Lake Charles, Louisiana
Telephone: (337) 439–2033
Facsimile: (337) 439–7837
brian@siglerlaw.com

TRAVIS C. BARHAM*
Arizona Bar No. 024867
Georgia Bar No. 753251
**ALLIANCE DEFENDING FREEDOM**
1000 Hurricane Shoals Rd. NE, Ste. D-1100
Lawrenceville, Georgia 30043
Telephone: (770) 339–0774
Facsimile: (770) 339–6744
tbarham@ADFlegal.org

TYSON C. LANGHOFER*
Arizona Bar No. 032589
**ALLIANCE DEFENDING FREEDOM**
44180 Riverside Parkway
Lansdowne, Virginia 20176
Telephone: (571) 707–4655
Facsimile: (571) 707–4656
tlanghofer@ADFlegal.org

\* Motion for admission *pro hac vice* filed simultaneously.

*Attorneys for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2023, I filed a true and accurate copy of the foregoing document with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to all attorneys of record:

Respectfully submitted on this the 18th day of April, 2023.

*/s/ Brian W. Arabie*
BRIAN W. ARABIE
*Attorney for Amicus Curiae*
