IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE OF LOUISIANA, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.*,<br><br>    *Defendants*. | Civil Action No. 22-cv-1213 |

**UNOPPOSED MOTION FOR PAGE LIMIT EXTENSION
FOR DEFENDANTS' RESPONSE TO PLAINTIFFS'
PRELIMINARY INJUNCTION MOTION**

Pursuant to L.R. 7.8, Defendants respectfully move to enlarge the page limit for their forthcoming response to Plaintiffs' Motion for a Preliminary Injunction. Defendants expect to file a single memorandum containing both a preliminary injunction response and Defendants' Proposed Findings of Fact, and thus Defendants request that the Court enlarge the page limit for this forthcoming memorandum to 275 pages. Defendants have conferred with Plaintiffs, who have stated that they do not oppose this request.

Defendants' proposed enlargement of the page limit is warranted by the unusual circumstances presented by the preliminary injunction record and filings in this case. First, the proposed enlargement would be consistent with the volume of pages Plaintiffs filed to support their Motion for a Preliminary Injunction. Plaintiffs' opening preliminary injunction memorandum was 58 pages, their supplemental preliminary injunction memorandum was 68 pages, and their Proposed Findings of Fact spanned 360 pages—for a total of 486 pages. That total well exceeds the number of pages Defendants request for their filing. Second, Defendants' requested

1

enlargement of pages is necessary to adequately address the voluminous factual assertions—with reference to dozens of declarations from parties and non-parties, dozens of exhibits, and thousands of pages of discovery materials—and various legal arguments raised in Plaintiffs' preliminary injunction papers. Defendants seek to thoroughly explain why Plaintiffs' factual assertions are not supported by the record evidence and why Plaintiffs' novel legal theories, implicating sixty-seven named Defendants, are unsupported by governing law. Indeed, in denying Defendants' motion to strike Plaintiffs' Proposed Findings of Fact, the Court stated that it "anticipated lengthy briefs would be provided by both parties." ECF No. 223 at 2.

Accordingly, the proposed expansion of the page limits is warranted in light of the circumstances.[1]

---

[1] Defendants also expect to file a separate document containing their paragraph-by-paragraph responses to Plaintiffs' Proposed Findings of Fact. Defendants, however, understand that the Local Rules do not set a page limit on responses to proposed findings of fact, and the Court did not limit the number of pages Plaintiffs could use for their Proposed Findings of Fact. *See* ECF No. 223.

Dated: May 2, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel, Federal Programs Branch

JOSHUA GARDNER
Special Counsel, Federal Programs Branch

<u>/s/ Kyla Snow</u>
KUNTAL CHOLERA
KYLA SNOW
INDRANEEL SUR
AMANDA CHUZI
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 514-3259
Kyla.Snow@usdoj.gov

*Attorneys for Defendants*