IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

STATE OF LOUISIANA, *et al.*,

    *Plaintiffs*,

    v.

JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.*,

    *Defendants*.

Civil Action No. 22-cv-1213

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING U.S. SUPREME COURT DECISIONS OF JUNE 15 AND JUNE 23, 2023**

Defendants respectfully submit this notice of supplemental authority concerning *United States v. Texas*, No. 22-58, 2023 WL 4139000 (U.S. June 23, 2023) (attached as Exhibit 1), and *Haaland v. Brackeen*, No. 21-376, 2023 WL 4002951 (U.S. June 15, 2023) (attached as Exhibit 2). These Supreme Court decisions confirm that the State Plaintiffs here lack standing.

In *Texas*, the States of Texas and Louisiana challenged immigration-enforcement guidelines issued by the Secretary of Homeland Security as allegedly contrary to law. The Supreme Court held that the States lacked Article III standing. *See Texas*, 2023 WL 4139000, at *2. In *Brackeen*, individual plaintiffs and the State of Texas contended that requirements of the Indian Child Welfare Act (ICWA) violate the Constitution. As relevant here, the Supreme Court rejected various challenges for lack of standing. *See Brackeen*, 2023 WL 4002951, at *5.

These decisions are relevant to this case for numerous reasons. First, the State Plaintiffs here have argued that they are entitled to "special solicitude" in the standing analysis. The Court accepted that argument at the motion-to-dismiss stage, relying on *Massachusetts v. EPA*, 549 U.S.

1

497 (2007). *See Missouri*, 2023 WL 2578260, at *11. But in *Texas*, the Supreme Court explained that the standing analysis in *Massachusetts* "d[id] not control" because "[t]he issue there involved a challenge to the denial of a statutorily authorized petition for rulemaking," rather than the exercise of enforcement discretion. *Texas*, 2023 WL 4139000, at *8 n.6. The Supreme Court emphasized that "federal courts must remain mindful of bedrock Article III constraints in cases brought by States against an executive agency or officer." *Id.* at *6 n.3. Although "federal policies frequently generate indirect effects on state revenues or state spending," standing theories premised on such effects can be "attenuated," and the Supreme Court concluded that no such theories in *Texas* "overc[a]me[] the fundamental Article III problem with th[e] lawsuit." *Id.* As in *Texas*, the State Plaintiffs here do not invoke the special, statutorily authorized procedures at issue in *Massachusetts*, and they cannot satisfy Article III's bedrock requirements for the reasons set out in Defendants' previous filings.

Second, *Brackeen* emphasized the "settled rule" that "[a] State does not have standing as *parens patriae* to bring an action against the Federal Government." 2023 WL 4002951, at *19 (quoting *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U. S. 592, 610 n. 16 (1982)). That is true even if the States allege an injury "in protecting the constitutionally bestowed rights of their citizens," as this Court held Missouri and Louisiana had done at the motion-to-dismiss stage. *See Missouri*, 2023 WL 2578260, at *14. In *Brackeen*, Texas attempted to assert its citizens' constitutional rights in challenging a Federal statute, but the Supreme Court held that such a theory of standing was clearly foreclosed. *See* 2023 WL 4002951, at *19 ("[*Snapp*] should make the issue open and shut."); *see also id.* at *19 n.11 (rejecting a "thinly veiled attempt to circumvent the limits on *parens patriae* standing" by asserting standing on behalf of a State's citizens).

2

Finally, both *Texas* and *Brackeen* rejected State plaintiffs' assertions of standing based on the kinds of quasi-sovereign and sovereign interests asserted here, such as "securing observance of the terms under which they participate in the federal system" and "the power to create and enforce a legal code." *Missouri*, 2023 WL 2578260, at *10, 14. In *Brackeen*, the Supreme Court held that no Article III injury arose from a Federal law that allegedly "requir[ed]" Texas "to break its [constitutional] promise to its citizens that it will be colorblind in child-custody proceedings." 2023 WL 4002951, at *19. And in *Texas*, the Supreme Court rejected a theory that Defendants' alleged actions denied them the benefits of the federal system. As Justice Gorsuch's concurrence explained, such a theory improperly seeks to "establish government by lawsuit." *Texas*, 2023 WL 4139000, at *17. Missouri and Louisiana's alleged injury to the "free speech policies" in their State constitutions, *Missouri*, 2023 WL 2578260, is likewise insufficient under Article III.

*     *     *     *     *

*Texas* and *Brackeen* therefore provide further support for Defendants' contentions that Plaintiffs lack Article III standing and that Plaintiffs lack irreparable harm sufficient to support the requested injunctive relief in this action against the Federal Government. *See, e.g.*, Dkt. 266 at 128-36.

Case 3:22-cv-01213-TAD-KDM   Document 289   Filed 06/26/23   Page 4 of 4 PageID #: 26116

Dated: June 26, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel, Federal Programs Branch

JOSHUA E. GARDNER (FL Bar No. 0302820)
Special Counsel, Federal Programs Branch

*/s/ Kyla M. Snow*
KYLA M. SNOW (OH Bar No. 96662)
INDRANEEL SUR (D.C. Bar No. 978017)
KUNTAL CHOLERA (D.C. Bar No. 1031523)
AMANDA K. CHUZI (D.C. Bar No. 1738545)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Tel: (202) 514-3259
kyla.snow@usdoj.gov

*Attorneys for Defendants*