## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

STATE OF MISSOURI, ET AL.                    CASE NO.  3:22-CV-01213

VERSUS                                        JUDGE TERRY A. DOUGHTY

JOSEPH R BIDEN JR., ET AL.                    MAG. JUDGE KAYLA D. MCCLUSKY

### JUDGMENT

For the reasons set forth in the Memorandum Ruling on the Request for Preliminary Injunction,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' Motion for Preliminary Injunction [Doc. No. 10] is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that: the **DEPARTMENT OF HEALTH AND HUMAN SERVICES** ("HHS") and **THE NATIONAL INSTITUTE OF ALLERGY AND INFECTIOUS DISEASES** ("NIAID"), and specifically the following employees of the HHS and NIAID: **XAVIER BECERRA,**[1] Secretary of HHS; **DR. HUGH AUCHINCLOSS**, Director of NIAID; **YOLANDA BYRD**, HHS Digital Engagement Team; **CHRISTY CHOI**, HHS Office of Communications; **ASHLEY MORSE**, HHS Director of Digital Engagement; **JOSHUA PECK**, HHS Deputy Assistant Secretary, Deputy Digital Director of HHS successor (formerly **JANELL MUHAMMED**); along with their secretaries, directors, administrators and employees; **SURGEON GENERAL VIVEK H. MURTHY**, **KATHARINE DEALY**, Chief Engagement Officer for the Surgeon General, along with her secretaries, directors, administrators, and employees; the **CENTERS FOR DISEASE CONTROL AND PREVENTION** ("CDC"), and specifically the following employees: **CAROL Y. CRAWFORD**, Chief of the Digital Media

---

[1] All individuals named in this Judgment are being sued in their official capacities.

Branch of the CDC Division of Public Affairs; **JAY DEMPSEY**, Social-media Team Leader, Digital Media Branch, CDC Division of Public Affairs; **KATE GALATAS**, CDC Deputy Communications Director; **UNITED STATES CENSUS BUREAU** ("Census Bureau"), and specifically the following employees: **JENNIFER SHOPKORN**, Census Bureau Senior Advisor for Communications, Division Chief for the Communications Directorate, and Deputy Director of the Census Bureau Office of Faith Based and Neighborhood Partnerships**,** along with their secretaries, directors, administrators and employees; the **FEDERAL BUREAU OF INVESTIGATION** ("FBI"), and specifically the following employees: **LAURA DEHMLOW**, Section Chief, FBI Foreign Influence Task Force; **ELVIS M. CHAN**, Supervisory Special Agent of Squad CY-1 in the FBI San Francisco Division; **THE UNITED STATES DEPARTMENT OF JUSTICE**, along with their secretary, director, administrators, and employees; the following members of the Executive Office of the President of the United States: White House Press Secretary **KARINE JEAN-PIERRE**, Counsel to the President; **STUART F. DELERY**, White House Partnerships Manager; **AISHA SHAH**, Special Assistant to the President; **SARAH BERAN**, **MINA HSIANG**, Administrator of the United States Digital Service within the Office of Management and Budget; **ALI ZAIDI**, White House National Climate Advisor; White House Senior COVID-19 Advisor successor (formerly **ANDREW SLAVITT**); Deputy Assistant to the President and Director of Digital Strategy successor (formerly **ROB FLAHERTY**); **DORI SALCIDO**, White House COVID-19 Director of Strategic Communications and Engagement; White House Digital Director for the COVID-19 Response Team successor (formerly **CLARKE HUMPHREY**); Deputy Director of Strategic Communications and Engagement of the White House COVID-19 Response Team successor (formerly **BENJAMIN WAKANA**); Deputy Director for Strategic Communications and External Engagement for the White House COVID-

19 Response Team successor (formerly **SUBHAN CHEEMA**); White House COVID-19 Supply Coordinator successor (formerly **TIMOTHY W. MANNING**); Chief Medical Advisor to the President, **DR. HUGH AUCHINCLOSS**, along with their directors, administrators and employees; the **CYBERSECURITY AND INFRASTRUCTURE SECURITY AGENCY** ("**CISA**"), and specifically the following employees: **JEN EASTERLY**, Director of CISA; **KIM WYMAN**, Senior Cybersecurity Advisor and Senior Election Security Leader; **LAUREN PROTENTIS**; **GEOFFREY HALE**; **ALLISON SNELL**; **BRIAN SCULLY**, Officials of CISA; the **UNITED STATES DEPARTMENT OF HOMELAND SECURITY** ("DHS"), and specifically the following employees: **ALEJANDRO MAYORKAS**, Secretary of DHS; **ROBERT SILVERS**, Under-Secretary of the Office of Strategy, Policy and Plans; **SAMANTHA VINOGRAD**, Senior Counselor for National Security in the Official of the Secretary for DHS, along with their secretary, directors, administrators, and employees; the **UNITED STATES DEPARTMENT OF STATE** ("State Department"), and specifically the following employees: **LEAH BRAY**, Acting Coordinator of the State Department's Global Engagement Center ("GEC"); **ALEX FRISBIE**, State Department Senior Technical Advisor and member of the Technology Engagement Team at the GEC; **DANIEL KIMMAGE**, Acting Coordinator of the GEC, along with their secretary, directors, administrators, and employees **ARE HEREBY ENJOINED AND RESTRAINED** from taking the following actions as to social-media companies:[2]

---

[2] "Social-media companies" include Facebook/Meta, Twitter, YouTube/Google, WhatsApp, Instagram, WeChat, TikTok, Sina Weibo, QQ, Telegram, Snapchat, Kuaishou, Qzone, Pinterest, Reddit, LinkedIn, Quora, Discord, Twitch, Tumblr, Mastodon, and like companies.

(1)     meeting with social-media companies for the purpose of urging, encouraging, pressuring, or inducing in any manner the removal, deletion, suppression, or reduction of content containing protected free speech posted on social-media platforms;[3]

(2)     specifically flagging content or posts on social-media platforms and/or forwarding such to social-media companies urging, encouraging, pressuring, or inducing in any manner for removal, deletion, suppression, or reduction of content containing protected free speech;

(3)     urging, encouraging, pressuring, or inducing in any manner social-media companies to change their guidelines for removing, deleting, suppressing, or reducing content containing protected free speech;

(4)     emailing, calling, sending letters, texting, or engaging in any communication of any kind with social-media companies urging, encouraging, pressuring, or inducing in any manner for removal, deletion, suppression, or reduction of content containing protected free speech;

(5)     collaborating, coordinating, partnering, switchboarding, and/or jointly working with the Election Integrity Partnership, the Virality Project, the Stanford Internet Observatory, or any like project or group for the purpose of urging, encouraging, pressuring, or inducing in any manner removal, deletion, suppression, or reduction of content posted with social-media companies containing protected free speech;

(6)     threatening, pressuring, or coercing social-media companies in any manner to remove, delete, suppress, or reduce posted content of postings containing protected free speech;

---

[3] "Protected free speech" means speech that is protected by the Free Speech Clause of the First Amendment to the United States Constitution in accordance with jurisprudence of the United States Supreme Court, Courts of Appeal and District Courts.

(7)     taking any action such as urging, encouraging, pressuring, or inducing in any manner social-media companies to remove, delete, suppress, or reduce posted content protected by the Free Speech Clause of the First Amendment to the United States Constitution;

(8)     following up with social-media companies to determine whether the social-media companies removed, deleted, suppressed, or reduced previous social-media postings containing protected free speech;

(9)     requesting content reports from social-media companies detailing actions taken to remove, delete, suppress, or reduce content containing protected free speech; and

(10)     notifying social-media companies to Be on The Lookout ("BOLO") for postings containing protected free speech.

This Preliminary Injunction precludes said named Defendants, their agents, officers, employees, contractors, and all acting in concert with them from the aforementioned conduct. This Preliminary Injunction also precludes said named Defendants, their agents, officers, employees, and contractors from acting in concert with others who are engaged in said conduct.

**IT IS FURTHER ORDERED** that the following actions are **NOT** prohibited by this Preliminary Injunction:

(1)     informing social-media companies of postings involving criminal activity or criminal conspiracies;

(2)     contacting and/or notifying social-media companies of national security threats, extortion, or other threats posted on its platform;

(3)     contacting and/or notifying social-media companies about criminal efforts to suppress voting, to provide illegal campaign contributions, of cyber-attacks against election infrastructure, or foreign attempts to influence elections;

(4)     informing social-media companies of threats that threaten the public safety or security of the United States;

(5)     exercising permissible public government speech promoting government policies or views on matters of public concern;

(6)     informing social-media companies of postings intending to mislead voters about voting requirements and procedures;

(7)     informing or communicating with social-media companies in an effort to detect, prevent, or mitigate malicious cyber activity;

(8)     communicating with social-media companies about deleting, removing, suppressing, or reducing posts on social-media platforms that are not protected free speech by the Free Speech Clause in the First Amendment to the United States Constitution.

**IT IS FURTHER ORDERED** that no security is required to be posted by Plaintiffs under Federal Rule of Civil Procedure 65.

**IT IS FURTHER ORDERED** that this Preliminary Injunction Order shall remain in effect pending the final resolution of this case or until further orders issue from this Court, the United States Court of Appeals for the Fifth Circuit, or the Supreme Court of the United States.

**IT IS FURTHER ORDERD** that the Motion for Preliminary Injunction [Doc. No. 10] is **DENIED** as to the following Defendants: U.S. Food and Drug Administration; U. S. Department of Treasury; U.S. Election Assistance Commission; U. S. Department of Commerce and employees Erica Jefferson, Michael Murray, Wally Adeyemo, Steven Frid, Brad Kimberly, and Kristen Muthig; and Disinformation Governance Board ("DGB") and its Director Nina Jankowicz.

**IT IS FURTHER ORDERED** that no evidentiary hearing is required at this time.

**IT IS FURTHER ORDERED** that Plaintiffs' request for certification of this proceeding as a class action pursuant to Fed. R. Civ. P. Article 23 (b)(2) is **DENIED.**

**THUS, DONE AND SIGNED IN MONROE, LOUISIANA,** this 4th day of July 2023**.**

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**