IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

STATE OF LOUISIANA, *et al.*,

    *Plaintiffs*,

v.

JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.,*

    *Defendants*.

Civil Action No. 22-cv-1213

**MEMORDANDUM IN SUPPORT OF DEFENDANTS' MOTION TO
STAY PRELIMINARY INJUNCTION PENDING APPEAL AND, ALTERNATIVELY,
FOR ADMINISTRATIVE STAY**

    Defendants respectfully request that the Court stay its July 4 preliminary injunction pending Defendant's appeal of that order. *See* Notice of Appeal, Dkt. 296. The Government faces irreparable harm with each day the injunction remains in effect, as the injunction's broad scope and ambiguous terms (including a lack of clarity with respect to what the injunction does not prohibit) may be read to prevent the Government from engaging in a vast range of lawful and responsible conduct—including speaking on matters of public concern and working with social media companies on initiatives to prevent grave harm to the American people and our democratic processes. These immediate and ongoing harms to the Government outweigh any risk of injury to Plaintiffs if a stay is granted, and for the same reason, a stay is in the public interest. Moreover, Defendants have shown a substantial case on the merits regarding Plaintiffs' lack of Article III standing and failure to present evidence substantiating their First Amendment claims. Accordingly, this Court should exercise its discretion to temporarily stay the preliminary injunction during the pendency of Defendants' Fifth Circuit appeal.

**BACKGROUND**

Plaintiffs filed this suit on May 5, 2022. Compl., Dkt. 1. Forty days later, they moved for a preliminary injunction, Dkt. 11, and, shortly after that, for expedited discovery relating to the motion for preliminary injunction, Dkt. 17. The Court granted the request for expedited discovery and stayed briefing on the motion for preliminary injunction. Dtks. 19, 34. On May 22, 2023, after the close of expedited discovery, the parties completed briefing on the preliminary-injunction motion. The Court held a hearing on the preliminary injunction motion several days later. On July 4, 2023, more than one year after Plaintiffs moved for a preliminary injunction, the Court issued an opinion and order granting the motion. Dkts. 293, 294.[1] On July 5, 2023, Defendants filed a notice of appeal of the Court's preliminary-injunction order. Dkt. 296.

**ARGUMENT**

In determining whether to grant a stay pending appeal, this Court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009). In evaluating these factors, courts have refused to apply them "in a rigid . . . [or] mechanical fashion." *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir.1983). A court that has ruled for one party on the merits is not required to reverse that position in order to grant a stay to the opposing party. Instead, when "a serious legal question is involved" and "the balance of the equities weighs heavily in favor of granting the stay," a party seeking a stay pending appeal "need only present a substantial case on the merits." *Arnold*

---

[1] The Court denied the motion as to certain Defendants not named in Plaintiffs' request for relief in the supplemental brief in support of the motion for preliminary injunction. Dkt. 294 at 6. In the same opinion and order the Court denied Plaintiffs' motion for class certification. *Id.* at 7.

*v. Garlock, Inc.*, 278 F.3d 426, 438-39 (5th Cir. 2001) (citation omitted). Additionally, stay pending appeal is appropriate where an injunction "is not merely an erroneous adjudication of a lawsuit between private litigants, but an improper intrusion by a federal court into the workings of a coordinate branch of the Government." *INS v. Legalization Assistance Project,* 510 U.S. 1301, 1305-06 (1993) (O'Connor, J., in chambers); *see Heckler v. Lopez*, 463 U.S. 1328, 1330 (1983) (Rehnquist, J., in chambers); *see also Adams v. Vance*, 570 F.2d 950, 954 (D.C. Cir. 1978) (per curiam). Here, each of the relevant factors weighs heavily in favor of a stay of the injunction pending appellate review.

To start, Defendants will suffer irreparable harm absent a stay of the preliminary injunction. For the same reason, a stay is in the public interest. *See Nken*, 556 U.S. at 435 (when the government is a party, its interests and the public interest "merge"). The Court's July 4 preliminary injunction is both sweeping in scope and vague in its terms. A preliminary injunction must "describe in reasonable detail . . . the act or acts restrained or required," Fed. R. Civ. Pr. 65(d), meaning "that an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed," *Louisiana v. Biden*, 45 F.4th 841, 846 (5th Cir. 2022). The Court's order does not satisfy this requirement. For example, its prohibition against "taking any action such as urging, encouraging, pressuring, or inducing in any matter social-media companies to" moderate "content protected by the Free Speech Clause of the First Amendment," Dkt. 294 at 5, does not clarify "exactly what conduct is proscribed," *Louisiana*, 45 F.4th at 846.[2] The Court's list of carve-outs only injects further uncertainty. For instance, the Court's purported

---

[2] Indeed, the Court defines "protected free speech" with reference to the jurisprudence of every federal court in the Nation. Dkt. 294 at 4 n.3. But how should an agency official, unsure of whether the speech in question is constitutionally protected, comply with this injunction—by researching the law of every federal court? What if the courts disagree?

3

exemption to allow the Government to "exercis[e] permissible public government speech," Dkt. 294 at 6, is at odds with the Court's conclusion that public statements by the White House Press Secretary and Surgeon General likely violate the First Amendment and is difficult to reconcile with the injunction's prohibition against "taking any action such as urging, encouraging, pressuring, or inducing" social media companies to moderate content on their platforms. Dkt. 294 at 5.

Nor is the injunction clear as to what entities and individuals are covered, as it names entire agencies, such as the Department of Justice, which are composed of many sub-components whose actions are not challenged by Plaintiffs in this case. By its terms, the injunction applies to all "agents, officers, employees, [and] contractors" of the Department of Justice, *id.*, thus potentially sweeping in every employee of every sub-component of the Department. And although the Court purports not to enjoin the Food and Drug Administration (FDA), Dkt. 294 at 6, it enjoins the Department of Health and Human Services (HHS), *id.* at 1, of which FDA is a part, and all agents, officers, employees, and contractors of HHS. The injunction also vaguely applies to "all acting in concert" with "said named Defendants, their agents, officer, employees, and contractors." *Id.* at 5. These are only some of the substantial ambiguities in the Court's preliminary injunction that cause significant confusion as to who is covered and how to comply with the injunction's terms.

The potential breadth of the entities and employees covered by the injunction combined with the injunction's sweeping substantive scope will chill a wide range of lawful government conduct relating to Defendants' law enforcement responsibilities, obligations to protect the national security, and prerogative to speak on matters of public concern. Accordingly, Defendants are irreparably harmed as long as the injunction remains in effect.

Additionally, a stay pending appeal would not "substantially injure" Plaintiffs. *Nken*, 556 U.S. at 426. The Court did not rule on Plaintiffs' motion for preliminary injunction until more than

4

one year after it was filed. *Supra* p.2. In their briefing on the preliminary injunction motion, Plaintiffs failed to identify any irreparable harm occurring during the pendency of that motion; nor have they identified any irreparable harm that is likely to occur absent a preliminary injunction. *See* Defs.' Opp. to PI Mot. 106-25, Dkt. 266. Instead, Plaintiffs' assertions of harm center almost entirely on conduct that is more than *one year old*. *See id.* (detailing the allegations of past content-moderation episodes and past conduct of Defendants that are central to Plaintiffs' assertions of harm). Given Plaintiffs' failure to show any evidence supporting any likelihood of ongoing or imminent harm, as is required to show standing and to obtain preliminary injunctive relief, *see Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008), there is no reason to conclude that a stay of the injunction pending appeal will cause any substantial injury to Plaintiffs.

Moreover, Defendants' appeal will raise several "serious legal question[s]," *Arnold*, 278 F.3d at 438-39, both as to Article III standing and as to the merits of Plaintiffs' First Amendment claims. This Court concluded that Plaintiff States have standing under a *parens patriae* theory despite the Supreme Court's clear statement that "[a] State does not have standing as *parens patriae* to bring an action against the Federal Government." *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592 (1982); *Haaland v. Brackeen*, 143 S. Ct. 1609, 1640 (2023). The Court also held that all Plaintiffs have standing despite their failure to present any evidence of ongoing or imminent harm. *See Attala Cnty., Miss. Branch of NAACP v. Evans*, 37 F.4th 1038, 1042 (5th Cir. 2022). Additionally, the Court's conclusion that Plaintiffs are likely to succeed on the merits of their First Amendment claims fails to properly apply state-action doctrine and ignores the voluminous evidence presented by Defendants that contradicts Plaintiffs' conclusory allegations. Defendants are thus likely to succeed on the merits of their appeal of the preliminary injunction, both on Article III standing and as to Plaintiffs' First Amendment claims. In any event, the legal questions

implicated by the injunction are "serious" and this factor warrants a stay of the injunction pending appeal.

For all of these reasons, the Court should stay the preliminary injunction pending the Fifth Circuit's resolution of Defendants' appeal.

In the alternative, if the Court denies the instant motion, Defendants respectfully request an administrative stay of the preliminary injunction for seven days to allow time for the Fifth Circuit to consider an emergency motion to stay and request for administrative stay.

Defendants respectfully request that the Court rule on this motion by 12 p.m. CT on Monday, July 10, 2023 so that Defendants may promptly seek appellate relief, if necessary.

Dated: July 6, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel, Federal Programs Branch

JOSHUA E. GARDNER (FL Bar No. 0302820)
Special Counsel, Federal Programs Branch

*/s/ Kyla M. Snow*
KYLA M. SNOW (OH Bar No. 96662)
INDRANEEL SUR (D.C. Bar No. 978017)
KUNTAL CHOLERA (D.C. Bar No. 1031523)
AMANDA K. CHUZI (D.C. Bar No. 1738545)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Tel: (202) 514-3259
kyla.snow@usdoj.gov

*Attorneys for Defendants*