IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| STATE OF LOUISIANA, STATE OF MISSOURI, *et al.*,<br><br>      *Plaintiffs*,<br><br>  v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*,<br><br>      *Defendants*. | Case No. 3:22-cv-01213-TAD-KDM |

**THE PARTIES' JOINT STATUS REPORT ON PROPOSED
DEADLINES FOR RESPONDING TO THE COMPLAINT**

The Court's order of March 30, 2023, instructed that "the parties shall file a joint status report proposing deadlines for responding to the Second Amended Complaint within fourteen (14) days of this Court's resolution of the Plaintiffs' Motion for Preliminary Injunction." Doc. 234, at 1. The Court ruled on the motion for preliminary injunction on July 4, 2023. Docs. 293, 294. The parties have met and conferred about proposed deadlines for responding to the operative Complaint, and they have failed to reach agreement. Accordingly, the parties present their respective positions below.

**Plaintiffs' Position:**

Plaintiffs request that the Court order Defendants to respond to the Complaint as soon as reasonably possible, and direct the parties to conduct a Rule 26(f) conference and submit a proposed joint scheduling plan for merits discovery and trial on the merits as soon as possible thereafter. Plaintiffs propose that the Court order Defendants to file their answer by August 1,

1

2023, and that the parties confer under Rule 26(f) and file a joint scheduling plan by August 15, 2023.

This case was first filed on May 5, 2022, and Defendants have now gone over 14 months without answering the Complaint. The Court has found that Plaintiffs are likely to prevail on the merits and that they suffer ongoing irreparable harm from federal censorship—injuries that extend to "millions" of speakers and readers on social media in Louisiana, Missouri, and across the United States. Doc. 293, at 94, 123, 137-38, 139-144. The Court has entered a preliminary injunction to prevent much of this harm, but the injunction does not cover many of the Defendants, and Plaintiffs have yet received no discovery from many Defendants. Accordingly, the issues in the case remain pressing and time-sensitive, and it is imperative that the case proceed with merits discovery and toward resolution of the merits as swiftly as reasonably possible.

Defendants have declined to provide any proposed deadline for filing their answer to the Complaint. Instead, they made two alternative proposals—both of which involve setting *no deadline at all* for responding to the Complaint. Needless to say, Plaintiffs do not agree with either of Defendants' proposals.

*First*, Defendants proposed that Plaintiffs "waive the answer in this case," on the ground that "Defendants' detailed responses to Plaintiffs' roughly 1,440-paragraph proposed findings of fact" already "answer[ed] the largely duplicative allegations in the complaint," so that an answer "would serve no useful purpose but would impose a substantial burden on Defendants." *See* Email Chain Between Plaintiffs and Defendants (attached as Exhibit 1). Plaintiffs reject this proposal, and they categorically refuse to "waive the answer" in this case. Answering the Complaint serves the critical function of narrowing and identifying the facts in dispute in the case. Plaintiffs' proposed findings of fact do not address many allegations in the Complaint, and they do not

2

address large numbers of Defendants at all, so an Answer will not be "duplicative" of Plaintiffs' response. Indeed, an Answer serves a unique and irreplaceable role in litigation, serving as the binding statement of the nature and scope of the dispute between the parties, and triggering the parties' obligation to confer about discovery. Under no circumstances do Plaintiffs agree to "waive" Defendants' obligation to answer the Complaint.

*Second*, when Plaintiffs declined to waive the answer, Defendants then proposed "to stay the answer deadline pending resolution of the PI appeal by the Fifth Circuit and, if applicable, the Supreme Court." *Id.* Defendants contend that "[a]ny appellate ruling may affect the scope and contours of this case, including whether or to what extent it is necessary to respond to the complaint." *Id.* Plaintiffs oppose any stay of district-court proceedings pending resolution of the preliminary-injunction appeal, which addresses only some of the Defendants and will consider the merits only in a preliminary posture. In some cases, a stay of proceedings pending ruling on a preliminary injunction serves the interests of the parties and judicial economy, but Plaintiffs submit that this is not such a case. Plaintiffs and millions of Americans experience ongoing irreparable injury on a daily basis. *See* Doc. 293, at 139-144. Appellate proceedings through the Fifth Circuit, possibly the *en banc* Fifth Circuit, and the U.S. Supreme Court could take well over a year to complete, at the end of which Defendants *still* would not have answered the Complaint or provided *any* merits discovery. Injecting yet another long delay before merits proceedings would subject Plaintiffs and virtually all Americans on social media to inequitable and intolerable harm. Accordingly, Plaintiffs oppose Defendants' request to stay merits proceedings while the preliminary-injunction ruling is on appeal in the Fifth Circuit and the Supreme Court.

Plaintiffs proposed possible deadlines for filing their Answer to Defendants, *see* Ex. 1, but Defendants did not agree to them, and they refused to propose their own deadline. Accordingly,

3

Plaintiffs propose that Defendants file their Answer within 14 days, *i.e.*, by **August 1, 2023.** This deadline accords with Rule 15(a)(3) of the Federal Rules of Civil Procedure, which affords 14 days to file an answer from service of an amended Complaint. Despite Defendants' inevitable protestations to the contrary, this deadline is eminently feasible for Defendants. They have had many months to study the allegations in the Complaint, and indeed they contended last Thursday that answering the Complaint would be "largely duplicative" of their responses to Plaintiffs' Proposed Findings of Fact.

Further, Plaintiffs respectfully request that the Court direct the parties conduct a discovery and scheduling conference under Rule 26(f) and file a proposed scheduling plan within 14 days of the filing of Defendants' answer, *i.e.* by **August 15, 2023.** As stated above, commencing merits discovery as soon as possible, and proceeding to resolution of the merits with all deliberate speed, is imperative and serves vital First Amendment interests.

For these reasons, Plaintiffs request that the Court order Defendants to file an answer by **August 1, 2023**, and to direct the parties to meet and confer under Rule 26(f) and file a joint scheduling proposal regarding discovery and resolution of the merits by **August 15, 2023**.

**Defendants' Position:**

This Court stayed Defendants' answer deadline pending resolution of Plaintiffs' motion for preliminary injunction. That stay avoided inefficient expenditures of party resources while the parties prepared voluminous briefs on a motion poised to alter the future course of litigation.

This Court granted Plaintiffs' motion for a preliminary injunction. However, the Fifth Circuit stayed the injunction and set an expedited appeal schedule with briefing to conclude by August 8, 2023, and oral argument to be held on August 10. *See* Briefing Notice, Dkt. 37, *Missouri*

*v. Biden*, No. 23-30445 (5th Cir.). Thus, the ultimate resolution of Plaintiffs' motion remains uncertain, and a stay of the answer remains warranted. It would be inefficient for Defendants to divert resources to answer the operative complaint, particularly given the likelihood that the Fifth Circuit's ruling will alter the future course of litigation.

For these reasons, and others explained below, the Court should extend the stay of the answer deadline pending resolution of all appellate proceedings on the motion for preliminary injunction (including any proceedings in the Supreme Court). The Court can address whether an answer is warranted after the conclusion of appellate proceedings. For the same reasons, the Court should stay any deadlines for the parties' meeting of counsel pursuant to Federal Rule of Civil Procedure 26(f) and to submit a proposed case management plan pending final resolution of the appeal.

In the alternative, if the Court decides to address now whether an answer is warranted, the Court should waive the answer. An answer will often serve the purpose of delineating the terms of the parties' dispute. Here, by contrast, the parties have already exchanged views in voluminous preliminary filings—including detailed responses by Defendants to Plaintiffs' 1,442 proposed findings of fact in support of their motion for preliminary injunction. Requiring an answer under these circumstances would not meaningfully advance the course of the litigation.

**A. The Court Should Continue to Stay the Answer Deadline Pending Resolution of Appellate Proceedings on the Preliminary Injunction.**

Principles of judicial economy weigh strongly in favor of extending the stay of the time to answer Plaintiffs' complaint, pending final resolution of the preliminary injunction appeal, which is proceeding on an expedited basis. The outcome of the expedited appeal could drastically change the nature and scope of the litigation in this Court. Defendants' appeal raises serious arguments that Plaintiffs lack Article III standing and are unlikely to succeed on the merits. An appellate court

5

may conclude that some or all of the individual and State Plaintiffs here lack standing. Or an appellate court may conclude that one or more Plaintiffs is unlikely to sustain a claim on the merits. In either case, any effort expended by Defendants to answer some or all of the allegations would be rendered moot.

The Court should not require Defendants to answer the lengthy Complaint before the conclusion of the expedited appellate proceedings. Given the pace of the Fifth Circuit proceedings—with briefing to be completed by August 8 and oral argument set for August 10—staying the answer until after the appeal concludes is unlikely to cause any significant delay in the district court litigation. But it would ensure greater efficiency and preservation of government resources by avoiding requiring Defendants to answer allegations that may be mooted by an appellate court's ruling.

Moreover, the Court should not set additional deadlines at this juncture. Although the Court's March 30 order directed the parties to submit a Joint States Report for the sole purpose of proposing a deadline to respond to the Complaint, Dkt. 234, Plaintiffs also propose deadlines for the parties to hold a Rule 26(f) meeting of counsel and submit a proposed case management plan. Even if the Court declines to waive or stay Defendants' obligation to file an answer, it should stay any ensuing deadlines for the meeting of counsel and submission of a case management plan pending resolution of the preliminary injunction appeal. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").[1]

---

[1] Should this Court set a deadline for the Rule 26(f) conference, Defendants reserve their right to move to stay discovery pending appellate proceedings on Plaintiffs' Motion for Preliminary Injunction. If an appellate court concludes that any or all of the Plaintiffs lack Article III standing, then there would be no justification for any discovery pertaining to the allegations raised by those Plaintiffs: "[W]ithout proper jurisdiction, a court cannot proceed at all." *See Steel Co. v. Citizens*

Under these circumstances, setting any discovery deadlines before the expedited appeal proceedings conclude would frustrate the principles of judicial economy underlying the Federal Rules. *See* Fed. R. Civ. P. 1 ("The[] [Federal Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Ordering the parties to meet and confer about discovery now could result in expenditure of the parties' time and resources on matters that may be rendered moot by a ruling on appeal. Because a party may only obtain discovery that is "relevant to [a pending] claim or defense" and "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), the permissible scope of discovery cannot be adequately determined absent clarity as to what legally cognizable claims, if any, remain in this case after final resolution of the preliminary injunction appeal. Commencing any discovery now also has the potential to waste the time and resources of the Court, which will likely be called on to resolve disputes over a case management plan or substantive discovery matters that may be of no relevance once the appeal concludes.

A brief stay of the Rule 26(f) conference pending resolution of the appeal would avoid these potential inefficiencies. And because the Fifth Circuit appeal is following a highly expedited timeline, with oral argument set for barely more than three weeks from today, any delay in district court proceedings (assuming they continue at the conclusion of the appeal) caused by a brief stay will likely be minor and cause Plaintiffs no prejudice. In sum, the Court should exercise its broad discretion to stay any deadlines for the parties to meet and confer and submit a case management plan until after resolution of the expedited preliminary injunction appeal.

---

*for a Better Env't*, 523 U.S. 83, 84 (1998). For this reason, courts in the Fifth Circuit regularly stay discovery in analogous situations where the threshold question of Article III standing remains outstanding. *See, e.g.*, *Johnson v. Ashmore*, No. 3:15-CV-2475-K (BF), 2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016) ("The Court finds that a stay of discovery is proper until . . . preliminary questions" about the court's subject matter jurisdiction "are decided.").

7

B. <u>**In the Alternative, the Court Should Waive the Requirement to Answer the Complaint.**</u>

In the alternative, in recognition of the significant factual development that has already occurred in this case, the Court should waive Defendants' obligation to answer the Complaint. Although an answer will sometimes serve to crystallize the factual issues in dispute, the parties in this case have already filed tens of thousands of pages of documents, deposition transcripts, and additional exhibits and submitted more than 1,000 pages of disputed proposed findings of fact (which largely duplicate the allegations made in the Complaint and in Plaintiffs' briefing), Dkts. 214-1, 266-8.[2] An answer thus would not further its primary purpose of "inform[ing] the opposing party and the court of the nature of the . . . defenses being asserted" by Defendants here. Charles Alan Wright & Arthur R. Miller, 4 Fed. Prac. & Proc. Civ. § 1182. Plaintiffs and the Court are already well informed of Defendants' defenses to the allegations in the Complaint, which have been outlined thoroughly in the hundreds of pages of briefing on Defendants' motions to dismiss and opposition to Plaintiffs' motion for preliminary injunction. Nor is this a circumstance where an answer would serve as notice of Defendants' affirmative defenses, as Defendants are not asserting any of the defenses required to be specifically pled under Federal Rule of Civil Procedure 8(c)(1).

Under these circumstances, requiring Defendants to answer each of the 584 paragraphs in Plaintiffs' 165-page Complaint would impose a significant burden on Defendants for no apparent litigation purpose. The Court should waive Defendants' obligation to answer.

---

[2] Plaintiffs also contend that there are several federal agencies and officials for whom there has been no discovery. But discovery is not necessary to identify or narrow the issues in dispute with respect to those federal agencies and officials. The allegations against *all* Defendants were addressed in Defendants' motion to dismiss the Second Amended Complaint. *See* Dkt. 128. While Plaintiffs have since filed a Third Amended Complaint, that amendment was made for the "limited purpose of adding class allegations" and not to add additional Defendants. Dkt. 227-1 at 2.

| | |
|---|---|
| Dated: July 18, 2023 | Respectfully submitted, |

**ANDREW BAILEY**
**Attorney General of Missouri**

*/s/ Joshua M. Divine*
Joshua M. Divine, Mo. Bar No. 69875*
  *Solicitor General*
Todd A. Scott, Mo. Bar No. 56614*
  *Senior Counsel*
Missouri Attorney General's Office
Post Office Box 899
Jefferson City, MO 65102
Tel: (573) 751-8870
Josh.Divine@ago.mo.gov
*Counsel for State of Missouri*


*/s/ John J. Vecchione*
John J. Vecchione *
New Civil Liberties Alliance
1225 19th Street N.W., Suite 450
Washington, DC 20036
Direct: (202) 918-6905
E-mail: john.vecchione@ncla.legal
*Counsel for Plaintiffs Dr. Jayanta Bhattacharya,*
*Dr. Martin Kulldorff, Dr. Aaron Kheriaty, and Jill Hines*

\*  admitted *pro hac vice*

**JEFFREY M. LANDRY**
**Attorney General of Louisiana**

*/s/ D. John Sauer*
Elizabeth B. Murrill (La #20685)
  *Solicitor General*
Tracy Short (La #23940)
  *Assistant Attorney General*
D. John Sauer (Mo #58721)*
  *Special Assistant Attorney General*
Louisiana Department of Justice
1885 N. Third Street
Baton Rouge, Louisiana
Tel: (225) 326-6766
murrille@ag.louisiana.gov
*Counsel for State of Louisiana*


*/s/ John C. Burns*
John C. Burns *
Burns Law Firm
P.O. Box 191250
St. Louis, Missouri 63119
P: 314-329-5040
E-mail: john@burns-law-firm.com
*Counsel for Plaintiff Jim Hoft*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel, Federal Programs Branch

JOSHUA E. GARDNER (FL Bar No. 0302820)
Special Counsel, Federal Programs Branch

*/s/ Kyla M. Snow*
KYLA M. SNOW (OH Bar No. 96662)
INDRANEEL SUR (D.C. Bar No. 978017)
KUNTAL CHOLERA (D.C. Bar No. 1031523)
AMANDA K. CHUZI (D.C. Bar No. 1738545)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Tel: (202) 514-3259
kyla.snow@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 18, 2023, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*/s/ D. John Sauer*