**John Sauer**

| | |
|---|---|
| **From:** | John Sauer |
| **Sent:** | Tuesday, July 18, 2023 9:14 AM |
| **To:** | Snow, Kyla (CIV) |
| **Cc:** | Cholera, Kuntal (CIV); Sur, Indraneel (CIV); Chuzi, Amanda K. (CIV); Gardner, Joshua E (CIV); Divine, Josh; 'Short, Tracy'; Murrille@ag.Louisiana.Gov; John Vecchione; Scott, Todd; 'Jonathon Burns'; Zhonette Brown |
| **Subject:** | RE: MO v. Biden - JSR re answer |

Kyla-

We do not agree to a stay or to waive your answer.  It seems that we agree to disagree.  Given our failure to agree, we will prepare a joint status report noting that the parties have conferred and failed to agree, and leaving a blank for each parties' position: "Plaintiffs' Position" and "Defendants' Position."  Please send us your position by 3:30 pm Central time this afternoon so that we may insert it into the Joint Status Report and file.

Thank you,

John Sauer

**From:** Snow, Kyla (CIV) <Kyla.Snow@usdoj.gov>
**Sent:** Monday, July 17, 2023 10:03 AM
**To:** John Sauer <john.sauer@james-otis.com>
**Cc:** Cholera, Kuntal (CIV) <Kuntal.Cholera@usdoj.gov>; Sur, Indraneel (CIV) <Indraneel.Sur@usdoj.gov>; Chuzi, Amanda K. (CIV) <Amanda.K.Chuzi@usdoj.gov>; Gardner, Joshua E (CIV) <Joshua.E.Gardner@usdoj.gov>; Divine, Josh <Josh.Divine@ago.mo.gov>; 'Short, Tracy' <ShortT@ag.louisiana.gov>; Murrille@ag.Louisiana.Gov; John Vecchione <john.vecchione@ncla.legal>; Scott, Todd <Todd.Scott@ago.mo.gov>; 'Jonathon Burns' <john@burns-law-firm.com>; Zhonette Brown <Zhonette.Brown@ncla.legal>
**Subject:** RE: MO v. Biden - JSR re answer

John,

It is not our position that "proceedings should be stayed indefinitely."  As I stated, it is our position that the answer should be waived because it would serve no utility given the significant fact development that has already occurred in this case; but at the very least, the answer should be stayed pending resolution of the PI appellate proceedings, given the potential for those proceedings to drastically alter the scope of the issues to be litigated in this case.  For the same reason, the deadlines to meet and confer and submit a case management plan should be stayed pending resolution of the PI appellate proceedings.  There is no reason for the parties to set firm deadlines now, before the PI appeal is resolved, when contours of this case could change dramatically depending on the outcome of those highly expedited proceedings.  We are asking for agreement to a temporary stay of these deadlines pending resolution of the PI appeal, which is in the interest of judicial economy.

Best,
Kyla

**From:** John Sauer <john.sauer@james-otis.com>
**Sent:** Monday, July 17, 2023 10:40 AM
**To:** Snow, Kyla (CIV) <Kyla.Snow@usdoj.gov>
**Cc:** Cholera, Kuntal (CIV) <Kuntal.Cholera@usdoj.gov>; Sur, Indraneel (CIV) <Indraneel.Sur@usdoj.gov>; Chuzi, Amanda

1

K. (CIV) <Amanda.K.Chuzi@usdoj.gov>; Gardner, Joshua E (CIV) <Joshua.E.Gardner@usdoj.gov>; Divine, Josh <Josh.Divine@ago.mo.gov>; 'Short, Tracy' <ShortT@ag.louisiana.gov>; Murrille@ag.Louisiana.Gov; John Vecchione <john.vecchione@ncla.legal>; Scott, Todd <Todd.Scott@ago.mo.gov>; 'Jonathon Burns' <john@burns-law-firm.com>; Zhonette Brown <Zhonette.Brown@ncla.legal>
**Subject:** [EXTERNAL] RE: MO v. Biden - JSR re answer

Kyla-

Respectfully, your suggestion that responding to the Complaint by July 25 is impossible seems at odds with the statement in your email last Thursday that answering the Complaint would be "largely duplicative" of previous filings. That said, we are open to discussing a different deadline to respond to the Complaint if you insist on more time, e.g. August 8 would provide you an additional two weeks. We do not agree to stay proceedings pending appeal. Are you willing to propose an answer deadline of any kind, or is it your sole position that you think all proceedings should be stayed indefinitely? And are you willing even to contemplate or discuss the timing of a Rule 26(f) conference? In my experience, that is usually closely tied to the answer deadline.

Thanks, John

**From:** Snow, Kyla (CIV) <Kyla.Snow@usdoj.gov>
**Sent:** Monday, July 17, 2023 9:29 AM
**To:** John Sauer <john.sauer@james-otis.com>
**Cc:** Cholera, Kuntal (CIV) <Kuntal.Cholera@usdoj.gov>; Sur, Indraneel (CIV) <Indraneel.Sur@usdoj.gov>; Chuzi, Amanda K. (CIV) <Amanda.K.Chuzi@usdoj.gov>; Gardner, Joshua E (CIV) <Joshua.E.Gardner@usdoj.gov>; Divine, Josh <Josh.Divine@ago.mo.gov>; 'Short, Tracy' <ShortT@ag.louisiana.gov>; Murrille@ag.Louisiana.Gov; John Vecchione <john.vecchione@ncla.legal>; Scott, Todd <Todd.Scott@ago.mo.gov>; 'Jonathon Burns' <john@burns-law-firm.com>; Zhonette Brown <Zhonette.Brown@ncla.legal>
**Subject:** RE: MO v. Biden - JSR re answer

John,

Given the expedited briefing and argument schedule the Fifth Circuit set for the PI appeal on Friday night, please let us know if your position has changed on a stay of the answer deadline (and the submission of a case management plan) pending resolution of appellate proceedings.

Either way, we cannot agree to your proposed deadlines. A July 25 answer deadline for a 167-page Complaint, spanning roughly 600 paragraphs of allegations against almost 70 individuals and agencies, is patently unreasonable. We plan to ask the Court to waive the answer or at least stay the deadline pending resolution of PI appellate proceedings. Again, we think we should be able to reach agreement on the latter, alternative request, given the expedited nature of the Fifth Circuit proceedings.

Additionally, the Court's March 30 order directed the parties to file a JSR that only proposes an answer deadline. But if you intend to propose a deadline for a Rule 26(f) conference and submission of a proposed case management plan as well, we will ask the Court to stay those deadlines pending resolution of our appeal of the preliminary injunction. The outcome on appeal may significantly change the scope of the this case in any number of ways. An appellate court may conclude, like virtually every other court to address analogous First Amendment claims, that Plaintiffs here—or many of them—lack standing, thus obviating the justification for any further proceedings, including discovery, or at the very least narrowing their scope. And since the Fifth Circuit's expedited argument date is set for only two days after your proposed deadline for submission of a case management plan, awaiting the conclusion of appeal proceedings should not cause much delay to that deadline.

Best,
Kyla

**From:** John Sauer <john.sauer@james-otis.com>
**Sent:** Thursday, July 13, 2023 5:13 PM
**To:** Snow, Kyla (CIV) <Kyla.Snow@usdoj.gov>
**Cc:** Cholera, Kuntal (CIV) <Kuntal.Cholera@usdoj.gov>; Sur, Indraneel (CIV) <Indraneel.Sur@usdoj.gov>; Chuzi, Amanda K. (CIV) <Amanda.K.Chuzi@usdoj.gov>; Gardner, Joshua E (CIV) <Joshua.E.Gardner@usdoj.gov>; Divine, Josh <Josh.Divine@ago.mo.gov>; 'Short, Tracy' <ShortT@ag.louisiana.gov>; Murrille@ag.Louisiana.Gov; John Vecchione <john.vecchione@ncla.legal>; Scott, Todd <Todd.Scott@ago.mo.gov>; 'Jonathon Burns' <john@burns-law-firm.com>; Zhonette Brown <Zhonette.Brown@ncla.legal>
**Subject:** [EXTERNAL] RE: MO v. Biden - JSR re answer

Kyla-

We oppose your request to stay the answer deadline (and, presumably, any other proceedings in the case) pending resolution of the PI appeal. Given the nature of our claims and the irreparable injury from ongoing First Amendment violations, we believe it is imperative that the case should proceed expeditiously with merits discovery and toward resolution of the merits. For next Tuesday's joint status report, we propose deadlines of (1) July 25, 2023 for Defendants to file their responsive pleading, and (2) August 8, 2023 for the parties to complete a Rule 26(f) discovery conference and file a joint proposed scheduling order to govern merits discovery and trial. Please let us know if you will consent to these deadlines.

Thank you, John Sauer

**From:** Snow, Kyla (CIV) <Kyla.Snow@usdoj.gov>
**Sent:** Thursday, July 13, 2023 3:35 PM
**To:** John Sauer <john.sauer@james-otis.com>
**Cc:** Cholera, Kuntal (CIV) <Kuntal.Cholera@usdoj.gov>; Sur, Indraneel (CIV) <Indraneel.Sur@usdoj.gov>; Chuzi, Amanda K. (CIV) <Amanda.K.Chuzi@usdoj.gov>; Gardner, Joshua E (CIV) <Joshua.E.Gardner@usdoj.gov>; Divine, Josh <Josh.Divine@ago.mo.gov>; 'Short, Tracy' <ShortT@ag.louisiana.gov>; Murrille@ag.Louisiana.Gov; John Vecchione <john.vecchione@ncla.legal>; Scott, Todd <Todd.Scott@ago.mo.gov>; 'Jonathon Burns' <john@burns-law-firm.com>; Zhonette Brown <Zhonette.Brown@ncla.legal>
**Subject:** RE: MO v. Biden - JSR re answer

John,

Thanks for your quick response. We respectfully disagree that a responsive pleading is necessary in the circumstances of this case to precisely identify the areas of dispute given the factual record already developed. Setting that aside, would you agree to stay the answer deadline pending resolution of the PI appeal by the Fifth Circuit and, if applicable, the Supreme Court? Any appellate ruling may affect the scope and contours of this case, including whether or to what extent it is necessary to respond to the complaint. We therefore think it is in the interest of all parties and the court to stay the answer deadline until after resolution of the PI proceedings. Please let us know if you agree.

Best,
Kyla

**From:** John Sauer <john.sauer@james-otis.com>
**Sent:** Thursday, July 13, 2023 12:53 PM
**To:** Snow, Kyla (CIV) <Kyla.Snow@usdoj.gov>

**Cc:** Cholera, Kuntal (CIV) <Kuntal.Cholera@usdoj.gov>; Sur, Indraneel (CIV) <Indraneel.Sur@usdoj.gov>; Chuzi, Amanda K. (CIV) <Amanda.K.Chuzi@usdoj.gov>; Gardner, Joshua E (CIV) <Joshua.E.Gardner@usdoj.gov>; Divine, Josh <Josh.Divine@ago.mo.gov>; 'Short, Tracy' <ShortT@ag.louisiana.gov>; Murrille@ag.Louisiana.Gov; John Vecchione <john.vecchione@ncla.legal>; Scott, Todd <Todd.Scott@ago.mo.gov>; 'Jonathon Burns' <john@burns-law-firm.com>; Zhonette Brown <Zhonette.Brown@ncla.legal>
**Subject:** [EXTERNAL] RE: MO v. Biden - JSR re answer

Kyla-

Respectfully, no, we do not agree to waive an answer in the case. A responsive pleading plays a critical function in the case of precisely identifying the areas of dispute, among other things. Your suggestion that an answer would be "largely duplicative" (though not entirely so) of previously filed pleadings implies that preparing an answer would not be uniquely burdensome. Further, I respectfully point out that the Third Amended Complaint contains extensive allegations about certain federal agencies and officials for whom there has been no discovery and no factual development at all. All Defendants are obliged to answer the complaint.

Thanks, John

**From:** Snow, Kyla (CIV) <Kyla.Snow@usdoj.gov>
**Sent:** Thursday, July 13, 2023 11:46 AM
**To:** John Sauer <john.sauer@james-otis.com>
**Cc:** Cholera, Kuntal (CIV) <Kuntal.Cholera@usdoj.gov>; Sur, Indraneel (CIV) <Indraneel.Sur@usdoj.gov>; Chuzi, Amanda K. (CIV) <Amanda.K.Chuzi@usdoj.gov>; Gardner, Joshua E (CIV) <Joshua.E.Gardner@usdoj.gov>; Divine, Josh <Josh.Divine@ago.mo.gov>; 'Short, Tracy' <ShortT@ag.louisiana.gov>; Murrille@ag.Louisiana.Gov; John Vecchione <john.vecchione@ncla.legal>; Scott, Todd <Todd.Scott@ago.mo.gov>; 'Jonathon Burns' <john@burns-law-firm.com>; Zhonette Brown <Zhonette.Brown@ncla.legal>
**Subject:** MO v. Biden - JSR re answer

John,

We're reaching out about our JSR due next Tuesday, 7/18, proposing an answer deadline. Our view is that, given the extensive factual development that's already taken place in this case, including Defendants' detailed responses to Plaintiffs' roughly 1,440-paragraph proposed findings of fact, answering the largely duplicative allegations in the complaint would serve no useful purpose but would impose a substantial burden on Defendants. Under these circumstances, would you agree to waive the answer in this case?

Best,
Kyla


Kyla M. Snow
Trial Attorney | U.S. Department of Justice
Civil Division | Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Kyla.Snow@usdoj.gov
Office: (202) 514-3259
Cell: (202) 598-3561