U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 17 2023

TONY R. MOORE, CLERK
BY: _____ M3
DEPUTY

# SELF-REPRESENTED INFORMATION SHEET

Cause No. 3:22-CV-01213

*If it be required and/or applicable, along with Pro Se...*

I am the: ☑ Plaintiff/Petitioner
☐ Respondent/Defendant   *Pro Hac Vice*
☑ Intervenor/Non-Party : FBI, DEA, Joseph R. Biden, Jr.
Turpin Electric, Inc.

PLEASE PRINT THE FOLLOWING INFORMATION:

My Name: Son F. "D." Turpin

My Current Address: 12 Mulberry St. | 2421 S. Plum St. [IN]
247 Maximillian St. | 10544 Cletus Dr. [LA]
(Street) Cambridge City, IN 47327 | Yorktown, IN 47396 [IN]
Baton Rouge, LA 70802 | Baton Rouge, LA 70815 [LA]
(City, State, Zip Code)

Telephone Number: 225-259-6270 | 225-228-5466
(Please Include Area Code)

Please provide an alternate telephone number where we can leave a message if we cannot reach you at the above number:
(Please include Area Code): 225-432-5574 | 225-387-1322 | 765-429-7035

My Date of Birth: 04/05/1990

My e-mail Address: JT4590@GMAIL.COM
(If you do not have an e-mail address, write "none")

*[signature]*

casetext    CARA A.I.    Search with keywords, booleans, or sentences    JX    Help   Sign In   Free Trial

American Civil Liberties Union et al v. Department of Defense et al

...Read    Cited Authorities

# American Civil Liberties Union et al v. Department of Defense et al

MOTION for Leave to Appear Pro Hac Vice :Attorney Name- Ben Wizner, :Firm- American Civil Liberties Union Foundation, :Address- 125 Broad Street, New York, NY 10004. Phone No. - 212-519-7860. Fax No. - 212-549-2651

D.D.C.   March 18, 2008

Case 1:08-cv-00437-RCL   Document 2   Filed 03/18/2008   Page 1 of 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN CIVIL LIBERTIES UNION, et al,

Plaintiffs,

v.                                                          No. 08-cv-437 (RCL)

DEPARTMENT OF DEFENSE, et al.,

Defendants.

**MOTION FOR ADMISSION, *PRO HAC VICE*, OF
BEN WIZNER AS ADDITIONAL COUNSEL FOR PLAINTIFFS**

Pursuant to Local Civil Rule 83.2(d), I hereby move the admission, *pro hac vice*, of Ben Wizner, an attorney with the National Legal Department of the American Civil Liberties Union in New York and a member of the California Bar, as additional counsel for plaintiffs in this case. Mr. Wizner's declaration and a proposed order are filed herewith.

Respectfully submitted,

/s/ *Arthur B. Spitzer*

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the National Capital Area
1400 20th Street, N.W., Suite 119
Washington, DC 20036
Tel. (202) 457-0800
Fax (202) 452-1868

March 18, 2008

Case 1:08-cv-00437-RCL   Document 2-2   Filed 03/18/2008   Page 1 of 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF DEFENSE, *et al.*,<br><br>Defendants. | No. 08-cv-437 (RCL) |

**DECLARATION OF BEN WIZNER**

Pursuant to Local Rule 83.2(d), I, Ben Wizner, submit this declaration in support of my application for leave to appear and practice in this case *pro hac vice*.

1. My full name is Benjamin Elihu Wizner.

2. I am an Attorney at the American Civil Liberties Union Foundation. My office is located at 125 Broad Street, 19th floor, New York, NY 10004. My office telephone number is 212-519-7860.

3. I was admitted by examination to the Supreme Court of the State of California in November 2001 and remain a member in good standing. I am a member in good standing of the bars of the United States Supreme Court, United States Court of Appeals for the Third Circuit, United States Court of Appeals for the Fourth Circuit, United States Court of Appeals for the Ninth Circuit, United States Court of Appeals for the District of Columbia Circuit, United States District Court for the Northern District of California, United States District Court for the Southern District of California, and United States District Court for the Central District of California.

pending against me as a member of the bar in any jurisdiction.

5. I have been admitted to this court *pro hac vice* once within the past two years.

6. I do not engage in the practice of law from an office located in the District of Columbia.

I certify under the penalties of perjury that the foregoing is true.

Executed this 1st day of March.

Ben Wizner

casetext | Sign In | Free Trial

American Civil Liberties Union et al v. Department of Defense et al

Read | Cited Authorities

---

AMERICAN CIVIL LIBERTIES UNION, *et al*,

Plaintiffs,

v.

DEPARTMENT OF DEFENSE, *et al.*,

Defendants.

No. 08-cv-437 (RCL)

[Proposed] **ORDER**

Upon consideration of the motion of Benjamin Wizner to appear in this action *pro hac vice*, it is hereby

ORDERED that the motion is granted.

Date: _____

Make your practice more effective and efficient with Casetext's legal research suite.

Get a Demo

Pricing
Switch
Big firm
Coverage
SmartCite
Law school
Bar associations

About us
Jobs
Blog

Twitter
Facebook
LinkedIn
Instagram

Help articles
Customer support
Contact sales
Cookies Settings
Privacy
Terms

© 2023 Casetext Inc.
Casetext, Inc. and Casetext are not a law firm and do not provide legal advice.

7/13/23, 10:43 PM
pro hac vice | Wex | US Law | LII / Legal Information Institute
Case 3:22-cv-01213-TAD-KDM    Document 306-1    Filed 07/17/23    Page 6 of 11 PageID #: 27049

LII > Wex > **pro hac vice**

# pro hac vice

Pro hac vice is a legal term for adding an attorney to a case in a jurisdiction in which they are not licensed to practice in such a way that the attorney does not commit unauthorized practice of law. For example, an Ohio licensed attorney may practice pro hac vice in a New York case, although normally they would be engaged in the unauthorized practice of law in New York without admission to the New York Bar. In almost all U.S. jurisdictions, attorneys who practice pro hac vice must do so with a local lawyer acting as local counsel.

## History of pro hac vice admission

Pro hac vice admission is older than the Republic. It was employed in *Crown v. Peter Zenger*, the 1735 free speech case. It has appeared often in highly-publicized cases such as the case involving Larry Flynt and Hustler magazine. With the rise of mass tort litigation and increasing reliance on Multidistrict Litigation as a tool to streamline "serial" forms of litigation, pro hac vice admission is becoming a commonly used method for subject matter experts to practice outside their home jurisdictions. Finally, companies that used to be local or regional who are finding themselves doing business across state lines may want to take their local, trusted attorney with them. By some estimates, nearly 15% of all lawsuits filed in the United States each year involve the assistance of an attorney admitted pro hac vice.

## Purpose of pro hac vice admission

Pro hac vice admission is a method that resolves the tension between the growing need to practice across state lines, especially as the world goes digital, and the interest of local courts to ensure that attorneys who practice before them are qualified to both advise their clients on local laws and comply with local rules of practice and custom. To that end, most courts and bar associations who administer the pro hac vice admission rules require one or both of the following as a condition of admission: (1) that local counsel vouch for the pro hac vice attorney

7/13/23, 10:43 PM
pro hac vice | Wex | US Law | LII / Legal Information Institute
Case 3:22-cv-01213-TAD-KDM   Document 306-1   Filed 07/17/23   Page 7 of 11 PageID #: 27050

with respect to his or her ability to learn the local law and comply with matters of local practice, including local rules, and (2) that the pro hac vice applicant swear to abide by the written rules and make a proactive effort to learn them.

### Discipline in pro hac vice cases

In every jurisdiction, lawyers practicing pro hac vice are subject to discipline by the jurisdiction in which they are visiting. Some states will impose reciprocal discipline on attorneys who are sanctioned by foreign courts. Thus, the promise to abide by the local rules of a foreign court should not be taken lightly.

There is case law in every United States jurisdiction which contains the finer points of pro hac vice practice. Certain issues appear repeatedly, and should be investigated prior to admission before a foreign court.

### Limited use of pro hac vice privileges

A 50-state survey of pro hac vice admission rules tends to show that most jurisdictions intend for pro hac vice admission to be used on a sparing and occasional basis. Some rules expressly limit the use of this type of admission to a few cases in a five-year period, for example.

Recently, the District of New Jersey broke tradition on the usual interpretation of pro hac vice admission as a tool of limited availability. Several years ago, the local rules expressly limited the number of pro hac vice admissions for which an attorney could apply. Later, the rule was amended and the numerical limitation removed. A disability rights attorney with involvement in over 60 New Jersey cases, 24 in which he had sought pro hac vice admission, was denied further admissions by a magistrate judge. The magistrate cited, among other reasons, excessive use of the rule amounting to avoidance of full admission to the bar in the order denying admission. The district court judge disagreed and instead granted admission to the attorney.

### Degree of participation required of Local Counsel

The required participation of local counsel necessarily increases costs to the client. Understandably, the pro hac vice attorney may view local counsel as a mere administrative position rather than a substantive role to minimize costs. This may conflict with the jurisdiction's view on the degree of participation required by local counsel.

Courts across the nation take positions all over the spectrum. For example, in some states, local counsel must have enough involvement and authority to sign a stipulation on behalf of the client, while in others- especially federal courts- judges routinely refer to pro hac vice attorneys as "lead counsel." In the middle lie jurisdictions which require local counsel to appear in court, but not at depositions, or at both.

7/13/23, 10:23 PM
Case 3:22-cv-01213-TAD-KDM   Document 306-1   Filed 07/17/23   Page 8 of 11 PageID #: 27051
pro hac vice | Wex | US Law | LII / Legal Information Institute

Local counsel's interest in materially participating in a case may often be at odds with the pro hac vice attorney's interest in controlling costs for the client. In most cases where the question has been tested, local counsel bears malpractice risk in the case.

### The duty of attorneys to notify the client of differences in legal opinions

At least one state supreme court has mandated that local counsel must notify the client that they have a materially different legal opinion on the client's case than that of the pro hac vice attorney. In other jurisdictions which do not specify this requirement, attorneys working together in a pro hac vice/local counsel relationship should take care to address this situation before it arises, preferably in an engagement agreement.

### The timing of filings relative to the approved pro hac vice application and other unauthorized practice of law issues

Courts take a variety of positions on when, if ever, a pro hac vice attorney may sign and/or file documents in the court. In one Western state, for example, prospective pro hac vice applicants may file a complaint to initiate a case so long as they file a motion for admission and complete an application with the state bar association within 7 days. In other states, particularly those who require more participation of local counsel, any document filed prior to entry of an order granting pro hac vice admission will be stricken. The document will be treated as if it had never been filed, which may mean a deadline is missed, and the attorney to discipline. Further, the pro hac vice attorney may be required to disgorge all fees earned in the case since inception, and in some jurisdictions, this includes fees earned after a motion for admission was properly filed (and granted).

This issue can border on unauthorized practice of law and should be carefully investigated prior to filing. When in doubt, have local counsel sign and file documents into a case.

### Pro hac vice admission in criminal cases

Occasionally administrative and clerical errors in pro hac vice admission documents are the basis for ineffective assistance of counsel post-conviction appeal arguments, although few have been successful on these grounds.

More importantly, criminal cases best highlight a fundamental tenet of pro hac vice admission: that it is a privilege, and not a right. Specifically, a juris doctor does not confer a property right to attorneys to practice law in any jurisdiction, and thus a local court or bar association's refusal to temporarily admit an attorney is not a constitutional matter in civil cases. In contrast, the denial of a motion for admission pro hac vice in a criminal case is usually treated as a disqualification of counsel. In criminal cases, the disqualification of counsel selected by a defendant may infringe his or her constitutional right to counsel of choice.

### Pro hac vice in administrative and transactional matters

7/13/23, 10:43 PM
pro hac vice | Wex | US Law | LII / Legal Information Institute
Case 3:22-cv-01213-TAD-KDM   Document 306-1   Filed 07/17/23   Page 9 of 11 PageID #: 27052

Cases pending before administrative tribunals present a clearer case than transactional matters concerning the need for pro hac vice admission. In most states, pro hac vice admission rules presume imminent or existing litigation, complete with a case number, into which the motion for admission can be filed. Administrative tribunals often expressly or impliedly follow pro hac vice admission rules as outlined by the bar or local rules of court or civil procedure. In many instances, the agencies have their own pro hac vice admission rules.

Pro hac vice admission rules in transactional matters has not often been treated by the courts. With a lack of guidance other than the threat of unauthorized practice and/or disgorgement of fees, best practices likely dictate having a co-counsel arrangement with a locally licensed attorney in transactional matters.

All attorneys should have an understanding of what constitutes unauthorized practice in a given jurisdiction, including those who intend to, but have not yet, filed a lawsuit there. Certain investigative activities and research may be considered the practice of law prior to pro hac vice admission. The way courts find out about this activity? At the end of a successful case, the attorney files a motion for fees and costs with invoices detailing all of the work that occurred prior to admission.

### Exceptions for attorneys practicing outside their home jurisdiction

Almost every jurisdiction allows attorneys licensed elsewhere to practice without the need for pro hac vice admission in three circumstances. The fee for admission may be waived in a fourth.

First, courts routinely exempt lawyers for the federal government from pro hac vice admission requirements.

Most jurisdictions also view locally-based, but not locally-licensed, general counsel differently than attorneys who enter the state to practice in a particular case. General counsel is usually exempt from the pro hac vice requirement or required to submit an application to be recognized as in-house counsel.

Finally, judges who preside over complex, consolidated actions may waive the requirement to file a motion for admission pro hac vice to streamline the case and avoid a crowded docket in the case.

Most states do require attorneys working pro bono on behalf of an indigent client to complete pro hac vice admission paperwork, but will often waive the associated fee upon request.

### The future of pro hac vice admission

Fairly often state bar associations, certain practice area associations, and even the American Bar Association survey and study the issue of multi-jurisdictional practice, especially as geographic lines bear less relation to legal and business interests. To date, no jurisdiction has

7/13/23, 10:43 PM
pro hac vice | Wex | US Law | LII / Legal Information Institute
Case 3:22-cv-01213-TAD-KDM   Document 306-1   Filed 07/17/23   Page 10 of 11 PageID #: 27053

entirely removed barriers to full entry into its state bar association. All states more or less require at least some form of application process at a minimum for attorneys licensed in other jurisdictions to become fully licensed.

Federal courts have progressed further than the state courts on this issue. For example, many bankruptcy courts allow attorneys admitted to the federal court sitting in the same district unfettered access to the courts, and a few federal courts have done away with the pro hac vice admission requirements altogether for attorneys who are admitted to any federal district court in the United States.

\*\*\*\*\*\*\*\*\*\*\*\*

By: Valerie Del Grosso, Esq. of www.ProHacVice.com

- wex
    - THE LEGAL PROCESS
    - legal practice/ethics
    - wex articles

💼 Wex Toolbox

Accessibility
About LII
Contact us
Advertise here

https://www.law.cornell.edu/wex/pro_hac_vice
5/6

7/13/23, 10:43 PM
Case 3:22-cv-01213-TAD-KDM   Document 306-1   Filed 07/17/23   Page 11 of 11 PageID #: 27054
pro hac vice | Wex | US Law | LII / Legal Information Institute

- Help
- Terms of use
- Privacy