# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

STATE OF MISSOURI ET AL        CASE NO.  3:22-CV-01213

VERSUS        JUDGE TERRY A. DOUGHTY

JOSEPH R BIDEN JR ET AL        MAG. JUDGE KAYLA D. MCCLUSKY

### MEMORANDUM ORDER

Before this Court is a Motion to Intervene [Doc. No. 306] filed by Jon Turpin ("Turpin"). For the reasons set forth herein, Turpin's Motion to Intervene is **DENIED**.

## I. BACKGROUND

In this proceeding, the States of Missouri and Louisiana filed a Complaint [Doc. No. 1] and Motion for Preliminary Injunction [Doc. No. 10] alleging collusion and/or coercion by Government Defendants[1] with social media companies to suppress disfavored speakers, viewpoints, and contents in violation of the First Amendment to the United States Constitution.

On July 17, 2023, Turpin filed a Motion to Intervene [Doc. No. 306] in this proceeding.  In his motion, Turpin alleges that he is a "dual citizen of Louisiana and Indiana with Napoleonic (Law) Civil Code superseding via Usufruct and Napoleonic Imminent Domain."[2] He asserts that he "may be the only available representation" as to alleged violations regarding "illegal science against autistic persons, such as myself, with a condition previously known as 'Asperger's

---

[1] Government Defendants consist of Jennifer Rene Psaki, Vivek H. Murthy, Xavier Becerra, Dept. of Health & Human Services, Anthony Fauci, National Institute of Allergy & Infectious Diseases, Centers for Disease Control & Prevention, Alejandro Mayorkas, Department of Homeland Security, Jen Easterly, Cybersecurity & Infrastructure Security Agency, and Nina Jankowicz.

[2] [Doc. No. 306, at 2]

Syndrome.'"[3] Turpin also alleges that "we[4] have been maimed robbed, threatened, beaten, evicted, swatted, and treated in such a way that only our ancestors may have experienced while fleeing as refugees" and demands "our right to worship and the preservation of the sanctity of our Holy Catholic Marriage[.]"[5] Turpin asks to intervene in this proceeding. It is unclear whether he seeks to intervene as of right or seeks a permissive intervention.

## II.     LAW AND ANALYSIS

### A.     Intervention of Right

Federal Rule of Civil Procedure, Rule 24(a) states:

> (a) Intervention of Right.  On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by federal statute: or
> (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

To obtain intervention as of right, an intervenor must satisfy a four prong test:  (1) the application must be timely;  (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.  All four of these requirements must be met to be allowed intervention of right. *Texas v. United States*, 805 F. 3d 653, 657 (5th Cir. 1996).

---

[3] [Id.]
[4] It is not clear who Turpin refers to when he says "we" or "our." Sometimes he seems to refer to people with autism, but other times he could be referring to his family or the entire country.
[5] [Id.]

Addressing the four-prong test, there are no allegations or evidence to show that Turpin's interest would be inadequately represented by the existing parties in the suit. There is a presumption of adequate representation when the applicant has the "same ultimate objective" as a party in the lawsuit. Turpin's allegations align with the Plaintiff States, and Turpin has not overcome the presumption of adequate representation. Additionally, this Court has already ruled on Plaintiffs' Motion for Preliminary Injunction,[6] and the ruling and judgment are currently pending appeal. Considering the length of time Turpin knew or should have known of his interest in the case;  the high likelihood of prejudice to the original parties caused by his delay in seeking to intervene; and  the low amount prejudice Turpin will suffer if his motion is denied because, as discussed above, he has not demonstrated that his interest in the suit is inadequately represented, Turpin's request to intervene is untimely. Accordingly, Turpin's Motion to Intervene by an Intervention of Right is **DENIED**.

## B.      Permissive Intervention

Federal Rule of Civil Procedure, Rule 24(b) states:

> (b) Permissive Intervention
> (1) In General.  On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.

District courts have broad discretion in allowing intervention. *Trans Chemical Ltd. v. China National Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 824 (5th Cir. 2003). A request for permissive intervention may be denied when an existing party adequately represents the proposed intervenors. *Hopwood v. State of Texas*, 21 F.3d 603, 606 (5th Cir. 1994). As previously discussed, the Plaintiffs adequately represent Turpin's ultimate objective.

---

[6] *See* [Doc. Nos. 293 & 294]

Turpin is alleged to be a victim of the supposed First Amendment suppression. First, as previously addressed, Turpin has not shown he is not adequately represented by Missouri and Louisiana or the Individual Plaintiffs in this proceeding. Additionally, allowing Turpin to intervene in this proceeding would open the door for other alleged victims to intervene, which would likely slow down litigation of the case and create a heavy burden on this Court. Therefore, for these reasons, Turpin's Motion to Intervene by Permissive Intervention is **DENIED**.

## III.    CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Jon Turpin's Motion to Intervene [Doc. No. 306] is **DENIED**.

MONROE, LOUISIANA, this 19th day of July, 2023.

Terry A. Doughty
United States District Judge