**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION**

| | |
|---|---|
| STATE OF MISSOURI, STATE OF LOUISIANA, DR. JAYANTA BHATTACHARYA, JILL HINES, JIM HOFT, DR. AARON KHERIATY, DR. MARTIN KULLDORFF<br><br>    Plaintiffs,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States, *et al.*,<br><br>    Defendants. | No. 3:22-cv-01213-TAD-KDM |

**PHYSICIAN PLAINTIFFS' AND PLAINTIFF HINES'S OPPOSITION TO
*KENNEDY v. BIDEN* PLAINTIFFS' MOTION TO CONSOLIDATE**

Plaintiffs Dr. Bhattacharya, Dr. Kulldorff, Dr. Kheriaty, and Jill Hines ("Opposing Plaintiffs") oppose the *Kennedy v. Biden* plaintiffs' motion for consolidation.[1] As this Court has observed, this case presents potentially "the most massive attack against free speech in United States' history." *See* Doc. 293 at 2. It is therefore imperative that this case move as expeditiously as possible to resolution on the merits as Plaintiffs propose in the recently filed Joint Status Report. *See* Doc. 305. This case is already beyond the motion to dismiss, preliminary injunction, and class action procedural milestones. The preliminary injunction the Court granted is on an expedited, interlocutory appeal. Consolidation at this stage would prejudice the Opposing Plaintiffs by the likely delay in the resolution of the merits of their case because the *Kennedy* case presents, at a minimum, unique issues of standing and of class claims not currently at issue in this case.

On approximately April 19, 2023, Mr. Robert F. Kennedy, Jr. ("Plaintiff Kennedy") announced his campaign to become president of the United States. Plaintiffs will be prejudiced by the unnecessary politicization of their case, as Plaintiff Kennedy's and President Biden's campaigns, Republican campaigns, or observing commentators bring this case into the contest between the candidates and vice versa. Opposing Plaintiffs have no desire to have their legal claims tainted by political wrangling or the tabloid atmosphere that has come to accompany national elections. *See* https://pagesix.com/2023/07/12/rfk-jr-press-dinner-explodes-in-war-of-words-and-farts/ (last visited July 19, 2023). Finally, consolidation would introduce additional delays, expense, and complication as a result of the increased likelihood of disagreements arising between Plaintiffs' counsel. *See* Pls.' Mot. for Prelim. Inj. at 1–2, *Kennedy v. Biden*, No. 3:23-cv-00381-

---

[1] Plaintiffs do not oppose coordination of the cases to conserve judicial resources or avoid duplication, such as hearing motions on the same day, but consolidation is deleterious to the Opposing Plaintiffs' interests.

TAD-KDM (W.D. La. Apr. 12, 2023) (seeking narrower injunction than in this case and to argue different interpretations of legal tests).

The Court denied Plaintiff Kennedy's motion to intervene and for similar and additional reasons should reject his motion to consolidate. *See* Doc. 171. Plaintiff Kennedy has access to certain documents from this case related to him as a result of his prior motion to intervene. *Id*. Plaintiff Kennedy's theory of his case appears to have shifted, given that he initially intervened in part to obtain discovery related to censorship of his speech, Doc. 118 at 6, but now asserts that his claim is brought only "to ensure that the rights of social media viewers and listeners are fully presented." *See* Pls.' Reply Mem. in Supp. of Mot. for Prelim. Inj. at 2, *Kennedy v. Biden*, No. 3:23-cv-00381-TAD-KDM (W.D. La. July 4, 2023). Those rights are already at issue in this case. *See* Doc. 293 at 121 (noting Plaintiffs assert the "right to speak *and listen* freely") (emphasis added). The *Kennedy* plaintiffs will not suffer any loss if full consolidation of the cases is denied.

The *Kennedy* plaintiffs admit that they have sued the same Defendants as are found in this case. *See* Doc. 236-1. Since the conduct of those Defendants has already been addressed by the Court's Preliminary Injunction, Doc. 293, the *Kennedy* plaintiffs have no need for further interim relief, particularly given that the *Kennedy* plaintiffs admit that they sought a narrower injunction than that sought by Plaintiffs here. *See* Pls.' Mot. for Prelim. Inj. at 1, *Kennedy v. Biden*, No. 3:23-cv-00381-TAD-KDM (W.D. La. Apr. 12, 2023).

Plaintiffs are not opposed to judicial efficiency. To the extent the allegations in *Kennedy* case copy those here, the Court may require coordination. Such coordination may mandate that documents produced, discovery served, and deposition testimony be provided to parties in both cases, and involve coordinated deposition scheduling, third party subpoenas, joint status reports,

2

and other procedural milestones that may overlap. The Court has a wide array of tools to ensure efficiency; Opposing Plaintiffs merely request that it do so without prejudicing their interests.

## PROCEDURAL HISTORY

The State Plaintiffs filed this case on May 5, 2022, Doc. 1, and moved for a preliminary injunction on June 14, 2022, Doc. 10. Three days later, Plaintiffs sought, and on July 12, 2022, this Court authorized, expedited discovery. *See* Docs. 17, 32. On August 2, 2022, the Individual Plaintiffs, including Opposing Plaintiffs, joined this action. *See* Doc. 45. Over the next six months, Defendants produced more than 20,500 pages of documents; Plaintiffs took six depositions; and the parties litigated multiple discovery-related motions in this Court, *see, e.g.*, Doc. 95 (Motion to Reconsider Chan Deposition); Doc. 124 (Motion to Adjourn Psaki Deposition); Doc. 140 (Motion for Clarification); Doc. 178 (Motion to Compel), as well as two mandamus petitions in the Fifth Circuit, *see* Docs. 121, 160 (Fifth Circuit Orders). None of this discovery process focused on the three plaintiffs in the *Kennedy* case or the class allegations in that case.

The parties to this case also engaged in thorough motion to dismiss briefing, with the parties providing and the Court addressing hundreds of pages of argument and evidence. *See* Docs. 128-1, 166, 199. This Court granted Defendants' motion to dismiss in part and denied it in part. *See* Doc. 224. None of the associated standing or pleading analysis addressed facts concerning or allegations by the three *Kennedy* plaintiffs or the class allegations in that case.

Plaintiffs here later moved to amend their complaint to add class allegations on March 20, 2023, and simultaneously moved for class certification. *See* Doc. 227-1. Defendants opposed and the associated briefing was completed in April 2023. *See* Docs 244, 250. Ultimately, the amendment was permitted but the class certification was denied. *See* Docs. 267, 293.

3

Eventually, the parties submitted extensive supplemental briefing on Plaintiffs' motion for preliminary injunction; the arguments, evidence, and proposed findings of fact spanned thousands of pages. *See* Docs. 214, 266, 271. The Court held a hearing on Plaintiffs' motion on May 26, 2023. The complexity of the arguments, evidence, and relief required consideration for over a month, and the Court issued over 150 pages of opinion and order on July 4, 2023. *See* Docs. 293, 294. Again, none of this effort focused on evidence or analysis related to the *Kennedy* plaintiffs. Defendants appealed the preliminary injunction, *see* Doc. 296, and the Fifth Circuit has ordered expedited briefing and argument, with a hearing set for August 10, 2023.

Plaintiff Kennedy moved to intervene in this case on November 17, 2022. *See* Doc. 118. The Court denied the motion, finding that permitting intervention in the middle of preliminary-injunction-related discovery "would risk needlessly increasing the costs and delaying disposition of the litigation" and "would place an undue burden on the Parties to divert resources from litigating this case." *See* Doc. 171 at 5 (order signed by Magistrate Judge McClusky pursuant to Federal Rule of Civil Procedure 72(a)).

Months later, while the parties to this case were engaged in supplemental preliminary injunction briefing, and after the Court had ruled on Defendants' motion to dismiss in this case, Plaintiff Kennedy, joined by two new co-plaintiffs, filed a putative class action on March 24, 2023. *See* Doc. 236-4. The *Kennedy* plaintiffs then moved to consolidate the cases and announced their intention to participate in preliminary-injunction proceedings in this case. *See* Doc. 236; Doc. 236-1, at 6. The *Kennedy* plaintiffs have not moved for class certification in their own case and a motion to dismiss or other response to the complaint has not been filed. *See* Docket for *Kennedy v. Biden*, No. 3:23-cv-00381-TAD-KDM (W.D. La.). The *Kennedy* plaintiffs apparently then completed

4

final service of their complaint and two days later filed a motion for preliminary injunction. *See* Docket for *Kennedy v. Biden*, No. 3:23-cv-00381-TAD-KDM (W.D. La.), Nos. 5, 6.

Defendants oppose the preliminary injunction claiming that the *Kennedy* plaintiffs have provided no evidence of ongoing or imminent harm specific to those plaintiffs, that the *Kennedy* plaintiffs have not shown standing to address harm "suffered by 'the American people,'" and that the organizational plaintiff in *Kennedy* fails to prove associational or organizational standing. *See* Defs.' Opp. to Pls.' Mot. for Prelim. Inj. at 1, 10–12, *Kennedy v. Biden*, No. 3:23-cv-00381-TAD-KDM (W.D. La. June 20, 2023). Briefing on the *Kennedy* plaintiffs' preliminary injunction motion was completed only two weeks ago, wherein the *Kennedy* plaintiffs acknowledged that they "do not rest their claims on censorship of their own speech" but rather "as (and on behalf of) social media *users*." *See* Pls.' Reply Mem. in Supp. of Mot. for Prelim. Inj. at 2, *Kennedy v. Biden*, No. 3:23-cv-00381-TAD-KDM (W.D. La. July 4, 2023).

## ARGUMENT

Avoiding unnecessary costs does not require consolidation and consolidation is not appropriate for these cases. Consolidation is only one of at least three options when separate cases involve common questions of law or fact. In such instances "the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary costs or delay." FED. R. CIV. P. 42(a).

The burden of demonstrating consolidation is appropriate is on the movant. *See Goodridge v. Hewlitt-Packard*, No. H-07-4162, 2008 WL 11389213, at * 1 (S.D. Tex. June 25, 2008). Consolidation is discretionary and is permissible when "the district judge finds that it would avoid unnecessary costs or delay." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) (emphasis added). Common questions of law or fact do not

5

require consolidation. Courts enjoy discretion in determining the extent of any consolidation, *see Texas v. United States*, No. 6:21-cv-00016, 2021 WL 3171958, at *2 (S.D. Tex. July 26, 2021), but "[c]onsolidation is improper if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp.*, 712 F.2d at 989; *see also Dupont v. S. Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966) ("[T]he trial judge should be most cautious not to abuse his judicial discretion and to make sure that the rights of the parties are not prejudiced by the order of consolidation . . . . Where prejudice to rights of the parties obviously results from the order of consolidation, the action of the trial judge has been held reversible error.").

Accordingly, "[c]onsolidation may properly be denied in instances where the cases are at different stages of preparedness for trial," *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989), or if consolidation would otherwise risk delay in the first-filed action, *St. Bernard Gen. Hosp.*, 712 F.2d at 990. Finally, the party seeking consolidation bears the burden of proving that any economy to be gained from consolidation is not outweighed by the risk of delay or prejudice to other parties. *See Vernardo v. Lablanc*, No. 3:13-00348-JWD-EWD, 2016 WL 320146, at *2 (M.D. La. Jan. 25, 2016) (granting consolidation for discovery but denying consolidation for trial); *Texas*, 2021 WL 3171958 at *2.

Under these standards, consolidation would be inappropriate here. First, the two cases are at very different stages. The parties in this case completed motion to dismiss briefing, resolved class certification issues, and engaged in extensive preliminary-injunction-related discovery and briefing. A preliminary injunction has been issued and is on appeal. Meanwhile, it appears that basic issues such as standing are yet to be resolved in the *Kennedy* case, class certification issues are yet to be addressed, and no hearing has been scheduled for the preliminary injunction motion. *See* Docket for *Kennedy v. Biden*, No. 3:23-cv-00381-TAD-KDM (W.D. La.); Doc. 238-1.

Consolidation is therefore likely to prejudice the Opposing Plaintiffs. *See Texas*, 2021 WL 3171958 at *2 (denying consolidation of cases where preliminary injunction motions were at different stages such that one set of plaintiffs would have to wait on the other).

The *Kennedy* plaintiffs claim—wrongly—that the "only difference" between the cases is the "identity of the Plaintiffs and the fact that *Kennedy v. Biden* is a class action." Doc. 236-1 at 1. But the identity of the Plaintiffs can be dispositive to questions of standing. The organizational and associational issues related to Children's Health Defense, one of the *Kennedy* plaintiffs, is not present in the current case. And whatever issues Mr. Kennedy's presidential campaign may visit upon his case should not be foisted upon the Opposing Plaintiffs. Further, the procedural issues potentially associated with the class allegations in the *Kennedy* case are not trivial. Moreover, events have significantly progressed in this case since the *Kennedy* plaintiffs filed their motion to consolidate on April 1, 2023. Plaintiffs' motion for class certification has been denied but Plaintiffs have been granted a preliminary injunction and are defending that injunction on appeal while seeking to bring this case to conclusion on the merits.

As a result, consolidating the two cases would be prejudicial to the Opposing Plaintiffs. Injecting a new set of plaintiffs into the proceedings at this critical juncture, when an injunction has been entered and appealed and the Plaintiffs seek a final ruling on the merits as soon as it may realistically be achieved, would be enormously disruptive—especially when the new plaintiffs have unique standing issues, purport to represent their own class, *see* Doc. 236-4, ¶ 400, and seek to address the challenged censorship solely as listeners, not as speakers. Plaintiffs would be forced to adjust their litigation strategy to accommodate a new set of plaintiffs with pending class allegations. The *Kennedy* case also presents the apparently unique question of whether a presidential candidate is an appropriate and adequate class representative and lacks disqualifying

conflicts with the class. Further, this case has already attracted substantial media attention and multiple attempts at intervention. *See* Docs. 38, 39, 40, 57, 63, 118, 306. There should be little doubt that further attention brought to the case by the presence of a presidential candidate, and one from the most famous political family in America, will attract additional collateral filings likely to require additional resources and time from the Opposing Plaintiffs, prejudicing their efforts to expeditiously obtain a judgment on the merits.

Delay is always a sufficient basis for denying a motion to consolidate, *see St. Bernard Gen. Hosp.*, 712 F.2d at 990, and it is especially decisive here, where the injunction granted to Plaintiffs has been administratively stayed and Plaintiffs seek a permanent injunction against censorship. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). Plaintiffs have been working expeditiously to move this case to resolution. The Court should not permit the *Kennedy* plaintiffs to obstruct a prompt resolution of Opposing Plaintiffs' claims with new class allegations that have yet to be briefed or with political showmanship.

District courts should "weigh[] the equities" when deciding whether to consolidate. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). Here, the equities do not favor the *Kennedy* plaintiffs. Mr. Kennedy filed a motion with opposition to intervene in this case in November. Doc. 118. The Court denied that motion in January. Doc. 171. Now, Mr. Kennedy and the other *Kennedy* plaintiffs seek to elbow their way into the case by other means. They have filed a complaint that they claim names "virtually identical" defendants and alleges "substantially identical" facts as— indeed, that essentially copies large swaths of—the operative complaint in this case, Doc. 236-1,

8

at 1. *E.g.*, *compare* Doc. 236-4 ¶¶ 134-145, *with* Doc. 84 ¶¶ 382-390. The Court should reject this transparent attempt to circumvent its previous order denying intervention.

The Opposing Plaintiffs have strongly held beliefs and have persevered in this matter to vindicate the rights of Americans not to have their own government throw them off of social media for the content of their speech. It took courage and fortitude to do so. To have this case consolidated with that of a Presidential candidate and his organization is to necessarily join them in the public mind. This is prejudicial. Mr. Kennedy has not always been for unfettered First Amendment rights. *See* https://web.archive.org/web/20170404102453/http:/www.ecowatch.com/jailing-climate-deniers-1881958645.html (last visited July 19, 2023). This rhetoric will taint Opposing Plaintiffs' case against what the Court itself has called "the most massive attack against free speech in United States' history." None of the Opposing Plaintiffs have personal animus against those moving for consolidation. But to do so would inevitably shift this case in the public mind and that of the press, from the focus on the law, the facts and the novel blend of both, to the political interests of those for and against a presidential candidate challenging a Presidential candidate of his own party, as both his father and this uncle famously did before him. The Court should examine the reality of the situation and realize how untenable and prejudicial such a consolidation would be to Plaintiffs who have already taken great risks in their own scientific, academic, and local communities to bring this suit. Nobody signed up to be the side show of a Presidential campaign and it would be unfair to make them such against their will simply because a member of one of the most powerful political families in the country asked for it.

Any remaining factors considered in consolidation do not point to the need for full consolidation of the cases for all purposes. This Court has the ability to coordinate discovery without consolidation and capitalize on any efficiencies while still avoiding delay and other

9

prejudice to the Opposing Plaintiffs. Plaintiffs are willing to work with the *Kennedy* plaintiffs, Defendants, and the Court to minimize the burdens on the Court, on third parties, and on the parties themselves. This does raise a last point against consolidation. Counsel for the Opposing Plaintiffs, the State Plaintiffs, and Mr. Hoft have worked seamlessly with one another. This Court has, until now, received one position and one brief on every subject. The Government Defendants have never received conflicting positions from the various Plaintiffs. There has been no squabbling about depositions and who would take them, or what is said in motions. There have not even been differences over timing. Undersigned counsel is a veteran of MDL's and other contentious multi-plaintiff litigation involving high stakes, talented counsel and big egos, and believes such unity is both remarkable and not to be thrown away lightly. The consolidation motion if granted threatens to end this state of affairs and, prudentially, should not be granted for that reason alone. Opposing Plaintiffs are open to any number of arrangements that will not impinge on their ability to manage or expedite their case.

Lastly, the *Kennedy* plaintiffs cannot seriously contend that these cases involve the risk of inconsistent adjudications and its far too early to determine what similarities or differences may exist in the cases with regard to the timing, form, and substance of any trial. *See* Docs. 1, 268 (no jury demanded by Plaintiffs here), and 236-4 (jury trial demanded by *Kennedy* plaintiffs).

## CONCLUSION

For the foregoing reasons the motion to consolidate should be denied.

Dated: July 19, 2023                    Respectfully submitted,

*/s/ John J. Vecchione*
John J. Vecchione *
Zhonette M. Brown*
New Civil Liberties Alliance
1225 19th Street N.W., Suite 450
Washington, DC 20036

       Direct: (202) 918-6905
       E-mail: john.vecchione@ncla.legal
       *Counsel for Plaintiffs Dr. Jayanta Bhattacharya, Dr. Martin Kulldorff, Dr. Aaron Kheriaty, and Jill Hines*

\* admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 19, 2023, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*/s/ John J. Vecchione*