

## NOTICE FROM U.S. DISTRICT COURT - WESTERN DISTRICT OF LOUISIANA

Mike Webb
955 S Columbus St #426
Arlington, VA 22204

Case: 3:22-cv-01213 #316
7 pages printed: Mon, 24 Jul 2023 16:21:02

### YOU COULD RECEIVE THIS NOTICE AS SOON AS IT IS ENTERED INTO THE COURT'S RECORD

The Clerk now provides E-mail notice of entry of all documents filed in our court. This includes pleadings filed by your opposing counsel as well as ruling, orders and judgments of the court.

This E-mail Notice of Filing allows you to view the actual document immediately after it is entered into the court's record. You can then print or save a copy of the document on your computer. The full Notice of Electronic Filing can be accessed on the electronic docket sheet.

To sign up for this valuable service or to find out more information, please visit our website at www.lawd.uscourts.gov. Please note that you must consent to receive E-mail notification via our online sign-up form. A written request to the Clerk is not an acceptable form of registration.

You can also provide additional E-mail addresses when you sign up. This will be particularly useful if you want a staff member to assist you with monitoring the filings in your cases.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| STATE OF MISSOURI, ET AL. | CASE NO. 3:22-CV-01213 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JOSEPH R. BIDEN JR., ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

MEMORANDUM ORDER

Pending before the Court is a Motion to Consolidate [Doc. No. 236] filed by Robert F. Kennedy, Jr. ("Kennedy"), Children's Health Defense ("CHD"), and Connie Sampognaro ("Sampognaro"), which seeks to consolidate case number 3:23-cv-00381 ("*Kennedy v. Biden*") with this proceeding ("*Missouri v. Biden*"). Plaintiff States of Missouri and Louisiana filed a Notice of Non-Opposition [Doc. No. 310] to the Motion to Consolidate. Defendants[1] filed a Response [Doc. No. 309], which indicated there is no opposition to the Motion to Consolidate if standing is established by the Plaintiffs in *Kennedy v. Biden*. The Individual Plaintiffs[2] filed an Opposition [Doc. No. 311] to the motion.

For the reasons set forth herein, the Motion to Consolidate is **GRANTED**.

I. **BACKGROUND**

*Missouri v. Biden* is a suit filed by two states and four individual Defendants against White House employees and several federal agencies, alleging a violation of the First Amendment Free

---

[1] Federal Defendants consist of Joseph R. Biden, Jr., Vivek H. Murthy, Xavier Becerra, Department of Health and Human Services, Dr. Anthony Fauci, National Institute of Allergy and Infectious Diseases, Centers for Disease Control & Prevention, Alejandro Mayorkas, Department of Homeland Security, Jen Easterly, Cybersecurity & Infrastructure Security Agency, and Nina Jankowicz, Karine Jean-Pierre, Carol Y. Crawford, Jennifer Shopkorn, U.S. Census Bureau, U. S. Department of Commerce, Robert Silvers, Samantha Vinograd and Gina McCarthy.

[2] The individual Plaintiffs consist of Jayanta Bhattacharya, Jill Hines, Dr. Aaron Kheriaty, and Dr. Martin Kulldorff.

Speech Clause as a result of the alleged suppression of speech of said Plaintiffs on social media platforms.

*Kennedy v. Biden* is a suit filed by two individuals and a non-profit organization against the same White House employees and federal agencies, which also alleges a violation of the First Amendment Free Speech Clause as a result of the alleged suppression of speech of said Plaintiffs on social media platforms.[3]

This Court previously deferred ruling on this Motion to Consolidate until after ruling on the Motion for Preliminary Injunction and Motion for Leave to Amend Complaint in *Missouri v. Biden*.[4] After ruling on both motions, this Court set deadlines for responses to the Motion to Consolidate.[5]

In response to the Motion to Consolidate, Plaintiff States of Missouri and Louisiana expressed no opposition to consolidation.[6] The Defendants continued to oppose the Kennedy Plaintiffs' standing but were otherwise not opposed to the consolidation.[7] However, the Individual Plaintiffs opposed the consolidation.[8]

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure ("FRCP") 42 allows a court to consolidate actions that involve common questions of law or fact. Consolidation does not "merge the two cases" into one. *Miller v. United States Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984). The primary factor is the existence of common questions of law or fact, but a court may also consider whether the actions are pending before the same court; whether the actions involve a common party; whether any risk

---

[3] *Kennedy v. Biden* additionally alleges a violation of the First Amendment right to receive information and ideas.
[4] [Doc. No. 240]
[5] [Doc. No. 295]
[6] [Doc. No. 310]
[7] [Doc. No. 309]
[8] [Doc. No. 311]

of prejudice or confusion will result from consolidation; whether there is any risk of inconsistent adjudications of common factual or legal questions; whether consolidation will reduce the time and cost of trying the cases separately; and whether the cases are at the same stage of preparation for trial. *Shirley v. Ethicon*, No. CV 17-0716, 2018 WL 2606942, at *1 (W.D. La. June 1, 2018). Ultimately, the purpose of consolidation is to promote convenience and economy while avoiding waste and inefficiency. *In re Air Crash Disaster*, 549 F.2d 1006, 1014 (5th Cir. 1977).

The Individual Plaintiffs oppose consolidation because the two cases are not on the same stage of preparation for trial and because of concern that Kennedy's candidacy for President of the United States could prejudice the Individual Plaintiffs through politicization of the case. There is no dispute that common questions of law and fact exist, the Defendants in both actions are the same, and both suits have been filed in the same district and division[9] before the same judge. Thus, this Court will examine whether consolidation would promote convenience and economy, whether individual Plaintiffs are prejudiced, and the state of preparation for trial of each case.

### A. Stage of Preparation

In *Missouri v. Biden*, a preliminary injunction has been granted, and the case is currently set for expedited appeal before the United States Court of Appeals for the Fifth Circuit. Oral arguments are scheduled for August 10, 2023. No trial date has been set.

In *Kennedy v. Biden*, a Motion for Preliminary Injunction has been filed and briefed, but a ruling has not yet been made. No trial date has been set.

### B. Prejudice of Individual Plaintiffs

The individual Plaintiffs allege they would be prejudiced by politicization of this case if the cases were consolidated due to Kennedy's presidential candidacy. The Individual Plaintiffs

---

[9] Western District of Louisiana, Monroe Division

also allege their claims will be tainted by political wrangling or a "tabloid atmosphere." Further, Individual Plaintiffs allege the consolidation would likely result in disagreements between counsel for Plaintiffs.

### C. Convenience and Economy

Both cases are at the preliminary injunction stage. Limited expedited preliminary-injunction-related discovery was granted in the *Missouri v. Biden* case. Should the granting of the preliminary injunction survive the appeal, this Court anticipates the Plaintiffs will ask the Court to authorize additional discovery. If additional discovery were allowed, consolidation would allow the discovery to be conducted together. At the trial on the merits, both cases could be tried together, which would avoid the time and expense of two separate trials.

On the other hand, the consolidation would result in more briefs and would likely involve additional evidence and more filings. The standing and preliminary injunction issues would need to be addressed for the first time in the *Kennedy v. Biden* case, but have already been addressed extensively in *Missouri v. Biden*.

### III. CONCLUSION

After considering the briefs of the parties in this proceeding, it is this Court's opinion that the two cases should be consolidated. Most of the factors weigh in favor of consolidation. The issue of suppression of free speech by the government by coercing and/or significantly encouraging social media platforms is the same. Both cases involve the exact same Defendants and are pending in the same district and division before the same judge. Although the two cases are at different stages, it should not result in delay to any party. This Court will not rule on the preliminary injunction in *Kennedy v. Biden* until after a ruling by the Fifth Circuit and/or the Supreme Court of the United States on the preliminary injunction in *Missouri v. Biden*; that will

keep the consolidation from complicating the matter on appeal and will likely result in a more streamlined resolution of the preliminary injunction in *Kennedy v. Biden*.

This Court believes that consolidation would reduce cost and time, and result in judicial efficiency. Any discovery allowed could be completed together, and there would be one trial instead of two.

Although the Individual Plaintiffs are concerned about politics-related prejudice, this Court does not decide cases based on politics, but based on the United States Constitution. Further, any prejudice due to disagreements of counsel do not outweigh the other factors. That is a common problem in any case where attorneys represent different parties with different interests, and thus, it does not create undue prejudice here.

For the reasons set forth herein,

**IT IS ORDERED** that the cases of *Missouri v. Biden*, case no. 3:22-cv-1213, and *Kennedy v. Biden*, case no. 3:23-cv-0381, be **CONSOLIDATED** for all purposes.

**IT IS FURTHER ORDERED** that *Missouri v. Biden* shall be the lead case in this consolidated proceeding.

MONROE, LOUISIANA, this 24th day of July 2023.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

## U.S. District Court

### Western District of Louisiana

**Notice of Electronic Filing**

The following transaction was entered on 7/24/2023 at 4:03 PM CDT and filed on 7/24/2023

| | |
|---|---|
| **Case Name:** | Missouri et al v. Biden et al |
| **Case Number:** | 3:22-cv-01213-TAD-KDM |
| **Filer:** | |
| **Document Number:** | 316 |

**Docket Text:**
MEMORANDUM ORDER granting [236] Motion to Consolidate Cases. Lead Case Number: 3:22-CV-1213. Member Case Number(s): 3:23-cv-0381. Signed by Judge Terry A Doughty on 7/24/2023. (crt,Thomas, T)