RECEIVED
IN MONROE, LA.

AUG 2 5 2023

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA, MONROE DIVISION

| | |
|---|---|
| STATE OF MISSOURI; STATE OF LOUISIANA; AARON KHERIATY; MARTIN KULLDORFF; JIM HOFT; JAYANTA BHATTACHARYA; JILL HINES,<br><br>*Plaintiffs*<br><br>v.<br><br>JOSEPH R. BIDEN, JR.; VIVEK H. MURTHY; XAVIER BECERRA; DEPARTMENT OF HEALTH & HUMAN SERVICES; ANTHONY FAUCI et al.,<br><br>*Defendants* | Civil Action No. 3:22-cv-1213 |

**MOTION TO RECONSIDER
MOTIONS FOR LEAVE TO PROCEED UNDER PSEUDONYM
AND TO SEAL ATTACHED DOCUMENT**

### I. INTRODUCTION

Pending before this Honorable Court is a Motion For Leave to Proceed under Pseudonym [Doc. No. 325] ("Motion for Leave") and a Motion to Seal Attached Document [Doc. No. 326], filed under the name Brandon Q Doe ("Doe").

In the Motion for Leave, Doe alleges that anonymity is necessary because the Government's actions have created an environment where the revelation of Doe's true identity could exacerbate the harm already inflicted and further stifle Doe's freedom of speech.

The Court's Memorandum Order denying these motions was issued August 17, 2023. Pursuant to the specific guidance provided in that order, Doe respectfully submits this Motion to Reconsider.

### II. LEGAL STANDARD FOR RECONSIDERATION

In light of the denial of the Motion for Leave to Proceed under Pseudonym [Doc. No. 325], Doe recognizes that the initial motion may have lacked the necessary detail to fully articulate the unique and sensitive nature of their situation. As a pro se litigant, Doe was unfamiliar with the specific legal requirements for balancing the interest in anonymity against the public's interest in open judicial proceedings. Doe is grateful for the Court's guidance in identifying this omission and respectfully submits this Motion to Reconsider, with the aim to provide the Court with the detailed information and argumentation necessary to assess the case with full understanding of the circumstances and balancing factors.

Reconsideration is an extraordinary remedy, typically granted where there is a need to correct a clear error of law or fact, or to prevent manifest injustice.

Here, the unique circumstances of Doe's case warrant such reconsideration:

A. **Unique and Sensitive Nature of Doe's Situation**: The use of fictitious names is permissible in special circumstances where the issues involved are highly personal and sensitive. The Court must weigh Doe's reasonable fear of severe harm against the public's interest in transparency and open judicial proceedings.

B. **Balancing Test**: In the absence of controlling law, the Court should undertake a careful balancing of the factors, considering the compelling need for anonymity, the public's interest in open judicial proceedings, and the specific facts and circumstances of Doe's situation.

C. **Manifest Injustice**: Denying Doe's Motion for Leave without fully considering the aforementioned balancing test could lead to manifest injustice, given the severe consequences Doe may face if forced to reveal their true identity.

Doe respectfully requests that the Court apply this legal standard in reconsidering its prior order and grant the Motion for Leave to Proceed under Pseudonym.

## III. APPLICATION OF THE STANDARD TO THE PRESENT CASE

### A. Background

In the tempestuous days leading to the American Revolution, the Quartering Acts symbolized a feared overreach by a distant King and Parliament, compelling American colonists to house British soldiers - the very "Redcoats" they viewed as instruments of tyranny. This Honorable Court finds itself faced with a contemporary parallel, where the Movant, Doe, perceives certain actions within this case as echoing those historical injustices.

Doe's concern stems from a belief that certain powers and actions in the present situation are reminiscent of the King and Parliament's overreach, with some individuals acting in ways analogously to the Redcoats of old. The fear is not merely historical but resonant with today's governance, where Doe sees a reflection of those tyrannical impositions.

Doe's underlying motion represents a voice echoing from our shared past, challenging perceived tyranny in our digital era.

The constitutional concerns raised in this case (as detailed in Supplement B) resonate beyond individual circumstances, reflecting foundational principles that apply to all citizens. By preserving anonymity, this court would be honoring a tradition of fearless discourse, one enriched by perspectives that find their roots in the very birth of this nation.

### B. Fear of Harm from Powerful Interests:

In the matter before this Court, Movant, proceeding under pseudonym, finds themselves engaged with formidable adversaries: governmental bodies, multinational pharmaceutical corporations, and influential technology firms. Each of these entities, individually and collectively, wield significant power and resources that extend well beyond the ordinary means of an individual citizen.

      1.     **Governmental Bodies**: Movant's position implicates actions and decisions taken by government agencies and representatives, including but not limited to the Federal Bureau of Investigation.

From the mysterious circumstances surrounding the death of Seth Rich, to the continued antagonization of Edward Snowden, to the efforts to sabotage a sitting President, and the conspiracy to foment and coerce citizens into post-election chaos, many of these involved entities have shown no restraint, over decades, in their relentless pursuit of power.

The clear message is unchanged since 1774: No one can escape the reach of their tyranny.

Even recent news stories have showcased the potential for coercive or retaliatory measures by certain government entities. In just the last two weeks alone, there have been four FBI-involved killings, raising serious concerns about the potential risks to individuals challenging government actions or policies. (Henderson, TN 8/16, Salt Lake City, UT 8/10, Philadelphia, PA 8/4, and Albuquerque, NM 8/8).

This pattern of behavior, while not legally conclusive of wrongdoing, is of grave concern to Doe and others, whose fear of retribution from rogue agents or agencies is not unfounded.

      2.     **Pharmaceutical Corporations**: The involvement of major pharmaceutical companies brings forth the specter of vested economic and political interests that have been known to vigorously protect their market positions and influence. The economic might of these corporations allows them access to resources that can be deployed against individuals or entities perceived as threats or competitors.

      3.     **Technology Firms**: Technology giants possess unparalleled access to information, communication networks, and personal data. Movant's challenge to the actions or practices of such companies exposes Doe to potential surveillance, cyber harassment, or other targeted actions that could cause considerable harm. Furthermore, Doe is a private citizen who works and consults in this same industry, and who could suffer repetitional harm or retaliatory hiring practices as a result of participation.

The confluence of these interests and the nature of Movant's claims present a genuine fear of harm that is neither speculative nor exaggerated. Movant's apprehensions are grounded in the recognition of the disproportionate power, reach, and influence of the entities involved. Doe's concerns are magnified by the potentially adversarial posture he assumes and the provocative nature of the issues he wishes to address.

Movant's fear of harm is not merely a personal or isolated concern; it reflects a broader societal apprehension about the ability to challenge powerful interests without risking serious repercussions. The court's consideration of this fear of harm and its impact on Movant's right to participate in this case pseudonymously underscores the delicate balance between openness in judicial proceedings and the protection of individuals who seek to engage in meaningful legal discourse without exposing themselves to undue risk.

### C. Public's Interest in Open Judicial Proceedings:

The public's interest in open judicial proceedings is undeniably important. However, this interest is not absolute and must be balanced against other significant interests, such as protecting the safety and fundamental rights of the litigants.

In this case, granting pseudonymous participation would not obstruct the public's access to the legal arguments, the Court's decisions, or the underlying issues at stake in the litigation.

The Defendants will not be unduly prejudiced, nor will the proceedings be compromised, by the withholding of Doe's true name. The anonymity maintained in this instance is specific to the nature of the case and does not undermine the public's general interest in transparent judicial proceedings.

### D. Enhancement of Legal Discourse through Pseudonymous Participation:

Movant further argues that the intervention of a pseudonymous movant, in this specific case, actually serves the public interest.

The participation of Doe under a pseudonym not only safeguards their personal safety and privacy but also enhances the legal discourse. As a private citizen representing broader constitutional concerns, Doe's contribution to this case transcends personal interests.

Due to the facts emerging from this case, as noted in Doe's motion to intervene, Doe (and others) have come to understand and fear the scope and nature of tyranny in the modern digital era.

This unique perspective, unaffected by personal fame or recognition, offers a fresh and unbiased challenge to the perceived tyranny within the system. Doe's anonymity serves not merely as a shield against potential retribution but as a tool enabling them to embody the voice of the everyday person. The constitutional concerns raised by Doe, as outlined in the motion for leave to intervene, resonate beyond individual circumstances, reflecting concerns that would and do apply to all citizens. By preserving anonymity, the court fosters a more inclusive and fearless legal discourse, enriched by perspectives that might otherwise remain silent.

### E. Maintaining Transparency While Ensuring Privacy

In the matter of Movant's motions, the Court is faced with a nuanced task of balancing the principles of transparency with the imperative to ensure privacy. While transparency in judicial proceedings serves the public's right to access and fosters trust in the legal system, privacy considerations are paramount in the circumstances of this case.

**Transparency Not Fully Impeded**: Granting Movant's request to proceed under a pseudonym does not fully impede the public's access to the judicial process. The legal arguments, court decisions, and substantive issues remain open for public inspection and understanding. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). The pseudonym serves only to shield Movant's identity, a measure deemed necessary to protect Doe's safety and freedom of speech.

**Privacy as a Protected Right**: The law recognizes privacy as a right worthy of protection, especially where disclosure of identity might lead to harm. See Whalen v. Roe, 429 U.S. 589, 599-600 (1977). Movant's concerns about retaliation and harm are not speculative; they are grounded in the realistic appraisal of the power dynamics at play and the potential risks associated with challenging formidable adversaries.

**Case-by-Case Examination**: The use of a pseudonym in judicial proceedings is not an absolute prohibition but rather is subject to a case-by-case examination. See James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993). The unique circumstances of this case, including the intersection of governmental bodies, multinational corporations, and technology firms, present

a situation where the reasonable fear of severe harm justifies a deviation from the usual practice.

**Facilitating Participation without Unnecessary Exposure**: By allowing Movant to proceed under a pseudonym, the Court facilitates Doe's participation in a meaningful legal discourse without exposing Doe to unnecessary risk. This approach respects the underlying principles of transparency while acknowledging the particularities of this case, where the need for privacy is not merely a preference but a warranted safeguard.

The careful navigation of these principles represents a considered and judicious approach that respects the interests of both the public and the individual litigant. While transparency remains a valued tenet, it is not a monolithic principle to be applied without regard to the distinct features of the case at hand. The balance *in this instance* leans towards the protection of Movant's right to privacy, without sacrificing the overarching commitment to an open and transparent judicial process.

### F. Balancing the Public Interest

While the Court has rightly emphasized the public's interest in open judicial proceedings, citing Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979), it is submitted that the particular circumstances of this case warrant a nuanced application of this principle. As the aforementioned case recognizes, the public interest must be balanced against other compelling interests, and here, the genuine and substantial fear of harm to Doe, along with the unique constellation of powerful interests engaged, merits careful consideration.

Indeed, the very cause for Doe's motion for leave to file under pseudonym was and remains the very tyranny he intends to confront with the motion to intervene. The public interest would be harmed if the Real Person of Doe is discouraged from presenting their perspective. This issue is detailed in Supplement A.

### IV. DISTINCTIONS FROM RELEVANT CASE LAW

A. Distinctions from Southern Methodist University Ass'n of Women Law Students v. Wynne & Jaffe and Application to the Present Case:

- A.1 **Nature of Harm**: The fear of reputational harm in Wynne & Jaffe is notably different from the real and specific concerns for physical safety, privacy infringement, and targeted harassment faced by the Movant in this case. The nature and gravity of potential harm to Doe are of a different magnitude and character than the mere risk to reputation addressed in Wynne & Jaffe.

- A.2 **Involvement of Powerful Adversaries**: Unlike Wynne & Jaffe, where the opponents were a single law firm, the present case implicates various entities, including governmental bodies, multinational pharmaceutical corporations, and influential technology firms. The collective power, resources, and influence of these entities create a unique context that was not present in Wynne & Jaffe.

- A.3 **Public Interest Consideration**: While Wynne & Jaffe emphasized the importance of public access to judicial proceedings, it did not consider a scenario where the anonymity of the party could enhance legal discourse. In the present case, Doe's pseudonymous participation allows for a focused evaluation of the issues, unclouded

by personal fame or recognition, enriching the public understanding of the core constitutional concerns.

- A.4 **Uniqueness of Perspective**: Doe's unique perspective and role as the voice of the everyday person confronting broader societal consequences create a dimension that was not present in Wynne & Jaffe. The anonymity here serves a broader societal function and is not merely a personal or selfish request.

In sum, while the general principles in Wynne & Jaffe concerning the public's interest in open judicial proceedings hold true, the particular circumstances of this case, including the nature of the harm, the adversaries involved, the public interest, and the uniqueness of the Movant's perspective, differentiate it from Wynne & Jaffe. Therefore, the application of Wynne & Jaffe to the present case necessitates a careful and individualized evaluation that considers these distinguishing factors.

B. Distinctions from Doe v. Megless to the Present Case

- B.1 **Discretionary Standard**: The court's decision in Doe v. Megless affirms the discretionary standard in determining whether to grant a motion to proceed anonymously. However, the Petitioner's circumstances differ substantially from the facts of that case, warranting a distinct application of that discretion.

- B.2 **Meeting the Test, Not Contesting Discretion**: The Petitioner acknowledges that the court has the discretion to dismiss the motion if it wishes. The argument, instead, focuses on why the Petitioner's unique circumstances meet the test outlined in Doe v. Megless and why the court should choose to exercise its discretion in favor of the Petitioner.

- B.3 **Individualized Balancing Test**: A nuanced and individualized balancing test, considering the specific fears and interests of the Petitioner, contrasts with the generalized approach in Doe v. Megless. This requires a deeper analysis that aligns with the principles of justice, fairness, and empathy.

- B.4 **Precedential Value and Public Interest**: While the public interest in open litigation is acknowledged, the compelling and unique nature of the Petitioner's situation establishes a strong precedent for anonymity in this case, without diminishing the overall value of transparency in the judicial process.

  B.5 **Conclusions for Megless**
  B.5.1 The legal framework in Doe v. Megless serves as a guiding principle rather than a binding rule. The Petitioner's unique circumstances necessitate a tailored application of this principle.
  B.5.2 The analysis of the individual facts and interests in this case, in light of Doe v. Megless, justifies a favorable disposition of the Motion to Reconsider, recognizing the court's discretion but urging its exercise in favor of the Petitioner.

C. Distinctions from Doe v. Stegall to the Present Case:

- C.1 **No Rigid Three-Step Test**: Doe v. Stegall acknowledges that there is no rigid, three-step test for the propriety of party anonymity, emphasizing a fact-sensitive analysis. This aligns with Doe's unique circumstances, which necessitate a nuanced assessment tailored to the specific situation.

C.2 **Weight of Privacy Concerns**: Stegall recognized the weight of privacy concerns against the presumption of openness in judicial proceedings. Doe's concerns about potential harassment and the implications tied to the revelation of identity mirror these considerations and warrant similar weight.

C.3 **Balancing Privacy Against Public Interest**: A balance is required that weighs privacy concerns against the customary practice of judicial openness. While Doe's situation does not involve child-plaintiffs, the vulnerability related to personal beliefs and stances taken represents a significant factor arguing for anonymity, without causing harm to public interest or justice.

C.4 **Representation of the Public Interest**: Doe, as a non-public figure whose personal circumstance is not related to the constitutional issues at hand, embodies the "everyman" in a system that affects everyone. Proceeding under a pseudonym better aligns with this representation, as it emphasizes the universal nature of the constitutional concern, rather than personalizing the issue.

C.5 **Recognizing Exceptions**: Stegall concluded that exceptions to disclosure must be made in certain cases to protect privacy interests. Given Doe's specific fears and interests, a similar exception can be justified here, recognizing that it aligns with the public interest to reconsider and does not impair justice or transparency.

C.6. **Conclusions for Stegall**
C.6.1 The principles in Doe v. Stegall align closely with Doe's unique situation and provide a strong foundation for the request to proceed under a pseudonym.
C.6.2 This application justifies a favorable reconsideration of the Motion, acknowledging the court's discretion but urging its exercise in favor of Doe, particularly in light of the unique and sensitive matters involved, and recognizing that such an exercise of discretion is in the public interest and does not harm justice.

## V. CONCLUSION

This Motion reflects a critical intersection of the principles of judicial transparency and the fundamental need to protect an individual's rights and safety. The distinctions made with relevant case law and the unique character of this case call for a nuanced reconsideration that recognizes both the societal implications and the Movant's specific fears.

Granting this Motion would not only serve justice for Doe but also affirm the principles of fairness, dignity, and respect for individual rights that form the foundation of our legal system. In view of these considerations, the Movant respectfully urges this Honorable Court to grant the Motion for Reconsideration, granting leave to proceed under pseudonym and to seal the attached document.

DATED: August 19, 2023

Respectfully submitted,

Brandon Q. Doe