UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **STATE OF MISSOURI, ET AL.** | **CIVIL ACTION NO. 3:22-1213** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JOSEPH R. BIDEN, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### MEMORANDUM ORDER

This is a consolidated matter. Plaintiffs Robert F. Kennedy, Jr., Children's Health Defense, and Connie Sampognaro, who originally brought suit in the member case, *Robert F. Kennedy, Jr., et al, v. Joseph R. Biden, et al.,* No. 23-0381, (hereinafter "the Kennedy Plaintiffs") have filed a Motion for Expedited Third Party Platform Discovery" [doc. #349].[1] The motion is opposed. [doc. #351].

For the following reasons, the motion is DENIED.[2]

**I.      Background and Procedural History**

The lead case was initiated by the States of Louisiana and Missouri ("the State Plaintiffs") on May 5, 2022, alleging that federal officials ("the Government Defendants") coerced certain social-media platforms into censoring social-media content, in violation of the

---

[1] In their motion, the Kennedy Plaintiffs listed the member heading followed by the lead heading in this matter. Once a case is consolidated, all pleadings should bear the lead case heading absent an order separating the cases or otherwise. No such order has issued.

[2] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

First Amendment.  Complaint [doc. #1].  On March 24, 2023, the Kennedy Plaintiffs filed the member lawsuit.

Prior to consolidation, on July 4, 2023, the Court issued a Ruling [doc. #293] and Judgment [doc. #294] granting in part and denying in part the State Plaintiffs' request for a preliminary injunction.  The Court's Ruling and Judgment were appealed the following day [doc. #296].  Two days later, on July 6, 2023, the State Plaintiffs moved to stay the injunction, but the motion was denied on July 10, 2023.  [doc. #302; reasons stated in doc. #301].

On July 24, 2023, after briefing, the Court ordered the consolidation of the State Plaintiffs' and the Kennedy Plaintiffs' cases "for all purposes," including joint discovery.  [doc. #316].

On September 8, 2023, the United States Court of Appeals for the Fifth Circuit issued an opinion [doc. #331].  The Fifth Circuit affirmed the Court's judgment with respect to the White House, the Surgeon General, the CDC, and the FBI, but reversed as to all other officials.  The Fifth Circuit vacated the preliminary injunction except for prohibition number six, which was modified.  The Fifth Circuit then granted an extension of the administrative stay for ten days following the date hereof, pending an application to the Supreme Court of the United States.

On September 14, 2023, the United States Supreme Court stayed the Court's July 4, 2023 preliminary injunction pending further order.  [doc. #333].

On September 26, 2023, the Fifth Circuit recalled its September 11, 2023 mandate, directed Appellants to file a response to the petition for rehearing by September 28, 2023, and ordered that the July 4, 2023 preliminary injunction remain stayed pending resolution of Appellees' petition for panel rehearing.  [doc. #336].

On October 3, 2023, on petition for re-hearing, the Fifth Circuit withdrew its previous opinion and substituted the new opinion.  The Fifth Circuit affirmed the district court's judgment with respect to the White House, the Surgeon General, the CDC, the FBI, and CISA and reversed as to all other officials. The preliminary injunction was vacated except for prohibition number six, which was modified.  The preliminary injunction was stayed for another ten days.

On October 20, 2023, the Supreme Court granted a stay of the July 4, 2023 preliminary injunction, as modified by the Fifth Circuit on October 3, 2023, further granted a petition for writ of certiorari, and further ordered that the stay remain in place until the "sending down" of the Supreme Court's judgment.  [doc. #345].

The matter has been briefed, was argued to the Supreme Court on March 18, 2024, and it remains under consideration at this time.

On April 25, 2024,  [doc. 348], the Fifth Circuit ordered that the appeal be held in abeyance until the Supreme Court's disposition of *Murthy v. Missouri*, No. 23-411, 601 U.S. — , (Mar. 18, 2024).

On that same day, the Kennedy Plaintiffs filed the instant motion.  Pursuant to Federal Rules of Civil Procedure 26(d)(1) and 45, the Kennedy Plaintiffs move for "limited, expedited third party social media platform discovery." [doc. #349, p. 1].   Specifically, they seek production of documents and communications from Alphabet, Inc., and Meta Platforms, Inc. ("the Platforms"), which are not parties to this litigation.

A notice of motion setting issued requiring any opposition to be filed within seven (7) days.  The Government Defendants timely filed an opposition memorandum.  [doc. #351].

Briefing is complete, and this matter is now ripe.

3

## II. Analysis

### A. Legal Standard

The Federal Rules of Civil Procedure generally prohibit parties from seeking discovery prior to Rule 26 conferences, although this prohibition may be overcome by stipulation or court order. FED. R. CIV. P. 24(d)(1). As expedited discovery is "not the norm," courts only grant it "in limited circumstances." *Missouri v. Biden*, No. 22-01213, 2022 WL 2825846, at *5 (W.D. La. July 12, 2022); *see also Wilson v. Samson Contour Energy E & P, LLC*, No. 14-0109, 2014 WL 2949457, at *2 (W.D. La. June 30, 2014) ("As evidenced by Rule 26(d)(1), 'expedited discovery is not the norm,' . . . and courts only allow it in limited circumstances." (citations omitted)). Courts may allow expedited discovery when there is a showing that irreparable harm would otherwise occur, or when there is a risk that evidence may be lost or destroyed. *Missouri*, 2022 WL 2825846, at *5; *Wilson*, 2014 WL 2949457, at *3. This court has applied a "good cause" standard to determine whether a party is entitled to expedited discovery. *See, e.g.*, *Missouri*, 2022 WL 2825846, at *5 (using "good cause" standard to determine propriety of expedited discovery). Analysis under this standard considers the breadth of the discovery request; the purpose for the request; the burden on defendants to comply with the request; and how far in advance of the typical discovery process the request was made. *Missouri*, 2022 WL 2825846, at *5. The party seeking discovery bears the burden of establishing both good cause and that the scope of the request is "narrowly tailored to the necessary information" sought. *GHX Indus. LLC v. Servco Hose and Supply LLC*, No. 19-01552, 2020 WL 1492920, at *2 (W.D. La. Feb. 5, 2020) (quoting *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016)).

Likewise, Federal Rule of Civil Procedure 45(d)(1) requires parties issuing subpoenas to "take reasonable steps to avoid imposing undue burden or expense on [the] person subject to the subpoena." FED. R. CIV. P. 45(d)(1).

**B. Discussion**

The undersigned analyzes the "good cause" factors before making final observations on the propriety of ordering expedited third party discovery.

*1. Breadth of Request*

The Kennedy Plaintiffs argue that the requested discovery is relatively narrow as the Platforms "have already done most of the work of document collection in response to congressional subpoenas" and "no depositions are sought." Memo in Support of Third-Party Platform Discovery [doc. #349-1, p. 15]. While the Platforms may have already collected documents dating from January 1, 2020, to December 14, 2022, and produced them to Congress, *see* Exhibit B to Maturin Declaration [doc. #349-3, pp. 12-13], the Kennedy Plaintiffs request that the Platforms produce materials dating from January 1, 2019, to the present. Exhibit A to Maturin Declaration [doc. #349-3, p. 8]. This represents a near-doubling of the date range covered by the discovery request. The undersigned finds the breadth of this request weighs against expedited discovery.

*2. Purpose of Request*

Plaintiffs contend the purpose of the requested discovery is "perhaps **the** central issue" of this case: establishing whether the Government Defendants' communications with the Platforms "crossed the constitutional line turning Platform censorship into state action." Memo in Support of Third-Party Platform Discovery [doc. #349-1, pp. 16-17]. It is doubtless that this is a key issue in the present litigation and the materials requested bear on its resolution. The Kennedy

Plaintiffs argue that the documents and communications sought "will remain critical no matter how the Supreme Court rules in *Murthy*." *Id.* at p. 16. However, this argument is unconvincing on two grounds. First, the **importance** of discoverable material is not in and of itself a reason for **expedited discovery** of that material. The Kennedy Plaintiffs offer a perfunctory statement that, on belief and information, no formal litigation hold or retention policy requires the Platforms to preserve the sought-after material. *Id.* at p. 8 n.3. Yet, they do not make any contentions concerning the risk of destruction, and, in fact, in light of this ongoing litigation, it is clear that the Platforms are surely aware of their duties to maintain the discovery sought. The undersigned is unconvinced that the mere possibility of such a loss supersedes other considerations. Second, the Kennedy Plaintiffs – and this Court – have made clear that resolution of *Murthy* will resolve a substantial portion of the issues in the consolidated case. *See* M/Leave to Intervene Filed by *Kennedy* Plaintiffs at 9, *Murthy*, 601 U.S. — , (Oct. 26, 2023) (No. 23-411) ("[T]he Court's disposition of the instant case will directly impact the *Kennedy* Plaintiffs and, for all intents and purposes, adjudicate their claims."); Memorandum Ruling re M/Preliminary Injunction at 23, *Kennedy* (W.D. La. Feb. 14, 2024) (No. 23-00381) ("The Supreme Court decision in *Missouri v. Biden* will answer many of the issues raised in this case."). It would be imprudent to impose a broad, burdensome, and expedited discovery request on non-parties in these circumstances. This is especially the case when the materials sought are not guaranteed to ultimately have relevance to the case. Furthermore, the Kennedy Plaintiffs do not put forward an argument for why they need this information *now*. Put another way, the Kennedy Plaintiffs fail to argue why they cannot wait for this information until after the legal contours of this case are clearer. Consequently, the undersigned finds that the purpose of the request weighs against expedited discovery.

3. *Burden on Platforms*

As discussed *supra*, the Kennedy Plaintiffs seek materials that the Platforms have already collected and produced in relation to a congressional inquiry. The burden of producing these materials is surely minimal. The Kennedy Plaintiffs also seek an additional two years of materials to be produced within thirty days of service. A discovery request of this volume and speed represents a substantial burden on third parties. Accordingly, the undersigned finds that the putative burden this request would place on the Platforms weighs against expedited discovery.

4. *Timing of Discovery*

There is currently no date set for the parties' Rule 26 conference. The instant request for discovery is thus made well in advance of the typical discovery process. Additionally, there are currently no issues ripe for adjudication which would benefit from expedited discovery. The undersigned finds that this factor weighs against granting the Kennedy Plaintiffs' motion.

The four "good cause" factors all counsel against expedited discovery in this matter. Additionally, the Kennedy Plaintiffs have not proffered arguments that they will suffer irreparable harm should their request be denied, other than an unsubstantiated and cursory reference to potential document destruction. This argument is also undercut by the fact that a large portion of the materials the Kennedy Plaintiffs seek have already been produced in response to a congressional inquiry. These materials will presumably remain available until the time when their production is merited.

Having considered the arguments of the Kennedy Plaintiffs and the Government Defendants, and analyzed the factors dictated by precedent, the undersigned finds it proper to deny the request for expedited third party discovery.

## **Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' motion for expedited third party discovery [doc. #349] is **DENIED**.

In Chambers, at Monroe, Louisiana, on this 21st day of May, 2024.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE