IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE OF MISSOURI, *et al.*,<br><br>   *Plaintiffs*,<br><br>v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.*,<br><br>   *Defendants*. | No. 22-cv-1213<br><br>*Consolidated with No. 23-cv-381*<br><br>Judge Terry A. Doughty<br><br>Mag. Judge Kayla D. McClusky |

## NOTICE OF SUPREME COURT OPINION

On February 14, 2024, this Court granted the *Kennedy* Plaintiffs' motion for a preliminary injunction "against the same Defendants and on the same grounds as in *Missouri v. Biden*," but stayed the injunction "for ten (10) days after the Supreme Court sends down a ruling in *Missouri v. Biden*." ECF No. 38 at 22-23. Yesterday, the Supreme Court issued an opinion concluding that the plaintiffs in *Missouri v. Biden* failed to establish Article III standing and therefore reversing the Fifth Circuit's affirmance (with modifications) of the preliminary injunction issued by this Court "and remand[ing] the case for further proceedings consistent with" the Supreme Court's "opinion." *Murthy v. Missouri*, No. 23-411, 603 U.S. __, __, 2024 WL 3165801 at *17 (U.S. June 26, 2024).

Under Supreme Court Rule 45.3, the Supreme Court "will send" its judgment to the lower court "32 days after entry of the judgment, unless the Court or a Justice shortens or extends the time, or unless the parties stipulate that it be issued sooner." The Supreme Court will accordingly send down its ruling on Monday, July 29, 32 days (plus a weekend day) from yesterday.

The government understands this Court's stay of the preliminary injunction in *Kennedy* to extend for ten days after that date—i.e., the date on which the Supreme Court "sends down" its ruling in *Missouri*.

While this Court's stay remains in effect, the government intends to file with this Court a motion for an indicative ruling under Federal Rule of Civil Procedure 62.1 that the Court would vacate the preliminary injunction in *Kennedy* because the *Kennedy* plaintiffs (who relied exclusively on the same set of facts "before the Court in *Missouri v. Biden*," ECF No. 6-1 at 2) lack standing under the Supreme Court's analysis in that case. If the Court issues such a ruling, the government would seek a remand from the Fifth Circuit under Federal Rule of Appellate Procedure 12.1 to allow this Court to enter the requested vacatur. In the alternative, the government plans to ask this Court to stay the *Kennedy* preliminary injunction for the full duration of the pending appeal from that injunction, if the Court declines to enter the requested indicative ruling.

Dated: June 27, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES J. GILLIGAN
Special Litigation Counsel, Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar No. 978017)
ALEXANDER W. RESAR (N.Y. Bar No. 5636337)
CATHERINE M. YANG (N.Y. Bar No. 5319736)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Tel: (202) 616-8488
indraneel.sur@usdoj.gov

*Attorneys for Defendants*