UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ROBERT F. KENNEDY, JR. ET AL.** | **CIVIL ACTION NO. 22-cv-1213**<br>**Consolidated with NO. 23-cv-00381** |
| **VERSUS** | **JUDGE: TERRY A. DOUGHTY** |
| **JOSEPH R. BIDEN ET AL.** | **MAG. JUDGE: KAYLA D. MCCLUSKY** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOTICE OF SUPREME COURT OPINION
AND EFFECTIVE DATE OF INJUNCTION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On February 14, 2024, this Court granted a preliminary injunction to the *Kennedy* Plaintiffs, stayed that injunction, but stated that:

> the stay issued in this case will be ***automatically lifted on the eleventh (11th) day after the ruling in Missouri v. Biden is handed down by the Supreme Court***.

ECF No. 38 at 22 (emphasis added). Two days ago, on Wednesday, June 26, 2024, the Supreme Court handed down its ruling in the *Missouri v. Biden* case. *See Murthy v. Missouri*, No. 23-411, 2024 WL 3165801 (U.S. June 26, 2024). Accordingly, under the plain language of this Court's ruling—and contrary to the Notice of Opinion filed yesterday by Defendants—it would appear that this Court's stay will be "automatically lifted" on July 7, 2024—eleven days after *Murthy* was handed down—and that the preliminary injunction will, absent further judicial action, become operative on that day.[1]

---

[1] Defendants state that they "understand" this Court's February 15 ruling to mean that the injunction will remain stayed until ten days after the Supreme Court "**sends down**" its *Murthy*

| | |
|---|---|
| DATED: June 28, 2024 | Respectfully Submitted,<br><br>/s/ G. Shelly Maturin, II<br>_____<br>G. SHELLY MATURIN, II<br>(La. Bar#26994)<br>Welborn & Hargett<br>1540 W. Pinhook Road<br>Lafayette, LA 70503<br>Telephone: 337-234-5533<br>E-mail: shelly@wandhlawfirm.com<br><br>Attorney for ROBERT F. KENNEDY, JR.<br>CHILDREN'S HEALTH DEFENSE<br>CONNIE SOMPAGNARO<br>Plaintiffs in *Kennedy v. Biden*,<br>No. 3:23-cv-00381 |
| JED RUBENFELD<br>(NY Bar # 2214104)<br>(*pro hac vice* forthcoming)<br>1031 Forest Road<br>New Haven CT 06515<br>Telephone: 203-432-7631<br>E-mail: jed.rubenfeld@yale.edu | ROGER IAN TEICH<br>(CA Bar #147076)<br>(*pro hac vice* forthcoming)<br>337 Liberty Street<br>San Francisco, CA 94114<br>Telephone: 415-948-0045<br>Email: rteich@juno.com |

---

opinion, and Defendants then say that this "sending down" will not occur until some thirty days from now, when under Supreme Court Rule 45.3 the High Court is expected to transmit a copy of its judgment to the Fifth Circuit. ECF No. 358 at 1. But this Court's ruling expressly states that the stay is automatically lifted eleven days after the Supreme Court "hands down" its ruling, and Rule 45.3 has nothing to do with when a Supreme Court ruling is "handed down"; on the contrary, it is long and well established that a court, including the Supreme Court, "hands down" a ruling on the date the case is decided and filed. *See, e.g.*, *Partmar Corp. v. Paramount Pictures Theatres Corp.*, 347 U.S. 89, 95 (1954) (stating that the Court "handed down [its] decision" in an earlier case on the date that case was decided). Because *Murthy* was "handed down" on June 26, this Court's stay will be automatically lifted eleven days thereafter—on July 7.

## CERTIFICATE OF SERVICE

I hereby certify that, on June 28, 2024, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*/S/ G. Shelly Maturin, II*
_____
G. SHELLY MATURIN, II