IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE OF MISSOURI, *et al.*,<br><br>   *Plaintiffs*,<br><br>   v.<br><br>JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.*,<br><br>   *Defendants*. | No. 22-cv-1213<br><br>*Consolidated with No. 23-cv-381*<br><br>Judge Terry A. Doughty<br><br>Mag. Judge Kayla D. McClusky |

**MOTION FOR CLARIFICATION OF DURATION OF STAY OF PRELIMINARY INJUNCTION AS TO KENNEDY PLAINTIFFS OR, ALTERNATIVELY, FOR 26-DAY EXTENSION OF STAY**

      This Court on February 14, 2024 granted a preliminary injunction to the *Kennedy* Plaintiffs "against the same Defendants and on the same grounds as in *Missouri v. Biden*." Dkt. 38 at 22-23. This Court stayed that order "for ten days after the Supreme Court sends down a ruling in *Missouri v. Biden*." *Id.* at 23. Accordingly, Defendants respectfully seek clarification that this stay extends until August 8, 2024, *i.e.*, ten days after the Supreme Court "sends down" its decision, as defined by the Supreme Court's Rules. *See* Dkt. 358 (discussing Supreme Court Rule 45.3). In the alternative, if the Court determines that the stay ends on July 7, 2024, as the *Kennedy* Plaintiffs contend, Dkt. 359, Defendants respectfully request that this Court grant a 26-day extension of the stay to provide sufficient time for the orderly filing and adjudication of a motion for an indicative ruling or, in the alternative, for a stay pending appeal. Counsel for Defendants conferred with Counsel for the *Kennedy* Plaintiffs, who stated that they oppose this motion and the relief sought.

      1. When this Court granted the preliminary injunction as to the *Kennedy* Plaintiffs this Court stayed that injunction "for ten (10) days after the Supreme Court sends down a ruling in *Missouri v. Biden*." Dkt. 38 at 23. As Defendants explained in their June 27, 2024 notice, Dkt. 358, the Supreme Court on June 26, 2024 issued its opinion concluding that the plaintiffs in

1

*Missouri v. Biden* failed to establish Article III standing and therefore reversing the Fifth Circuit's affirmance (with modifications) of the preliminary injunction issued by this Court "and remand[ing] the case for further proceedings consistent with" the Supreme Court's "opinion." *Murthy v. Missouri*, No. 23-411, 603 U.S. __, __, 2024 WL 3165801 at *17 (U.S. June 26, 2024). As Defendants further explained, under Supreme Court Rule 45.3, the Supreme Court "will send" its judgment to the lower court on Monday, July 29, 2024. Defendants thus understand this Court's stay of the preliminary injunction in *Kennedy* to extend for ten days after that date—i.e., the date on which the Supreme Court "sends down" its ruling in *Missouri*—which would be Thursday, August 8, 2024.

2. The *Kennedy* Plaintiffs in their June 28, 2024 notice contend that it would "appear" that the stay of the preliminary injunction in *Kennedy* will be "automatically lifted" on July 7, 2024, *i.e.*, "on the eleventh (11th) day after the ruling in *Missouri v. Biden* is handed down by the Supreme Court." Dkt. 359 at 1.

Defendants disagree with the *Kennedy* Plaintiff's interpretation, which does not accord with the Supreme Court's rules governing the timing of when the Supreme Court "sends down" its opinions and judgments. The *Kennedy* Plaintiffs seize on the Court's use of the phrase "handed down" at some points in its opinion—and if that were all the Court's order said, then the Plaintiffs' interpretation would be reasonable. But in the decretal language of its order—the part that has actual legal force—the Court unambiguously referred to the date on which the Supreme Court "sends down" its ruling. *See* Dkt. 38 at 23 ("IT IS FURTHER ORDERED that in light of the stay issued by the Supreme Court of the United States in *Missouri v. Biden*, this order is STAYED for ten (10) days after the Supreme Court sends down a ruling in *Missouri v. Biden*."). Plaintiffs never acknowledge that language or attempt to square their interpretation with it.

3. Given the parties' different understandings of the duration of the stay of the preliminary injunction in *Kennedy*, Defendants respectfully request that the Court issue an order clarifying that this Court's stay of that preliminary injunction will extend to Thursday, August 8, 2024, consistent with Defendants' understanding of the stay as described in the Notice. A proposed order reflecting

such a clarification is attached to this motion.

4. In the alternative, if the Court adopts Plaintiffs' characterization of the duration of the stay, Defendants request that this Court grant a 26-day extension of the stay beyond the expiration date urged by Plaintiffs, until and including Friday, August 2, 2024, to enable the parties to fully brief and this Court to decide (1) a motion by Defendants for an indicative ruling under Federal Rule of Civil Procedure 62.1 that the Court would vacate the preliminary injunction in *Kennedy* because the *Kennedy* plaintiffs lack Article III standing under the Supreme Court's analysis in *Murthy*, and (2) in the alternative, a motion by Defendants for a stay pending appeal for the full duration of the pending appeal from that injunction, if the Court declines to enter the requested indicative ruling.

For such a motion Defendants propose the following schedule: (1) Defendants' motion due July 8, 2024; (2) Plaintiffs' opposition due July 16, 2024; (3) Defendants' reply due July 22, 2024; (4) this Court's disposition of the motion by July 24, 2024. That proposed schedule would allow for the filing and disposition of a motion for a stay pending appeal in the Fifth Circuit before the expiration of the stay extended under Defendants' alternative request.

Dated: July 1, 2024        Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

JOSEPH E. BORSON
Assistant Director, Federal Programs Branch

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar No. 978017)
ALEXANDER W. RESAR (N.Y. Bar No. 5636337)
CATHERINE M. YANG (N.Y. Bar No. 5319736)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Washington D.C. 20005
Tel: (202) 616-8488
indraneel.sur@usdoj.gov

*Attorneys for Defendants*