UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **STATE OF MISSOURI ET AL.** | **CIVIL ACTION NO. 22-cv-1213** |
| **VERSUS** | **JUDGE: TERRY A. DOUGHTY** |
| **JOSEPH R. BIDEN ET AL.** | **MAG. JUDGE: KAYLA D. MCCLUSKY** |

*********************************************************************
**Consolidated With**
*********************************************************************

| | |
|---|---|
| **ROBERT F. KENNEDY, JR. ET AL.** | **CIVIL ACTION NO. 23-cv-00381** |
| **VERSUS** | **JUDGE: TERRY A. DOUGHTY** |
| **JOSEPH R. BIDEN ET AL.** | **MAG. JUDGE: KAYLA D. MCCLUSKY** |

*********************************************************************

***KENNEDY* PLAINTIFFS' MEMORANDUM
OPPOSING DEFENDANTS' MOTION
FOR "CLARIFICATION" OF STAY**

*********************************************************************

Defendants are asking the wrong court for the wrong relief. Last February, this Court granted the *Kennedy* Plaintiffs a preliminary injunction but stayed that injunction until "the eleventh (11th) day after the ruling in *Missouri v. Biden* is handed down by the Supreme Court." ECF No. 38 at 22. Defendants appealed. If Defendants genuinely found the Court's stay ruling unclear, or if they viewed eleven days as insufficient, they had five months to ask this Court or the

1

Fifth Circuit for relief. Instead, Defendants sat on their hands, and now, five days after *Murthy* was handed down, Defendants move for "clarification" of a ruling that is already clear, and for the further stay of an injunction already on appeal.

Defendants cite no authority establishing the jurisdiction of this Court to grant the relief they seek, and they do not so much as mention the well-established standards of review applicable when a district court is asked to stay an injunction already on appeal. That omission is not surprising, because Defendants do not and cannot meet those standards.

The bottom line is that the *Kennedy* Plaintiffs have much stronger standing than did the *Missouri* plaintiffs, and Mr. Kennedy in particular, as a candidate for President who is still being brutally censored on major social media platforms (just as this Court predicted)[1], urgently requires and is entitled to vindication of his rights:

> Indeed, because Mr. Kennedy has been mentioned explicitly in communications between the Government and social media platforms, he has a strong claim to standing, and the Government has not argued otherwise. Our democratic form of government is undermined if Government officials prevent a candidate for high office from communicating with voters, and such efforts are especially dangerous when the officials engaging in such conduct are answerable to a rival candidate.

*Murthy v. Missouri*, 144 S. Ct. 32, 32-33 (2023) (Alito, J., dissenting from denial of leave to intervene). Accordingly, the *Kennedy* Plaintiffs are entitled to seek immediate affirmance of the existing injunction in the Fifth Circuit, rather than being forced to relitigate the merits in this Court through "indicative" motions.

---

[1] *See* ECF No. 38 at 20 (finding it "certainly likely that Defendants could use their power over millions of people to suppress alternative views or moderate content they do not agree with in the upcoming 2024 national election"); *see, e.g.*, *Facebook: We 'Mistakenly' Blocked Biden Opponent's Video… We Swear*, Newsbusters, May 7, 2024, https://newsbusters.org/blogs/free-speech/christian-baldwin/2024/05/07/updated-facebook-we-mistakenly-blocked-biden ("Meta has once again deemed Robert F. Kennedy Jr.'s ideas too dangerous to be allowed on Facebook and Instagram.").

In essence, Defendants are hoping this Court will reverse the injunction it granted last February, but through Defendants' own actions, that injunction is on appeal, and it is the Fifth Circuit, not this Court, to which Defendants should be directing their arguments.

I.  **The Court should not grant the "clarification" Defendants seek**.

One year ago, on July 4, 2023, in a case then called *Missouri v. Biden* and now known as *Murthy v. Missouri*, this Court granted a historic preliminary injunction against what the Court described as "arguably the most massive attack against free speech in United States history." *Missouri v. Biden*, No. 3:22-CV-01213, 2023 U.S. Dist. LEXIS 114585, at *158 (W.D. La. July 4, 2023). On February 14, 2024, this Court issued a similar preliminary injunction in favor of the *Kennedy* Plaintiffs, stayed that injunction, but stated that "the stay issued in this case will be automatically lifted on the eleventh (11th) day after the ruling in *Missouri v. Biden* is handed down by the Supreme Court." ECF No. 38 at 22.

There was and is no ambiguity in this holding. The term "handed down" has a clear, long-established meaning in American jurisprudence: it refers to the date on which a court decides a case and files its decision. *See, e.g.*, *Partmar Corp. v. Paramount Pictures Theatres Corp.*, 347 U.S. 89, 95 (1954) (stating that Court "handed down" its decision on date case was decided).

On April 12, 2024, the Defendants appealed the *Kennedy* injunction. ECF No. 39. On April 23, Defendants asked the Fifth Circuit, with Plaintiffs' consent, to hold that appeal in abeyance "pending the Supreme Court's disposition of *Murthy v. Missouri*." ECF No. 14 (5th Cir. No. 24-30252). On April 24, the Fifth Circuit issued an order so holding. ECF No. 40.

On June 26, 2024, the Supreme Court handed down *Murthy*. *See Murthy v. Missouri*, No. 23-411, 2024 U.S. LEXIS 2842 (U.S. June 26, 2024). Accordingly, under the clear, consented-to terms of the Fifth Circuit's abeyance order, the appeal of the injunction became active again on

that day—June 26. And under the clear terms of this Court's February 14 opinion, the stay of that injunction will expire on July 7—eleven days after June 26, when the Supreme Court "handed down" *Murthy*.

On July 1, five days after *Murthy* was handed down, Defendants filed a motion asking this Court to issue a "clarification" stating that its unambiguous February 14 ruling didn't mean what it said. Seizing on a slight change of wording in the "decretal" portion of the opinion—where the Court used the term "sends down" instead of "hands down"—Defendants offer the peculiar theory that the Court intended to tie the expiration of the stay to Supreme Court Rule 45.3, which (as recently amended) instructs the Clerk of the Court to "send" a copy of the Supreme Court's opinion to the Circuit Court 32 days after entry of judgment. *See* ECF No. 360 at 2 (citing Supreme Court Rule 45.3).

Nothing in this Court's February 14 decision remotely suggests an intention to tie the stay to Supreme Court Rule 45.3. Nor would it have made any sense to do so. High Court opinions become controlling precedent the day they are decided, not 32 days later. Cases are legion in which lower courts issue rulings on the basis of Supreme Court opinions decided "yesterday," or a few "days ago," or "last week."[2] Thus this Court was entirely correct to tie the expiration of the stay to the day the Supreme Court "handed down" *Murthy*, not the day, more than a month later, when the Clerk is expected to transmit a copy of that opinion pursuant to Rule 45.3.

---

[2] *See, e.g.*, *Whole Woman's Health v. Young*, 37 F.4th 1098, 1100 (5th Cir. 2022) (vacating injunction because "[l]ast week, the Supreme Court overruled *Casey* and *Roe v. Wade*"); *United States v. Arroyo-Mata*, No. 1:09-cr-13-TCB, 2024 U.S. Dist. LEXIS 62601, at *2-3 (N.D. Ga. Apr. 1, 2024) (ruling on basis of Supreme Court case decided "two weeks ago" that contradicted preexisting Eleventh Circuit precedent).

4

In its February 14 ruling, this Court could not have been clearer: the stay "will be automatically lifted on the eleventh (11th) day after the ruling in *Missouri v. Biden* is handed down." There is nothing to clarify here. Should this Court choose to issue a clarification (which there is no need or reason to do), the Court should clarify that, as its February 14 opinion unambiguously states, the stay will be (or was already) automatically lifted the eleventh day after *Murthy* was handed down—i.e., on July 7.

## II. Defendants do not and cannot satisfy the requirements for a new stay.

Apparently recognizing the weakness of their "clarification" motion, Defendants ask in the alternative for a new stay of the injunction until August 2, in order for Defendants to move in this Court for an indicative ruling or, failing that, to move for a stay pending appeal. ECF No. 360 at 2. (In their proposed motion schedule, Defendants generously allot this Court two days to issue an opinion. *Id.*) But Defendants entirely fail to discuss, much less to establish, this Court's jurisdiction to stay an injunction that's already on appeal. *See Diogu v. LeVa*, No. 24-20093, 2024 U.S. App. LEXIS 10760, at *3, 4 (5th Cir. May 2, 2024) (stating rule that party seeking exercise of jurisdiction "bear[s] the burden of establishing" jurisdiction, and dismissing because appellant failed to cite any "statutory or constitutional" basis for jurisdiction); *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 578 (5th Cir. 1996) ("Generally, a notice of appeal divests the district court of jurisdiction over the judgment or order that is the subject of the appeal.").

To assist the Court, Plaintiffs note that Fed. R. Civ. P. 62(d) creates a limited exception to the usual divestment of district court jurisdiction over an order that has been appealed, authorizing the court to "suspend" or "modify" an appealed injunction on "terms that secure the opposing party's right." FRCP 62(d); *see Sierra Club*, 73 F.3d at 578. It is by no means clear, however, that

5

Rule 62(d) applies here.[3] But assuming it does, the well-established standard of review on a stay motion under Rule 62(d) (again, entirely unmentioned by Defendants) requires the movant to show: (1) a "strong showing of a likelihood of success on the merits," (2) that the movant will be "irreparably injured absent the stay," (3) that the stay will not "substantially injure the other parties' interests," and (4) that "the public interest" will be served. *Firearms Policy Coalition, Inc. v. McCraw*, 623 F. Supp. 3d 740, 757 (N.D. Tex. 2022) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Hunt v. Bankers Tr. Co.*, 799 F.2d 1060, 1067 (5th Cir. 1986); and 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2904 (3d ed.)); *Guerra & Moore, Ltd., LLP v. Cantu*, No. 7:11-CV-299, 2017 U.S. Dist. LEXIS 237853, at *7 (S.D. Tex. Sept. 18, 2017).

Defendants have made none of these showings. Nor can they, since these showings would fly in the face of the express, contrary findings made by this Court when granting the preliminary injunction last February. In other words, without saying so and without providing any of the necessary showings, Defendants are in essence asking for a reversal of major portions of this Court's February 14 opinion. Accordingly, Defendants should address their arguments not to this Court, but to the Fifth Circuit.

Last December, Justice Alito accurately foresaw the exact scenario that has now arisen, in which *Murthy* is decided on standing grounds and Defendants seek to delay and prevent

---

[3] In the Fifth Circuit, a district court's authority under Rule 62(d) "is limited to 'maintaining the status quo,'" *Sierra Club*, 73 F.3d at 578 (citation omitted), and it is hornbook law that in injunction cases, the "status quo" refers to the "status quo ante litem"—"the last, uncontested status which preceded the pending controversy." *Laboratorios Pisa S.A. de C.V. v. PepsiCo, Inc.*, No. 7:21-cv-00062, 2021 U.S. Dist. LEXIS 36960, at *16 & n.71 (S.D. Tex. Feb. 27, 2021) (citation omitted). Thus "maintain[ing] the status quo" in this case requires *maintaining* the injunction, *not* staying it, because "the last uncontested status" was the state of affairs before federal officials began coercing and working jointly with social media platforms to censor Plaintiffs' speech.

vindication of Mr. Kennedy's rights until the presidential campaign is over or nearly over. "[T]he Government contend[s] strenuously that [the *Murthy* Plaintiffs] lack standing. If the Court ultimately agrees with that argument and orders that this case be dismissed, our decision will provide little guidance for deciding Mr. Kennedy's case." *Murthy*, 144 S. Ct. at 32 (Alito, J.). This "is likely to prevent Mr. Kennedy from vindicating the rights he claims until the spring of 2024 and perhaps as late as June of that year. And by that time, several months of the Presidential campaign will have passed." *Id*. "In fact, [it] may prevent Mr. Kennedy from obtaining redress for an even longer period." *Id*.

The *Kennedy* Plaintiffs, whose standing is not only *not* undermined by *Murthy*, but actually strengthened by that case, are entitled to enforcement of the injunction this Court issued last February and to defend that injunction in the Fifth Circuit rather than relitigating the merits through an "indicative" motion in this Court. By contrast, Defendants are not entitled to a stay and have not made the slightest showing that they meet the requirements therefor.

For the foregoing reasons, Plaintiffs respectfully ask this Court to deny Defendants' motions for "clarification" and for a stay.

DATED: July 6, 2024  Respectfully Submitted,

   /s/ G. Shelly Maturin, II
G. SHELLY MATURIN, II
(La. Bar#26994)
Welborn & Hargett
1540 W. Pinhook Road
Lafayette, LA 70503
Telephone: 337-234-5533
E-mail: shelly@wandhlawfirm.com

Attorney for ROBERT F. KENNEDY, JR.
CHILDREN'S HEALTH DEFENSE
CONNIE SOMPAGNARO
Plaintiffs in *Kennedy v. Biden*,
No. 3:23-cv-00381

7

| | |
|---|---|
| JED RUBENFELD | ROGER IAN TEICH |
| (NY Bar # 2214104) | (CA Bar #147076) |
| (*pro hac vice* forthcoming) | (*pro hac vice* forthcoming) |
| 1031 Forest Road | 337 Liberty Street |
| New Haven CT 06515 | San Francisco, CA 94114 |
| Telephone: 203-432-7631 | Telephone: 415-948-0045 |
| E-mail: jed.rubenfeld@yale.edu | Email: rteich@juno.com |

### CERTIFICATE OF SERVICE

I hereby certify that, on July 6, 2024, I caused a true and correct copy of the foregoing to be filed by the Court's electronic filing system, to be served by operation of the Court's electronic filing system on counsel for all parties who have entered in the case.

*/S/ G. Shelly Maturin, II*
_____
G. SHELLY MATURIN, II

8