UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **STATE OF MISSOURI ET AL** | **CASE NO. 3:22-CV-01213** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JOSEPH R BIDEN JR ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

Pending before the Court is a Motion For Clarification of Duration of Stay of Preliminary Injunction as to Kennedy Plaintiffs or, Alternatively, for 26-Day Extension of Stay [Doc. No. 360] filed by Defendants[1] in this proceeding. An Opposition [Doc. No. 363] was filed by Plaintiffs Robert F. Kennedy, Jr. ("RFK, Jr."), Children's Health Defense ("CHD"), and Connie Sampognaro ("Sampognaro"), collectively ("Kennedy Plaintiffs"). No Reply was filed.

Also pending before the Court is a Motion for an Indicative Ruling Dissolving the Preliminary Injunction or, in the Alternative, for a Stay Pending Appeal [Doc. No. 364]. This motion was filed on July 8, 2024, and no responses were filed.

This Order shall address each of these motions.

---

[1] Defendants consist of Joseph R. Biden, Jr., Karine Jean-Pierre, Vivek H. Murthy, Xavier Becerra, Dept. of Health & Human Services, Anthony Fauci, National Institute of Allergy & Infectious Diseases, Centers for Disease Control & Prevention, Carol Y. Crawford, Untied States Census Bureau, Jennifer Shopkorn, U.S. Department of Commerce, Alejandro Mayorkas, Robert Silvers, Samantha Vinograd, Department of Homeland Security, Jen Easterly, Cybersecurity & Infrastructure Security Agency, Gina McCarthy, Nina Jankowicz, Andrew Slavitt, Rob Flaherty, Courtney Rowe, Clarke Humphrey, Benjamin Wakana, Dana Remus, Aisha Shah, Laura Rosenberger, Mina Hsiang, U.S. Department of Justice, Federal Bureau of Investigation, Laura Dehmlow, Elvis M.. Chan, Jay Dempsey, Eric Waldo, Yolanda Byrd, Christy Choi. Tericka Lambert, Joshua Peck, Janell Muhammad, Matthew Masterson, Lauren Protentis, Geoffery Hale, Allison Snell, Brian Scully, Zachary Henry Schwartz, Lorena Molina-Irizarry, Kristin Galemore, U.S. Food and Drug Administration, Erica Jefferson, Michael Murray, Brad Kimberly, U.S. Department of State, Samaruddin K. Stewart, Daniel Kimmage, Alexis Frisbie, U.S. Department of Treasury, Mark A. Robbins, Kristen Muthig, Global Engagement Center, and the U.S. Election Assistance Commission.

This proceeding was consolidated[2] with the case of *Kennedy et al v. Biden et al* (3:23-cv-00381)[3] on July 24, 2023. On February 14, 2024, this Court granted a preliminary injunction to the Kennedy Plaintiffs. The Order stated:

> **IT IS FURTHER ORDERED** that in light of the stay issued by the Supreme Court of the United States in *Missouri v Biden*, this order is **STAYED** for ten (10) days after the Supreme Court sends down a ruling in *Missouri v. Biden.*[4]

No further pleading was filed asking this Court to clarify the stay on the Kennedy Plaintiffs' Preliminary Injunction prior to Defendants filing a Notice of Appeal[5] on April 12, 2024. On April 24, 2024,[6] the United States Court of Appeals for the Fifth Circuit issued an Order stating:

> IT IS ORDERED that Appellants' unopposed motion to hold this appeal in abeyance pending the Supreme Court's disposition of *Murthy v. Missouri*, No. 23-411 (U.S.) is GRANTED.

This Court lacks jurisdiction to address Defendants' request. Generally, a notice of appeal divests the district court of jurisdiction over the judgment or order that is the subject of the appeal. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 578 (5th Cir. 1996). The Court in *Sierra Club* noted that Fed. R. Civ. P. Rule 62(d) provides an exception to this rule when an appeal is taken from an interlocutory or final judgment granting, dissolving or denying an injunction where the district court may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. *Id*. The court in *Sierra Club* further noted that the

---

[2] [Doc. No. 316].
[3] Civil Action No. 3:22-cv-1213
[4] [Doc. No. 38, p.23 in 3:23-cv-0381]
[5] [Doc. No. 39, in 3:23-cv-0381]
[6] [Doc. No. 348]

authority granted by Rule 62(c) does not extend to the dissolution of an injunction and is limited to maintaining the status quo. *Id.*

The Court further denies the request for an indicative ruling. Simply because this Court *can* make an indicative ruling, it will not. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Clarification of Duration of Stay of Preliminary Injunction as to Kennedy Plaintiffs, or Alternatively, for 26-Day Extension of Stay [Doc. No. 360] is **DENIED** because the Court lacks jurisdiction to make such a determination.

**IT IS FURTHER ORDERED** that Defendants' Motion for an Indicative Ruling [Doc. No. 364] is **DENIED.**

**MONROE, LOUISIANA,** this 9th day of July 2024.

_____
**TERRY A. DOUGHTY, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**