# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE OF MISSOURI, *et al.*, | |
| *Plaintiffs*, | No. 22-cv-1213 |
| v. | *Consolidated with No. 23-cv-381* |
| JOSEPH R. BIDEN, JR., in his official capacity as President of the United States of America, *et al.*, | Judge Terry A. Doughty<br>Mag. Judge Kayla D. McClusky |
| *Defendants*. | |

**DEFENDANTS' MOTION TO STRIKE OR, IN THE ALTERNATIVE, DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE SURREPLY IN FURTHER RESPONSE TO THE COURT'S ORDER OF AUGUST 27, 2024**

Defendants respectfully move to strike the three new declarations that Plaintiffs attached to their Reply Memorandum in Support of Further Discovery and in Opposition to Dismissal of the Complaint, Dkt. 399 ("Reply"). In the alternative, if this Court declines to strike, Defendants respectfully seek leave to file a five-page surreply, attached hereto as Exhibit A, to address the new evidence and arguments attached to and raised in Plaintiffs' Reply. Plaintiffs have stated, through counsel, that they oppose Defendants' motion to strike but that they do not oppose the alternative motion to file a surreply not exceeding five pages.

Plaintiffs filed on October 29, 2024 a reply in support of further discovery and in opposition to dismissal of the action for lack of subject-matter jurisdiction. Plaintiffs attached to their reply three "Supplemental" declarations: the Supplemental Declaration of Dr. Martin Kulldorff, Dkt. 399-2; the Supplemental Declaration of Dr. Aaron Kheriaty, Dkt. 399-3; and the Third Supplemental Declaration of Jim Hoft, Dkt. 399-1. Each declaration contained new factual assertions. And Plaintiffs relied on the new factual assertions to support their contention that they have Article III standing to seek prospective relief. *See, e.g.*, Reply 11, 14. Those three new

declarations are procedurally improper. Accordingly, this Court should either strike the new declarations or grant Defendants leave to file a surreply.

This Court should strike Plaintiffs' new declarations because a "reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond." *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991). Accordingly, "a district court abuses its discretion when it considers new arguments raised for the first time in a reply brief without providing the non-movant an adequate opportunity to respond prior to a ruling." *Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 296 (5th Cir. 2022) (citing, *inter alia*, *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004)). It is therefore proper to strike the three new declarations Plaintiffs that presented for the first time in their reply and to disregard Plaintiffs' arguments predicated on those new declarations. *See*, *e.g.*, *Cummings v. Elec. Ins. Co.*, No. 1:18-cv-786, 2020 WL 5505652, at *2 (W.D. La., Sept. 11, 2020) (granting motion to strike records attached as exhibit to litigant's reply); *see also BHI Energy I Power Servs., LLC v. KVP Energy Sers., LLC*, No. 3:22-cv-1981, 2023 WL 223179, at *3-4 (N.D. Tex. Jan, 17, 2023) (granting motion to strike, where "court will not consider the new evidence submitted by" litigant "for the first time in conjunction with its reply brief").

In the alternative if this Court declines to strike Plaintiffs' new declarations, this Court should grant Defendants' leave to file the surreply. "[W]hen a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024); *see also Residents of Gordon Plaza*, 25 F.4th at 296. Because Plaintiffs' supplemental declarations constitute new evidence, it would be an abuse of discretion to consider that new evidence without providing Defendants an opportunity to respond. Indeed, if Plaintiffs had presented the new declarations

2

alongside their opening brief (as they did for Plaintiffs Hines and Bhattacharya), Defendants would have addressed the deficiencies in the additional declarations via the answering brief—and Plaintiffs' unexplained postponement of the filing of those declarations should not be allowed to preclude Defendants from making those arguments to this Court. *See, e.g.*, *Callier v. Jascot Enters., LLC*, No, 22-cv-301, 2024 WL 1494187, at *5-6 (W.D. Tex. Apr. 5, 2024) (permitting reply declarations as evidence but granting opponent "opportunity to file a surreply").

The instant request is timely. Plaintiffs filed their reply on Tuesday, October 29, 2024. Defendants now seek leave to file this surreply within three days of Plaintiffs' reply.

For those reasons, Defendants respectfully request that the Court strike Plaintiffs' supplemental declarations (Dkts. 399-1, 399-2, and 399-3) attached to Plaintiffs' Reply, or, in the alternative, grant Defendants leave to file the surreply attached hereto as Exhibit A.

Dated: November 1, 2024        Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

JOSEPH E. BORSON
Assistant Director, Federal Programs Branch

*/s/ Indraneel Sur*
INDRANEEL SUR (D.C. Bar No. 978017)
Senior Counsel
ALEXANDER W. RESAR (N.Y. Bar No. 5636337)
CATHERINE M. YANG (N.Y. Bar No. 5319736)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Washington D.C. 20005
Tel: (202) 616-8488
Indraneel.sur@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF CONFERENCE

In accordance with the Local Rules of this Court, counsel for Defendants contacted Plaintiffs' counsel regarding this motion. Plaintiffs' counsel informed counsel for Defendants that Plaintiffs oppose the motion to strike but do not oppose the alternative motion to file a surreply not exceeding five pages.

*/s/ Indraneel Sur*

4