IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE STATE OF MISSOURI, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> PRESIDENT JOSEPH R. BIDEN, JR., IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES OF AMERICA, *et. al.*, <br><br> *Defendants*. | Civil Action No. 3:22-cv-1213 |

**PLAINTIFFS' PROPOSED DISCOVERY AND DISCOVERY SCHEDULE**

On November 8, 2024, this Court granted Plaintiffs' request for further discovery, limited to establishing their standing (and accordingly, the Court's jurisdiction). *See* Order, ECF 404. The Court ordered Plaintiffs to submit their proposed discovery to be taken along with a proposed schedule for that discovery by November 22, 2024. *Id.* In accordance with that Order, Plaintiffs submit the following proposed discovery and discovery schedule:

**Interrogatories**

1. Plaintiffs seek to serve interrogatories upon the National Institutes of Health (NIH) and National Institute of Allergies and Infectious Diseases (NIAID), as authorized by Fed. R. Civ. P. 33, to determine who at those agencies might have pertinent information about Drs. Cliff Lane's, Fauci's and Collins' attempts to "take down" Plaintiffs Drs. Bhattacharya and Kulldorff and their Great Barrington Declaration, whether those efforts involved suppressing their content online, and whether others at those agencies were involved in those or related efforts.

2. Likewise, Plaintiffs seek to serve interrogatories on the Department of Homeland Security (DHS) to ascertain its involvement in creating the Election Integrity Partnership (EIP), which Defendants maintain is a non-governmental organization that acts entirely independently of government, despite evidence to the contrary. Plaintiffs want to determine DHS's and EIP's involvement in suppressing Plaintiff Jim Hoft's website, the Gateway Pundit, as both questions bear on Mr. Hoft's standing to bring his claims.

3. Plaintiffs seek to serve interrogatories on the Cybersecurity and Infrastructure Security Agency (CISA) to determine its involvement in past censorship of Mr. Hoft and the Gateway Pundit, particularly with respect to election-related speech, and also to determine whether its efforts to suppress opposition speech impacted the other individual Plaintiffs, as CISA explicitly acknowledged that it extended its efforts beyond protecting infrastructure.

4. Plaintiffs seek to serve interrogatories on the FBI to determine its involvement in past censorship of Mr. Hoft and the Gateway Pundit, particularly given the agency's past clear involvement in coercing social media companies to censor the Hunter Biden Laptop report, about which Mr. Hoft wrote and published other writers' articles on his website.

5. Plaintiffs seek to serve interrogatories upon Ashish Jah, former White House Covid Advisor, who relentlessly lambasted the Great Barrington Declaration and its authors.

6. Plaintiffs seek to serve interrogatories upon Adele Ruppe and George Beebe, both of whom worked at State Department's Global Engagement Center (GEC) and were involved in the EIP, the precursor to the Virality Project which convinced Twitter to censor a post by Plaintiff Dr. Martin Kulldorff (as exposed through the work of journalists) in order to discern the relationship between GEC and EIP/VP, and both entities' involvement in censoring Plaintiffs' online content and the type of content about which they posted, and whether such involvement is ongoing.

7. Plaintiffs seek to serve interrogatories upon the following members of the EIP, in order to determine the nature and significance of their ties to government agencies, as well as the role they played and continue to play in censoring Plaintiffs' content online and suppressing topics on which they posted and viewpoints that they expressed, and to determine whether such conduct is ongoing:

    a. The Stanford Internet Observatory (SIO);

    b. University of Washington's Center for an Informed Public (CIP);

    c. Graphika;

    d. Atlantic Council's Digital Forensic Research Lab.

8. Plaintiffs seek to serve interrogatories on the Center for Countering Digital Hate (CCDH), which has close ties to influential Democrats and listed Plaintiff Hoft's website, the Gateway Pundit, as a prime target, in order to determine whether its blacklisting of the website may be attributable to state action.

9. Plaintiffs seek to serve interrogatories upon Drs. Gerald Keusch of Boston University and Richard Roberts of New England Biolabs. These individuals likely have pertinent information about attempts to suppress the lab-leak theory as well as subversive efforts on the part of Dr. Anthony Fauci and others to avoid FOIA compliance, as evidenced by the congressional testimony of Dr. David Morens (NIAID Senior Scientific Advisor). These individuals are also probably in possession of documents and communications that Drs. Morens and Anthony Fauci attempted to keep secret since they were on emails discussing the endeavor to evade FOIA requests, as well as knowledge of the alternative avenues of communication utilized to do the same. This will assist Plaintiffs in uncovering documents that Dr. Fauci tried to hide, which they have reason to believe may include evidence of efforts Drs. Fauci, Collins, and Lane made to censor them and the Great Barrington Declaration.

10. Plaintiffs seek to serve interrogatories upon Carrie Wolinetz, former Senior Advisor to the NIH Director and aide to Dr. Collins, who was involved in NIH efforts to suppress internal agency dissention on gain of function research, per a recent FOIA revelation.

11. Plaintiffs will serve the above interrogatories, insofar as the Court allows, within 14 days of the Court's order.

**Requests for Documents**

12. Plaintiffs plan to issue subpoenas under Rule 45 on the major technology platforms—Meta (Instagram and Facebook), X (formerly known as Twitter), YouTube, Google, and LinkedIn —in order to obtain evidence concerning government influence on their user policies, including but not necessarily limited to: terms of service and community standards policies, the development and implementation of algorithms designed to elevate some speech and suppress or entirely censor other speech; the timing of such influence, and any demands to censor specific topics or Plaintiffs in this case. Such requests aim to establish whether and to what extent Defendants' coercion, pressure,

4

encouragement, or joint participation with social media companies continues and/or has ongoing impacts, in order to discern ongoing and/or future harm. As the Court is aware, some of the most compelling evidence that the companies capitulated to government pressure came from internal communications among company employees, who spoke relatively openly about their motivations for changing policies. Yet so far, Plaintiffs have had the opportunity to obtain only minimal amounts of such information.

13. Plaintiffs intend to subpoena Drs. Fauci's and Morens's private gmails, given their admitted practice of resorting to private emails to avoid FOIA, exposed through a congressional investigation. Their brazen efforts to thwart FOIA investigations leave them with no reasonable expectation of privacy to their personal emails. Nevertheless, such requests would be carefully tailored to include only documents pertaining to censorship of Plaintiffs.

14. Plaintiffs intend to subpoena servers that may have retained copies of inappropriately deleted or inappropriately directed emails, specifically directed to the following individuals, who were recipients of emails from Dr. Fauci and Dr. Morens:

    a. Boston University for the emails of Dr. Gerald Keusch, Professor of Medicine;

    b. New England Biolabs for emails of Chief Scientific Officer Dr. Richard Roberts;

    c. EcoHealth Alliance (which funded research at the Wuhan Institute of Virology) for emails of its president, Dr. Peter Daszak.

15. Plaintiffs intend to subpoena Drs. Gerald Keusch, Roberts, and Peter Daszak directly for relevant emails as well.

16. Plaintiffs seek to subpoena the CDC for documents relevant to censorship of Plaintiffs Kulldorff and Bhattacharya. Dr. Kulldorff was fired from a CDC working group, and publicly criticized by its former Director Rochelle Walensky, whom he has reason to believe was involved in efforts to silence him in the public square.

17. Plaintiffs seek to subpoena the FOIA press offices in each HHS agency for documents demonstrating efforts to suppress the speech of the individual Plaintiffs or topics on which they have posted online.

18. Plaintiffs will serve these subpoenas under Rules 34 and 45 requesting documents, insofar as the Court allows, within 14 days of the Court's order.

**Depositions**

19. Plaintiffs seek to serve Fed. R. Civ. P. 30(b)(6) subpoenas on several major technology platforms—Meta (Instagram and Facebook), X (formerly known as Twitter), YouTube, Google, and LinkedIn— to depose appropriate officials in order to obtain evidence concerning government influence on their policies, the timing of such influence, and any demands to censor specific topics or Plaintiffs in this case. Such depositions would also serve to establish whether and to what extent Defendants' coercion, pressure, encouragement, or joint participation with social media companies continues and/or has continuing impacts, in order to discern ongoing and/or future harm. Plaintiffs have not yet had the opportunity to conduct such depositions.

20. Plaintiffs also intend to serve a 30(b)(6) subpoenas or, in the alternative, interrogatories, on the Virality Project, which is on record convincing Twitter to censor Dr. Kulldorff's tweet. This would allow them to determine the extent and degree to which the Virality Project implemented the aims of government actors, as well as the nature of the organization's ties to government entities. Plaintiffs would also seek to find other evidence of attempts to censor Plaintiffs specifically or topics on which they have posted and continue to post.

21. Plaintiffs seek to depose the following individuals who are likely in possession of pertinent information about ties between the government and EIP entities, including the SIO and CIP, and those entities' attempts to censor the Plaintiffs directly and topics on which they posted and spoke:

6

    a.   Alexander Stamos, former Director of the SIO;

    b.   Renee Diresta, former research manager at the SIO;

    c.   Kate Starbird, co-founder of the CIP.

22. Plaintiffs seek to depose the following individuals, all of whom they have reason to believe have knowledge about Plaintiffs' standing:

    a.   Former CDC Director Rochelle Walensky, who participated in the firing of Plaintiff Martin Kulldorff from the CDC committee investigating the COVID vaccine, and he has reason to believe may have been involved in censoring him;

    b.   Former CDC Director Robert Redfield, who has spoken about government censorship and may have information about the agency's efforts to influence social media censorship;

    c.   Jay Dempsey, former Social Media Team Lead at the CDC;

    d.   Ralph Baric, a key gain-of-function researcher. Dr. Fauci claimed not to know him during his deposition in this case nearly two years ago, but recently revealed emails show Dr. Fauci himself scheduled a meeting with him;

    e.   Dr. Hugh Auchincloss, former NAIAD Principle Deputy Director (now Director) with whom Dr. Fauci had communications that he said he preferred to discuss over the phone;

    f.   Marg Moore, "The foia lady" to whom Dr. David Morens referred in his emails who apparently provided instructions to him, Dr. Fauci, and others about evading FOIA requirements through deletion of emails and other subversive tactics;

    g.   Dr. David Morens, who stated in emails that he and Dr. Fauci utilized subversive tactics to avoid compliance with FOIA requests;

7

  h. Dr. Peter Daszak, who, according to Dr. David Morens's testimony (*see* Pl. Br. Opposing Dismissal, ECF 391), participated in attempts to evade FOIA in order to avoid liability for unsavory and possibly unlawful conduct, apparently related to his potential involvement in gain-of-function research;

  i. Former White House Director of Digital Strategy Rob Flaherty, who berated executives at the major social media companies for not censoring vaccine misinformation to a satisfactory extent (in his and the President's eyes). Plaintiffs had the opportunity to serve interrogatories and requests for documents upon Mr. Flaherty, but have not had the chance to depose him. Given the major role he played in suppressing opposition speech about topics such as the Covid-19 vaccine, Plaintiffs should be given this opportunity;

  j. Former White House Covid-19 Advisor Andrew Slavitt who played a key role in communicating with the social media companies in 2021 and censoring individuals on social media who engaged in government-opposition speech about the Covid-19 vaccines, including Alex Berenson. This alone provides a basis for assuming Mr. Slavitt may have made efforts to censor other individuals, including Plaintiffs;

  k. Former Senior Advisor at the United States Office of the Surgeon General Kyla Fullenwider. The Fifth Circuit did not permit Plaintiffs to depose the Surgeon General himself, even though by his own admission he was at the forefront of the Biden Administration's efforts to suppress dissenting views on Covid-19 vaccines on social media. Ms. Fullenwider is a viable alternative, potentially able to provide information in lieu of the Surgeon General.

  l. Former GEC employee and former Digital Director for the Covid-19 Response Team at CISA, Lauren Protentis;

8

  m. Jennifer Easterly, soon-to-be former Director of CISA, which was involved in significant censorship, often working through third-party groups and on the topic of elections, as well as Covid-19 opposition speech;

  n. Robert Silvers, Undersecretary of Homeland Security for the Office of Strategy, Policy, and Plans at DHS;

  o. Matthew Masterson, former Senior Cybersecurity Advisory at CISA who corresponded with Ms. Easterly about the need to make tech companies more comfortable working with government to censor speech;

  p. Nina Jankowicz, Former Executive Director of the dismantled Disinformation Governance Board;

  q. Kate Bedingfield, former White House Communications Director, as an alternative since Plaintiffs were unable to depose White House Communications Director Jen Psaki. Ms. Bedingfield stated publicly that the Biden Administration was finding angles for holding social media platforms accountable for failing to censor in accordance with the White House's demands, so is in possession of valuable evidence about how and on what topics censorship was accomplished and whether these efforts are likely ongoing;

  r. Laura Dehmlow, formerly of the FBI, in lieu of her subordinate Elvis Chan, who was dishonest at his previous deposition for this case when he said that he had no knowledge of the FBI's investigation of Hunter Biden's laptop. Internal Meta communications brought to light through a congressional investigation revealed this testimony to be false. Deposing Dehmlow would give Plaintiffs the opportunity to learn more about government efforts to suppress the Hunter Biden Laptop theory, as well as other censorship efforts in which the FBI engaged and perhaps continues to engage.

9

23. Plaintiffs will conclude depositions by the end of March 2025.

Finally, to the extent responses to our requests turn up new information, Plaintiffs reserve their rights to supplement these discovery requests.

Dated: November 22, 2024                                           Respectfully submitted,

/s/ Jenin Younes

JENIN YOUNES *

*Litigation Counsel*
JOHN J. VECCHIONE *
*Senior Litigation Counsel*
ZHONETTE BROWN*
*Senior Litigation Counsel*
New Civil Liberties Alliance
4250 N. Fairfax Drive, Suite 300
Arlington, VA 22203
Main: (202) 869-5210
Direct: (202) 918-6905
E-mail: jenin.younes@ncla.legal
*Counsel for Plaintiffs Dr. Jayanta Bhattacharya,
Dr. Martin Kulldorff, Dr. Aaron Kheriaty, and Jill Hines*


| | |
|---|---|
| ELIZABETH B. MURRILL | ANDREW BAILEY |
| *Louisiana Attorney General* | *Missouri Attorney General* |
| | |
| /s/Zachary Faircloth | /s/Joshua M. Divine |
| ZACHARY FAIRCLOTH | JOSHUA M. DIVINE |
| *Principal Deputy Solicitor General* | *Solicitor General* |
| TRACY SHORT | MICHAEL PATTON |
| *Ass't Attorney General* | *Deputy Solicitor General*\* |
| 1885 N. Third St. | TODD A. SCOTT |
| Baton Rouge, LA 70802 | *Senior Counsel* |
| (225) 326-6766 | 207 W. High St. |
| MurrillE@ag.louisiana.gov | P.O. Box 899 |
| *Counsel for Louisiana* | Jefferson City, MO 65102 |
| | (573) 751-8870 |
| | Josh.Divine@ago.mo.gov |
| | *Counsel for Missouri* |

/s/ John C. Burns
JOHN C. BURNS *

10

Burns Law Firm
P.O. Box 191250
St. Louis, Missouri 63119
P: 314-329-5040
F: 314-282-8136
E-mail: john@burns-law-firm.com
*Counsel for Plaintiff Jim Hoft*
*\*Admitted pro hac vice*

CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that the foregoing was filed on November 22, 2024 via this Court's CM/ECF system. The notice of docket activity generated by this filing will constitute service on all counsel of record in this case.

/s/ Jenin Younes