UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **STATE OF MISSOURI ET AL** | **CASE NO.  3:22-CV-01213 LEAD** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **JOSEPH R BIDEN JR ET AL** | **MAG. JUDGE MCCLUSKY** |

### MEMORANDUM ORDER

Before the Court is Plaintiff's Proposed Discovery Plan (R. Doc. 408). Defendants oppose (R. Doc. 417), and Plaintiff filed a Reply (R. Doc. 420).

Because we need more from Plaintiffs—better explained below—we **ORDER** that they file their proposed interrogatories and subpoenas (in final form) for preapproval with the Court.

### I.     BACKGROUND

This case stems from Defendants' alleged censorship of Plaintiffs.  *See* R. Doc. 268.  On remand from the Supreme Court, we ordered limited jurisdictional discovery to determine whether Plaintiffs have standing to pursue their claims.  *See* R. Doc. 404 at 5, 7.  In so allowing, we required Plaintiffs to file the "proposed discovery to be taken and a proposed [discovery] schedule"—which they did.  *Id*. at 7; *see* R. Doc. 408. Within, Plaintiffs seek to serve interrogatories, requests for documents, and take depositions of myriad figures and entities, public and private.  *See* R. Doc. 408. Defendants' main objections to Plaintiffs' plan are: (1) That it is not specific enough, (2) that it focuses on past conduct, (3) that it is duplicative, and (4) that it seeks to depose high-ranking officials.  *See* R. Doc. 417.  Let's see if we can fix that.

## II.     LAW AND ANALYSIS

Defendants protest that Plaintiffs' discovery plan is merely a "sketch[]"—rather than the discovery requests themselves—making it difficult for Defendants to "respond in full." *See* R. Doc. 417 at 6. We call this the "specificity objection." Defendants also object to the sketched content, namely that it will not answer the questions necessary "for jurisdiction under *Missouri*." *See id.* at 7. And furthermore, Defendants object that the requests are duplicative of previous discovery. *See id.* at 7–8. Together, we call these the "content objections." Defendants agree that their filing merely "outlin[ed]" their proposed discovery. *See* R. Doc. 420 at 4. Accordingly, to remedy both the specificity and content objections, we will require Plaintiffs to file their proposed interrogatories and subpoenas with the Court—so that Defendants may object to them, with specificity, and so we may evaluate their content.

Defendants' remaining objection treads on well-beaten soil. Defendants object "on the further ground that [Plaintiffs] would depose seven current or former high-ranking government officials…" *See* R. Doc. 417 at 18–22. The Fifth Circuit has made clear in this litigation that deposing high-ranking government officials—even former ones—should be a last resort. *See* R. Doc. 160 at 5–8 (citing *In re U.S. Dep't of Educ.*, 25 F.4th 692, 705 (9th Cir. 2022)). To remedy this objection, we limit our inquiry to written discovery for now. We understand that not all proposed deponents are high-ranking government officials, but given that this discovery is "limited," it is the most prudent course to avoid depositions for the time being. *See* R. Doc. 404 at 7; *see also*, R. Doc. 160.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' file their proposed interrogatories and subpoenas with the Court within fourteen (14) days of the docketing of this Order. Defendants shall have fourteen (14) days thereafter to file any objections, and Plaintiffs' a further seven (7) days thereafter to reply to the objections.

**MONROE, LOUISIANA**, this 27th day of January, 2025.

_____
Terry A. Doughty
United States District Judge