# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE STATE OF MISSOURI, *et al.*, <br><br>    *Plaintiffs*, <br><br>      v. <br><br> President Joseph R. Biden, Jr., in his official capacity as President of the United States of America, *et. al.,* <br><br>    *Defendants.* | Civil Action No. 22-cv-1213 |

## CONSENT DECREE

## I.   INTRODUCTION

As President Trump stated upon taking office on January 20, 2025, "[o]ver the last 4 years, the previous administration trampled free speech rights by censoring Americans' speech on online platforms, often by exerting substantial coercive pressure on third parties, such as social media companies, to moderate, deplatform, or otherwise suppress speech that the Federal Government did not approve." Executive Order 14149, "Restoring Freedom of Speech and Ending Federal Censorship," on January 20, 2025. *See* 90 Fed. Reg. 8,243 (Jan. 20, 2025). "Under the guise of combatting 'misinformation,' 'disinformation,' and 'malinformation,' the Federal Government infringed on the constitutionally protected speech rights of American citizens across the United States in a manner that advanced the Government's preferred narrative about significant matters of public debate." *Id.* To prevent such censorship from recurring, Plaintiffs and Defendants agree to the terms set forth below, to be enforced upon approval by the Court, for a period of 10 years.

## II.   BACKGROUND

1.      Individual Plaintiffs, Dr. Aaron Kheriaty, Ms. Jill Hines, and Mr. Jim Hoft, joined by the States of Missouri and Louisiana, alleged in their Complaint, Amended Complaints, and Motion for Preliminary Injunction, that federal government Defendants unlawfully pressured, coerced, induced, and encouraged major social media platforms to censor their posts about Covid-19, the Hunter Biden laptop report, and the 2020 Presidential election. *See* First and Second Am. Compls. and Pls.' Proposed Suppl. Br. in Support of Mot. for Prelim. Inj., ECF 45, 84, 212-2, *Missouri v. Biden* (W.D. La.) (No. 3:22-cv-1213).[1]

---

[1] Dr. Jayanta Bhattacharya was a plaintiff in this lawsuit until he withdrew due to his confirmation as Director of the National Institutes of Health (NIH), a Defendant in this case. *See* 4/17/2025 Order, ECF 441. Dr. Martin Kulldorff was a plaintiff in this lawsuit until he withdrew due to his new role within the Department of Health and Human Services, a Defendant in this case. *See* 3/12/2026 Order, ECF 474.

2.      Plaintiffs initially filed this lawsuit based upon public statements of government officials boasting about working with social media platforms to censor disfavored speech, accompanied by open threats to punish noncompliant companies. *See* Compl., ECF 1, ¶¶ 116-240. As a result of this Court's award of discovery, Plaintiffs uncovered evidence of what they characterize as a coordinated censorship operation emanating from the highest levels of government. *See* Pls. Proposed Finding of Fact, ECF 212-3.

3.      After this Court granted Plaintiffs' motion for a preliminary injunction, *Missouri v. Biden*, 680 F. Supp.3d at 729, which the Fifth Circuit upheld in large part,[2] *Missouri v. Biden*, 83 F.4th at 392, the Supreme Court reversed. But the six-member majority—in contrast to the lower courts—did not reach the merits of the case, as it explicitly acknowledged. *See Murthy*, 144 S.Ct. at 1985 n.3.

4.      Rather, the Supreme Court held that no plaintiff demonstrated the standing necessary to keep *a preliminary injunction* in place because Plaintiffs had not adequately proven that their harm is traceable to (caused by) the Federal Government. At no point did the Supreme Court explicitly address the question whether Plaintiffs failed to allege standing adequate to maintain the lawsuit. *See Murthy*, 144 S.Ct. at 1985-97.

5.      Following briefing on the matter, this Court agreed with Plaintiffs that the Supreme Court's decision was not dispositive of standing with respect to the lawsuit. Accordingly, the Court permitted Plaintiffs to submit discovery requests on Defendants designed to verify their standing. *See* 11/08/24 Order, ECF 404. That discovery was then stayed. *See* 02/03/25 Order, ECF 432.

---

[2] Although the Fifth Circuit reduced the number of officials subject to the preliminary injunction, it echoed this Court's concern about government censorship. "[T]he Supreme Court has rarely been faced with a coordinated campaign of this magnitude … . Therefore, the district court was correct in its assessment—'unrelenting pressure' from certain government officials likely 'had the intended result of suppressing millions of protected free speech postings by American citizens.' We see no error or abuse of discretion in that finding." *Id.* at 392.

6.    In the midst of the Parties' judicially-mediated dispute about the appropriate breadth and amount of discovery requests, President Trump signed Executive Order 14149, "Restoring Freedom of Speech and Ending Federal Censorship," on January 20, 2025. *See* 90 Fed. Reg. 8,243 (Jan. 20, 2025).

7.    In that Executive Order, the President stated that "[o]ver the last 4 years, the previous administration trampled free speech rights by censoring Americans' speech on online platforms, often by exerting substantial coercive pressure on third parties, such as social media companies, to moderate, deplatform, or otherwise suppress speech that the Federal Government did not approve."

8.    President Trump concluded in his Executive Order that the Federal Government "infringed on the constitutionally protected speech rights of American citizens across the United States in a manner that advanced the Government's preferred narrative about significant matters of public debate." *Id.* Accordingly, President Trump called for the Federal Government to identify and take actions to correct past misconduct related to censoring protected speech online. He further directed the Attorney General to investigate the activities from the last four years that targeted First Amendment protected speech of Americans and to submit a report "with recommendations for appropriate remedial actions to be taken based on the findings of the report." *Id.*

9.    The Parties then agreed to brief their respective positions as to the effect the Executive Order has on the case. Currently, Defendants' deadline to submit their position is March 25, 2026; Plaintiffs' response is due April 27, 2026; and the deadline for the Parties to file a joint status report is either May 27, 2026 or 14 days after any order this Court issues on the matter. *See* 3/16/2026 Order, ECF 476.

10.    In the meantime, the Parties have reached the conclusion that this case may be resolved by consent decree—as opposed to continuing costly and protracted litigation.

4

## III. GENERAL PROVISIONS

11.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.  Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Plaintiff Jill Hines resides in the district, so a substantial part of the events giving rise to the claims occurred therein, and also because this District lies within the State of Louisiana, which is a Plaintiff in this matter.

12.     This Agreement resolves all claims in Plaintiffs' Complaint filed in this case.  This Agreement shall constitute the entire integrated Agreement of the Parties (all Plaintiffs and Defendants in this case).  No prior drafts or prior or contemporaneous communications, oral or written, shall be relevant or admissible for purposes of determining the meaning of any provisions herein in any litigation or other proceeding.

13.     This Agreement is binding upon all Parties hereto, by and through their officials, agents, employees, assigns, and successors.

14.     This Agreement is enforceable only by the Parties or their successors as provided by the Federal Rules of Civil Procedure.  No person or entity is intended to be a third-party beneficiary of the provisions of this Agreement for purposes of any civil, criminal, or administrative action.  Accordingly, no person or entity other than the Parties may assert any claim or right as a beneficiary or protected class under this Agreement.  With respect to a State plaintiff, this Agreement may be enforced only by the Attorneys General of the States of Missouri and Louisiana.

15.     This Agreement is not intended to limit or expand the right of any person or organization (other than the Plaintiffs pursuant to the provisions herein) to seek relief against the United States or any officer, agent or employee thereof, for their conduct.

16.     This Agreement shall remain operative until 10 years from the date such Agreement is signed by the Parties and approved by the Court.

5

17.    The parties acknowledge that this Agreement is entered into solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and, except as stated explicitly in the text of the Agreement, it shall not be construed as evidence or as an admission regarding any issues of law or fact, or regarding the truth or validity of any allegation or claim raised in this action or in any other action.

18.    Nothing in this Agreement is intended to limit the authority of the Federal Government to investigate and prosecute criminal activity and threats to the United States' national security.

## III.    GENERAL PRINCIPLES

19.    The First Amendment to the United States Constitution prohibits the Government from "abridging the freedom of speech, or of the press[.]" U.S. Const., amend. I. *See W. Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624, 642 (1943) ("If there is any fixed star in our constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion.").

20.    The Parties agree that modern technology does not alter the Government's obligation to abide by the strictures of the First Amendment.

21.    The Parties also agree that government, politicians, media, academics, or anyone else applying labels such as "misinformation," "disinformation," or "malinformation" to speech does not render it constitutionally unprotected. *See United States v. Alvarez*, 567 U.S. 709, 718 (2012) (plurality op.) ("Absent from those few categories where the law allows content-based regulation of speech is any general exception to the First Amendment for false statements. This comports with the common understanding that some false statements are inevitable if there is to be an open and vigorous expression of views in public and private conversation, expression the First Amendment seeks to guarantee.").

22.    For these reasons, the Government cannot take actions, formal or informal, directly or indirectly—except as authorized by law—to threaten Social-Media Companies with some form of punishment (i.e., an adverse legal, regulatory, or economic government sanction) unless they remove, delete, suppress, or reduce, including through altering their algorithms, posted social-media content containing protected free speech.

## IV.    PERMANENT INJUNCTION

23.    The Surgeon General, the Centers for Disease Control and Prevention (CDC), the Cybersecurity and Infrastructure Security Agency (CISA) ("Enjoined Defendants"), and their employees and agents, shall take no actions, formal or informal, directly or indirectly—except as authorized by the Constitution, statute, judicial order, or regulation—to threaten Social-Media Companies with some form of punishment (i.e., an adverse legal, regulatory, or economic government sanction) unless they remove, delete, suppress, or reduce, including through altering their algorithms, posted social-media content containing protected free speech.  Nor shall Enjoined Defendants unilaterally direct or veto social media content moderation decisions of Social Media Companies.

24.    This prohibition does not extend to providing Social-Media Companies with information that the companies are free to use as they wish.  Nor does it extend to statements by government officials that posts on Social Media Companies' platforms are inaccurate, wrong, or contrary to the Administration's views, unless those statements are otherwise coupled with a threat of punishment within the meaning of the above provision.

25.    For the purposes of this provision, "Social Media Companies" shall include only Facebook, Instagram, Twitter or X, LinkedIn, and YouTube.

26.    This prohibition as set out in Paragraphs 23 to 25 shall be limited to the Plaintiffs' social-media content and does not extend to social-media content posted by non-parties.  For purposes of this provision, Plaintiffs State of Missouri and State of Louisiana shall be construed only

to include government officials or agencies of these states acting solely in their official capacities. Plaintiffs shall provide Enjoined Defendants with a list of their social media accounts to assist Enjoined Defendants in complying with this prohibition.

27.    Within 30 days of the Court's approval of this Consent Decree, Enjoined Defendants will provide notice of this Consent Decree to all of their employees.

## V.    CONSENT DECREE ADMINISTRATION

28.    The district court's jurisdiction to enforce this consent decree shall be limited to issuing orders necessary to redress any violations of provisions (23 to 27).  Those orders shall be limited to ordering the removal or retraction of any statements issued in violation of those provisions and declaring those statements to be null and void and of no effect.

29.    Before bringing any motion to enforce the consent decree, Plaintiffs must first specifically identify the purported violation and bring that to the attention of the Enjoined Defendants alleged to have committed such violation.  Enjoined Defendants must be given at least fifteen business days to investigate and, if necessary, remedy that violation.  Only if Enjoined Defendants fail to remedy that violation may Plaintiffs seek relief from this Court, subject to limitations in paragraph 28.

## VI.    ATTORNEY'S FEES

30.    This consent decree shall not preclude Plaintiffs from submitting a request for attorneys' fees and costs as authorized under law.  In any such request, provided that this consent decree has been entered by the Court, Defendants agree not to contest that Plaintiffs are prevailing parties for purposes of 28 U.S.C. § 2412(d).

## VI.    RELEASE

31.    The Consent Decree, once finally approved and effective, resolves in full all claims, agreements, actions, cases, causes of action, compromises, controversies, costs, damages, debts, demands, disputes, expenses, judgments, liabilities, payments, promises, and suits of any nature

whatsoever which are based upon or could be based upon or arise from the facts alleged in Plaintiffs' operative Complaint, whether or not known, against Defendants or their current and former agents, servants, officers, officials, and/or employees, in their individual and official capacities, by Plaintiffs, their agents, heirs, and assigns, involving violations of law or constitutional rights, including, without limitation, their Fifth Amendment rights or any other federal law, regulation, duty, or obligation, or any other legal theory, action or cause of action. When the Consent decree is final, as of the date the Court enters this Order, Plaintiffs, their agents, heirs, and assigns, waive all rights to any and all claims relating to the allegations in the Complaint under any theory or cause of action whatsoever under federal law. This waiver and release shall include a full release and waiver of unknown rights based on claims (including any individual claims) relating to the allegations in the Complaint.

It is SO ORDERED, this 25th day of March, 2026.

The Hon. Terry A. Doughty
United States District Judge

Date: 3/23/2026

CONSENTED TO BY:

**FOR PLAINTIFFS:**

_Catherine L. Hanaway_
_____
Catherine L. Hanaway
Attorney General
Louis J. Capozzi, III
Solicitor General
Office of the Missouri Attorney General
207 W. High St.
P.O. Box 899
Jefferson City, MO 65102
For Plaintiff the State of Missouri

_Liz Murrill_
_____
Liz Murrill
Attorney General
J. Benjamin Aguiñaga
Solicitor General
Zachary Faircloth
Principal Deputy Solicitor General
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70802
For Plaintiff the State of Louisiana

_John J. Vecchione_
_____
John J. Vecchione
Senior Litigation Counsel
New Civil Liberties Alliance
4250 N. Fairfax Drive, Suite 300
Arlington, VA 22203
For Plaintiffs Jill Hines
And Aaron Kheriaty

_Jonathan Christian Burns_
_____
John C. Burns
Burns Law Firm
P.O. Box 191250
St. Louis, MO 63119
For Plaintiff Jim Hoft

10

**FOR DEFENDANTS:**

_3/23/26_

Brett A. Shumate
Assistant Attorney General
U.S. Department of Justice
Civil Division
950 Pennsylvania Ave., NW
Washington, DC 20530